(Official Form 1) (1/08)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**BearingPoint, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**KPMG Consulting, Inc.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**22-3680505** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1676 International Drive**<br>**McLean, VA**           ZIP CODE **22102** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Fairfax** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**n/a**           ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**2 Hampshire Street, Foxborough, MA 02035**           ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other  **Consultancy**

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(B).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors** (**Consolidated with affiliates**)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

**Estimated Assets** (**Consolidated with affiliates**)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

**Estimated Liabilities** (**Consolidated with affiliates**)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

**(Official Form 1) (1/08)**

FORM B1, Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **BearingPoint, Inc.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: **See attached schedule 1** | Case Number: **See attached schedule 1** | Date Filed: **See attached schedule 1** |
| District: **Southern District of New York** | Relationship: **Affiliates** | Judge: **Pending** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b). |
| ☒ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)       Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(*Check all applicable boxes*)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

(Official Form 1) (1/08)

**FORM B1**, Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **BearingPoint, Inc.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____
    Signature of Debtor

X_____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X_____
    (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X  /s/ Alfredo R. Pérez
Signature of Attorney for Debtor(s)

Alfredo R. Pérez
Printed Name of Attorney for Debtor(s)

Weil, Gotshal & Manges LLP
Firm Name

700 Louisiana Street, Suite 1600
Address

Houston, Texas  77002

(713) 546-5000
Telephone Number

February 18, 2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer
_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address
_____

x_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ John DeGroote
Signature of Authorized Individual

John DeGroote
Printed Name of Authorized Individual

Executive Vice President and Chief Legal Officer
Title of Authorized Individual

February 18, 2009
Date

## Schedule 1 to Chapter 11 Petition

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). A motion has been filed or shortly will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

| COMPANY | CASE NUMBER | DATE FILED |
|---|---|---|
| BE New York Holdings, Inc. | 09-_____( ) | February 18, 2009 |
| BearingPoint, Inc. | 09-_____( ) | February 18, 2009 |
| BearingPoint, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint Americas, Inc. | 09-_____( ) | February 18, 2009 |
| BearingPoint BG, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint Enterprise Holdings, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint Global, Inc. | 09-_____( ) | February 18, 2009 |
| BearingPoint Global Operations, Inc. | 09-_____( ) | February 18, 2009 |
| BearingPoint International I, Inc. | 09-_____( ) | February 18, 2009 |
| BearingPoint Israel, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint Puerto Rico, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint Russia, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint South Pacific, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint Southeast Asia LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint Technology Procurement Services, LLC | 09-_____( ) | February 18, 2009 |
| BearingPoint USA, Inc. | 09-_____( ) | February 18, 2009 |
| i2 Mid Atlantic LLC | 09-_____( ) | February 18, 2009 |
| i2 Northwest LLC | 09-_____( ) | February 18, 2009 |
| Metrius, Inc. | 09-_____( ) | February 18, 2009 |
| OAD Acquisition Corp. | 09-_____( ) | February 18, 2009 |
| OAD Group, Inc. | 09-_____( ) | February 18, 2009 |
| Peloton Holdings, L.L.C. | 09-_____( ) | February 18, 2009 |
| Softline Acquisition Corp. | 09-_____( ) | February 18, 2009 |
| Softline Consulting and Integrators, Inc. | 09-_____( ) | February 18, 2009 |

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                               :       Chapter 11 Case No.
                                                    :
**BEARINGPOINT, INC.,**                             :       09-_____ (___)
                                                    :
         Debtor.                                    :
                                                    :
------------------------------------------------------------x

# EXHIBIT A TO VOLUNTARY PETITION

1. **If any of debtor's securities are registered under Section 12 of the Securities and Exchange Act of 1934, the SEC file number is** 001-31451.

2. **The following financial data is the latest available information and refers to the debtor's condition on** September 30, 2008.

   a. **Total assets**                                                  $1,762,689,000

   b. **Total debts** (including debts listed in 2.c., below)           $2,231,839,000

   c. **Debt securities held by more than 500 holders:**[1]             Approximate number of holders

   | | | | | |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☒ | subordinated ☒ | $200 million[2] | Not available |
   | secured ☐ | unsecured ☒ | subordinated ☒ | $200 million[3] | Not available |
   | secured ☐ | unsecured ☒ | subordinated ☒ | $250 million[4] | Not available |

   d. **Number of shares of preferred stock**      0 issued

   e. **Number of shares of common stock**         225,527,781 issued; 220, 688,470 outstanding[5]

3. **Brief description of debtor's business:** BearingPoint is recognized as a world leader in management and technology consulting, admired for its passion and respected for its ability to solve its clients' most important challenges. BearingPoint provides strategic consulting applications services, technology solutions, and managed services to government organizations, Global 2000 companies, and medium-sized businesses in the United States and internationally. In North America, it provides consulting services through its Public Services, Commercial Services and Financial Services industry groups in which it focuses significant industry-specific

