WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                              :
**In re**                                     :     **Chapter 11 Case No.**
                                              :
**BEARINGPOINT, INC., et al.**                :     **09-_____ (____)**
                                              :
        **Debtors.**                          :     **(Joint Administration Requested)**
                                              :
-----------------------------------------------------------x

## DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE (I) ESTABLISHING NOTIFICATION PROCEDURES REGARDING RESTRICTIONS ON CERTAIN TRANSFERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTORS AND (II) SCHEDULING A FINAL HEARING

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors," and together

with their non-debtor affiliates, "BearingPoint"), submit this motion (the "Motion") pursuant to

sections 105(a) and 362 of the Bankruptcy Code establishing notification procedures regarding

restrictions on certain transfers of claims against and equity interests in the Debtors and scheduling a final hearing and respectfully represent:

## Background

1. On the date hereof (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Sections 1107(a) and 1108 of the Bankruptcy Code authorize the Debtors to continue to operate their businesses and manage their properties as debtors in possession. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## The Debtors' Business

3. Based in McLean, Virginia, with executive offices in New York City, BearingPoint is one of the world's leading providers of management and technology consulting services, providing these services to numerous government organizations, as well as Forbes Global 2000 companies and other global corporations. BearingPoint's core services, which include management consulting, technology solutions, application services, and managed services, are designed to help its clients generate revenue, increase cost-effectiveness, manage regulatory compliance, integrate information, and transition to "next-generation" technology. BearingPoint believes that it differentiates its services from others through its results, approach and people. BearingPoint's collaborative and flexible approach, including its passionate and

dedicated people who bring both deep management and technology experience to bear on solving its clients' issues, is well recognized for producing innovative and effective solutions.

4.    BearingPoint's employees use their significant industry experience and understanding of the latest technology to service more than 2,000 clients worldwide, including all fifteen United States federal cabinet-level departments, twenty-three state governments, each of the top-ten global technology hardware manufacturers, each of the top-ten global drug and biotech companies, many of the world's largest global banks, and a host of other government agencies and global corporations.[1]

BearingPoint's Operations

5.    Historically, in North America, BearingPoint has delivered consulting services through its Public Services, Commercial Services and Financial Services industry groups, which provide significant industry-specific knowledge and service offerings. Outside of North America, BearingPoint is organized on a geographic basis — Europe, the Middle East and Africa ("EMEA"), the Asia Pacific region, and Latin America (including Mexico).

*North American Operations*

6.    Historically, BearingPoint's North American operations have been managed on an industry basis, enabling BearingPoint to capitalize on its significant industry-specific knowledge base.   This focus enhances its ability to monitor global trends and observe best practice behavior, to design specialized service offerings relevant to the marketplaces in which BearingPoint's clients operate, and to build sustainable solutions. All of BearingPoint's industry groups provide management consulting, technology solutions, application services and managed services to their respective clients.

---

[1]  Based on companies that received BearingPoint services during January – December 2007.   Top-ten companies are as published by Forbes in its 2008 Global 2000 list.

7.     Historically, BearingPoint's three North American industry groups have been:

a.     *Public Services* serves a broad range of both public and private clients, including agencies of the U.S. Federal government such as the Departments of Defense, Homeland Security, and Health and Human Services; provincial, state and local governments; public healthcare companies and private sector healthcare agencies; aerospace and defense companies; and higher education institutions.

b.     *Commercial Services* supports a highly diversified range of clients, including those in the world's leading life sciences and energy markets, as well as technology, consumer markets, manufacturing, transportation, communications and private and public utilities.

c.     *Financial Services* directs its solutions to many of the world's leading banking, insurance, securities, real estate, hospitality and professional services institutions.

*International Operations*

8.     BearingPoint's operations outside of North America are organized on a geographic basis, with alignment to its three North American industry groups — enabling consistency in its global strategy and execution.   BearingPoint believes that its unique global footprint provides BearingPoint with opportunities to increase profitability by leveraging its global delivery model for multi-national clients.   BearingPoint's three geographic regions

outside its North American practice include: (i) EMEA; (ii) Asia Pacific region; and (iii) Latin America.

9.     BearingPoint's operations outside the United States are not part of the chapter 11 filings.   It is expected that these entities will continue to operate in the ordinary course of business continuing to provide top-quality services to their clients.

10.     As of February 5, 2009, BearingPoint had approximately 15,200 employees worldwide, of which approximately 13,500 were billable professionals.   For the three month period ending September 30, 2008, BearingPoint's consolidated financial statements reflected revenue of $800,987,000 and a net loss of $30,493,000.   As of September 30, 2008, BearingPoint's books and records, prepared in accordance with generally accepted accounting principles, reflected assets totaling approximately $1.76 billion and total liabilities of approximately $2.23 billion.

## The Restructuring Plan

11.     As further described in the Declaration of John DeGroote Pursuant to Bankruptcy Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously herewith and incorporated herein by reference (the "DeGroote Declaration"), the Debtors have been faced with numerous challenges that necessitated a restructuring.   As a result, prior to the Commencement Date, the Debtors considered various restructuring alternatives, including a sale of all or parts of their business, and ultimately determined that a standalone restructuring in agreement with their creditors was the most viable option.   Accordingly, following extensive negotiations with their principal creditor groups regarding the terms of a restructuring, the Debtors were able to reach an agreement in principle with their most senior creditors – lenders under the credit agreement, dated as of May 18, 2007,

as amended and restated on June 1, 2007, between BearingPoint, Inc. and BearingPoint, LLC as borrowers, the other Debtors, as guarantors, Wells Fargo Foothill, LLC, successor to UBS AG, Stamford Branch, as administrative agent, and the lenders (the "Secured Lenders"), issuing banks, and other parties thereto (as amended and restated, the "Secured Credit Facility") – regarding the terms of a comprehensive debt restructuring.   Contemporaneously herewith, the Debtors have filed the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Pre-Arranged Plan") to implement the terms of their agreement with the Secured Lenders, as well as the accompanying disclosure statement (the "Disclosure Statement").

12.     The Pre-Arranged Plan, which is described in detail in the Disclosure Statement, is a classic waterfall plan.   The Secured Lenders are converting most of their existing secured debt into new secured debt and $50 million in convertible preferred stock.   The general unsecured creditors are receiving all of the common stock in the reorganized company, subject to dilution for employee and management incentives.   The common stock will be subject to restrictions until the Secured Lenders are paid in full.   There will not be a recovery for the equity holders in BearingPoint, Inc.

13.     Following careful consideration of all alternatives, the Debtors determined that the commencement of these pre-arranged chapter 11 cases, including the filing of the Pre-Arranged Plan, was a prudent and necessary step to maximize the going concern value of the Debtors' business.   Because they already have a deal negotiated with their Secured Lenders, the Debtors expect the chapter 11 cases to be relatively short, which should reduce the impact on their businesses.   Importantly, the proposed debt restructuring will enhance BearingPoint's liquidity, reduce its leverage, and enhance its long-term growth prospects and its operating

performance.   By doing so, BearingPoint will improve its ability to both retain existing clients, as well as attract new clients.   Furthermore, through the restructuring, BearingPoint should slow its staff, employee and managing director attrition, thereby preserving its most important assets. By deleveraging through a chapter 11 filing, BearingPoint intends to quickly emerge a stronger, healthier company, and be better situated to compete in the global economy.

## Jurisdiction

14.     Pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), the Court has jurisdiction to consider and grant the relief requested herein.   A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

15.     By this Motion, the Debtors request, pursuant to sections 105(a) and 362 of the Bankruptcy Code, entry of an interim order (the "Interim Order") and a final order (the "Final Order" and, together with the Interim Order, the "Orders") authorizing the Debtors to establish procedures to protect the potential value of the Debtors' net operating loss carryforwards (the "NOLs") and other tax attributes, including the so-called "net unrealized built-in losses."   The following information regarding Tax Attributes as they relate to BearingPoint is set forth in the declaration of Howard J. Tucker, Ernst & Young tax advisor, in support of the Orders (the "Tucker Declaration").   A copy of the Interim Order and Final Order is annexed hereto as Annex A and Annex B respectively.

## Tax Attributes

16.     The Debtors estimate that, as of the date hereof, the Debtors have (i) incurred consolidated NOLs for U.S. federal income tax purposes in excess of $600 million and

(ii) an aggregate "net unrealized built-in loss" in their assets for U.S. federal income tax purposes (i.e., the amount by which the fair market value of the Debtors' assets exceeds their adjusted tax basis in the assets) currently as high as $900 million and that could range as high as $1.0 billion. The Debtors' consolidated NOLs and "net unrealized built-in losses," together with any capital loss and tax credit carryforwards and other valuable tax attributes, are referred to herein as the "Tax Attributes."

17. The Tax Attributes are valuable assets of the Debtors' estates because the Internal Revenue Code of 1986, as amended (the "Tax Code"), generally permits corporations to deduct built-in losses when recognized and to carry over previously recognized losses, tax credits and other tax attributes to offset future income, thereby reducing the Debtors' tax liability in future periods. *See* 26 U.S.C. §§ 39, 172 and 904(c). The Tax Attributes potentially allow the Debtors to significantly reduce future U.S. federal, state and local income tax liability.

18. The value of the Tax Attributes depends upon the Debtors' future activities. The Debtors may engage in significant asset dispositions or other similar transactions, either during the pendency of the bankruptcy case or following emergence from bankruptcy. The Debtors could realize potentially substantial amounts of gain and other taxable income in connection with these transactions. Absent any intervening limitations, the Tax Attributes may reduce the U.S. federal income tax liability incurred by the Debtors during the pendency of the bankruptcy case and following emergence from bankruptcy. Any reduction in their tax liability would enhance the Debtors' cash position for the benefit of all parties in interest and contribute to the Debtors' efforts toward a successful reorganization.

19. The Debtors' ability to use their Tax Attributes to offset future income or tax liability is subject to certain statutory limitations. Specifically, sections 382 and 383 of the

Tax Code limit a corporation's use of its NOLs and certain other tax attributes to offset future income after the corporation experiences an ownership change. These limitations also apply to the use of losses recognized after the change in ownership to the extent the losses were "built-in" prior to the change in ownership ("Built-In Losses").[2] For purposes of section 382 of the Tax Code, a change of ownership occurs when the percentage of a loss company's equity held by one or more "5% shareholders" (as such term is defined in section 382 of the Tax Code) increases by more than 50 percentage points over the lowest percentage of stock owned by such shareholder(s) at any time during the relevant statutory testing period (usually three years). A section 382 change of ownership prior to the effective date of a chapter 11 plan would effectively eliminate the Debtors' ability to use their Tax Attributes, thereby resulting in a significant loss of value.

## The Safe Harbor

20. The limitations imposed by section 382 in the context of an ownership change pursuant to a confirmed plan of reorganization are significantly more relaxed than those applicable outside chapter 11. See 26 U.S.C. §§ 382(l)(5), (6). Under section 382(l)(5) of the Tax Code, a corporation is not subject to the annual limitation ordinarily imposed by section 382 with respect to an ownership change resulting from consummation of a plan of reorganization, provided that the debtor's pre-change shareholders (i.e., persons or entities who owned the debtor's stock immediately before the relevant ownership change) and/or Qualified Creditors (as defined below) emerge from the reorganization owning at least 50% of the total value and voting power of the debtor's stock immediately after the ownership change. 26 U.S.C. § 382(1)(5)(A)

---

[2] Section 382 of the Tax Code generally applies the same limitation to a pre-change economic loss recognized prior to the ownership change (in the form of an NOL) and a pre-change economic loss recognized subsequent to the ownership change (in the form of Built-In Losses).

(the "Safe Harbor"). Although the application of section 382(l)(5) to an ownership change occurring in connection with the consummation of a plan of reorganization may be favorable, qualifying for the 382(l)(5) Safe Harbor does not undo any annual limitation imposed in connection with a change in ownership occurring prior to the effective date of the plan of reorganization.

      21.    Accordingly, the Debtors' ability to use their Tax Attributes might not be eliminated if a section 382 change of ownership occurs pursuant to a confirmed plan of reorganization, because section 382 significantly relaxes the restrictions on the use of the Tax Attributes under such circumstances. In light of the limitations, the Debtors could lose the substantial benefit of their Tax Attributes as a result of trading and accumulation of BE Stock (as defined below) or Claims (as defined below) prior to emergence from chapter 11. See, e.g., 26 U.S.C. § 382(l)(5), (6). The Debtors' Pre-Arranged Plan contemplates the issuance of new stock in the Reorganized BE and the distribution of such stock to creditors in satisfaction, whether in whole or in part, of Claims against any of the Debtors. This issuance and distribution would result in a "change in ownership" under section 382 of the Tax Code. In connection therewith, the Debtors currently intend to avail themselves of the special relief afforded by 382(l)(5) Safe Harbor.

      22.    Consistent with the automatic stay in these cases, the Debtors need the ability to preclude certain transfers of, and monitor and possibly object to other changes in the ownership of, BE Stock and Claims, to ensure that a 50% change of ownership does not occur prior to the effective date of a chapter 11 plan in these cases and that the Debtors will have the opportunity to avail themselves of the Safe Harbor relief. It is particularly important that this

relief be granted immediately on an interim basisn light of the significant shifts in ownership of BE Stock and Claims that have already occurred prior to the date hereof.

23.     Under section 382(1)(5)(E) of the Tax Code and the Treasury Regulations thereunder, a creditor whose claim is exchanged for stock under a plan of reorganization is a "Qualified Creditor" for section 382 purposes if such claim either (i) has been owned by such creditor for 18 or more months prior to the date of filing of the bankruptcy petition or (ii) arose in the ordinary course of the debtor's business and was at all times beneficially owned by such creditor. Creditors also may be classified as "qualified," despite not satisfying the continuous ownership requirements under either (i) or (ii) of the preceding sentence, if such creditors meet the criteria set forth in the de minimis rule described below.

24.     Under Treasury Regulation section 1.382-9(d)(3) (the "de minimis rule"), a debtor may, for purposes of the 382(1)(5) Safe Harbor, "treat indebtedness as always having been owned by the beneficial owner of the indebtedness immediately before the ownership change if the beneficial owner is not, immediately after the ownership change, either a 5% shareholder or an entity through which a 5% shareholder owns an indirect ownership interest" in the debtor. Such a claimholder will always be regarded as a Qualified Creditor under the 382(1)(5) Safe Harbor unless the claimholder's particular claim(s) themselves preclude the claimholder's Qualified Credit status.

### Proposed Trading Procedures

25.     To preserve the potential value of the Tax Attributes and ensure that the Debtors receive the full benefits of the automatic stay, the Debtors propose the following restrictions, notification requirements, and/or other procedures, as embodied in the proposed Interim Order, effective as of the Commencement Date (collectively, the "Trading Procedures"):

### (a) BE Stock Ownership, Acquisition, and Disposition

(1)   <u>Notice of Substantial BE Stock Ownership</u>.   Any person or Entity that beneficially owns, at any time on or after the Commencement Date, BE Stock (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Substantial Stock Ownership in the form annexed hereto as <u>Exhibit B.1</u>, which describes specifically and in detail the beneficial ownership of BE Stock of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Equityholder.   At the holder's election, the Notice of Substantial Stock Ownership to be filed with the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns.

(2)   <u>Acquisition of BE Stock or Options</u>.   At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, Entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate BE Stock (an "<u>Equity Acquisition Notice</u>"), in the form annexed hereto as <u>Exhibit B.3</u>, which describes specifically and in detail the proposed transaction in which BE Stock is to be acquired or beneficial ownership of BE Stock is to be increased.   At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3)   <u>Disposition of BE Stock or Options</u>.   At least twenty (20) business days prior to the proposed date of any sale, disposition or other transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>," and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, Entity, or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of

Intent to Sell, Trade, or Otherwise Transfer BE Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), in the form annexed hereto as Exhibit B.4, which describes specifically and in detail the proposed transaction in which BE Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)     Objection Procedures.   The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(A)     If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(B)     If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

(C)     Any further Proposed Equity Transaction must be the subject of additional notices as set forth above within the prescribed waiting period.

(5)     Additional Acquisitions.   Any additional transaction within the scope of paragraphs (a)(2) or (a)(3) above must be the subject of an additional notice as set forth herein with the applicable waiting period.

(6)     Definitions.   For purposes of this Motion and the Orders, the following terms have the following meanings:

(A)     Substantial Equityholder.   A "Substantial Equityholder" is any person or Entity that beneficially owns a number of shares of BE's common stock ("BE Stock") representing 4.75% or more of all issued and outstanding shares BE Stock, which as of December 31, 2008 would

include any person or Entity that beneficially owns 209,833 or more shares of BE Stock.

(B)  Beneficial Ownership.  "Beneficial ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) in certain cases, the ownership of an Option to acquire BE Stock.

(C)  Option.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable, provided, that the term "Option" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan).

(D)  Entity.  "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

*(b)*  ***Trading in Claims***

(1)  Notice of Substantial Claimholder Status.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, Claims (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as defined in paragraph (b)(6)(A)) shall file with the Court and serve upon the Debtors and Debtors' counsel a Notice of Substantial Claimholder Status in the form annexed hereto as Exhibit B.5, which describes specifically and in detail the beneficial ownership of Claims (broken down by Class, as applicable) of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Claimholder.  At the holder's election, the Notice of Substantial Claimholder Status that is filed to the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns.