---

[1] The debtor believes that its public unsecured debt may be widely held; however, the debtor was unable to determine with certainty the number of beneficial holders for each issuance of debt securities. Therefore, out of an abundance of caution, all of the debtor's outstanding debt securities are detailed herein.
[2] Series A 2.50% Fixed Rate Notes due 2024.
[3] Series B 2.75% Fixed Rate Notes due 2024.
[4] Series C 5.00% Fixed Rate Notes due 2025.
[5] On December 5, 2008, BearingPoint's shareholders voted to approve a one-for-fifty reverse stock split of BearingPoint's stock, effective as of December 10, 2008

knowledge and service offerings to its clients. Outside of North America, it is organized on a geographic basis, with operations in EMEA, the Asia Pacific region and Latin America.

4. **List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:**

| | |
|---|---|
| (1) Glenview Capital Management, L.L.C. | 11.0% |
| (2) Ariel Investments, LLC | 8.5% |
| (3) Tracer Capital Management, L.P. | 7.7% |
| (4) Silver Point Capital, L.P. | 6.4% |
| (5) Franklin Templeton Investments Corp. | 5.3% |

**CERTIFICATE OF RESOLUTIONS
OF
BEARINGPOINT, INC.**

*February 17, 2009*

I, John S. DeGroote, a duly authorized officer of BearingPoint, Inc., a Delaware corporation (the "Corporation"), hereby certify that the following resolutions were duly adopted by the vote of all of the Directors of the Corporation in attendance at a special meeting of the Board of Directors (the "Board") of the Corporation held on February 17, 2009 in accordance with the requirements of Delaware General Corporation Law and that said resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

**Chapter 11 Case**

WHEREAS, the Board has determined that it is desirable and in the best interests of the Corporation and its creditors, employees, and other interested parties that a petition be filed by the Corporation, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT

RESOLVED, that each of the Chairman, President, Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Legal Officer, Vice President, Secretary, Assistant Secretaries, Treasurer, and Assistant Treasurer (each such officer or designee being an "Authorized Person" and all being the "Authorized Persons") are hereby authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time or in such other jurisdiction as such Authorized Person executing the same shall determine; and it is further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP be, and hereby is, engaged as attorneys for the Corporation under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and it is further

RESOLVED, that the firm of Greenhill & Co., LLC be, and hereby is, engaged as financial advisors and investment bankers for the Corporation in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and it is further

RESOLVED, that the firm of AP Services, LLC be, and hereby is, engaged (i) as restructuring advisors and (ii) to provide Kenneth A. Hiltz to serve as Chief Financial Officer for the Corporation in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and it is further

RESOLVED, that the law firm of Davis Polk & Wardwell be, and hereby is, engaged as special corporate counsel for the Corporation in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and it is further

RESOLVED, that each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to engage and retain all assistance by legal counsel, accountants, financial advisors, and other professionals in connection with the Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

RESOLVED, that each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

RESOLVED, in connection with the commencement of the Chapter 11 Case, that each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation to negotiate the use of cash collateral and to negotiate, execute, and deliver a debtor-in-possession loan facility (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Person considers appropriate), to the extent applicable, on the terms and conditions such Authorized Person executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered, in the name and on behalf of the Corporation, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and it is further

RESOLVED, in connection with the Chapter 11 Case, that each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment

of such persons shall be or become necessary, proper and desirable to effectuate a successful reorganization of the business of the Corporation; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered on behalf of and in the name of the Corporation, to execute such consents of the Corporation, as such Authorized Person considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

RESOLVED, each Authorized Person, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, as the case may be, to: (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Corporation, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Corporation by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file, in the name and on behalf of the Corporation any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby; and it is further

RESOLVED, that, any and all past actions heretofore taken by any Authorized Person or the directors of the Corporation in the name and on behalf of the Corporation in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, the undersigned has executed this certificate of resolutions as of the date first written above.