(2)    Acquisition of Claims. At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of Claims that would result in (A) an increase in the dollar amount of Claims beneficially owned by a Substantial Claimholder; (B) a person or Entity becoming a Substantial Claimholder; (C) an increase in the dollar amount of Claims beneficially owned by a Multi-Class Claimholder (as defined in paragraph (b)(6)(B)); or (D) a person or Entity becoming a Multi-Class Claimholder (a "Proposed Claims Acquisition Transaction"), such person, Entity, Substantial Claimholder, or Multi-Class Claimholder (a "Proposed Claims Transferee") shall file with the Court and, serve upon the Debtors and the Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "Claims Acquisition Notice"), in the form annexed hereto as Exhibit "6", which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001.   At the holder's election, the Claims Acquisition Notice to be filed (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns and proposes to purchase or otherwise acquire

(3)    Approval Procedures.   The Debtors may in their discretion determine whether or not to approve a Claims Acquisition Notice received pursuant to paragraph (b)(2) above.   A Claims Acquisition Notice that is not approved in writing by the Debtors within fifteen (15) business days after the filing of a Claims Acquisition Notice shall be deemed rejected.   In the case of any Claims Acquisition Notice submitted pursuant to clauses (C) or (D) of paragraph (b)(2), the Debtors will determine whether the Claims proposed to be acquired pursuant such Claims Acquisition Notice, together with the Claims already beneficially owned by the Proposed Claims Transferee, would represent 4.75% or more of the value or voting power of the stock of Reorganized BE immediately following the effectiveness of the Plan.   The Debtors shall make this determination in their reasonable judgment and may take into account all relevant factors, including alternative valuations reflected in the valuation analysis set forth in the Plan and Disclosure Statement.

(4)    Additional Acquisitions.   Any additional transaction within the scope of paragraph (b)(2) above must be the subject of an additional notice as set forth above within the prescribed waiting period.

(5)    Exception for Certain Claimholders.   No person or Entity shall be subject to the notification requirements of clause (A) or (B) of paragraph (b)(2) above in the case of any transfer described in Treasury Regulation section 1.382-9(d)(5)(ii), provided that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or

permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); <u>provided, further</u>, that any such transferee who becomes a Substantial Claimholder shall file with the Court, and serve upon the Debtors and the Debtors' counsel, a notice of such status, in the form annexed hereto as <u>Exhibit B.4</u>, within five (5) business days of the later of (i) the day of the entry of the Interim Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Claimholder. For the avoidance of doubt, the exception described in this paragraph (b)(5) shall not apply to a person or Entity that is or would become a Multi-Class Claimholder by reason of a transfer.

(6)     <u>Definitions</u>.   For purposes of this Motion the following terms have the following meanings:

(A)     <u>Substantial Claimholder</u>.   A "<u>Substantial Claimholder</u>" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status or Multi-Class Claimholder status, treating Claims as if they were stock.

(B)     <u>Multi-Class Claimholder</u>.   A "<u>Multi-Class Claimholder</u>" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims, any amount of Claims in two or more Classes of Claims, without regard to whether such person or Entity may also a Substantial Claimholder.

(C)     <u>Class</u>.   "<u>Class</u>" shall mean any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan).

(D)     <u>Claim</u>.   A "<u>Claim</u>" shall be any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan.

(E)     <u>Threshold Amount</u>.   "<u>Threshold Amount</u>" means, for each class of Claims, the amount of Claims set forth below:

| Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
| --- | --- |
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

**(c)**    ***Unauthorized Transactions in BE Stock or Options or Claims***

Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of equity interests in or Claims against the Debtors (including Options to acquire any of the foregoing, as provided above) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

**(d)**    ***Noncompliance with the Trading Procedures.***

Any purchase, sale, or other transfer of Claims against, or equity securities in, the Debtors in violation of the procedures set forth herein shall be null and void and shall confer no rights on the transferee.

**(e)**    ***Debtors' Right to Waive.***

The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Order.

## **Proposed Notice Procedures**

26.    To notify holders of common stock of BearingPoint ("BE Stock") and Claims (as hereinafter defined) of the Trading Procedures, the Debtors propose the following procedures:

### **Interim Notice**

A.    The Debtors shall within three business days of entry of the Interim Order, serve the notice of the Trading Procedures substantially in the form attached hereto as

Exhibit "A" (the "Interim Procedures Notice") upon all holders of Claims[3] and BE Stock, which, shall provide among other things, (a) the date and time of the hearing to consider the relief requested herein on a final basis (the "Final Hearing") and (b) the deadline to object to the granting the relief requested herein on a final basis (the "Objection Deadline").

B.    The Debtors shall within five business days of entry of the Interim Order, publish the Interim Procedures Notice on the Bloomberg newswire service and in national editions of The Wall Street Journal and The Washington Post, and post such Interim Procedures Notice on the website of the Debtors' claims agent, Garden City Group, Inc., at http://www.bearingpointinfo.com.

**Hearing and Objection Procedures**

C.    The Final Hearing to consider the relief requested herein on a final basis shall be at earliest omnibus hearing date that is at least 20 days after service of Interim Notice Procedures.

D.    The Objection Deadline to file an objection or response to granting the relief requested herein shall be 4:00 p.m. (Eastern Time) 7 days prior to the Final Hearing.

E.    All objections and responses must served upon the Debtors and the Notice Parties (as defined below) so as to be received by the Objection Deadline.

F.    All objections and responses, if any, must (i) be in writing, (ii) conform to the Bankruptcy Rules and Local Rules, and (iii) set forth the name of the objecting or responding party, the basis of the response or object, and the specific ground therefore.

G.    Registered users of the Bankruptcy Court's case filing system shall electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive (preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Robert E. Gerber.

H.    Notwithstanding anything to the contrary herein, the Debtors may seek entry of the Final Order without a hearing as provided by the case management order governing these chapter 11 cases.

**Final Notice**

I.    The Debtors shall within three business days of entry of the Final Order, serve notice of the Trading Procedures substantially in the form attached hereto as

---

[3] To the extent reasonably possible, the Debtors shall notify the beneficial holder of any series of debt securities.

Exhibit "1" (the "Final Procedures Notice") upon all holders of Claims and BE Stock.

J.  The Debtors shall within five business days of entry of the Final Order, publish the Final Procedures Notice on the Bloomberg newswire service and in national editions of The Wall Street Journal and The Washington Post, and post such Interim Procedures Notice on the website of the Debtors' claims agent, Garden City Group, Inc., at http://www.bearingpointinfo.com.

### Basis for Relief Requested

27.  Section 362(a) of the Bankruptcy Code operates as a stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Accordingly, "where a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay." Official Comm. of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines Inc.), 928 F.2d 565, 574 (2d Cir. 1991), cert. denied, 502 U.S. 821 (1991).

28.  NOLs and other tax attributes are property of a debtor's estate protected by section 362 of the Bankruptcy Code. See Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.), 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."). The United States Court of Appeals for the Second Circuit, in its seminal Prudential Lines decision, affirmed the application of the automatic stay and upheld a permanent injunction prohibiting a parent corporation from taking a worthless stock deduction for the stock of its debtor subsidiary because doing so would have adversely affected the subsidiary's ability to use its NOLs under the special relief provisions of section 382 of the Tax Code. 928 F.2d 565. The Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's estate is consistent with Congress' intention to "bring anything of value that the debtors have into the estate." Moreover, "[a] paramount and important goal of Chapter 11 is the rehabilitation of the debtor by offering breathing space and an opportunity to rehabilitate its business and eventually generate revenue." Including the right to a NOL carryforward as property of [the debtor's] bankruptcy estate furthers the purpose of facilitating the reorganization of [the debtor].

Id. at 573 (internal citations omitted); see also In re Fruehauf Trailer Corp., 444 F.3d 203 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'") (quoting Prudential Lines, 928 F.2d at 572); In re Enron Corp., Case No. 01-16034 (Bankr. S.D.N.Y. 2003) (finding that the debtors' NOL carryforwards "are property of the Debtors' estates and are protected by the automatic stay prescribed in section 362 of the Bankruptcy Code"); Gibson v. United States (In re Russell), 927 F.2d 413, 417 (8th Cir. 1991) (concluding the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate); In re Delta Air Lines, Inc., Ch. 11 Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (finding that tax credit carryforwards were property of the debtors' estates and approving notification procedures and restrictions on certain transfers of claims against and interests in the debtors to protect, among other things, $346 million in non-NOL tax credits).

29.    In Prudential Lines, the Second Circuit further held that the parent corporation's attempt to claim a worthless stock deduction in respect of stock of its debtor subsidiary effectively would eliminate the value of the debtor's NOLs, and thus, would be an act to exercise control over estate property in violation of the automatic stay extant under section 362 of the Bankruptcy Code.   Prudential Lines, 928 F.2d at 573-74.   There, the parent corporation's interest in its worthless stock deduction was intertwined with the debtor's NOLs. The Second Circuit determined that if the parent were permitted to take a worthless stock

deduction, it would have an adverse impact on the debtor subsidiary's ability to carry forward its NOLs. Therefore, the Second Circuit noted that, "despite the fact that the [parent corporation's] action is not directed specifically at [the debtor subsidiary], it is barred by the automatic stay as an attempt to exercise control over property of the estate." Id.

30. The Second Circuit also held that the permanent injunction was supported by the court's equitable powers pursuant to section 105(a) of the Bankruptcy Code, which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." Id. (citing 11 U.S.C. § 105(a)). Because the NOLs were valuable assets of the debtor, the Second Circuit refused to disturb the bankruptcy court's determination that elimination of the right to apply its NOLs to offset income on future tax returns would impede the debtor's reorganization. Prudential Lines, 928 F.2d at 574.

31. Similarly, in In re Phar-Mor, Inc., 152 B.R. 924 (Bankr. N.D. Ohio 1993), chapter 11 debtors moved to prohibit the transfer of their stock that could have an adverse effect on their ability to use NOLs. The court held that the NOLs qualified as property of the estate and issued an injunctive order and enforced the automatic stay, thereby protecting the assets of the debtors' estates. Significantly, the court granted the relief requested even though the stockholders did not state any intent to sell their stock and even though the debtors did not show that a sale was pending that would trigger the prescribed change in ownership under section 382 of the Tax Code. See id. at 927. Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the NOL has a potential value, as yet undetermined, which will be of benefit to creditors and will assist debtors in their reorganization process. This asset is entitled to protection while debtors move forward toward reorganization." Id. The Phar-

Mor court concluded that, because the debtors were seeking to enforce the stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits. The key elements for a stay . . . are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

Id. at 926 (quoting In re Golden Distribs., Inc., 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

32. Restrictions on equity and claims trading to protect a debtor against the possible loss of its NOLs and other valuable tax attributes are regularly applied by courts.[4] See, e.g., In re Northwest Airlines Corp., Ch. 11 Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. 2005) (approving notification procedures and restrictions on certain transfers of claims against and equity interests in the debtors); In re Delta Air Lines, Inc., Ch. 11 Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. 2005) (approving notification procedures and restrictions on certain transfers of claims against and equity interests in the debtors); In re WorldCom, Inc., Ch. 11 Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. 2003) (restricting acquisitions of stock above a certain threshold and establishing notification requirements for certain acquisitions of claims); In re Metrocall, Inc., Ch. 11 Case No. 02-11579 (Bankr. D. Del. 2002) (approving procedures where debtor would provide 5 business days' notice to object to proposed transfers of stock that would result in a transferee holding 5% or more of the debtor's stock or a reduction in the ownership interest of an existing 5% or greater shareholder); In re Reliance Acceptance Group Inc., Ch. 11 Case No. 98-288 (PJW) (Bankr. D. Del. 1998) (providing debtor with 30 days notice to object to

---

[4] Because of the voluminous nature of the unreported orders cited herein, they are not annexed to this Motion. Copies of these orders are available upon request of the undersigned counsel.

proposed transfers that would result in a transferee holding 5% or more of debtor's common stock).

33.    As these cases demonstrate, it is well settled that the automatic stay under section 362(a)(3) of the Bankruptcy Code enjoins actions that would adversely affect a debtor's NOLs, tax credits and other tax attributes, including its Built-In Losses.    These actions, including the trading of stock in a debtor, may therefore be determined to be null and void <u>ab initio</u>.

### The Proposed Procedures Are Necessary and in the Best Interests of the Debtors, Their Estates, and Their Creditors

34.    The proposed procedures are necessary to preserve the Debtors' ability to use their Tax Attributes, which are valuable assets of the Debtors' estates, while providing latitude for trading in volumes of BE Stock and Claims below specified levels.    The Debtors' ability to meet the requirements of the tax laws to preserve their Tax Attributes may be seriously jeopardized unless procedures are established to ensure that trading in BE Stock and Claims are either precluded or closely monitored and made subject to Court approval.    However, the Debtors do recognize that the trading in BE Stock and Claims below specified levels does not, at this time, pose a serious risk to the Debtors' Tax Attributes, and thus the restrictions and procedures set forth above preserve the Debtors' ability to waive in writing, in appropriate circumstances, any and all restrictions, stays, and notification procedures contained in this Motion.

35.    Absent a change in ownership under section 382 of the Tax Code prior to the effective date of a plan of reorganization, the Debtors expect to be able to use a portion of the Tax Attributes to offset income realized both during and following the pendency of the bankruptcy case and to eliminate income tax liability attributable to that income.    Thus, the Tax

Attributes are valuable assets of the Debtors' estates and are entitled to the protection of the automatic stay. Furthermore, because maintenance of the Debtors' Tax Attributes may enhance the Debtors' prospects for a successful emergence from chapter 11, the exercise of this Court's equitable powers under section 105(a) of the Bankruptcy Code is appropriate.

36.     The relief requested herein is narrowly tailored to permit certain stock and claims trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws. The Debtors hereby are seeking only to enforce the provisions of the automatic stay in connection with certain types of stock and claims trading that pose a serious risk under the ownership change tests and to monitor (with limited circumspections) other types of trading that potentially such a risk. The proposed restrictions on trading are crucial because once an interest is transferred, the transaction may not be reversible for tax purposes, even if it determined to be null and void under section 362 of the Bankruptcy Code. Accordingly, once a transfer acts to limit the Debtors' ability to use their Tax Attributes under section 382 of the Tax Code, the benefit of the Tax Attributes may be permanently lost. The relief requested is, therefore, critical to prevent an irrevocable loss of the Debtors' use of their Tax Attributes.

37.     It is in the best interests of the Debtors, the Debtors' estates, their creditors, and their stakeholders to restrict stock and claims trading that could result in a change of ownership under section 382 of the Tax Code before the effective date of a plan of reorganization. If such a change of ownership occurs, the valuation for determining the annual amount of useable NOLs and Built-In Losses would be very low.

38.     In addition, the Debtors believe that the Safe Harbor described above may create significant incremental benefit to the Debtors following emergence from bankruptcy. Among other things, the Debtors' "net unrealized built-in losses," calculated as of the effective

date of the plan of reorganization, would not be subject to the annual limitation when realized in a post-change period. Consequently, the Debtors currently contemplate that, assuming they are eligible therefor, they will avail themselves of the 382(l)(5) Safe Harbor. The requested relief has been narrowly tailored to permit trading of Claims in amounts expected to be below the de minimis rule.

39. Although there can be no assurance that the 382(1)(5) Safe Harbor ultimately will be available to the Debtors, it is important that the Debtors preserve the ability to take advantage of that safe harbor. Because the determination of whether a creditor is "qualified" depends on whether such creditor has held its Claim until the effective date of the plan of reorganization, transfers of Claims by creditors before such date pose a threat to the Debtors' ability to satisfy the requirements of the safe harbor. Likewise, because transfers of BE Stock by or into the hands of 5% shareholders before the effective date of the plan of reorganization could trigger an ownership change that would impose a severe annual limitation on the Debtors' use of the Tax Attributes (even if the Debtors later satisfied the requirements of the 382(1)(5) Safe Harbor in connection with a second ownership change resulting from the plan) such pre-plan transfers pose a threat to the post-reorganization value of the Tax Attributes. The requested relief will ensure that the Debtors have maximum flexibility to implement a plan that meets the requirements of the 382(1)(5) Safe Harbor and thus preserves the Tax Attributes to the fullest extent.