By: /s/ John DeGroote
Name: John DeGroote
Title:  Executive Vice President
          and Chief Legal Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                              :         Chapter 11 Case No.
:
BEARINGPOINT, INC.,                  :         09-_____ (___)
:
Debtor.                              :
:
---------------------------------------------------------------x

# CONSOLIDATED LIST OF CREDITORS
# HOLDING 30 LARGEST UNSECURED CLAIMS[1]

The following is a list of creditors holding the 30 largest unsecured claims against the above-captioned debtor and its affiliated debtors (the "Debtors"). This list has been prepared from the unaudited books and records of the Debtors. The list reflects amounts from the Debtors' books and records as of February 16, 2009. The list is prepared for filing in the Debtors' chapter 11 cases in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. This list does not include (1) persons who come within the definition of "insider" set forth in section 101 of title 11 of the United States Code, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

| | Name of Creditor | Complete Mailing Address of Creditor | Person(s) Familiar With Debtors' Account | Amount of Claim | Unliquidated, Disputed, or Partially Secured |
|---|---|---|---|---|---|
| 1. | The Bank of New York (Indenture Trustee under the Series A Notes) | 101 Barclay Street, 8W New York, NY 10286 | Attn: Corporation Trust Division - Corporate Finance Unit | $251,415,258.00 | |
| 2. | The Bank of New York (Indenture Trustee under the Series C Notes) | 101 Barclay Street, 8W New York, NY 10286 | Attn: Corporation Trust Division - Corporate Finance Unit | $203,398,611.00 | |
| 3. | The Bank of New York (Indenture Trustee under the Series B Notes) | 101 Barclay Street, 8W New York, NY 10286 | Attn: Corporation Trust Division - Corporate Finance Unit | $201,393,317.00 | |

---

[1] The List of Creditors reflects the latest information available to the Debtor as of February 16, 2009. The Debtor will continue to update this information and will provide a complete List of Creditors as soon as practicable.

| | Name of Creditor | Complete Mailing Address of Creditor | Person(s) Familiar With Debtors' Account | Amount of Claim | Unliquidated, Disputed, or Partially Secured |
|---|---|---|---|---|---|
| 4. | Friedman, Fleischer & Lowe Capital Partners II, L.P. (Purchaser under the FFL Notes) | One Maritime Plaza Suite 1000 San Francisco, CA 94111 | Attn: Spencer C. Fleischer 415-402-2100 | $37,886,126.00 | |
| 5. | AT&T Corp. | One AT&T Way Benminster, NJ 07921 | Attn: | $13,810,852.00 | |
| 6. | PGA Tour Inc. | 112 PGA Tour Boulevard Ponte Verdra Beach, FL 32092 | Attn: | $3,543,938.00 | |
| 7. | UBS AG, Stamford Branch | 677 Washington Boulevard Stamford, CT 06901 | Attn: Christopher Gomes 203-719-4176 | $3,500,000.00 | |
| 8. | KPMG LLP – USA | Three Chestnut Ridge Road Montvale, NJ 07645 | Attn: | $1,873,698.00 | |
| 9. | KPMG LLP – USA | Three Chestnut Ridge Road Montvale, NJ 07645 | Attn: Alicia Widelski 201-307-7256 | $1,391,185.77 | |
| 10. | Sun Microsystems Inc. | Bank of America Lockbox Service 12120 Collection Center Dr. Chicago, IL 60693 | Attn: | $1,964,000.04 | |
| 11. | Judy Ethell | 823 Fairfield Lake Drive Chesterfield, MO 63017 | Attn: | $1,740,000.00 | |
| 12. | FFL Parallel Fund II, L.P. | One Maritime Plaza Suite 1000 San Francisco, CA 94111 | Attn: Spencer C. Fleischer 415-402-2100 | $1,418,122.00 | |
| 13. | Deltek Systems | P.O. Box 79581 Baltimore, MD 21279 | Attn: Sherri Perfater 515-783-4156 | $1,025,960.65 | |
| 14. | GW Consulting Inc. | 5870 Trinity Parkway Unit 300 Centreville, VA 20120 | Attn: Isabel Vasquez 703-592-1413 | $970,289.75 | |
| 15. | The West River Group GS | P.O. Box 376 25610 Chance Farm Court Royal Oak, MD 21662 | Attn: Taylor Rose 202-320-1785 | $937,341.74 | |
| 16. | Equant Inc. | P.O. Box 7247-7134 Philadelphia, PA 19170 | Attn: Erwann Revolt +353-1-402-5959 | $867,338.73 | |
| 17. | Hewlett Packard | P.O. Box 101149 Atlanta, GA 30392 | Attn: Mary Ellen Strei 718-788-0101 | $789,825.85 | |
| 18. | Morgan Business Consulting LLC | 21377 Scara Place Ashburn, VA 20148 | Attn: Cathy Goin 866-455-2424 x3 | $778,915.76 | |
| 19. | FFL Executive Partners II, L.P. | One Maritime Plaza Suite 1000 San Francisco, CA 94111 | Attn: Spencer C. Fleischer 415-402-2100 | $726,881.00 | |
| 20. | Cisco Systems Capital Corporation | 170 West Tasman Drive San Jose, CA 95134 | Attn: | $675,679.00 | |