40. Even if it is ultimately determined that the 382(1)(5) Safe Harbor is unavailable to the Debtors (or otherwise offers minimal or no incremental benefit), it is in the best interests of the Debtors and their estates to restrict equity trading that could result in an ownership change prior to consummation of a plan of reorganization for at least two additional

reasons. First, an ownership change must occur pursuant to consummation of the plan in order for the Debtors to qualify for the other section 382 bankruptcy relief provision – the favorable valuation rule of section 382(1)(6) of the Tax Code. Specifically, section 382(1)(6) provides that if a corporation undergoes an ownership change pursuant to a plan of reorganization and section 382(1)(5) does not apply (either because the corporation elects out of that provision or because its requirements are not satisfied), then the appropriate value of the Debtors for purposes of calculating the section 382 limitation shall reflect the increase in value of the Debtors resulting from any surrender or cancellation of creditors' claims in the transaction. Generally, under section 382 of the Tax Code, the taxable income of a loss corporation available for offset by pre-"change of ownership" Tax Attributes is annually limited to an amount equal to the long-term tax-exempt bond rate times the value of the loss company's stock immediately prior to the time of the ownership change. Thus, assuming the value of the BearingPoint's equity increases as a result of the reorganization, section 382(1)(6) will provide for a higher annual limitation than would result under the general rules of section 382, and would preserve the Debtors' ability to use a greater portion of the Tax Attributes to offset any post-change income. Second, preventing an ownership change prior to the effective date of a plan of reorganization also will benefit the Debtors' estates by ensuring that the Debtors will be able to make maximum use of the Tax Attributes to offset any income arising prior to the effective date of the plan, which income, as discussed above in connection with possible pre-emergence asset sales, may be significant in amount. 26 U.S.C. § 382(a).

## Notice

41. The Debtors shall serve notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, First

Floor, New York, New York 10022 (Attn: Luc Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the administrative agent under the Secured Credit Facility, (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn: Mark R. Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures Due December 15, 2024 (the "Series A Debentures") and the BearingPoint, Inc. 2.75% Series B Convertible Subordinated Debentures Due December 15, 2024 (the "Series B Debentures"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor, New York, New York, 10036-2714 (Attn: Mark B. Joachim, Esq. and Robert T. Carey, Esq.), as counsel for the informal committee of holders of the BearingPoint, Inc. 5.00% Convertible Senior Subordinated Debentures Due 2025 (the "Series C Debentures"), (v) The Bank of New York, 101 Barclay Street, 8W, New York, New York 10286 (Attn: Corporate Trust Division – Corporate Finance Unit), as trustee under the indentures governing the Series A Debentures, the Series B Debentures, and the Series C Debentures, (vi) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San Francisco, California 94111 (Attn: Spencer C. Fleischer), as representative of the purchasers (the "Purchasers") under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures Due July 2010, (vii) Bingham McCutchen LLP, 299 Park Avenue, New York, New York 10022 (Attn: Neil W. Townsend, Esq.), as counsel for the Purchasers, and (viii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis) (collectively the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

42.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 18, 2009
       New York, New York

Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007

and

Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas   77002
Telephone: (713) 546-5000
Facsimile:   (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

# Exhibit A.1

## Interim Procedures Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                   :

<u>In re</u>                               :         **Chapter 11 Case No.**
                                     :

**BEARINGPOINT, INC., <u>et al.</u>,**      :         **09-_____ (____)**
                                     :

           **Debtors.**          :         **(Joint Administration Requested)**
                                     :

------------------------------------------------------------x

## NOTICE OF INTERIM ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS: [1]

      PLEASE TAKE NOTICE that on February 18, 2009 (the "<u>Commencement Date</u>"), BearingPoint, Inc. ("<u>BE</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") commenced a case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").   Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

      PLEASE TAKE FURTHER NOTICE that on [_____], the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), having jurisdiction over this chapter 11 case, upon motion of the Debtors (the "<u>Motion</u>"), entered an interim order (i) finding that the Debtors' net operating loss carryforwards ("<u>NOLs</u>") and certain other tax attributes, including their "net unrealized built-in losses" (determined for U.S. federal income tax purposes) (together with the NOLs, the "<u>Tax Attributes</u>") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in BE common stock (the "<u>BE Stock</u>") and/or claims against the Debtors could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "<u>Tax Code</u>") both during the pendency of the bankruptcy case and following the effective date of the Plan, and (iii) approving the procedures as set forth herein to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective as of the date of the filing of the Motion* (the "<u>Interim Order</u>").   **ANY ACQUISITION IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

---

[1]  All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in BE Stock:

(1)     <u>Notice of Substantial BE Stock Ownership</u>.   Any person or Entity that beneficially owns, at any time on or after the Motion Date, BE Stock (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Substantial Stock Ownership, which describes specifically and in detail the beneficial ownership of BE Stock of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Equityholder.   At the holder's election, the Notice of Substantial Stock Ownership to be filed with the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns.

(2)     <u>Acquisition of BE Stock or Options</u>.   At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "**Proposed Equity Acquisition Transaction**"), such person, Entity or Substantial Equityholder (a "**Proposed Equity Transferee**") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate BE Stock (an "**Equity Acquisition Notice**"), which describes specifically and in detail the proposed transaction in which BE Stock is to be acquired or beneficial ownership of BE Stock is to be increased.   At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3)     <u>Disposition of BE Stock or Options</u>.   At least twenty (20) business days prior to the proposed date of any sale, disposition or other transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "**Proposed Equity Disposition Transaction**," and together with a Proposed Equity Acquisition Transaction, a "**Proposed Equity Transaction**"), such person, Entity, or Substantial Equityholder (a "**Proposed Equity Transferor**") shall file

with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Sell, Trade, or Otherwise Transfer BE Stock (an "**Equity Disposition Notice**," and together with an Equity Acquisition Notice, an "**Equity Trading Notice**"), in the form annexed hereto as <u>Exhibit B.3</u>, which describes specifically and in detail the proposed transaction in which BE Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)     <u>Objection Procedures</u>.    The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "**Equity Objection Deadline**") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "**Equity Objection**") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(A)     If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(B)     If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

(C)     Any further Proposed Equity Transaction must be the subject of additional notices as set forth above within the prescribed waiting period.

(5)     <u>Additional Acquisitions</u>.    Any additional transaction within the scope of paragraphs (a)(2) or (a)(3) above must be the subject of an additional notice as set forth herein with the applicable waiting period.

(6)     <u>Definitions</u>.    For purposes of this Motion and the Orders, the following terms have the following meanings:

(A)     <u>Substantial Equityholder</u>.    A "**Substantial Equityholder**" is any person or Entity that beneficially owns a number of shares of BE's common stock ("**BE Stock**") representing 4.75% or more of all issued and outstanding shares BE Stock, which as of December 31, 2008 would

include any person or Entity that beneficially owns 209,833 or more shares of BE Stock.

(B)  Beneficial Ownership.  "Beneficial ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("**Treasury Regulations**") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) in certain cases, the ownership of an Option to acquire BE Stock.

(C)  Option.  An "**Option**" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable, provided, that the term "Option" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan).

(D)  Entity.  "**Entity**" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in claims against the Debtors:

(1)  Notice of Substantial Claimholder Status.  Any person or Entity that beneficially owns, at any time on or after the Motion Date, Claims (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as defined in paragraph (b)(6)(A)) shall file with the Court and serve upon the Debtors and Debtors' counsel a Notice of Substantial Claimholder Status, which describes specifically and in detail the beneficial ownership of Claims (broken down by Class, as applicable) of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Claimholder.  At the holder's election, the Notice of Substantial Claimholder Status that is filed to the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such

holder's taxpayer identification and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns.

(2)     Acquisition of Claims. At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of Claims that would result in (A) an increase in the dollar amount of Claims beneficially owned by a Substantial Claimholder; (B) a person or Entity becoming a Substantial Claimholder; (C) an increase in the dollar amount of Claims beneficially owned by a Multi-Class Claimholder (as defined in paragraph (b)(6)(B)); or (D) a person or Entity becoming a Multi-Class Claimholder (a "**Proposed Claims Acquisition Transaction**"), such person, Entity, Substantial Claimholder, or Multi-Class Claimholder (a "**Proposed Claims Transferee**") shall file with the Court and, serve upon the Debtors and the Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "**Claims Acquisition Notice**"), which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001.   At the holder's election, the Claims Acquisition Notice to be filed (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns and proposes to purchase or otherwise acquire

(3)     Approval Procedures.    The Debtors may in their discretion determine whether or not to approve a Claims Acquisition Notice received pursuant to paragraph (b)(2) above.   A Claims Acquisition Notice that is not approved in writing by the Debtors within fifteen (15) business days after the filing of a Claims Acquisition Notice shall be deemed rejected.   In the case of any Claims Acquisition Notice submitted pursuant to clauses (C) or (D) of paragraph (b)(2), the Debtors will determine whether the Claims proposed to be acquired pursuant such Claims Acquisition Notice, together with the Claims already beneficially owned by the Proposed Claims Transferee, would represent 4.75% or more of the value or voting power of the stock of Reorganized BE immediately following the effectiveness of the Plan.   The Debtors shall make this determination in their reasonable judgment and may take into account all relevant factors, including alternative valuations reflected in the valuation analysis set forth in the Plan and Disclosure Statement.

(4)     Additional Acquisitions.   Any additional transaction within the scope of paragraph (b)(2) above must be the subject of an additional notice as set forth above within the prescribed waiting period.

(5)     Exception for Certain Claimholders.   No person or Entity shall be subject to the notification requirements of clause (A) or (B) of paragraph (b)(2) above in the case of any transfer described in Treasury Regulation section

1.382-9(d)(5)(ii), provided that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); provided, further, that any such transferee who becomes a Substantial Claimholder shall file with the Court, and serve upon the Debtors and the Debtors' counsel, a notice of such status within five (5) business days of the later of (i) the day of the entry of the Interim Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Claimholder. For the avoidance of doubt, the exception described in this paragraph (b)(5) shall not apply to a person or Entity that is or would become a Multi-Class Claimholder by reason of a transfer.

(6)     Definitions.     For purposes of this Motion the following terms have the following meanings:

(A)     Substantial Claimholder.     A "**Substantial Claimholder**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status or Multi-Class Claimholder status, treating Claims as if they were stock.

(B)     Multi-Class Claimholder.     A "**Multi-Class Claimholder**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims, any amount of Claims in two or more Classes of Claims, without regard to whether such person or Entity may also a Substantial Claimholder.

(C)     Class.     "**Class**" shall mean any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan).

(D)    Claim.    A "**Claim**" shall be any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan.

| (E)    Threshold Amount. "**Threshold Amount**" means, for each class of Claims, the amount of Claims set forth below:<br><br>Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
|---|---|
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION OR OTHER TRANSFER OF BE STOCK OR CLAIMS AGAINST THE DEBTORS IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE INTERIM ORDER.**

PLEASE TAKE NOTICE THAT a form (a) Notice of Substantial Stock Ownership, (b) Equity Acquisition Notice, (c) Equity Trading Notice, (d) Notice of Substantial Claimholder Status, and (e) Claims Acquisition Notice may be obtained at http://www.bearingpointinfo.com

PLEASE TAKE FURTHER NOTICE that any person or entity desirous of acquiring an interest restricted by the Interim Order may request relief for cause at any time and the Debtors may oppose such relief.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: _____, 2009
New York, New York

BY ORDER OF THE COURT

**Exhibit A.2**

**Final Procedures Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                         :

**In re**                                        :        **Chapter 11 Case No.**
                                           :

**BEARINGPOINT, INC., et al.,**          :        **09-_____ (____)**
                                           :

                **Debtors.**         :        **(Joint Administration Requested)**
                                           :

------------------------------------------------------------x


## NOTICE OF FINAL ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS:[1]

        PLEASE TAKE NOTICE that on February 18, 2009 (the "Commencement Date"), BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

        PLEASE TAKE FURTHER NOTICE that on [_____], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over this chapter 11 case, upon motion of the Debtors (the "Motion"), entered an interim order (i) finding that the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes, including their "net unrealized built-in losses" (determined for U.S. federal income tax purposes) (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in BE common stock (the "BE Stock") and/or claims against the Debtors could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"), both during the pendency of the bankruptcy case and following the effective date of the Plan, and (iii) approving the procedures set forth below to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code (the "Final Order"). **ANY ACQUISITION IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in BE Stock:

(7)     **Notice of Substantial BE Stock Ownership.**   Any person or Entity that beneficially owns, at any time on or after the Motion Date, BE Stock (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Substantial Stock Ownership, which describes specifically and in detail the beneficial ownership of BE Stock of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Equityholder.   At the holder's election, the Notice of Substantial Stock Ownership to be filed with the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns.

(8)     **Acquisition of BE Stock or Options.**   At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "**Proposed Equity Acquisition Transaction**"), such person, Entity or Substantial Equityholder (a "**Proposed Equity Transferee**") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate BE Stock (an "**Equity Acquisition Notice**"), which describes specifically and in detail the proposed transaction in which BE Stock is to be acquired or beneficial ownership of BE Stock is to be increased.   At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(9)     **Disposition of BE Stock or Options.**   At least twenty (20) business days prior to the proposed date of any sale, disposition or other transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "**Proposed Equity Disposition Transaction**," and together with a Proposed Equity Acquisition Transaction, a "**Proposed Equity Transaction**"), such person, Entity, or Substantial Equityholder (a "**Proposed Equity Transferor**") shall file

with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Sell, Trade, or Otherwise Transfer BE Stock (an "**Equity Disposition Notice**," and together with an Equity Acquisition Notice, an "**Equity Trading Notice**"), in the form annexed hereto as <u>Exhibit B.3</u>, which describes specifically and in detail the proposed transaction in which BE Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(10)   <u>Objection Procedures</u>.   The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "**Equity Objection Deadline**") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "**Equity Objection**") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(A)   If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(B)   If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

(C)   Any further Proposed Equity Transaction must be the subject of additional notices as set forth above within the prescribed waiting period.

(11)   <u>Additional Acquisitions</u>.   Any additional transaction within the scope of paragraphs (a)(2) or (a)(3) above must be the subject of an additional notice as set forth herein with the applicable waiting period.

(12)   <u>Definitions</u>.   For purposes of this Motion and the Orders, the following terms have the following meanings:

(A)   <u>Substantial Equityholder</u>.   A "**Substantial Equityholder**" is any person or Entity that beneficially owns a number of shares of BE's common stock ("**BE Stock**") representing 4.75% or more of all issued and outstanding shares BE Stock, which as of December 31, 2008 would

include any person or Entity that beneficially owns 209,833 or more shares of BE Stock.

(B)     Beneficial Ownership.   "Beneficial ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("**Treasury Regulations**") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) in certain cases, the ownership of an Option to acquire BE Stock.

(C)     Option.   An "**Option**" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable, provided, that the term "Option" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan).

(D)     Entity.   "**Entity**" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in claims against the Debtors:

(7)     Notice of Substantial Claimholder Status.   Any person or Entity that beneficially owns, at any time on or after the Motion Date, Claims (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as defined in paragraph (b)(6)(A)) shall file with the Court and serve upon the Debtors and Debtors' counsel a Notice of Substantial Claimholder Status, which describes specifically and in detail the beneficial ownership of Claims (broken down by Class, as applicable) of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Claimholder.   At the holder's election, the Notice of Substantial Claimholder Status that is filed to the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such

holder's taxpayer identification and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns.

(8) <u>Acquisition of Claims.</u> At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of Claims that would result in (A) an increase in the dollar amount of Claims beneficially owned by a Substantial Claimholder; (B) a person or Entity becoming a Substantial Claimholder; (C) an increase in the dollar amount of Claims beneficially owned by a Multi-Class Claimholder (as defined in paragraph (b)(6)(B)); or (D) a person or Entity becoming a Multi-Class Claimholder (a "**Proposed Claims Acquisition Transaction**"), such person, Entity, Substantial Claimholder, or Multi-Class Claimholder (a "**Proposed Claims Transferee**") shall file with the Court and, serve upon the Debtors and the Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "**Claims Acquisition Notice**"), which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001. At the holder's election, the Claims Acquisition Notice to be filed (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns and proposes to purchase or otherwise acquire

(9) <u>Approval Procedures.</u> The Debtors may in their discretion determine whether or not to approve a Claims Acquisition Notice received pursuant to paragraph (b)(2) above. A Claims Acquisition Notice that is not approved in writing by the Debtors within fifteen (15) business days after the filing of a Claims Acquisition Notice shall be deemed rejected. In the case of any Claims Acquisition Notice submitted pursuant to clauses (C) or (D) of paragraph (b)(2), the Debtors will determine whether the Claims proposed to be acquired pursuant such Claims Acquisition Notice, together with the Claims already beneficially owned by the Proposed Claims Transferee, would represent 4.75% or more of the value or voting power of the stock of Reorganized BE immediately following the effectiveness of the Plan. The Debtors shall make this determination in their reasonable judgment and may take into account all relevant factors, including alternative valuations reflected in the valuation analysis set forth in the Plan and Disclosure Statement.

(10) <u>Additional Acquisitions.</u> Any additional transaction within the scope of paragraph (b)(2) above must be the subject of an additional notice as set forth above within the prescribed waiting period.

(11) <u>Exception for Certain Claimholders.</u> No person or Entity shall be subject to the notification requirements of clause (A) or (B) of paragraph (b)(2) above in the case of any transfer described in Treasury Regulation section

1.382-9(d)(5)(ii), <u>provided</u> that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); <u>provided, further,</u> that any such transferee who becomes a Substantial Claimholder shall file with the Court, and serve upon the Debtors and the Debtors' counsel, a notice of such status within five (5) business days of the later of (i) the day of the entry of the Interim Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Claimholder. For the avoidance of doubt, the exception described in this paragraph (b)(5) shall not apply to a person or Entity that is or would become a Multi-Class Claimholder by reason of a transfer.