| Name of Creditor | Complete Mailing Address of Creditor | Person(s) Familiar With Debtors' Account | Amount of Claim | Unliquidated, Disputed, or Partially Secured |
|---|---|---|---|---|
| 21. Siemens IT Solutions and Services Inc. | Dept CH 14235 Palatine, IL 60055 | Attn: Denna Austin 513-336-1246 | $644,517.53 | |
| 22. Raya USA LLC | 1660 International Drive Suite 400 McLean, VA 22102 | Attn: | $639,810.73 | |
| 23. Federal Management Systems Inc. | 462 K Street NW Washington, DC 20001 | Attn: Joy Creavalle 202-842-3003 x407 | $588,652.23 | |
| 24. Oracle USA Inc. | Dept CH 10699 Palatine, IL 60055 | Attn: Sriram Ravichandran 888-803-7414 | $548,270.91 | |
| 25. IBM Credit LLC | North Castle Drive Armonk, NY 10504 | Attn: | $527,039.00 | |
| 26. TEKsystems Inc. | P.O. Box 198568 Atlanta, GA 30384 | Attn: Kim Lacy 410-540-7234 | $520,892.26 | |
| 27. GPI Plaza, LP | 5601 Granite Parkway Suite 800 Plano, TX 75024 | Attn: | $412,980.00 | |
| 28. World Learning Inc. | 1990 M Street NW Washington, DC 20036 | Attn: | $378,481.94 | |
| 29. Square One Armoring Services Company | 12370 SW 130th Street Miami, FL 33186 | Attn: | $320,020.00 | |
| 30. Parsons Commercial Technology Group Inc. | 4701 Hedgemore Drive Charlotte, NC 28209 | Attn: Zaznin Jamal 905-944-8877 x2315 | $308,815.57 | |

## DECLARATION CONCERNING LIST
## OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, the undersigned authorized officer of BearingPoint, Inc. (the "Debtor"), declare under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding the 30 Largest Unsecured Claims against the Debtor and its debtor affiliates and that the list is true and correct to the best of my information and belief.

Dated:  February 18, 2009

/s/ John DeGroote
By:  John DeGroote
Title: Executive Vice President and Chief Legal Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                     :    **Chapter 11 Case No.**
                                                            :
**BEARINGPOINT, INC.,**                       :    **09-_____ (___)**
                                                            :
    **Debtor.**                               :
                                                            :
------------------------------------------------------------x

## DECLARATION CONCERNING LISTS OF
## CREDITORS AND EQUITY SECURITY HOLDERS[1]

       Contemporaneously herewith, the above-captioned debtor and its affiliated debtors (the "Debtors") have filed a motion requesting (i) a waiver of the requirement for filing a list of creditors pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code, Rules 1007(a)(1) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure, Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York, and General Orders M-133, M-137, M-138 and M-192 of the United States Bankruptcy Court for the Southern District of New York, and (ii) a waiver of the requirement for filing a list of equity security holders pursuant to Rules 1007(a)(3) of the Federal Rules of Bankruptcy Procedure. The Debtors propose to furnish their lists of creditors and equity security holders to the proposed claims and noticing agent. The Debtors have consulted with and received the approval of the Clerk of this Court to implement the foregoing procedures.

       The list of creditors will contain only those creditors whose names and addresses were maintained in the Debtors' consolidated database or were otherwise ascertainable by the Debtors prior to the commencement of these cases. The schedules of liabilities to be subsequently filed should be consulted for a list of the Debtors' creditors that is comprehensive and current as of the date of the commencement of these cases.

Dated: February 18, 2009

                                          /s/ John DeGroote
                                         By: John DeGroote
                                         Title: Executive Vice President and Chief Legal Officer

---

[1] The information herein is not and shall not constitute an admission of liability by, nor is it binding on, the Debtor.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
**In re**                                            :    **Chapter 11 Case No.**
:
**BEARINGPOINT, INC.,**                              :    09-_____ (___)
:
    **Debtor.**                                      :
:
------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1) AND LOCAL RULE OF BANKRUPTCY PROCEDURE 1007-3

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, BearingPoint, Inc., as debtor and debtor in possession (the "Debtor"), respectfully represents as follows:

1. Glenview Capital Management, L.L.C. owns 11.05% of the equity of the Debtor.

2. The Debtor does not directly or indirectly own 10% or more of any class of equity interests in any corporation whose securities are publicly traded. The Debtor does not own an interest in any general or limited partnership or joint venture.

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, the undersigned authorized officer of BearingPoint, Inc., declare under penalty of perjury that I have reviewed the Corporate Ownership Statement of BearingPoint, Inc., submitted herewith and that it is true and correct to the best of my information and belief.

Dated: February 18, 2009

                                    /s/ John DeGroote
                                    By: John DeGroote
                                    Title: Executive Vice President and Chief Legal Officer

NY2:\1898161\09\14_MP09!.DOC\22638.0012