(12)   <u>Definitions</u>.   For purposes of this Motion the following terms have the following meanings:

(A)   <u>Substantial Claimholder</u>.   A "**<u>Substantial Claimholder</u>**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status or Multi-Class Claimholder status, treating Claims as if they were stock.

(B)   <u>Multi-Class Claimholder</u>.   A "**<u>Multi-Class Claimholder</u>**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims, any amount of Claims in two or more Classes of Claims, without regard to whether such person or Entity may also a Substantial Claimholder.

(C)   <u>Class</u>.   "**<u>Class</u>**" shall mean any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan).

(D)    Claim.    A "**Claim**" shall be any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan.

| (E)    Threshold Amount. "**Threshold Amount**" means, for each class of Claims, the amount of Claims set forth below:<br><br>Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
|---|---|
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF BE STOCK OR CLAIMS AGAINST THE DEBTORS IN VIOLATION OF THE FINAL ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE FINAL ORDER.**

PLEASE TAKE NOTICE THAT a form (a) Notice of Substantial Stock Ownership, (b) Equity Acquisition Notice, (c) Equity Trading Notice, (d) Notice of Substantial Claimholder Status, and (e) Claims Acquisition Notice may be obtained at http://www.bearingpointinfo.com

PLEASE TAKE FURTHER NOTICE that any person or entity desirous of acquiring an interest restricted by the Final Order may request relief for cause at any time and the Debtors may oppose such relief.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: _____, 2009
New York, New York

BY ORDER OF THE COURT

**Exhibit B.1**

**<u>Notice of Substantial Stock Ownership</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                          :
**In re**                                  :          **Chapter 11 Case No.**
                                          :
**BEARINGPOINT, INC., et al.,**            :          **09-_____ (____)**
                                          :
             **Debtors.**                  :          **(Joint Administration Requested)**
                                          :
-----------------------------------------------------------x


## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice"), that, as of the date hereof, the Filer Beneficially Owns (as defined below) _____ shares of   common stock of BearingPoint, Inc. ("BE Stock") and/or Options (as defined below) to acquire _____ shares of BE Stock, which represent ____% of the total amount of the BE Stock currently issued and outstanding.   For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan[7]).

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.   In the case of shares of BE Stock and/or Options to acquire BE Stock that are owned directly by the Filer, the table sets forth (i) the number of such shares and/or Options; and (ii) the date(s) on which such shares and/or Options were acquired.

2.   In the case of shares of BE Stock and/or Options to acquire BE Stock that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares and/or Options Beneficially Owned by the Filer, (ii) the number of such shares and/or Options; and (iii) the date(s) on which such shares and/or Options were acquired.

| Name of Owner | Number of Shares of BE Stock Owned | Number of Shares subject to Options | Date(s) Acquired |
|---|---|---|---|
|  |  |  |  |

---

[7] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft:   I'm not sure how this ultimate x-ref source should be cited.].

| | | *Owned* | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof of BE Stock and Options to acquire BE Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock; and

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____

[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____

_____

_____

Telephone:_____

Facsimile:_____

Date: _____

**Exhibit B.2**

**Equity Acquisition Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                        :
In re                                   :          Chapter 11 Case No.
                                        :
BEARINGPOINT, INC., et al.,             :          09-_____ (____)
                                        :
              Debtors.                  :          (Joint Administration Requested)
                                        :
------------------------------------------------------------x
```

## NOTICE OF INTENT TO PURCHASE, ACQUIRE
## OR OTHERWISE ACCUMULATE BE STOCK

        PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides
notice (the "Notice") of (i) its intention to purchase, acquire or otherwise accumulate directly one
or more shares of common stock of BearingPoint, Inc. ("BE Stock") and/or Options (as defined
below) to acquire shares of BE Stock and/or (ii) a proposed purchase or acquisition of shares of
BE Stock and/or Options to acquire BE Stock that would result in an increase in the number of
shares of BE Stock or Options to acquire BE Stock that are Beneficially Owned (as defined
below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").
For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes,
the Series C Notes or the FFL Notes (each as defined in the Plan[8]).

        PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the
following information:

        1.      If the Proposed Transfer involves the purchase or acquisition directly by the
Filer of shares of BE Stock and/or Options to acquire BE Stock, the table sets forth (i) the
number of shares of BE Stock and/or Options to acquire BE Stock proposed to be purchased or
acquired; and (ii) the date(s) of such Proposed Transfer.

        2.      If the Proposed Transfer involves the purchase or acquisition of shares of BE
Stock and/or Options to acquire BE Stock by a person or Entity other than the Filer, but the
Proposed Transfer nonetheless would increase the number of shares of BE Stock and/or Options
to acquire BE Stock that are Beneficially Owned by the Filer, the table sets forth (i) the name(s)
of each such person or Entity that proposes to purchase or acquire such shares and/or Options;
(ii) the number of shares and/or Options to be so purchased or acquired; and (iii) the date(s) of
such Proposed Transfer.

---

[8] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in
the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification
procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii)
scheduling a final hearing] [Note to BFR draft:   I'm not sure how this ultimate x-ref source should be cited.].

| Name of Purchaser or Acquirer | Number of Shares of BE Stock to be Purchased or Acquired | Number of Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's Beneficial Ownership of BE Stock and/or Options to acquire BE Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of BE Stock (or Options to acquire BE Stock) that would be owned <u>directly</u> by the Filer and (ii) in the case of any Beneficial Ownership by the Filer of shares and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of BE Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a purchase or acquisition of shares of BE Stock and/or Options to acquire BE Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of BE Stock and/or Options to acquire BE Stock that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) business days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof) of BE Stock and/or Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock;

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it

is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes;

(iii) "Substantial Equityholder" means is any person or Entity that Beneficially Owns a number of shares of BE Stock representing 4.75% or more of all issued and outstanding shares BE Stock; and

(iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
    _____
    _____
Telephone:_____
Facsimile:_____

Date: _____

**Exhibit B.3**

**Equity Disposition Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :        **Chapter 11 Case No.**
                                                            :
**BEARINGPOINT, INC., et al.,**                             :        **09-_____ (____)**
                                                            :
              **Debtors.**                                  :        **(Joint Administration Requested)**
                                                            :
------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE
## OR OTHERWISE TRANSFER BE STOCK

PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice") of (i) its intention to sell, trade or otherwise transfer one or more shares of common stock of BearingPoint, Inc. ("BE Stock") or Options (as defined below) to acquire shares of BE Stock and/or (ii) a proposed sale or transfer of shares of BE Stock or Options to acquire BE Stock that would result in a reduction in the number of shares of BE Stock or Options to acquire BE Stock that are Beneficially Owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer"). For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan[1]).

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. If the Proposed Transfer involves the sale or transfer of shares of BE Stock and/or Options to acquire BE Stock that are owned directly by the Filer, the table sets forth (i) the number of shares of BE Stock and/or Options to acquire BE Stock proposed to be sold or transferred; and (ii) the date(s) of the Proposed Transfer.

2. If the Proposed Transfer involves the sale or transfer of shares of BE Stock and/or Options to acquire BE Stock that are not directly owned by the Filer, but the Proposed Transfer nonetheless would reduce the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each person or Entity that proposes to sell or transfer such shares and/or Options; (ii) the number of shares and/or Options to be so sold or transferred; and (iii) the date(s) of such Proposed Transfer.

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft: I'm not sure how this ultimate x-ref source should be cited.].

| Name or Seller or Transferor | Number of Shares of BE Stock to be Sold or Transferred | Number of Shares Subject to Options to be Sold or Transferred | Date(s) of Proposed Transfer |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's Beneficial Ownership of BE Stock and/or Options to acquire BE Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of BE Stock and/or Options to acquire BE Stock that would be owned directly by the Filer; and (ii) in the case of any Beneficial Ownership by the Filer of shares and/or Options owned by another person or Entity as record/legal owner, the name(s) of each record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of BE Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a sale or transfer of shares of BE Stock and/or Options to acquire BE Stock owned directly by the Filer and such Proposed Transfer would result in a decrease in the Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of BE Stock and/or Options to acquire BE Stock that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) business days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in a decrease in the number of shares of BE Stock or Options to acquire BE Stock Beneficially Owned by the Filer will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock;

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it

is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes;

(iii) "Substantial Equityholder" means is any person or Entity that Beneficially Owns a number of shares of BE Stock representing 4.75% or more of all issued and outstanding shares BE Stock; and

(iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
              _____
              _____
Telephone:_____
Facsimile:_____

Date: _____

# Exhibit B.4

## Notice of Substantial Claimholder Status

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                 :

In re                            :           **Chapter 11 Case No.**
                                 :

**BEARINGPOINT, INC., et al.,**     :          **09-_____ (____)**
                                 :

              **Debtors.**         :          **(Joint Administration Requested)**
                                 :

-------------------------------------------------------------x

## NOTICE OF SUBSTANTIAL CLAIMHOLDER STATUS

        PLEASE TAKE NOTICE [Name of Filer] (the "Filer") hereby provides notice (the "Notice") that the Filer is a Substantial Claimholder of Claims against BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in Case No. [    ]-[         ], pending in the United States Bankruptcy Court for the Southern District of New York.

        PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

        1.    In the case of Claims that are owned directly by the Filer, the table sets forth (i) the dollar amount of such Claims (by Class); and (ii) the date(s) on which such Claims were acquired.

        2.    In the case of Claims that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims that are Beneficially Owned (as defined below) by the Filer; (ii) the dollar amount of such Claims (by Class); and (iii) the date(s) on which such Claims were acquired.

| Class | Name of Owner | Dollar Amount Owned | Date(s) Acquired |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Noteholder Claims* | | | |
| *Junior Noteholder Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders,[1] this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

For purposes of this Notice:

(i)     "Beneficial Ownership" shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft: I'm not sure how this ultimate x-ref source should be cited.].

understanding to make a coordinated acquisition of stock; and (C) in certain cases, the ownership of an Option to acquire Claims;

(ii)  "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

(iii)  "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

(iv)  "Class" means any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan);

(iv)  "Claim" means any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan;

(v)  "Senior Credit Facility Term Loan Claims" means any Claim arising under the Secured Credit Facility Term Loan.

(vi)  "Senior Noteholder Claims" means FFL Noteholder Claims and Series C Noteholder Claims.

(vii)  "Junior Noteholder Claims" means Series A Noteholder Claims and Series B Noteholder Claims.

(viii)  "Substantial Claimholder" means any person or Entity that Beneficially Owns, or any Entity controlled by such person or Entity through which such person or Entity Beneficially Owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims; and

(ix)  "Threshold Amount" means, for each class of Claims, the amount of Claims set forth in the following table:

| Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
|---|---|
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
        _____
        _____
Telephone:_____
Facsimile:_____

Date: _____

## Exhibit B.5

## Claims Acquisition Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **BEARINGPOINT, INC., et al.,** | : | 09-_____ (____) |
|  | : |  |
| **Debtors.** | : | **(Joint Administration Requested)** |
|  | : |  |

-------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE OR OTHERWISE ACCUMULATE A CLAIM

PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice") of (i) its intent to purchase, acquire or otherwise accumulate directly a Claim or Claims against BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be Beneficially Owned by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Claimholder Status with the Court and served copies thereof on the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT the Filer is filing this notice as (check one):

| | |
|---|---|
| *A Substantial Claimholder* | |
| *A person or Entity that would, upon consummation of the Proposed Transfer, become a Substantial Claimholder* | |
| *A Multi-Class Claimholder* | |
| *A person or Entity that would, upon consummation of the Proposed Transfer, become a Multi-Class Claimholder* | |

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. In the case of Claims that are owned directly by the Filer, the table sets forth (i) the dollar amount of such Claims (by Class); and (ii) the date(s) on which such Claims were acquired.

2. In the case of Claims that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims that are Beneficially Owned (as defined below) by the Filer; (ii) the dollar amount of such Claims (by Class); and (iii) the date(s) on which such Claims were acquired.

| Class | Name of Owner | Dollar Amount Owned | Date(s) Acquired |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Note Claims* | | | |
| *Junior Note Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the following table sets forth (i) the dollar amount of Claims (by Class) proposed to be purchased or acquired; and (ii) the date(s) of such Proposed Transfer.

2. If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are Beneficially Owned by the Filer, the following table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims; (ii) the dollar amount of Claims (by Class) to be so purchased or acquired; and (iii) the date(s) of such Proposed Transfer.

| Class | Record/Legal Owner | Dollar Amount to be Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Note Claims* | | | |
| *Junior Note Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (i) an increase in the Beneficial Ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or Multi-Class Claimholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Claimholder or Multi-Class Claimholder, the following table sets forth (w) the name of each such person or Entity; (x) the dollar amount of Claims (by Class) that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; (y) the dollar amount of Claims (by Class) that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer; and (z) the date(s) of the Proposed Transfer:

| Class | Name of Owner | Dollar Amount Currently Owned | Dollar Amount to be Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | | |
| *Senior Note Claims* | | | | |
| *Junior Note Claims* | | | | |
| *General Unsecured Claims* | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders,[11] this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that if the Proposed Transfer is not approved in writing by the Debtors within fifteen (15) business days after the filing of this Notice, such Proposed Transfer shall be deemed rejected and will not be

---

[11] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft:   I'm not sure how this ultimate x-ref source should be cited.].

effective *ab initio*.  If the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its Beneficial Ownership of Claims will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

(i) "Beneficial Ownership" shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock; and (C) in certain cases, the ownership of an Option to acquire Claims;

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

(iii) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

(iv) "Class" means any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan);

(iv) "Claim" means any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan;

(v) "Senior Credit Facility Term Loan Claims" means any Claim arising under the Secured Credit Facility Term Loan.

(vi) "Senior Noteholder Claims" means FFL Noteholder Claims and Series C Noteholder Claims.

(vii) "Junior Noteholder Claims" means Series A Noteholder Claims and Series B Noteholder Claims.

(viii) "Substantial Claimholder" means any person or Entity that Beneficially Owns, or any Entity controlled by such person or Entity through which such person or Entity

Beneficially Owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims; and

(ix) "Threshold Amount" means, for each class of Claims, the amount of Claims set forth in the following table:

| | |
|---|---|
| *Senior Credit Facility Term Loan Claims* | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
| *Senior Noteholder Claims* | $21,100,000.00 |
| *Junior Noteholder Claims* | $37,000,000.00 |
| *General Unsecured Claims* | $60,000,000.00 |

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____

[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
        _____
        _____
Telephone:_____
Facsimile:_____

Date: _____

**<u>Annex A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                        :

**In re**                       :          **Chapter 11 Case No.**

**BEARINGPOINT, INC., et al.,**   :          **09-_____ (____)**

         **Debtors.**        :          **(Joint Administration Requested)**
                       :
-------------------------------------------------------------x

### INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE (i) ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES, AND (ii) SCHEDULING A FINAL HEARING

Upon the motion dated February 17, 2009 (the "Motion")[1] of BearingPoint, Inc.

and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "Debtors"), pursuant to sections 362 and 105(a) of title 11 of the

United States Code (the "Bankruptcy Code"), seeking entry of an interim order (the "Interim

Order") to establish notification procedures and approve restrictions on certain transfers of

interests in the Debtors' estates, all as more fully described in the Motion, and the Court having

held a hearing to consider the relief requested herein (the "Interim Hearing") with the

appearances of all interested parties noted in the record of the Interim Hearing; and upon the

Declaration of John DeGroote Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the

Southern District of New York in Support of First-Day Motions and Applications and the

Declaration of Howard J. Tucker, Tax Advisor, in Support of a Final Order Establishing

Notification Procedures Regarding Restrictions on Certain Transfers of Claims Against and

Equity Interests in the Debtors, each filed contemporaneously with the Motion, the record of the

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

Interim Hearing, and all of the proceedings before the Court, the Court finds and determines the following:

(a)     Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b)     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(c)     The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

(d)     The Debtors have provided due and proper notice of the Motion and Hearing to (i) the Office of the United States Trustee for the Southern District of New York (Attn:  Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn:  Luc Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the administrative agent for the Debtors' prepetition secured lenders, (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn:  Mark R. Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures Due December 15, 2024 (the "Series A Debentures") and the BearingPoint, Inc. 2.75% Series B Convertible Subordinated Debentures Due December 15, 2024 (the "Series B Debentures"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor, New York, New York, 10036-2714 (Attn:  Mark B. Joachim, Esq. and Robert T. Carey, Esq.), as counsel for the informal committee of holders of the BearingPoint, Inc. 5.00% Convertible Senior Subordinated Debentures Due 2025 (the "Series C Debentures"), (v) The Bank of New York, 101 Barclay Street, 8W, New York, New York 10286 (Attn:

Corporate Trust Division – Corporate Finance Unit), as trustee under the indentures governing the Series A Debentures, the Series B Debentures, and the Series C Debentures, (vi) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San Francisco, California 94111 (Attn: Spencer C. Fleischer), as representative of the purchasers (the "Purchasers") under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures Due July 2010, (vii) Bingham McCutchen LLP, 299 Park Avenue, New York, New York 10022 (Attn: Neil W. Townsend, Esq.), as counsel for the Purchasers, and (viii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis) (collectively, the "Notice Parties") and no further notice is necessary.

(e)  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

(f)  That the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes, including their net unrealized built-in losses (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

(g)  Unrestricted trading in BE Stock (defined below) and Claims (defined below) prior to the Debtors' emergence from chapter 11 could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), both during the pendency of the bankruptcy case and following the effective date of the Plan, as set forth in the Motion.

(h)  The notification procedures and restrictions on certain transfers of BE Stock and Claims are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estate, and their creditors.

(i)     The relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

(j)     Nothing herein shall preclude any person or Entity (as defined below) desirous of purchasing or transferring any interest from requesting relief from this Interim Order in this Court, subject to the Debtors' rights to oppose such relief.

(k)     The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve and maximize the value of its Tax Attributes.

(l)     Except to the extent the Interim Order expressly conditions or restricts trading in interests in the Debtors, nothing in this Interim Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any plan of reorganization.

(m)     Notice as provided, including is sufficient notice and no further notice is required. Therefore, it is hereby ORDERED that:

1.     The Motion is granted as setforth below:

2.     Until further order of this Court to the contrary, any acquisitions, dispositions, or trading in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

3.     The following procedures and restrictions to holding and trading in BE Stock and Claims are approved on an interim basis:

*BE Stock Ownership, Acquisition, and Disposition*

(1)   Notice of Substantial BE Stock Ownership.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, BE Stock (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Substantial Stock Ownership in the form annexed hereto as Exhibit 2.A, which describes specifically and in detail the beneficial ownership of BE Stock of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Equityholder.  At the holder's election, the Notice of Substantial Stock Ownership to be filed with the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns.

(2)   Acquisition of BE Stock or Options.  At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, Entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate BE Stock (an "Equity Acquisition Notice"), in the form annexed hereto as Exhibit 2.B, which describes specifically and in detail the proposed transaction in which BE Stock is to be acquired or beneficial ownership of BE Stock is to be increased.  At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3)   Disposition of BE Stock or Options.  At least twenty (20) business days prior to the proposed date of any sale, disposition or other transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction," and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of

Intent to Sell, Trade, or Otherwise Transfer BE Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), in the form annexed hereto as Exhibit 2.3, which describes specifically and in detail the proposed transaction in which BE Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)     Objection Procedures. The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(A)     If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(B)     If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

(C)     Any further Proposed Equity Transaction must be the subject of additional notices as set forth above within the prescribed waiting period.

(5)     Additional Acquisitions. Any additional transaction within the scope of paragraphs (a)(2) or (a)(3) above must be the subject of an additional notice as set forth herein with the applicable waiting period.

(6)     Definitions. For purposes of this Motion and the Orders, the following terms have the following meanings:

(A)     Substantial Equityholder. A "Substantial Equityholder" is any person or Entity that beneficially owns a number of shares of BE's common stock ("BE Stock") representing 4.75% or more of all issued and outstanding shares BE Stock, which as of December 31, 2008 would

include any person or Entity that beneficially owns 209,833 or more shares of BE Stock.

(B)    Beneficial Ownership. "Beneficial ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) in certain cases, the ownership of an Option to acquire BE Stock.

(C)    Option. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable, provided, that the term "Option" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan).

(D)    Entity. "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

### Trading in Claims

(1)    Notice of Substantial Claimholder Status. Any person or Entity that beneficially owns, at any time on or after the Commencement Date, Claims (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as defined in paragraph (b)(6)(A)) shall file with the Court and serve upon the Debtors and Debtors' counsel a Notice of Substantial Claimholder Status in the form annexed hereto as Exhibit 2.D, which describes specifically and in detail the beneficial ownership of Claims (broken down by Class, as applicable) of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Claimholder. At the holder's election, the Notice of Substantial Claimholder Status that is filed to the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns.

(2)    Acquisition of Claims. At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of Claims that would result in (A) an increase in the dollar amount of Claims beneficially owned by a Substantial Claimholder; (B) a person or Entity becoming a Substantial Claimholder; (C) an increase in the dollar amount of Claims beneficially owned by a Multi-Class Claimholder (as defined in paragraph (b)(6)(B)); or (D) a person or Entity becoming a Multi-Class Claimholder (a "Proposed Claims Acquisition Transaction"), such person, Entity, Substantial Claimholder, or Multi-Class Claimholder (a "Proposed Claims Transferee") shall file with the Court and, serve upon the Debtors and the Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "Claims Acquisition Notice"), in the form annexed hereto as Exhibit 2.5, which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001. At the holder's election, the Claims Acquisition Notice to be filed (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns and proposes to purchase or otherwise acquire

(3)    Approval Procedures. The Debtors may in their discretion determine whether or not to approve a Claims Acquisition Notice received pursuant to paragraph (b)(2) above. A Claims Acquisition Notice that is not approved in writing by the Debtors within fifteen (15) business days after the filing of a Claims Acquisition Notice shall be deemed rejected. In the case of any Claims Acquisition Notice submitted pursuant to clauses (C) or (D) of paragraph (b)(2), the Debtors will determine whether the Claims proposed to be acquired pursuant such Claims Acquisition Notice, together with the Claims already beneficially owned by the Proposed Claims Transferee, would represent 4.75% or more of the value or voting power of the stock of Reorganized BE immediately following the effectiveness of the Plan. The Debtors shall make this determination in their reasonable judgment and may take into account all relevant factors, including alternative valuations reflected in the valuation analysis set forth in the Plan and Disclosure Statement.

(4)    Additional Acquisitions. Any additional transaction within the scope of paragraph (b)(2) above must be the subject of an additional notice as set forth above within the prescribed waiting period.

(5)    Exception for Certain Claimholders. No person or Entity shall be subject to the notification requirements of clause (A) or (B) of paragraph (b)(2) above in the case of any transfer described in Treasury Regulation section 1.382-9(d)(5)(ii), provided that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or

permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); <u>provided, further,</u> that any such transferee who becomes a Substantial Claimholder shall file with the Court, and serve upon the Debtors and the Debtors' counsel, a notice of such status, in the form annexed hereto as <u>Exhibit 2.D</u>, within five (5) business days of the later of (i) the day of the entry of the Interim Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Claimholder. For the avoidance of doubt, the exception described in this paragraph (b)(5) shall not apply to a person or Entity that is or would become a Multi-Class Claimholder by reason of a transfer.

(6)    <u>Definitions</u>. For purposes of this Motion the following terms have the following meanings:

(A)    <u>Substantial Claimholder</u>. A "<u>Substantial Claimholder</u>" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status or Multi-Class Claimholder status, treating Claims as if they were stock.

(B)    <u>Multi-Class Claimholder</u>. A "<u>Multi-Class Claimholder</u>" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims, any amount of Claims in two or more Classes of Claims, without regard to whether such person or Entity may also a Substantial Claimholder.

(C)    <u>Class</u>. "<u>Class</u>" shall mean any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan).

(D)    <u>Claim</u>. A "<u>Claim</u>" shall be any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan.

(E)    <u>Threshold Amount</u>. "<u>Threshold Amount</u>" means, for each class of Claims, the amount of Claims set forth below:

| Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
| --- | --- |
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

### *Unauthorized Transactions in BE Stock or Options or Claims*

Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of equity interests in or Claims against the Debtors (including Options to acquire any of the foregoing, as provided above) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

### *Noncompliance with the Trading Procedures*

Any purchase, sale, or other transfer of Claims against, or equity securities in, the Debtors in violation of the procedures set forth herein shall be null and void and shall confer no rights on the transferee.

### *Debtors' Right to Waive*

The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Order.

4. Any person or Entity acquiring and/or disposing BE Stock and/or Claims in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Stock Ownership," "Notice of Intent to Purchase, Acquire or Otherwise Accumulate BE Stock," "Notice of Intent to Sell, Trade or Otherwise Transfer BE Stock," "Notice of Substantial Claimholder Status" or "Notice of Intent to Purchase, Acquire or Otherwise Accumulate Claims" requirements, as may be the case, shall be subject to such sanctions as the

Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

5.      The interim procedures notice (the "Interim Procedures Notice") substantially in the form attached hereto as Exhibit 1 is hereby APPROVED.

6.      The notices substantially in the form annexed hereto as Exhibits 2.A, 2.B, 2.C, 2.D, and 2.E are hereby APPROVED.

7.      The following notice procedures are APPROVED:

A.      The Debtors shall within three business days after entry of this Order, serve Interim Notice Procedures all creditors and equity interest holders

B.      The Debtors shall within five business days after entry of this Order, publish the Interim Procedures Notice on the Bloomberg newswire service and in national editions of The Wall Street Journal and The Washington Post, and post such Interim Procedures Notice on the website of the Debtors' claims agent, Garden City Group, Inc., at http://www.bearingpointinfo.com.

C.      A hearing to consider the relief requested herein on a final basis shall be held on ___, 2009 at __:__ __.m. (Eastern Time).

D.      The Objection Deadline to file an objection or response to granting the relief requested herein shall be 4:00 p.m. (Eastern Time) on ___, 2009 __:__ __.m. (Eastern Time).

E.      All objections and responses must served upon the Debtors and the Notice Parties so as to be received by the Objection Deadline.

F.      All objections and responses, if any, must (i) be in writing, (ii) conform to the Bankruptcy Rules and Local Rules, and (iii) set forth the name of the objecting or responding party, the basis of the response or object, and the specific ground therefore.

G.      Registered users of the Bankruptcy Court's case filing system shall electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive (preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format) and deliver a hard copy directly to the chambers of Judge Robert E. Gerber.

H.     Notwithstanding anything to the contrary herein, the Debtors may seek entry of the Final Order without a hearing as provided by the case management order governing these chapter 11 cases.

8.     The Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the implementation of this Interim Order.

Dated: New York, New York
        _____, 2009

                                                      _____
                                                      UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
BEARINGPOINT, INC., et al.,             :        09-_____ (____)
                                        :
                Debtors.                :        (Joint Administration Requested)
                                        :
-----------------------------------------------------------x
```

## NOTICE OF INTERIM ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS: [1]

PLEASE TAKE NOTICE that on February 18, 2009 (the "Commencement Date"), BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on [_____], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over this chapter 11 case, upon motion of the Debtors (the "Motion"), entered an interim order (i) finding that the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes, including their "net unrealized built-in losses" (determined for U.S. federal income tax purposes) (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in BE common stock (the "BE Stock") and/or claims against the Debtors could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code") both during the pendency of the bankruptcy case and following the effective date of the Plan, and (iii) approving the procedures as set forth herein to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective as of the date of the filing of the Motion* (the "Interim Order"). **ANY ACQUISITION IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE**

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

**AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in BE Stock:

(7)     Notice of Substantial BE Stock Ownership.  Any person or Entity that beneficially owns, at any time on or after the Motion Date, BE Stock (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Substantial Stock Ownership, which describes specifically and in detail the beneficial ownership of BE Stock of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Equityholder.  At the holder's election, the Notice of Substantial Stock Ownership to be filed with the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns.

(8)     Acquisition of BE Stock or Options.  At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "**Proposed Equity Acquisition Transaction**"), such person, Entity or Substantial Equityholder (a "**Proposed Equity Transferee**") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate BE Stock (an "**Equity Acquisition Notice**"), which describes specifically and in detail the proposed transaction in which BE Stock is to be acquired or beneficial ownership of BE Stock is to be increased.  At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(9)     Disposition of BE Stock or Options.  At least twenty (20) business days prior to the proposed date of any sale, disposition or other transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "**Proposed Equity Disposition**

**Transaction**," and together with a Proposed Equity Acquisition Transaction, a "**Proposed Equity Transaction**"), such person, Entity, or Substantial Equityholder (a "**Proposed Equity Transferor**") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Sell, Trade, or Otherwise Transfer BE Stock (an "**Equity Disposition Notice**," and together with an Equity Acquisition Notice, an "**Equity Trading Notice**"), which describes specifically and in detail the proposed transaction in which BE Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(10)   Objection Procedures.  The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "**Equity Objection Deadline**") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "**Equity Objection**") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(A)   If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(B)   If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

(C)   Any further Proposed Equity Transaction must be the subject of additional notices as set forth above within the prescribed waiting period.

(11)   Additional Acquisitions.  Any additional transaction within the scope of paragraphs (a)(2) or (a)(3) above must be the subject of an additional notice as set forth herein with the applicable waiting period.

(12)   Definitions.  For purposes of this Motion and the Orders, the following terms have the following meanings:

(A)   Substantial Equityholder.  A "**Substantial Equityholder**" is any person or Entity that beneficially owns a number of shares of BE's

common stock ("**BE Stock**") representing 4.75% or more of all issued and outstanding shares BE Stock, which as of December 31, 2008 would include any person or Entity that beneficially owns 209,833 or more shares of BE Stock.

(B)     Beneficial Ownership.  "Beneficial ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("**Treasury Regulations**") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) in certain cases, the ownership of an Option to acquire BE Stock.

(C)     Option.  An "**Option**" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable, provided, that the term "Option" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan).

(D)     Entity.  "**Entity**" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.


PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in claims against the Debtors:

(1)     Notice of Substantial Claimholder Status.  Any person or Entity that beneficially owns, at any time on or after the Motion Date, Claims (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as defined in paragraph (b)(6)(A)) shall file with the Court and serve upon the Debtors and Debtors' counsel a Notice of Substantial Claimholder Status, which describes specifically and in detail the beneficial ownership of Claims (broken down by Class, as applicable) of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Claimholder.  At the holder's election, the Notice of Substantial

Claimholder Status that is filed to the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns.

(2)  **Acquisition of Claims.** At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of Claims that would result in (A) an increase in the dollar amount of Claims beneficially owned by a Substantial Claimholder; (B) a person or Entity becoming a Substantial Claimholder; (C) an increase in the dollar amount of Claims beneficially owned by a Multi-Class Claimholder (as defined in paragraph (b)(6)(B)); or (D) a person or Entity becoming a Multi-Class Claimholder (a "**Proposed Claims Acquisition Transaction**"), such person, Entity, Substantial Claimholder, or Multi-Class Claimholder (a "**Proposed Claims Transferee**") shall file with the Court and, serve upon the Debtors and the Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "**Claims Acquisition Notice**"), which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001. At the holder's election, the Claims Acquisition Notice to be filed (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns and proposes to purchase or otherwise acquire

(3)  **Approval Procedures.** The Debtors may in their discretion determine whether or not to approve a Claims Acquisition Notice received pursuant to paragraph (b)(2) above. A Claims Acquisition Notice that is not approved in writing by the Debtors within fifteen (15) business days after the filing of a Claims Acquisition Notice shall be deemed rejected. In the case of any Claims Acquisition Notice submitted pursuant to clauses (C) or (D) of paragraph (b)(2), the Debtors will determine whether the Claims proposed to be acquired pursuant such Claims Acquisition Notice, together with the Claims already beneficially owned by the Proposed Claims Transferee, would represent 4.75% or more of the value or voting power of the stock of Reorganized BE immediately following the effectiveness of the Plan. The Debtors shall make this determination in their reasonable judgment and may take into account all relevant factors, including alternative valuations reflected in the valuation analysis set forth in the Plan and Disclosure Statement.

(4)  **Additional Acquisitions.** Any additional transaction within the scope of paragraph (b)(2) above must be the subject of an additional notice as set forth above within the prescribed waiting period.

(5)     Exception for Certain Claimholders.  No person or Entity shall be subject to the notification requirements of clause (A) or (B) of paragraph (b)(2) above in the case of any transfer described in Treasury Regulation section 1.382-9(d)(5)(ii), provided that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); provided, further, that any such transferee who becomes a Substantial Claimholder shall file with the Court, and serve upon the Debtors and the Debtors' counsel, a notice of such status within five (5) business days of the later of (i) the day of the entry of the Interim Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Claimholder.  For the avoidance of doubt, the exception described in this paragraph (b)(5) shall not apply to a person or Entity that is or would become a Multi-Class Claimholder by reason of a transfer.

(6)     Definitions.  For purposes of this Motion the following terms have the following meanings:

        (A)     Substantial Claimholder.  A "**Substantial Claimholder**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims.

        For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status or Multi-Class Claimholder status, treating Claims as if they were stock.

        (B)     Multi-Class Claimholder.  A "**Multi-Class Claimholder**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims, any amount of Claims in two or more Classes of Claims, without regard to whether such person or Entity may also a Substantial Claimholder.

        (C)     Class.  "**Class**" shall mean any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan).

(D)     Claim. A "**Claim**" shall be any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan.

| (E)     Threshold Amount. "**Threshold Amount**" means, for each class of Claims, the amount of Claims set forth below:<br><br>Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
|---|---|
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION OR OTHER TRANSFER OF BE STOCK OR CLAIMS AGAINST THE DEBTORS IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE INTERIM ORDER.**

PLEASE TAKE NOTICE THAT a form (a) Notice of Substantial Stock Ownership, (b) Equity Acquisition Notice, (c) Equity Trading Notice, (d) Notice of Substantial Claimholder Status, and (e) Claims Acquisition Notice may be obtained at http://www.bearingpointinfo.com

PLEASE TAKE FURTHER NOTICE that any person or entity desirous of acquiring an interest restricted by the Interim Order may request relief for cause at any time and the Debtors may oppose such relief.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: _____, 2009
      New York, New York

                                           BY ORDER OF THE COURT

**Exhibit 2.A**

**<u>Notice of Substantial Stock Ownership</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
<u>In re</u>                                                :        **Chapter 11 Case No.**
                                                           :
**BEARINGPOINT, INC., <u>et al.</u>,**                      :        **09-_____ (____)**
                                                           :
                       **Debtors.**                         :        **(Joint Administration Requested)**
                                                           :
-----------------------------------------------------------x

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

   PLEASE TAKE NOTICE THAT [Name of Filer] (the "<u>Filer</u>") hereby provides notice (the "<u>Notice</u>"), that, as of the date hereof, the Filer Beneficially Owns (as defined below) _____ shares of common stock of BearingPoint, Inc. ("<u>BE Stock</u>") and/or Options (as defined below) to acquire _____ shares of BE Stock, which represent ____% of the total amount of the BE Stock currently issued and outstanding. For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan[3]).

   PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

   PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

   1. In the case of shares of BE Stock and/or Options to acquire BE Stock that are owned directly by the Filer, the table sets forth (i) the number of such shares and/or Options; and (ii) the date(s) on which such shares and/or Options were acquired.

   2. In the case of shares of BE Stock and/or Options to acquire BE Stock that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares and/or Options Beneficially Owned by the Filer, (ii) the number of such shares and/or Options; and (iii) the date(s) on which such shares and/or Options were acquired.

---

[3] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft:  I'm not sure how this ultimate x-ref source should be cited.].

| Name of Owner | Number of Shares of BE Stock Owned | Number of Shares subject to Options Owned | Date(s) Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof of BE Stock and Options to acquire BE Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock; and

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____

[Name of Filer]

By:_____

    Name:_____

    Title:_____

Address:_____

           _____

           _____

Telephone:_____

Facsimile:_____

Date: _____

# Exhibit 2.B

# Equity Acquisition Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**BEARINGPOINT, INC., et al.,**                     :        **09-_____ (____)**
                                                    :
                    **Debtors.**                    :        **(Joint Administration Requested)**
                                                    :
-------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE, ACQUIRE
## OR OTHERWISE ACCUMULATE BE STOCK

PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides
notice (the "Notice") of (i) its intention to purchase, acquire or otherwise accumulate directly one
or more shares of common stock of BearingPoint, Inc. ("BE Stock") and/or Options (as defined
below) to acquire shares of BE Stock and/or (ii) a proposed purchase or acquisition of shares of
BE Stock and/or Options to acquire BE Stock that would result in an increase in the number of
shares of BE Stock or Options to acquire BE Stock that are Beneficially Owned (as defined
below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").  For
purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the
Series C Notes or the FFL Notes (each as defined in the Plan[4]).

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the
following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the
Filer of shares of BE Stock and/or Options to acquire BE Stock, the table sets forth (i) the
number of shares of BE Stock and/or Options to acquire BE Stock proposed to be purchased or
acquired; and (ii) the date(s) of such Proposed Transfer.

2. If the Proposed Transfer involves the purchase or acquisition of shares of BE
Stock and/or Options to acquire BE Stock by a person or Entity other than the Filer, but the
Proposed Transfer nonetheless would increase the number of shares of BE Stock and/or Options
to acquire BE Stock that are Beneficially Owned by the Filer, the table sets forth (i) the name(s)
of each such person or Entity that proposes to purchase or acquire such shares and/or Options;

---

[4] All terms not expressly defined in this Notice shall be construed to have the same meaning as
such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy
Code (i) establishing notification procedures regarding restrictions on certain transfers of claims
against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR
draft:  I'm not sure how this ultimate x-ref source should be cited.].

(ii) the number of shares and/or Options to be so purchased or acquired; and (iii) the date(s) of such Proposed Transfer.

| Name of Purchaser or Acquirer | Number of Shares of BE Stock to be Purchased or Acquired | Number of Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

      PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's Beneficial Ownership of BE Stock and/or Options to acquire BE Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of BE Stock (or Options to acquire BE Stock) that would be owned <u>directly</u> by the Filer and (ii) in the case of any Beneficial Ownership by the Filer of shares and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of BE Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

      PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a purchase or acquisition of shares of BE Stock and/or Options to acquire BE Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of BE Stock and/or Options to acquire BE Stock that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) business days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof) of BE Stock and/or Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock;

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes;

(iii) "Substantial Equityholder" means is any person or Entity that Beneficially Owns a number of shares of BE Stock representing 4.75% or more of all issued and outstanding shares BE Stock; and

(iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
         _____
         _____
Telephone:_____
Facsimile:_____

Date: _____

**Exhibit 2.C**

**Equity Disposition Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                           :

In re                            :           **Chapter 11 Case No.**
                           :

**BEARINGPOINT, INC., et al.,**    :           **09-_____ (____)**
                           :

         **Debtors.**         :           **(Joint Administration Requested)**
                           :

------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE
## OR OTHERWISE TRANSFER BE STOCK

        PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice") of (i) its intention to sell, trade or otherwise transfer one or more shares of common stock of BearingPoint, Inc. ("BE Stock") or Options (as defined below) to acquire shares of BE Stock and/or (ii) a proposed sale or transfer of shares of BE Stock or Options to acquire BE Stock that would result in a reduction in the number of shares of BE Stock or Options to acquire BE Stock that are Beneficially Owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer"). For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan[1]).

        PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

        1. If the Proposed Transfer involves the sale or transfer of shares of BE Stock and/or Options to acquire BE Stock that are owned directly by the Filer, the table sets forth (i) the number of shares of BE Stock and/or Options to acquire BE Stock proposed to be sold or transferred; and (ii) the date(s) of the Proposed Transfer.

        2. If the Proposed Transfer involves the sale or transfer of shares of BE Stock and/or Options to acquire BE Stock that are not directly owned by the Filer, but the Proposed Transfer nonetheless would reduce the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each person or Entity that proposes to sell or transfer such shares and/or Options; (ii) the number of shares and/or Options to be so sold or transferred; and (iii) the date(s) of such Proposed Transfer.

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft: I'm not sure how this ultimate x-ref source should be cited.].

| Name or Seller or Transferor | Number of Shares of BE Stock to be Sold or Transferred | Number of Shares Subject to Options to be Sold or Transferred | Date(s) of Proposed Transfer |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's Beneficial Ownership of BE Stock and/or Options to acquire BE Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of BE Stock and/or Options to acquire BE Stock that would be owned directly by the Filer; and (ii) in the case of any Beneficial Ownership by the Filer of shares and/or Options owned by another person or Entity as record/legal owner, the name(s) of each record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of BE Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a sale or transfer of shares of BE Stock and/or Options to acquire BE Stock owned directly by the Filer and such Proposed Transfer would result in a decrease in the Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of BE Stock and/or Options to acquire BE Stock that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) business days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in a decrease in the number of shares of BE Stock or Options to acquire BE Stock Beneficially Owned by the Filer will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock;

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it

is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes;

(iii) "Substantial Equityholder" means is any person or Entity that Beneficially Owns a number of shares of BE Stock representing 4.75% or more of all issued and outstanding shares BE Stock; and

(iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
        _____
        _____
Telephone:_____
Facsimile:_____

Date: _____

**Exhibit 2.D**

**Notice of Substantial Claimholder Status**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                  :

In re                                 :         **Chapter 11 Case No.**
                                  :

**BEARINGPOINT, INC., et al.,**      :        **09-_____ (_____)**
                                  :

            **Debtors.**         :        **(Joint Administration Requested)**
                                  :

----------------------------------------------------------x

## NOTICE OF SUBSTANTIAL CLAIMHOLDER STATUS

        PLEASE TAKE NOTICE [Name of Filer] (the "Filer") hereby provides notice (the "Notice") that the Filer is a Substantial Claimholder of Claims against BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in Case No. [   ]-[        ], pending in the United States Bankruptcy Court for the Southern District of New York.

        PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

        1.  In the case of Claims that are owned directly by the Filer, the table sets forth (i) the dollar amount of such Claims (by Class); and (ii) the date(s) on which such Claims were acquired.

        2.  In the case of Claims that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims that are Beneficially Owned (as defined below) by the Filer; (ii) the dollar amount of such Claims (by Class); and (iii) the date(s) on which such Claims were acquired.

| Class | Name of Owner | Dollar Amount Owned | Date(s) Acquired |
|-------|---------------|---------------------|------------------|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Noteholder Claims* | | | |
| *Junior Noteholder Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders,[1] this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

For purposes of this Notice:

(i)     "Beneficial Ownership" shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); and (B) ownership by a

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft: I'm not sure how this ultimate x-ref source should be cited.].

holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock; and (C) in certain cases, the ownership of an Option to acquire Claims;

   (ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

   (iii) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

   (iv) "Class" means any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan);

   (iv) "Claim" means any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan;

   (v) "Senior Credit Facility Term Loan Claims" means any Claim arising under the Secured Credit Facility Term Loan.

   (vi) "Senior Noteholder Claims" means FFL Noteholder Claims and Series C Noteholder Claims.

   (vii) "Junior Noteholder Claims" means Series A Noteholder Claims and Series B Noteholder Claims.

   (viii) "Substantial Claimholder" means any person or Entity that Beneficially Owns, or any Entity controlled by such person or Entity through which such person or Entity Beneficially Owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims; and

   (ix) "Threshold Amount" means, for each class of Claims, the amount of Claims set forth in the following table:

| *Senior Credit Facility Term Loan Claims* | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
| --- | --- |
| *Senior Noteholder Claims* | $21,100,000.00 |
| *Junior Noteholder Claims* | $37,000,000.00 |
| *General Unsecured Claims* | $60,000,000.00 |

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____

[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
    _____
    _____
Telephone:_____
Facsimile:_____

Date: _____

## Exhibit 2.E

## Claims Acquisition Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                            :

**In re**                        :         **Chapter 11 Case No.**
                            :

**BEARINGPOINT, INC., et al.,**    :        09-_____ (____)
                            :

           **Debtors.**        :         **(Joint Administration Requested)**
                            :
------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE OR OTHERWISE ACCUMULATE A CLAIM

        PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice") of (i) its intent to purchase, acquire or otherwise accumulate directly a Claim or Claims against BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be Beneficially Owned by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

        PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Claimholder Status with the Court and served copies thereof on the Debtors and Debtors' counsel.

        PLEASE TAKE FURTHER NOTICE THAT the Filer is filing this notice as (check one):

| | |
|---|---|
| *A Substantial Claimholder* | |
| *A person or Entity that would, upon consummation of the Proposed Transfer, become a Substantial Claimholder* | |
| *A Multi-Class Claimholder* | |
| *A person or Entity that would, upon consummation of the Proposed Transfer, become a Multi-Class Claimholder* | |

        PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.  In the case of Claims that are owned directly by the Filer, the table sets forth (i) the dollar amount of such Claims (by Class); and (ii) the date(s) on which such Claims were acquired.

2.  In the case of Claims that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims that are Beneficially Owned (as defined below) by the Filer; (ii) the dollar amount of such Claims (by Class); and (iii) the date(s) on which such Claims were acquired.

| Class | Name of Owner | Dollar Amount Owned | Date(s) Acquired |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Note Claims* | | | |
| *Junior Note Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.  If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the following table sets forth (i) the dollar amount of Claims (by Class) proposed to be purchased or acquired; and (ii) the date(s) of such Proposed Transfer.

2.  If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are Beneficially Owned by the Filer, the following table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims; (ii) the dollar amount of Claims (by Class) to be so purchased or acquired; and (iii) the date(s) of such Proposed Transfer.

| Class | Record/Legal Owner | Dollar Amount to be Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Note Claims* | | | |
| *Junior Note Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (i) an increase in the Beneficial Ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or Multi-Class Claimholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Claimholder or Multi-Class Claimholder, the following table sets forth (w) the name of each such person or Entity; (x) the dollar amount of Claims (by Class) that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; (y) the dollar amount of Claims (by Class) that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer; and (z) the date(s) of the Proposed Transfer:

| Class | Name of Owner | Dollar Amount Currently Owned | Dollar Amount to be Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | | |
| *Senior Note Claims* | | | | |
| *Junior Note Claims* | | | | |
| *General Unsecured Claims* | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders,[7] this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

---

[7] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft:  I'm not sure how this ultimate x-ref source should be cited.].

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that if the Proposed Transfer is not approved in writing by the Debtors within fifteen (15) business days after the filing of this Notice, such Proposed Transfer shall be deemed rejected and will not be effective *ab initio*. If the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its Beneficial Ownership of Claims will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

(i)    "Beneficial Ownership" shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock; and (C) in certain cases, the ownership of an Option to acquire Claims;

(ii)    "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

(iii)    "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

(iv)    "Class" means any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan);

(iv)    "Claim" means any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan;

(v)    "Senior Credit Facility Term Loan Claims" means any Claim arising under the Secured Credit Facility Term Loan.

(vi)    "Senior Noteholder Claims" means FFL Noteholder Claims and Series C Noteholder Claims.

(vii)    "Junior Noteholder Claims" means Series A Noteholder Claims and Series B Noteholder Claims.

(viii) "Substantial Claimholder" means any person or Entity that Beneficially Owns, or any Entity controlled by such person or Entity through which such person or Entity Beneficially Owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims; and

(ix) "Threshold Amount" means, for each class of Claims, the amount of Claims set forth in the following table:

| Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
| --- | --- |
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
        _____
        _____
Telephone:_____
Facsimile:_____

Date: _____

**Annex B**

**Proposed Final Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
BEARINGPOINT, INC., et al.,                 :        09-_____ (____)
                                            :
                Debtors.                    :        (Joint Administration Requested)
                                            :
------------------------------------------------------------x
```

## FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

Upon the motion dated February 19, 2009 (the "Motion")[1] of BearingPoint, Inc.

and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "Debtors"), pursuant to sections 362 and 105(a) of title 11 of the

United States Code (the "Bankruptcy Code"), seeking entry of an order (the "Order") to establish

notification procedures and approve restrictions on certain transfers of interests in the Debtors'

estates, all as more fully described in the Motion, and the Court having held a hearing to consider

the relief requested herein (the "Hearing") with the appearances of all interested parties noted in

the record of the Hearing; and upon the Declaration of John DeGroote Pursuant to Rule 1007-2

of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day

Motions and Applications, filed contemporaneously with the Motion and the Declaration of

Howard J. Tucker, Tax Advisor, in Support of a Final Order Establishing Notification

Procedures Regarding Restrictions on Certain Transfers of Claims Against and Equity Interests

in the Debtors, the record of the Hearing, and all of the proceedings before the Court, the Court

finds and determines the following:

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

(a)     Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b)     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(c)     The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

(d)     The Debtors have provided due and proper notice of the Motion and Hearing to (i) the Office of the United States Trustee for the Southern District of New York (Attn:  Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn:  Luc Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the administrative agent for the Debtors' prepetition secured lenders, (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn:  Mark R. Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures Due December 15, 2024 (the "Series A Debentures") and the BearingPoint, Inc. 2.75% Series B Convertible Subordinated Debentures Due December 15, 2024 (the "Series B Debentures"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor, New York, New York, 10036-2714 (Attn:  Mark B. Joachim, Esq. and Robert T. Carey, Esq.), as counsel for the informal committee of holders of the BearingPoint, Inc. 5.00% Convertible Senior Subordinated Debentures Due 2025 (the "Series C Debentures"), (v) The Bank of New York, 101 Barclay Street, 8W, New York, New York 10286 (Attn: Corporate Trust Division – Corporate Finance Unit), as trustee under the indentures governing the Series A Debentures, the Series B Debentures, and the Series C Debentures, (vi) Friedman

Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San Francisco, California 94111 (Attn: Spencer C. Fleischer), as representative of the purchasers (the "Purchasers") under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures Due July 2010, (vii) Bingham McCutchen LLP, 299 Park Avenue, New York, New York 10022 (Attn: Neil W. Townsend, Esq.), as counsel for the Purchasers, and (viii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis) (collectively, the "Notice Parties") and no further notice is necessary.

(e)    The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

(f)    That the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes, including their net unrealized built-in losses (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

(g)    Unrestricted trading in BE Stock (defined below) and Claims (defined below) prior to the Debtors' emergence from chapter 11 could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), both during the pendency of the bankruptcy case and following the effective date of the Plan, as set forth in the Motion.

(h)    The notification procedures and restrictions on certain transfers of BE Stock and Claims are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estate, and their creditors.

(i)    The relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

(j)      Nothing herein shall preclude any person or Entity (as defined below) desirous of purchasing or transferring any interest from requesting relief from this Order in this Court, subject to the Debtors' rights to oppose such relief.

(k)      The relief granted in this Order is intended solely to permit the Debtors to protect, preserve and maximize the value of its Tax Attributes.

(l)      Except to the extent the Order expressly conditions or restricts trading in interests in the Debtors, nothing in this Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any plan of reorganization.

(m)      Notice as provided, including is sufficient notice and no further notice is required. Therefore, it is hereby ORDERED that:

1.      The Motion is granted to the extent set forth herein.

2.      Any acquisitions, dispositions, or trading in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

3.      The following procedures and restrictions on holding and trading in BE Stock or Claims are APPROVED:

*(a)      BE Stock Ownership, Acquisition, and Disposition*

(1)      Notice of Substantial BE Stock Ownership. Any person or Entity that beneficially owns, at any time on or after the Commencement Date, BE Stock (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Substantial Stock Ownership in the form annexed hereto as Exhibit 2.A, which describes specifically and in detail the beneficial ownership of BE Stock of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five

(5) business days after that person or Entity qualifies as a Substantial Equityholder.  At the holder's election, the Notice of Substantial Stock Ownership to be filed with the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns.

(2)     Acquisition of BE Stock or Options.  At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, Entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate BE Stock (an "Equity Acquisition Notice"), in the form annexed hereto as Exhibit 2.B, which describes specifically and in detail the proposed transaction in which BE Stock is to be acquired or beneficial ownership of BE Stock is to be increased.  At the holder's election, the Equity Acquisition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3)     Disposition of BE Stock or Options.  At least twenty (20) business days prior to the proposed date of any sale, disposition or other transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BE Stock beneficially owned by a Substantial Equityholder or that would result in a person or Entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction," and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, Entity, or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors and Debtors' counsel, a Notice of Intent to Sell, Trade, or Otherwise Transfer BE Stock (an "Equity Disposition Notice," and together with an Equity Acquisition Notice, an "Equity Trading Notice"), in the form annexed hereto as Exhibit 2.C, which describes specifically and in detail the proposed transaction in which BE Stock would be transferred.  At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4)     Objection Procedures. The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "Equity Objection Deadline") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(A)     If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(B)     If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

(C)     Any further Proposed Equity Transaction must be the subject of additional notices as set forth above within the prescribed waiting period.

(5)     Additional Acquisitions. Any additional transaction within the scope of paragraphs (a)(2) or (a)(3) above must be the subject of an additional notice as set forth herein with the applicable waiting period.

(6)     Definitions. For purposes of this Motion and the Orders, the following terms have the following meanings:

(A)     Substantial Equityholder. A "Substantial Equityholder" is any person or Entity that beneficially owns a number of shares of BE's common stock ("BE Stock") representing 4.75% or more of all issued and outstanding shares BE Stock, which as of December 31, 2008 would include any person or Entity that beneficially owns 209,833 or more shares of BE Stock.

(B)     Beneficial Ownership. "Beneficial ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family

members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) in certain cases, the ownership of an Option to acquire BE Stock.

(C)    Option.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable, provided, that the term "Option" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan).

(D)    Entity.  "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

*(b)*    ***Trading in Claims***

(1)    Notice of Substantial Claimholder Status.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, Claims (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as defined in paragraph (b)(6)(A)) shall file with the Court and serve upon the Debtors and Debtors' counsel a Notice of Substantial Claimholder Status in the form annexed hereto as Exhibit 2.D, which describes specifically and in detail the beneficial ownership of Claims (broken down by Class, as applicable) of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Claimholder.  At the holder's election, the Notice of Substantial Claimholder Status that is filed to the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns.

(2)    Acquisition of Claims.  At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of Claims that would result in (A) an increase in the dollar amount of Claims beneficially owned by a Substantial Claimholder; (B) a person or Entity becoming a Substantial Claimholder; (C) an increase in the dollar amount of Claims beneficially owned by a Multi-Class Claimholder (as defined in paragraph (b)(6)(B)); or (D) a person or Entity becoming a Multi-Class Claimholder (a "Proposed Claims Acquisition Transaction"), such person, Entity, Substantial Claimholder, or Multi-Class Claimholder (a "Proposed Claims Transferee") shall file with the Court and, serve upon the Debtors and the Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "Claims Acquisition Notice"), in the form annexed

hereto as <u>Exhibit 2.E</u>, which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001. At the holder's election, the Claims Acquisition Notice to be filed (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns and proposes to purchase or otherwise acquire

(3)     <u>Approval Procedures</u>.  The Debtors may in their discretion determine whether or not to approve a Claims Acquisition Notice received pursuant to paragraph (b)(2) above.  A Claims Acquisition Notice that is not approved in writing by the Debtors within fifteen (15) business days after the filing of a Claims Acquisition Notice shall be deemed rejected.  In the case of any Claims Acquisition Notice submitted pursuant to clauses (C) or (D) of paragraph (b)(2), the Debtors will determine whether the Claims proposed to be acquired pursuant such Claims Acquisition Notice, together with the Claims already beneficially owned by the Proposed Claims Transferee, would represent 4.75% or more of the value or voting power of the stock of Reorganized BE immediately following the effectiveness of the Plan.  The Debtors shall make this determination in their reasonable judgment and may take into account all relevant factors, including alternative valuations reflected in the valuation analysis set forth in the Plan and Disclosure Statement.

(4)     <u>Additional Acquisitions</u>.  Any additional transaction within the scope of paragraph (b)(2) above must be the subject of an additional notice as set forth above within the prescribed waiting period.

(5)     <u>Exception for Certain Claimholders</u>.  No person or Entity shall be subject to the notification requirements of clause (A) or (B) of paragraph (b)(2) above in the case of any transfer described in Treasury Regulation section 1.382-9(d)(5)(ii), <u>provided</u> that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); <u>provided, further</u>, that any such transferee who becomes a Substantial Claimholder shall file with the Court, and serve upon the Debtors and the Debtors' counsel, a notice of such status, in the form annexed hereto as <u>Exhibit 2.D</u>, within five (5) business days of the later of (i) the day of the entry of the Interim Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Claimholder.  For the avoidance of doubt, the exception described in this paragraph (b)(5) shall not apply to a person or Entity that is or would become a Multi-Class Claimholder by reason of a transfer.

(6)     Definitions.  For purposes of this Motion the following terms have the following meanings:

    (A)     Substantial Claimholder.  A "Substantial Claimholder" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims.

    For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status or Multi-Class Claimholder status, treating Claims as if they were stock.

    (B)     Multi-Class Claimholder.  A "Multi-Class Claimholder" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims, any amount of Claims in two or more Classes of Claims, without regard to whether such person or Entity may also a Substantial Claimholder.

    (C)     Class.  "Class" shall mean any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan).

    (D)     Claim.  A "Claim" shall be any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan.

    (E)     Threshold Amount.  "Threshold Amount" means, for each class of Claims, the amount of Claims set forth below:

| | |
|---|---|
| Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |

| General Unsecured Claims | $60,000,000.00 |
|---|---|

**(c)** **_Unauthorized Transactions in BE Stock or Options or Claims_**

Effective as of the date of the filing of this Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of equity interests in or Claims against the Debtors (including Options to acquire any of the foregoing, as provided above) in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

**(d)** **_Noncompliance with the Trading Procedures._**

Any purchase, sale, or other transfer of Claims against, or equity securities in, the Debtors in violation of the procedures set forth herein shall be null and void and shall confer no rights on the transferee.

**(e)** **_Debtors' Right to Waive._**

The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Order.

4.      Any person or Entity acquiring and/or disposing BE Stock and/or Claims in violation of the restrictions set forth herein, or failing to comply with the "Notice of Substantial Stock Ownership," "Notice of Intent to Purchase, Acquire or Otherwise Accumulate BE Stock," "Notice of Intent to Sell, Trade or Otherwise Transfer BE Stock," "Notice of Substantial Claimholder Status" or "Notice of Intent to Purchase, Acquire or Otherwise Accumulate Claims" requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

5.      The final procedures notice (the "Final Procedures Notice") substantially in the form attached hereto as Exhibit A is hereby APPROVED.

6.      The Debtors shall within three business days of entry of the Final Order, serve Final Procedures Notice upon all holders of Claims and BE Stock.

7.     The Debtors shall within five business days of entry of the Final Order,

publish the Final Procedures Notice on the Bloomberg newswire service and in national editions

of The Wall Street Journal and The Washington Post, and post such Interim Procedures Notice

on the website of the Debtors' claims agent, Garden City Group, Inc., at

http://www.bearingpointinfo.com.

8.     The Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the implementation of this Order.

Dated: New York, New York
             _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

## Final Procedures Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                :

**In re**                         :         **Chapter 11 Case No.**
                :

**BEARINGPOINT, INC., et al.,**    :        **09-_____ (____)**
                :

           **Debtors.**        :        **(Joint Administration Requested)**
                :
-------------------------------------------------------------x

## NOTICE OF FINAL ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS:[1]

PLEASE TAKE NOTICE that on February 18, 2009 (the "Commencement Date"), BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on [_____], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over this chapter 11 case, upon motion of the Debtors (the "Motion"), entered an interim order (i) finding that the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes, including their "net unrealized built-in losses" (determined for U.S. federal income tax purposes) (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in BE common stock (the "BE Stock") and/or claims against the Debtors could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"), both during the pendency of the bankruptcy case and following the effective date of the Plan, and (iii) approving the procedures set forth below to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code (the "Final Order"). **ANY ACQUISITION IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in BE Stock:

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

(1)     Notice of Substantial BE Stock Ownership.  Any person or Entity that
        beneficially owns, at any time on or after the Motion Date, BE Stock (as
        defined below) in an amount sufficient to qualify such person or Entity as
        a Substantial Equityholder (as defined below) shall file with the Court, and
        serve upon the Debtors and Debtors' counsel, a Notice of Substantial
        Stock Ownership, which describes specifically and in detail the beneficial
        ownership of BE Stock of such person or Entity, on or before the date that
        is the later of: (A) five (5) business days after the entry of the Interim
        Order and (B) five (5) business days after that person or Entity qualifies as
        a Substantial Equityholder.  At the holder's election, the Notice of
        Substantial Stock Ownership to be filed with the Court (but not such
        notice served upon the Debtors and Debtors' counsel) may be redacted to
        exclude such holder's taxpayer identification number and the number of
        shares of BE Stock that such holder beneficially owns.

(2)     Acquisition of BE Stock or Options.  At least twenty (20) business days
        prior to the proposed date of any acquisition or other transfer of equity
        securities (including Options, as defined below, to acquire such securities)
        that would result in an increase in the amount of BE Stock beneficially
        owned by a Substantial Equityholder or that would result in a person or
        Entity becoming a Substantial Equityholder (a "**Proposed Equity
        Acquisition Transaction**"), such person, Entity or Substantial
        Equityholder (a "**Proposed Equity Transferee**") shall file with the Court,
        and serve upon the Debtors and Debtors' counsel, a Notice of Intent to
        Purchase, Acquire, or Otherwise Accumulate BE Stock (an "**Equity
        Acquisition Notice**"), which describes specifically and in detail the
        proposed transaction in which BE Stock is to be acquired or beneficial
        ownership of BE Stock is to be increased.  At the holder's election, the
        Equity Acquisition Notice that is filed with the Court (but not such notice
        served upon the Debtors or Debtors' counsel) may be redacted to exclude
        such holder's taxpayer identification number and the number of shares of
        BE Stock that such holder beneficially owns and proposes to purchase or
        otherwise acquire.

(3)     Disposition of BE Stock or Options.  At least twenty (20) business days
        prior to the proposed date of any sale, disposition or other transfer of
        equity securities (including Options to acquire such securities) that would
        result in a decrease in the amount of BE Stock beneficially owned by a
        Substantial Equityholder or that would result in a person or Entity ceasing
        to be a Substantial Equityholder (a "**Proposed Equity Disposition
        Transaction**," and together with a Proposed Equity Acquisition
        Transaction, a "**Proposed Equity Transaction**"), such person, Entity, or
        Substantial Equityholder (a "**Proposed Equity Transferor**") shall file
        with the Court, and serve upon the Debtors and Debtors' counsel, a Notice
        of Intent to Sell, Trade, or Otherwise Transfer BE Stock (an "**Equity
        Disposition Notice**," and together with an Equity Acquisition Notice, an
        "**Equity Trading Notice**"), in the form annexed hereto as Exhibit B.3,

which describes specifically and in detail the proposed transaction in which BE Stock would be transferred. At the holder's election, the Equity Disposition Notice that is filed with the Court (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the number of shares of BE Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4) Objection Procedures. The Debtors shall have fifteen (15) business days after the filing of an Equity Trading Notice (the "**Equity Objection Deadline**") to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of equity securities (including Options to acquire such securities) described in such Equity Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "**Equity Objection**") as a result of an ownership change under section 382 or section 383 of the Tax Code.

(A) If the Debtors file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

(B) If the Debtors do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors provide written authorization to the Proposed Equity Transferee or the Proposed Equity Transferor, as the case may be, approving the Proposed Equity Transaction, prior to the Equity Objection Deadline, then such Proposed Equity Transaction may proceed solely as specifically described in the Equity Trading Notice.

(C) Any further Proposed Equity Transaction must be the subject of additional notices as set forth above within the prescribed waiting period.

(5) Additional Acquisitions. Any additional transaction within the scope of paragraphs (a)(2) or (a)(3) above must be the subject of an additional notice as set forth herein with the applicable waiting period.

(6) Definitions. For purposes of this Motion and the Orders, the following terms have the following meanings:

(A) Substantial Equityholder. A "**Substantial Equityholde**r" is any person or Entity that beneficially owns a number of shares of BE's common stock ("**BE Stock**") representing 4.75% or more of all issued and outstanding shares BE Stock, which as of December 31, 2008 would include any person or Entity that beneficially owns 209,833 or more shares of BE Stock.

(B) Beneficial Ownership. "Beneficial ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined

in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("**Treasury Regulations**") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) in certain cases, the ownership of an Option to acquire BE Stock.

(C)     Option.  An "**Option**" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable, provided, that the term "Option" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan).

(D)     Entity.  "**Entity**" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court and shall apply to holding and trading in claims against the Debtors:

(1)     Notice of Substantial Claimholder Status.  Any person or Entity that beneficially owns, at any time on or after the Motion Date, Claims (as defined below) in an amount sufficient to qualify such person or Entity as a Substantial Claimholder (as defined in paragraph (b)(6)(A)) shall file with the Court and serve upon the Debtors and Debtors' counsel a Notice of Substantial Claimholder Status, which describes specifically and in detail the beneficial ownership of Claims (broken down by Class, as applicable) of such person or Entity, on or before the date that is the later of: (A) five (5) business days after the entry of the Interim Order and (B) five (5) business days after that person or Entity qualifies as a Substantial Claimholder.  At the holder's election, the Notice of Substantial Claimholder Status that is filed to the Court (but not such notice served upon the Debtors and Debtors' counsel) may be redacted to exclude such holder's taxpayer identification and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns.

(2)     Acquisition of Claims. At least twenty (20) business days prior to the proposed date of any acquisition or other transfer of Claims that would

result in (A) an increase in the dollar amount of Claims beneficially owned by a Substantial Claimholder; (B) a person or Entity becoming a Substantial Claimholder; (C) an increase in the dollar amount of Claims beneficially owned by a Multi-Class Claimholder (as defined in paragraph (b)(6)(B)); or (D) a person or Entity becoming a Multi-Class Claimholder (a "**Proposed Claims Acquisition Transaction**"), such person, Entity, Substantial Claimholder, or Multi-Class Claimholder (a "**Proposed Claims Transferee**") shall file with the Court and, serve upon the Debtors and the Debtors' counsel, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Claims (a "**Claims Acquisition Notice**"), which describes specifically and in detail the proposed transaction in which Claims are to be acquired, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements of Bankruptcy Rule 3001. At the holder's election, the Claims Acquisition Notice to be filed (but not such notice served upon the Debtors or Debtors' counsel) may be redacted to exclude such holder's taxpayer identification number and the Class(es) and dollar amount (by Class, if applicable) of Claims that such holder beneficially owns and proposes to purchase or otherwise acquire

(3)     <u>Approval Procedures</u>. The Debtors may in their discretion determine whether or not to approve a Claims Acquisition Notice received pursuant to paragraph (b)(2) above. A Claims Acquisition Notice that is not approved in writing by the Debtors within fifteen (15) business days after the filing of a Claims Acquisition Notice shall be deemed rejected. In the case of any Claims Acquisition Notice submitted pursuant to clauses (C) or (D) of paragraph (b)(2), the Debtors will determine whether the Claims proposed to be acquired pursuant such Claims Acquisition Notice, together with the Claims already beneficially owned by the Proposed Claims Transferee, would represent 4.75% or more of the value or voting power of the stock of Reorganized BE immediately following the effectiveness of the Plan. The Debtors shall make this determination in their reasonable judgment and may take into account all relevant factors, including alternative valuations reflected in the valuation analysis set forth in the Plan and Disclosure Statement.

(4)     <u>Additional Acquisitions</u>. Any additional transaction within the scope of paragraph (b)(2) above must be the subject of an additional notice as set forth above within the prescribed waiting period.

(5)     <u>Exception for Certain Claimholders</u>. No person or Entity shall be subject to the notification requirements of clause (A) or (B) of paragraph (b)(2) above in the case of any transfer described in Treasury Regulation section 1.382-9(d)(5)(ii), <u>provided</u> that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulation section 1.382-9(d)(5)(iii); <u>provided, further</u>, that any such transferee who becomes a Substantial Claimholder

shall file with the Court, and serve upon the Debtors and the Debtors' counsel, a notice of such status within five (5) business days of the later of (i) the day of the entry of the Interim Order by the Court and (ii) the date on which such person or Entity becomes a Substantial Claimholder. For the avoidance of doubt, the exception described in this paragraph (b)(5) shall not apply to a person or Entity that is or would become a Multi-Class Claimholder by reason of a transfer.

(6)    Definitions.  For purposes of this Motion the following terms have the following meanings:

(A)    Substantial Claimholder.  A "**Substantial Claimholder**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status or Multi-Class Claimholder status, treating Claims as if they were stock.

(B)    Multi-Class Claimholder.  A "**Multi-Class Claimholder**" is any person or Entity that beneficially owns, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims, any amount of Claims in two or more Classes of Claims, without regard to whether such person or Entity may also a Substantial Claimholder.

(C)    Class.  "**Class**" shall mean any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan).

(D)    Claim. A "**Claim**" shall be any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan.

| (E)    Threshold Amount. "**Threshold Amount**" means, for each class of Claims, the amount of Claims set forth below:<br><br>Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
|---|---|
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF BE STOCK OR CLAIMS AGAINST THE DEBTORS IN VIOLATION OF THE FINAL ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE FINAL ORDER.**

PLEASE TAKE NOTICE THAT a form (a) Notice of Substantial Stock Ownership, (b) Equity Acquisition Notice, (c) Equity Trading Notice, (d) Notice of Substantial Claimholder Status, and (e) Claims Acquisition Notice may be obtained at http://www.bearingpointinfo.com

PLEASE TAKE FURTHER NOTICE that any person or entity desirous of acquiring an interest restricted by the Final Order may request relief for cause at any time and the Debtors may oppose such relief.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated:    \_\_\_\_\_, 2009
        New York, New York

                                          BY ORDER OF THE COURT

**Exhibit 2.A**

**<u>Notice of Substantial Stock Ownership</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                          :
**In re**                                 :          **Chapter 11 Case No.**
                                          :
**BEARINGPOINT, INC., et al.,**           :          **09-_____ (___)**
                                          :
                    **Debtors.**          :          **(Joint Administration Requested)**
                                          :
--------------------------------------------------------------x


## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice"), that, as of the date hereof, the Filer Beneficially Owns (as defined below) _____ shares of common stock of BearingPoint, Inc. ("BE Stock") and/or Options (as defined below) to acquire _____ shares of BE Stock, which represent ___% of the total amount of the BE Stock currently issued and outstanding. For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan[3]).

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. In the case of shares of BE Stock and/or Options to acquire BE Stock that are owned directly by the Filer, the table sets forth (i) the number of such shares and/or Options; and (ii) the date(s) on which such shares and/or Options were acquired.

2. In the case of shares of BE Stock and/or Options to acquire BE Stock that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares and/or Options Beneficially Owned by the Filer, (ii) the number of such shares and/or Options; and (iii) the date(s) on which such shares and/or Options were acquired.

| Name of Owner | Number of Shares of BE Stock Owned | Number of Shares subject to Options Owned | Date(s) Acquired |
|---|---|---|---|
|  |  |  |  |

---

[3] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft: I'm not sure how this ultimate x-ref source should be cited.].

| | | | |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof of BE Stock and Options to acquire BE Stock) shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock; and

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____

        _____

        _____

Telephone:_____
Facsimile:_____

Date: _____

# Exhibit 2.B

# Equity Acquisition Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                :

<u>In re</u>                          :         **Chapter 11 Case No.**
                :

**BEARINGPOINT, INC., <u>et al.</u>,**    :         **09-_____ (____)**
                :

          **Debtors.**        :         **(Joint Administration Requested)**
                :
-------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE, ACQUIRE
## OR OTHERWISE ACCUMULATE BE STOCK

PLEASE TAKE NOTICE THAT [<u>Name of Filer</u>] (the "<u>Filer</u>") hereby provides notice (the "<u>Notice</u>") of (i) its intention to purchase, acquire or otherwise accumulate directly one or more shares of common stock of BearingPoint, Inc. ("<u>BE Stock</u>") and/or Options (as defined below) to acquire shares of BE Stock and/or (ii) a proposed purchase or acquisition of shares of BE Stock and/or Options to acquire BE Stock that would result in an increase in the number of shares of BE Stock or Options to acquire BE Stock that are Beneficially Owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "<u>Proposed Transfer</u>").  For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan[4]).

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1.  If the Proposed Transfer involves the purchase or acquisition directly by the Filer of shares of BE Stock and/or Options to acquire BE Stock, the table sets forth (i) the number of shares of BE Stock and/or Options to acquire BE Stock proposed to be purchased or acquired; and (ii) the date(s) of such Proposed Transfer.

2.  If the Proposed Transfer involves the purchase or acquisition of shares of BE Stock and/or Options to acquire BE Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares and/or Options; (ii) the number of shares and/or Options to be so purchased or acquired; and (iii) the date(s) of such Proposed Transfer.

---

[4] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft:  I'm not sure how this ultimate x-ref source should be cited.].

| Name of Purchaser or Acquirer | Number of Shares of BE Stock to be Purchased or Acquired | Number of Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's Beneficial Ownership of BE Stock and/or Options to acquire BE Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of BE Stock (or Options to acquire BE Stock) that would be owned <u>directly</u> by the Filer and (ii) in the case of any Beneficial Ownership by the Filer of shares and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of BE Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a purchase or acquisition of shares of BE Stock and/or Options to acquire BE Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of BE Stock and/or Options to acquire BE Stock that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is
_____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) business days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof) of BE Stock and/or Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock;

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes;

(iii) "Substantial Equityholder" means is any person or Entity that Beneficially Owns a number of shares of BE Stock representing 4.75% or more of all issued and outstanding shares BE Stock; and

(iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____

[Name of Filer]

By:_____

    Name:_____

    Title:_____

Address:_____

                _____

                _____

Telephone:_____

Facsimile:_____

Date: _____

**Exhibit 2.C**

**Equity Disposition Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                            :

In re                           :          Chapter 11 Case No.
                            :

BEARINGPOINT, INC., et al.,      :          09-_____ (____)
                            :

           Debtors.       :          (Joint Administration Requested)
                            :

------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE
## OR OTHERWISE TRANSFER BE STOCK

PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice") of (i) its intention to sell, trade or otherwise transfer one or more shares of common stock of BearingPoint, Inc. ("BE Stock") or Options (as defined below) to acquire shares of BE Stock and/or (ii) a proposed sale or transfer of shares of BE Stock or Options to acquire BE Stock that would result in a reduction in the number of shares of BE Stock or Options to acquire BE Stock that are Beneficially Owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer"). For purposes of this Notice, "Options" shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes (each as defined in the Plan[1]).

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. If the Proposed Transfer involves the sale or transfer of shares of BE Stock and/or Options to acquire BE Stock that are owned directly by the Filer, the table sets forth (i) the number of shares of BE Stock and/or Options to acquire BE Stock proposed to be sold or transferred; and (ii) the date(s) of the Proposed Transfer.

2. If the Proposed Transfer involves the sale or transfer of shares of BE Stock and/or Options to acquire BE Stock that are not directly owned by the Filer, but the Proposed Transfer nonetheless would reduce the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each person or Entity that proposes to sell or transfer such shares and/or Options; (ii) the number of shares and/or Options to be so sold or transferred; and (iii) the date(s) of such Proposed Transfer.

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft: I'm not sure how this ultimate x-ref source should be cited.].

| Name or Seller or Transferor | Number of Shares of BE Stock to be Sold or Transferred | Number of Shares Subject to Options to be Sold or Transferred | Date(s) of Proposed Transfer |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table summarizes the Filer's Beneficial Ownership of BE Stock and/or Options to acquire BE Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) the number of Shares of BE Stock and/or Options to acquire BE Stock that would be owned directly by the Filer; and (ii) in the case of any Beneficial Ownership by the Filer of shares and/or Options owned by another person or Entity as record/legal owner, the name(s) of each record/legal owner and the number of shares and/or Options that would be owned by each such record/legal owner:

| Name of Owner | Number of Shares of BE Stock to be Owned | Number of Shares subject to Options to be Owned |
|---|---|---|
| | | |
| | | |
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a sale or transfer of shares of BE Stock and/or Options to acquire BE Stock owned directly by the Filer and such Proposed Transfer would result in a decrease in the Beneficial Ownership of shares of BE Stock and/or Options to acquire BE Stock by a person or Entity (other than the Filer) that currently is a Substantial Equityholder, the following table sets forth (i) the name of each such person or Entity; (ii) the number of shares of BE Stock and/or Options to acquire BE Stock that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; and (iii) the number of shares of BE Stock and/or Options to acquire BE Stock that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Number of Shares/Options prior to Proposed Transfer | Number of Shares/Options following Proposed Transfer |
|---|---|---|
| | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is

_____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) business days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) business day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in a decrease in the number of shares of BE Stock or Options to acquire BE Stock Beneficially Owned by the Filer will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice:

(i) "Beneficial Ownership" (or any variation thereof) of BE Stock and Options to acquire BE Stock shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (C) in certain cases, the ownership of an Option to acquire BE Stock;

(ii) "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable, but shall not include the Series A Notes, the Series B Notes, the Series C Notes or the FFL Notes;

(iii) "Substantial Equityholder" means is any person or Entity that Beneficially Owns a number of shares of BE Stock representing 4.75% or more of all issued and outstanding shares BE Stock; and

(iv) "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
       _____
       _____
Telephone:_____
Facsimile:_____

Date: _____

## Exhibit 2.D

## Notice of Substantial Claimholder Status

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
<u>In re</u>                                               :          **Chapter 11 Case No.**
                                                           :
**BEARINGPOINT, INC., <u>et al.</u>,**                     :          **09-_____ (____)**
                                                           :
                              **Debtors.**                 :          **(Joint Administration Requested)**
                                                           :
-----------------------------------------------------------x

## NOTICE OF SUBSTANTIAL CLAIMHOLDER STATUS

PLEASE TAKE NOTICE [Name of Filer] (the "<u>Filer</u>") hereby provides notice (the "<u>Notice</u>") that the Filer is a Substantial Claimholder of Claims against BearingPoint, Inc. ("<u>BE</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") in Case No. [   ]-[        ], pending in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. In the case of Claims that are owned directly by the Filer, the table sets forth (i) the dollar amount of such Claims (by Class); and (ii) the date(s) on which such Claims were acquired.

2. In the case of Claims that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims that are Beneficially Owned (as defined below) by the Filer; (ii) the dollar amount of such Claims (by Class); and (iii) the date(s) on which such Claims were acquired.

| Class | Name of Owner | Dollar Amount Owned | Date(s) Acquired |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Noteholder Claims* | | | |
| *Junior Noteholder Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders,[1] this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

For purposes of this Notice:

(i)     "Beneficial Ownership" shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock; and (C) in certain cases, the ownership of an Option to acquire Claims;

---

[1] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft:  I'm not sure how this ultimate x-ref source should be cited.].

(ii)     "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

(iii)    "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

(iv)    "Class" means any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan);

(iv)    "Claim" means any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan;

(v)     "Senior Credit Facility Term Loan Claims" means any Claim arising under the Secured Credit Facility Term Loan.

(vi)    "Senior Noteholder Claims" means FFL Noteholder Claims and Series C Noteholder Claims.

(vii)   "Junior Noteholder Claims" means Series A Noteholder Claims and Series B Noteholder Claims.

(viii)  "Substantial Claimholder" means any person or Entity that Beneficially Owns, or any Entity controlled by such person or Entity through which such person or Entity Beneficially Owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims; and

(ix)    "Threshold Amount" means, for each class of Claims, the amount of Claims set forth in the following table:

| Senior Credit Facility Term Loan Claims | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
|---|---|
| Senior Noteholder Claims | $21,100,000.00 |
| Junior Noteholder Claims | $37,000,000.00 |
| General Unsecured Claims | $60,000,000.00 |

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____

[Name of Filer]

By:_____

    Name:_____

    Title:_____

Address:_____

         _____

         _____

Telephone:_____

Facsimile:_____

Date: _____

**Exhibit 2.E**

**Claims Acquisition Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                      :

In re                        :        **Chapter 11 Case No.**
                      :

**BEARINGPOINT, INC., et al.,**     :        **09-_____ (____)**
                      :

          **Debtors.**     :        **(Joint Administration Requested)**
                      :

----------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE OR OTHERWISE ACCUMULATE A CLAIM

PLEASE TAKE NOTICE THAT [Name of Filer] (the "Filer") hereby provides notice (the "Notice") of (i) its intent to purchase, acquire or otherwise accumulate directly a Claim or Claims against BearingPoint, Inc. ("BE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be Beneficially Owned by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], the Filer filed a Notice of Substantial Claimholder Status with the Court and served copies thereof on the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT the Filer is filing this notice as (check one):

| | |
|---|---|
| *A Substantial Claimholder* | |
| *A person or Entity that would, upon consummation of the Proposed Transfer, become a Substantial Claimholder* | |
| *A Multi-Class Claimholder* | |
| *A person or Entity that would, upon consummation of the Proposed Transfer, become a Multi-Class Claimholder* | |

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. In the case of Claims that are owned directly by the Filer, the table sets forth (i) the dollar amount of such Claims (by Class); and (ii) the date(s) on which such Claims were acquired.

2. In the case of Claims that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims

that are Beneficially Owned (as defined below) by the Filer; (ii) the dollar amount of such Claims (by Class); and (iii) the date(s) on which such Claims were acquired.

| Class | Name of Owner | Dollar Amount Owned | Date(s) Acquired |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Note Claims* | | | |
| *Junior Note Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the following table sets forth (i) the dollar amount of Claims (by Class) proposed to be purchased or acquired; and (ii) the date(s) of such Proposed Transfer.

2. If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are Beneficially Owned by the Filer, the following table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims; (ii) the dollar amount of Claims (by Class) to be so purchased or acquired; and (iii) the date(s) of such Proposed Transfer.

| Class | Record/Legal Owner | Dollar Amount to be Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | |
| *Senior Note Claims* | | | |
| *Junior Note Claims* | | | |
| *General Unsecured Claims* | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (i) an increase in the Beneficial Ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or Multi-Class Claimholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Claimholder or Multi-Class Claimholder, the following table sets forth (w) the name of each such person or Entity; (x) the dollar amount of

Claims (by Class) that are Beneficially Owned by such person or Entity prior to the Proposed Transfer; (y) the dollar amount of Claims (by Class) that would be Beneficially Owned by such person or Entity immediately following the Proposed Transfer; and (z) the date(s) of the Proposed Transfer:

| Class | Name of Owner | Dollar Amount Currently Owned | Dollar Amount to be Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| *Secured Credit Facility Term Loan Claims* | | | | |
| *Senior Note Claims* | | | | |
| *Junior Note Claims* | | | | |
| *General Unsecured Claims* | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is

_____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders,[7] this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that if the Proposed Transfer is not approved in writing by the Debtors within fifteen (15) business days after the filing of this Notice, such Proposed Transfer shall be deemed rejected and will not be effective *ab initio*. If the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its Beneficial Ownership of Claims will each require an additional notice filed with the Court to be served in the same manner as this Notice.

---

[7] All terms not expressly defined in this Notice shall be construed to have the same meaning as such terms have in the [Debtors' Motion pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing notification procedures regarding restrictions on certain transfers of claims against and equity interests in the Debtors' and (ii) scheduling a final hearing] [Note to BFR draft: I'm not sure how this ultimate x-ref source should be cited.].

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

(i)     "Beneficial Ownership" shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries); and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock; and (C) in certain cases, the ownership of an Option to acquire Claims;

(ii)     "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

(iii)     "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

(iv)     "Class" means any separate class of Claims, including, without limitation, Senior Credit Facility Claims, Senior Note Claims, Junior Note Claims and General Unsecured Claims (each as defined in the Plan);

(iv)     "Claim" means any claim under which any of the Debtors is the obligor in respect of which a distribution of equity securities of Reorganized BE will occur pursuant to the Plan;

(v)     "Senior Credit Facility Term Loan Claims" means any Claim arising under the Secured Credit Facility Term Loan.

(vi)     "Senior Noteholder Claims" means FFL Noteholder Claims and Series C Noteholder Claims.

(vii)     "Junior Noteholder Claims" means Series A Noteholder Claims and Series B Noteholder Claims.

(viii)     "Substantial Claimholder" means any person or Entity that Beneficially Owns, or any Entity controlled by such person or Entity through which such person or Entity Beneficially Owns, with respect to any Class of Claims, a dollar amount of Claims of such Class of more than the Threshold Amount for such Class of Claims; and

(ix)     "Threshold Amount" means, for each class of Claims, the amount of Claims set forth in the following table:

| | |
|---|---|
| *Senior Credit Facility Term Loan Claims* | An dollar amount of Claims equal to 4.75% of the aggregate Secured Credit Facility Claims at any time and from time to time |
| *Senior Noteholder Claims* | $21,100,000.00 |
| *Junior Noteholder Claims* | $37,000,000.00 |

| General Unsecured Claims | $60,000,000.00 |
| --- | --- |

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
       _____

Telephone:_____
Facsimile:_____

Date: _____