**Presentment Date: March 13, 2009, at 8:00 a.m. (Eastern Time)**
**Objection Deadline: March 9, 2009, at 4:00 p.m. (Eastern Time)**
**Hearing Date (If Objection Filed): March 13, 2009, at 8:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
**In re**                            :        **Chapter 11 Case No.**
                                                             :
**BEARINGPOINT, INC., et al.,**      :        **09 - 10691 (REG)**
                                                             :
        **Debtors.**                 :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

NOTICE OF PRESENTMENT OF ORDER PURSUANT TO SECTION 327(a) AND
328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION
OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE
DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE[1]

PLEASE TAKE NOTICE that BearingPoint, Inc. and certain of its affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"*Debtors*," and together with their non-debtor affiliates, "*BearingPoint*"), will present the

proposed order (the "*Proposed Order*"), attached as Annex 1 herewith, to the Honorable Robert

---

[1] Any party who wishes to appear telephonically at the March 13, 2009 hearing must contact Judge Gerber's Chambers at (212) 668-2870 and counsel for the Debtors at (212) 310-8000 (Attn: Nicole K. Aliseo).

E. Gerber, United States Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for

the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green,

New York, New York 10004, on **March 13, 2009 at 8:00 a.m. (Eastern Time)**, (the

"*Presentment Date*").  The Proposed Order grants the Debtors the authority to employ and retain

Weil, Gotshal & Manges LLP as their attorneys, effective as of the commencement of these

cases.

PLEASE TAKE FURTHER NOTICE that objections to the Proposed Order, if

any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the

name of the objecting party, the basis for the objection and the specific grounds thereof, shall be

filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case

filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with two hard copies delivered directly to Chambers), and shall be served upon the following

parties so as to be received no later than **March 9, 2009** at **4:00 p.m. (Eastern Time)** (the

"*Objection Deadline*"):

| *Debtors* | *Office of the U.S. Trustee* |
|---|---|
| BearingPoint, Inc.<br>1676 International Drive<br>McLean, Virginia 22102<br>Attn: John DeGroote, Esq. | Office of the U.S. Trustee for the S.D.N.Y.<br>33 Whitehall St., 21st Floor<br>New York, New York 10004<br>Attn: Serene Nakano, Esq. |

| | |
|---|---|
| ***Counsel to the Debtors*** | ***Counsel to the Administrative Agent for the Debtors' Prepetition Secured Lenders*** |
| Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, New York 10153 Attn: Marcia L. Goldstein, Esq. Attn: Ronit Berkovich, Esq. | Paul, Hastings, Janofsky & Walker LLP Park Avenue Tower 75 East 55th Street, First Floor New York, New York 10022 Attn: Luc Despins, Esq. Attn: Leslie A. Plaskon, Esq. |
| Weil, Gotshal & Manges LLP 700 Louisiana Street, Suite 1600 Houston, Texas 77002 Attn: Alfredo R. Pérez, Esq. | |
| ***Counsel to the Informal Committee of Holders of Series A and Series B Debentures*** | ***Counsel to the Informal Committee of Holders of Series C Debentures*** |
| Ropes & Gray LLP 1211 Avenue of the Americas, New York, New York 10036-8704 Attn: Mark R. Somerstein, Esq. Attn: Mark I. Bane, Esq. | Bracewell & Giuliani LLP 1177 Avenue of the Americas, 19th Floor New York, New York, 10036-2714 Attn: Mark B. Joachim, Esq. Attn: Robert T. Carey, Esq. |
| ***Proposed Successor Trustee Under Indentures Governing the Series A and Series B Debentures*** | ***Trustee Under Indentures Governing the Series C Debentures*** |
| Law Debenture Trust Company of New York 400 Madison Avenue, Suite 4D New York, New York 10017 Attn:  Robert Bice, Esq. | The Bank of New York 101 Barclay Street, 8W New York, New York 10286 Attn:  David Kerr, Vice President |
| ***Counsel to Trustee Under Indentures Governing the Series C Debentures*** | ***Representative of the Purchasers under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures Due July 2010 (the "Purchasers")*** |
| Bryan Cave LLP 1290 Avenue of the Americas New York, New York 10104 Attn: Lawrence P. Gottesman, Esq. | Friedman Fleischer & Lowe LLC One Maritime Plaza, Suite 1000 San Francisco, California 94111 Attn:  Spencer C. Fleischer, Esq. |

| *Proposed Counsel to the Statutory Committee of Unsecured Creditors*<br><br>Bingham McCutchen LLP<br>299 Park Avenue<br>New York, New York 10022<br>Attn: Jeffrey Sabin, Esq.<br>Attn: Neil W. Townsend, Esq.<br>Attn: Sabin Willett, Esq. | The holders of the thirty-largest unsecured claims against the Debtors on a consolidated basis. |
|---|---|
| Any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002. | Any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002. |

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Proposed Order has been timely and properly filed and served by the Objection Deadline, the Bankruptcy Court may sign the Proposed Order on the Presentment Date. If objections are timely filed and served, the Court will schedule a hearing on notice to the parties.

Dated: March 3, 2009
      Houston, Texas

/s/ Alfredo R. Pérez
Marcia L. Goldstein
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

and

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

Presentment Date: March 13, 2009, at 8:00 a.m. (Eastern Time)
Objection Deadline: March 9, 2009, at 4:00 p.m. (Eastern Time)
Hearing Date (If Objection Filed): March 13, 2009, at 8:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002-2784
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
BEARINGPOINT, INC., et al.,             :    09 - 10691 (REG)
                                        :
        Debtors.                        :    (Jointly Administered)
                                        :
------------------------------------------------------------x
```

## DEBTORS' APPLICATION FOR AUTHORIZATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "***Debtors***," and together with their non-

debtor affiliates, "***BearingPoint***"),[2] submit this application (the "***Application***") for authority to

---

[2] More information regarding the Debtors' business, their restructuring plan, and the background of these chapter 11 cases can be found in the Declaration of John DeGroote Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for

employ and retain Weil, Gotshal & Manges LLP ("**WG&M**") as attorneys for the Debtors <u>nunc pro tunc</u> to February 18, 2009 (the "**Commencement Date**"), the date of the filing of the Debtors' chapter 11 cases, and respectfully represent:

### Relief Requested

1.       The Debtors seek court approval pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") to employ and retain WG&M, <u>nunc pro tunc</u> to the Commencement Date, as their attorneys in connection with the commencement and prosecution of their chapter 11 cases.  Pursuant to sections 328(a), 330, and 331 of the Bankruptcy Code, the Debtors, as debtors in possession, request that the Court approve the retention and compensation of WG&M, under a general retainer, as their attorneys, to perform the extensive legal services that will be necessary during their chapter 11 cases in accordance with WG&M's normal hourly rates in effect when services are rendered and normal reimbursement policies.  In support of this Application, the Debtors are submitting the declaration of Alfredo R. Pérez, a member of WG&M (the "**WG&M Declaration**"), annexed hereto as <u>Exhibit "A"</u>.  A proposed order is attached hereto as <u>Annex "A"</u> following the Exhibit to the Application.

### The Retention of WG&M

2.       The Debtors have been informed that Marcia L. Goldstein and Alfredo R. Pérez, members of WG&M, Ronit J. Berkovich, an associate of WG&M, as well as other members of, counsel to and associates of WG&M who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.  Other members of, counsel

---

the Southern District of New York in Support of First-Day Motions and Applications, filed on February 18, 2009 (the "**Commencement Date**").

to, and associates of WG&M who will be employed in these chapter 11 cases, are members in good standing of the Bars of the States of New York and Texas.

   3.  The Debtors have selected WG&M as their attorneys because of the firm's knowledge of the Debtors' businesses and financial affairs and its extensive general experience and knowledge, and in particular, its recognized expertise in the field of debtor's protections and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Over the last several decades, WG&M has been actively involved in major chapter 11 cases.[3]

   4.  Since approximately March of 2005, WG&M has represented the Debtors in connection with various matters, including, more recently, the Debtors' current financial restructuring efforts. During the course of these representations, WG&M has become familiar with the Debtors' businesses, financial affairs, and capital structure. Accordingly, WG&M has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases. The Debtors believe that

--------

[3] WG&M currently represents or has represented the following debtors: Lehman Brothers Holdings Inc., Lenox Group, Inc., Sharper Image Corporation, PRC, LLC, Silicon Graphics, Inc., Saint Vincent's Catholic Medical Centers, Atkins Nutritionals, Inc., Footstar, Inc., New World Pasta Company, Parmalat USA Corp., Loral Space & Communications Ltd., TL Administration Corporation, Republic Engineered Product Holdings, WestPoint Stevens Inc., Worldcom, Inc., Adelphia Business Solutions, Inc., Enron Corp., APW Ltd., Agway, Inc., Formica Corp., Global Crossing Ltd., Kasper A.S.L., Ltd., Ames Department Stores, Inc., AI Realty Marketing of New York, Inc., Pergament Home Centers, Inc., Regal Cinemas, Inc., Republic Technologies Int'l, LLC, Rhythms NetConnections Inc., Sunbeam Corporation, Bethlehem Steel Corporation, Armstrong Worldwide Industries, Genesis Health Services Corp., Grand Union Corporation, Weiner's Stores, Carmike Cinemas, Inc., DIMAC Marketing Corporation, Sun Healthcare Group, Inc., United Companies Financial Corporation, Bruno's, Inc., Consolidated Hydro, Inc., G. Heileman Brewing Company, Inc., Olympia & York Development Limited, R.H. Macy & Co., Inc., Best Products Co., Inc. I & II, P.A. Bergner & Co. Holding Company, The Drexel Burnham Lambert Group, Inc., Eastern Air Lines, Inc., Edison Brothers Stores, Inc. I & II, Texaco Inc., and many others.

WG&M is both well qualified and uniquely able to represent them in their chapter 11 cases in a most efficient and timely manner.

5.    Were the Debtors required to retain attorneys other than WG&M in connection with the prosecution of these chapter 11 cases, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors and their business operations.

6.    The Debtors have also submitted or will be submitting applications to retain Davis Polk & Wardwell ("***DPW***") as special counsel, and Baker Botts L.L.P. ("***Baker Botts***") as special counsel, to the Debtors.  In addition to DPW and Baker Botts, the Debtors filed or expect to file shortly applications seeking to employ Greenhill & Co. as financial advisor, Alix Partners, LLP, as restructuring advisor, and The Garden City Group, Inc. as noticing and claims agent.  WG&M intends to monitor and coordinate carefully the efforts of all professionals, and delineate clearly their respective duties so as to prevent duplication of effort, whenever possible.  Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

### Scope of Services

7.    The services of WG&M under a general retainer are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the restructuring and reorganization of the Debtors.  Subject to further order of this Court, it is proposed that WG&M be employed to render the following professional services:

a.  prepare on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

b.  to take all necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

c.  take all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates; and

d.  perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

8.    It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services.  WG&M has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors and debtors in possession.

## WG&M's Disinterestedness

9.    To the best of the Debtors' knowledge, the members and associates of WG&M do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the WG&M Declaration.

10.    Based upon the WG&M Declaration, the Debtors submit that WG&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that WG&M will conduct an ongoing review of its files to ensure that no disqualifying circumstances

arise, and if any new relevant facts or relationships are discovered, WG&M will supplement its disclosure to the Court.

## **Professional Compensation**

11.     As set forth in the WG&M Declaration, WG&M received certain amounts from the Debtors as compensation for professional services performed relating to the potential restructuring of the Debtors' financial obligations and the potential commencement of these chapter 11 cases, and additional amounts for the reimbursement of reasonable and necessary expenses incurred in connection therewith.  WG&M also has received a retainer fee and an advance against expenses for services to be performed in preparation for and prosecution of these chapter 11 cases, in the amount disclosed in the WG&M Declaration.

12.     The Debtors understand that WG&M hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), the guidelines (the "***Guidelines***") established by the United States Trustee for the Southern District of New York (the "***U.S. Trustee***"), and further orders of this Court ("***Orders***") for all services performed and expenses incurred after the Commencement Date.

13.     The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, propose to pay WG&M its customary hourly rates for services rendered that are in effect from time to time, as set forth in the WG&M Declaration, and to reimburse WG&M according to its customary reimbursement policies, and respectfully submit that such rates are reasonable.  WG&M shall notify the Debtors and the U.S. Trustee of any change in the hourly rates charged by WG&M for services rendered.

14.    WG&M intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with WG&M's normal reimbursement policies, subject to any modifications to such policies that WG&M may be required to make to comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines or the Orders.  WG&M's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, WG&M will charge $.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, WG&M believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by WG&M in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

## Notice

15.    The Debtors shall serve notice of this Application on (i) the Office of the United States Trustee for the Southern District of New York (Attn:  Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn:  Luc Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the administrative agent under the Secured Credit Facility, (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn:  Mark R. Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures Due December 15, 2024 (the "***Series A Debentures***") and the BearingPoint, Inc.

2.75% Series B Convertible Subordinated Debentures Due December 15, 2024 (the "**Series B**

**Debentures**"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor, New

York, New York, 10036-2714 (Attn: Mark B. Joachim, Esq. and Robert T. Carey, Esq.), as

counsel for the informal committee of holders of the BearingPoint, Inc. 5.00% Convertible

Senior Subordinated Debentures Due 2025 (the "**Series C Debentures**"), (v) Law Debenture

Trust Company of New York, 400 Madison Avenue, Suite 4D, New York, New York 10017

(Attn: Robert Bice), as proposed trustee under the indentures governing the Series A Debentures

and the Series B Debentures, (vi) The Bank of New York, 101 Barclay Street, 8W, New York,

New York 10286 (Attn: David M. Kerr, Vice President), as trustee under the indentures

governing the Series C Debentures, (vii) Bryan Cave LLP, 1290 Avenue of the Americas, New

York, New York 10104 (Attn: Lawrence P. Gottesman), as counsel to The Bank of New York

(viii) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San Francisco,

California 94111 (Attn: Spencer C. Fleischer), as representative of the purchasers (the

"**Purchasers**") under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures

Due July 2010, (ix) Bingham McCutchen LLP, 299 Park Avenue, New York, New York 10022

(Attn: Jeffrey Sabin, Esq., Neil W. Townsend, Esq., and Sabin Willett, Esq.), as proposed

counsel to the statutory committee of unsecured creditors, and (x) the holders of the thirty largest

unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that, in view

of the facts and circumstances, such notice is sufficient and no other or further notice need be

provided.

       16.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order

granting the relief requested herein and such other and further relief as is just and proper.

Dated:  March 3, 2009
        Dallas, Texas

/s/ John DeGroote
John DeGroote
BearingPoint, Inc., Executive Vice President
and Chief Legal Officer

**<u>EXHIBIT A</u>**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein, Esq.

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002-2784
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
**In re**                                 :       **Chapter 11 Case No.**
                                          :
**BEARINGPOINT, INC., et al.,**           :       **09 - 10691 (REG)**
                                          :
        **Debtors.**                      :       **(Jointly Administered)**
                                          :
------------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT OF ALFREDO R. PÉREZ**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328(a), 329 AND 504 AND**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b) IN**
**SUPPORT OF DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY**
**AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE**
**DEBTORS NUNC PRO TUNC TO THE COMMENCEMENT DATE**

Alfredo R. Pérez makes this declaration under 28 U.S.C. § 1746, and states:

1.      I am a member of the firm of Weil, Gotshal & Manges LLP ("*WG&M*" or the

"*Firm*"), a law firm with principal offices at 767 Fifth Avenue, New York, New York 10153;

regional offices in Washington, D.C.; Houston, Dallas and Austin, Texas; Miami, Florida;

Boston, Massachusetts; Redwood Shores, California; Providence, Rhode Island; and

Wilmington, Delaware; and foreign offices in London, United Kingdom; Paris, France;

Budapest, Hungary; Warsaw, Poland; Frankfurt and Munich, Germany; Prague, The Czech

Republic; Beijing, Hong Kong, and Shanghai, China.  I am admitted to practice before this

Court.

2.      I submit this declaration (the "***WG&M Declaration***") in connection with the

application dated March 3, 2009 (the "***Application***") of BearingPoint, Inc. and certain of its

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "***Debtors***"), for approval of the Debtors' retention of WG&M, as their

attorneys in the above-captioned chapter 11 cases, <u>nunc</u> <u>pro</u> <u>tunc</u> to the date of

commencement of these cases (the "***Commencement Date***"), at their  normal hourly rates in

effect from time to time and in accordance with their normal reimbursement policies, in

compliance with sections 328(a), 329, and 504 of title 11 of the United States Code (the

"***Bankruptcy Code***"), and to provide disclosure required under Rules 2014(a) and 2016(b) of

the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").  Unless otherwise

stated in this WG&M Declaration, I have personal knowledge of the facts set forth herein.

To the extent any information disclosed herein requires amendment or modification upon

WG&M's completion of further review or as additional party-in-interest information

becomes available to it, a supplemental declaration will be submitted to the Court reflecting

such amended or modified information.

### WG&M's Disinterestedness

3.      Except as set forth herein, to the best of my knowledge, after due inquiry,

neither I, WG&M, nor any member or counsel, or associate of the Firm represents any party

in interest or any other entity other than the Debtors in connection with these chapter 11

cases.

4.      WG&M is a "disinterested person," as that term is defined in section 101(14)

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

5.      Insofar as I have been able to ascertain, I know of no conflict of interest that

would preclude WG&M's representation of the Debtors in these cases, and, as necessary, the

non-debtor affiliates in matters relating to these chapter 11 cases.  To the best of my

knowledge, WG&M, its members, counsel, and associates:

     a.      are not creditors, equity security holders, or insiders of the Debtors;

     b.      are not and were not, within two years before the Commencement
          Date a director, officer, or employee of the Debtors;

     c.      do not have an interest materially adverse to the interests of the estates
          or of any class of creditors or equity security holders, by reason of any
          direct or indirect relationship to, connection with, or interest in, the
          Debtors or for any other reason; and

     d.      have not represented any party in connection with matters relating to
          the Debtors, although WG&M has certain relationships with other
          parties in interest and other professionals in connection with unrelated
          matters.

**<u>WG&M's Prepetition Relationship with the Debtors</u>**

6.      Beginning in March of 2005, the Firm represented the Debtors and certain of

its affiliates in some shareholder derivative litigation as well as other litigation, which was

unrelated to these bankruptcy cases.  In addition, prior to the commencement of these cases,

WG&M began counseling the Debtors on restructuring efforts and engaging, on the Debtors'

behalf, in extensive negotiations with the Debtors' various creditor groups regarding the

terms of a potential financial restructuring of the Debtors' balance sheet.  WG&M was

instrumental in helping the Debtors reach an agreement with their most senior creditors,

which enabled the Debtors to file its chapter 11 cases with a pre-arranged plan.

7.    WG&M is not a creditor of the Debtors.  In the one year prior to the

Commencement Date, WG&M received advances in the aggregate amount of approximately

$4,130,469.57 from the Debtors on account of services performed and to be performed,

including the commencement and prosecution of these chapter 11 cases, and expenses

incurred and to be incurred in connection therewith.  As of the Commencement Date, the fees

and expenses incurred by WG&M during the same one year period and debited against the

amounts advanced to it by the Debtors approximated $3,394,647.90.  The precise amount

will be determined upon the final recording of all time and expense charges.  As of the

Commencement Date, WG&M has a remaining credit balance in favor of the Debtors in the

approximate amount of $735,821.67 for additional professional services performed and to be

performed and expenses incurred and to be incurred in connection with these chapter 11

cases.  After application of amounts for payment of any additional prepetition professional

services and related expenses, the excess advance amounts will be held by WG&M as a

retainer.

### WG&M Disclosure Procedures

8.    WG&M, which employs approximately 1,300 attorneys, has a large and

diversified legal practice that encompasses the representation of many financial institutions

and commercial corporations.  WG&M has in the past represented, currently represents, and

may in the future represent entities that are claimants of or interest holders in the Debtors in

matters unrelated to the Debtors' pending chapter 11 cases.  Some of these entities are, or

may consider themselves to be, creditors or parties in interest in the Debtors' pending chapter

11 cases or to otherwise have interests in these cases.

9. In preparing this WG&M Declaration, I used a set of procedures developed by WG&M to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), regarding the retention of professionals by a debtor under the Bankruptcy Code (the "***Firm Disclosure Procedures***").  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this WG&M Declaration and to ascertain WG&M's connection to such parties:

a. A comprehensive list of the types of entities who may have contacts with the Debtors was developed through discussions with the WG&M attorneys who have provided services to the Debtors and in consultation with senior management of the Debtors (the "***Retention Checklist***").

b. WG&M obtained information from the Debtors that was responsive to the Retention Checklist.  Specifically, WG&M personnel conducted several inquiries with management of the Debtors to identify the entities categorized on the Retention Checklist.

c. Using the Retention Checklist, the information provided by the Debtors, and additional information identified by WG&M, a list of names of entities who may be parties in interest to these chapter 11 cases (the "***Potential Parties In Interest***") was assembled.

d. WG&M compared the Potential Parties In Interest to the names that WG&M has compiled into a master client database from its conflict clearance and billing records compiled since 1980 (the "***Client Database***").  The Client Database is comprised of the names of the entities for which any attorney time charges have been billed and includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the WG&M personnel who are or were responsible for current or former matters for such client.  It is the policy of WG&M that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, the database is regularly updated for

every new matter undertaken by WG&M.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a matter.

e.      Any matches between the Client Database and the list of Potential Parties In Interest were identified (the "***Client Match List***"), together with the names of the respective WG&M personnel responsible for current or former matters for the entities on the Client Match List.

f.      An attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to WG&M's clients in both this matter and the matter referenced on the Client Match List.  The remaining client connections with regard to which WG&M had represented the client within the last three years were compiled for purposes of this WG&M Declaration.

g.      In addition, a general inquiry to all WG&M personnel (attorneys and staff) was sent by electronic mail to determine if any WG&M employee, or anyone in his or her immediate family (spouse, minor children, or family members living in his or her household) (i) owns any debt or equity security of any of the Debtors, to the extent applicable; (ii) holds a claim against any of the Debtors; and/or (iii) was an officer, director, or employee of any of the Debtors.

**WG&M's Connections with Parties in Interest
in Matters Unrelated to these Chapter 11 Cases**

10.    Any identified client connections with regard to which WG&M had represented the client within the last two years were reviewed by an attorney working under my supervision and from such review I determined that, with respect to each connection between WG&M and such parties, WG&M does not hold or represent an interest that is adverse to the Debtors' estates, and that WG&M is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

11.    WG&M previously has represented more than two years ago, currently represents, and may represent in the future the entities described below (or their affiliates), in matters totally unrelated to the Debtors:

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| ACE American Insurance Company | Insurer | Related to Current Client |
| Aetna | Insurer | Former Client |
| AIG Excess Liability Insurance International Ltd. | Insurer | Affiliate of Current Client |
| AlixPartners | Professional | Current Client |
| Allstate Corporation | Affiliation of a Current/Former Director | Current Client |
| Allstate Investments, LLC | Landlord | Current Client |
| American International Group Inc. (AIG) | Insurer | Current Client |
| American International Specialty Lines Insurance Company | Insurer | Affiliate of Current Client |
| AT&T | Affiliation of a Current/Former Director & Unsecured Creditor | Former Client |
| Avaya, Inc. | Alliances & Litigation Counterparty | Current Client |
| Avon Products, Inc. | Affiliation of a Current/Former Director | Current Client |
| Axis Reinsurance Company | Insurer | Former Client |
| Baker Botts LLP | Professional | Former Client |
| Banc of America Securities LLC | Bondholder & Underwriting Investment Bankers for Debtors' Securities | Current Client |
| The Bank of New York | Indenture Trustee & Unsecured Creditor | Current Client |
| Barclays Capital Inc. | Unsecured Creditor | Affiliate of Current Client |
| Barclays Capital Securities Ltd. | Bondholder | Affiliate of Current Client |
| Beacon Capital Strategic Partners LP | Landlord | Current Client |
| Bedminster Capital Funding | Landlord | Current Client |
| BMC Software Inc. | Alliances & Unsecured Creditor | Current Client |
| CIGNA | Insurer | Current Client |
| Cisco Systems, Inc. | Alliances & Affiliation of a Current/Former Director | Current Client |
| Citigroup Global Markets | Bondholder | Current Client |
| Columbia Casualty Company | Insurer | Related to Former Client |
| Connecticut General Life Insurance Company | Insurer | Related to Former Client |
| Corporate Officers and Directors Assurance | Insurer | Related to Former Client |
| Credit Suisse (USA) Securities | Bondholder | Affiliate of Current Client |
| Cushman & Wakefield State Street, Inc. | Landlord | Current Client |
| D.E. Shaw & Co. LP | Bondholder | Current Client |
| Dechert LLP | Professional | Current Client |
| Deloitte & Touche | Competitor | Current Client |

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| Deloitte Tax LLP | Professional | Affiliate of Current Client |
| Deutsche Bank Securities Inc | Bondholder | Current Client |
| Divco West Group, LLC | Landlord | Current Client |
| Electronic Data Systems Incorporated | Competitor | Current Client |
| EMC Corporation | Alliances & Unsecured Creditor | Current Client |
| Executive Risk Indemnity Inc. | Insurer | Affiliate of Former Client |
| Fidelity Management & Research Co. | Bondholder | Affiliate of Current Client |
| Foster Wheeler Ltd. | Affiliation of a Current/Former Director | Current Client |
| Franklin Resources, Inc. | Significant Stockholder | Affiliate of Current Client |
| Franklin Templeton Investments | Bondholder & Significant Stakeholder | Current Client |
| Franklin Templeton Investments | Significant Stockholder | Current Client |
| Fujitsu Siemens Computers | Alliance | Affiliate of Former Client |
| Glenview Capital Management, LLC | Bondholder & Significant Stockholder | Current Client |
| Goldman Sachs & Company | Bondholder | Current Client |
| Goldman Sachs International | Bondholder | Current Client |
| Google, Inc. | Alliance | Former Client |
| Great American Insurance Company of New York | Insurer | Affiliate of Former Client |
| Greenhill & Co. LLC | Professional | Related to Former Client |
| Guggenheim Investment Management, LLC | Bondholder | Affiliate of Current Client |
| Hartford Fire Insurance Company | Insurer | Affiliate of Current Client |
| Heidrick & Struggles, Inc. | Affiliation of a Current/Former Director | Former Client |
| Hewlett Packard | Alliance | Affiliate of a Former Client |
| i2 | Alliances | Current Client |
| Illinois National Insurance Company | Insurer | Related to Former Client |
| The Insurance Company of the State of Pennsylvania | Insurer | Related to Former Client |
| J.P. Morgan Clearing Corp. | Bondholder | Affiliate of Current Client |
| JP Morgan Chase | Underwriting Investment Bankers for Debtors' Securities | Current Client |
| Kaiser North California HMO | Insurer | Affiliate of Former Client |
| KPMG | Affiliation of a Current/Former Director | Affiliate of Current Client |
| KPMG Consulting, Inc. | Affiliate | Affiliate of Current Client |
| KPMG Consultoria S.A. | Affiliate | Affiliate of Current Client |
| KPMG Holding C.V. | Landlord | Affiliate of Current Client |

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| KPMG International | Affiliation of a Current/Former Director | Affiliate of Current Client |
| KPMG LLP | Landlord | Affiliate of Current Client |
| KPMG LLP – USA | Professional & Unsecured Creditor | Affiliate of Current Client |
| KPMG SA | Competitors | Current Client |
| KPMG Versa Partnership | Affiliate | Affiliate of Current Client |
| Korn Ferry International | Affiliation of a Current/Former Director | Related to Former Client |
| Kroll Associates, Inc. | Professional & Unsecured Creditor | Affiliate of Current Client |
| Lawson Software, Inc. | Alliance | Former Client |
| Lazard Asset Management, LLC | Bondholder | Affiliate of Current Client |
| Lendlease Real Estate Investments, Inc. | Landlord | Current Client |
| Lexington Insurance Company | Insurer | Related to Current Client |
| Liberty Mutual Ins. Co. | Insurer | Affiliate of Current Client |
| Liberty Surplus Insurance Corp. | Insurer | Affiliate of Current Client |
| Lloyds Syndicate 2907 | Insurer | Affiliate of Former Client |
| Lockheed Martin Corporation | Competitors | Current Client |
| Marsh USA Inc. | Unsecured Creditor | Current Client |
| Merrill Lynch & Co | Bondholder | Current Client |
| Microsoft | Alliances | Current Client |
| Morgan Stanley & Co. Inc. | Bondholder & Underwriting Investment Bankers for Debtors' Securities | Current Client |
| Morgan Stanley Senior Funding, Inc. | Indenture Trustee | Affiliate of Current Client |
| National Union Fire Insurance Company | Insurer | Related to Former Client |
| New Century Mortgage Corporation | Landlord | Current Client |
| Noonday Asset Management, LP | Significant Stockholder | Current Client |
| NYSE Group | Affiliation of a Current/Former Director | Current Client |
| Optimum Choice, Inc. | Insurance | Related to Former Client |
| Oracle USA Inc. | Alliances & Unsecured Creditor | Affiliate of Current Client |
| Oxford Health Plans | Insurer | Former Client |
| Pitney Bowes Inc. | Litigation Counterparty | Affiliate of Current Client |
| PricewaterhouseCoopers LLP | Competitors & Professional & Affiliation of a Current/Former Director | Current Client |
| The Principal Financial Group | Affiliation of a Current/Former Director | Related to Former Client |
| Professional Indemnity Agency, Inc. | Insurer | Former Client |

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| Quest Communications, Inc. | Affiliation of a Current/Former Director | Affiliate of Former Client |
| SAP AG | Alliances & Affiliation of a Current/Former Director | Current Client |
| SAP Public Services Inc. | Unsecured Creditor | Affiliate of Current Client |
| Silver Point Capital, L.P. | Significant Stockholder | Current Client |
| SLM Corporation (a/k/a Sallie Mae) | Affiliation of a Current/Former Director | Former Client |
| Sprint Nextel | Unsecured Creditor | Current Client |
| Star Excess Insurance International Ltd. | Insurer | Related to Current Client |
| Sun Microsystems | Alliance | Related to Former Client |
| Swiss Re International SE | Insurer | Affiliate of Former Client |
| Verizon | Unsecured Creditor | Affiliate of Current Client |
| Teachers Insurance and Annuity Association | Landlord | Current Client |
| Technip Biopharm, Inc. | Landlord | Current Client |
| Texas Instruments | Alliances | Current Client |
| Tibco Software Inc. | Alliances | Related to Former Client |
| Twin City Fire Insurance Company | Insurer | Related to Former Client |
| UBS AG | Indenture Trustee & Secured Creditor | Current Client |
| UBS Investment Bank | Underwriting Investment Bankers for Debtors' Securities | Affiliate of Current Client |
| UBS Securities | Indenture Trustee | Current Client |
| VeriSign, Inc. | Alliance | Former Client |
| Wells Fargo Foothill, LLC | Indenture Trustee & Secured Creditor | Affiliate of Current Client |
| W.R. Berkley Corporation | Insurer | Former Client |
| XL Insurance (Bermuda) Ltd. | Insurer | Affiliate of Current Client |
| XL Specialty Ins. Co. (US) | Insurer | Affiliate of Current Client |
| York Capital Management | Bondholder | Current Client |
| Zurich Insurance Company | Insurer | Current Client |

12.      In addition to the entities identified above, the following entities either (i) have a name similar to a client in the Client Database, or (ii) are or may be related to a client (collectively, the "**Potential Clients**").  After a diligent effort, WG&M was unable to determine whether the similarity of names was in fact a name coincidence or whether, and to what extent, the Potential Client is related to a client in the Client Database.  However, out of an abundance of caution, WG&M has confirmed that, similar to the clients identified above,

WG&M does not represent any of the Potential Clients in matters related to the Debtors'

chapter 11 cases.

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| Brookfield | Landlord | Possible Affiliate of Current Client |
| Kana | Alliance | Possible Affiliate of Former Client |
| Tata | Alliance | Possible Affiliate of Former Client |
| Vornado | Landlord | Possible Affiliate of Current Client |

13.      To the best of my knowledge and information, none of the entities

listed as Current Clients represents more than one percent (1%) but less than two percent

(2%) of WG&M's annual revenues over the past twelve (12) months other than Citigroup,

Microsoft Corporation, Merrill Lynch, Credit Suisse, and AIG.

14.      WG&M also represents Lehman Brothers Holdings Inc. and its

affiliated debtors it their chapter 11 bankruptcy proceedings.  On September 20, 2008, the

Bankruptcy Court for the Southern District of New York entered an order authorizing the

sale of certain assets of Lehman Brothers Holdings Inc., including leases and employment

contracts to Barclays Capital, Inc.  Subsequent to the closing of that sale transaction, certain

employees working for Lehman Brothers Holdings Inc. (or one of its debtor affiliates)

became employees of Barclays Capital, Inc.  As described more fully on the table in

paragraph 12 herein, Barclays Capital, Inc. along with certain of its affiliates, are unsecured

creditors and bondholders as well as financial advisors for the informal committee of Series

C Debentures (as defined in the Application).

15.      WG&M has not, does not, and will not represent any of the Current

Clients or their respective affiliates or subsidiaries in the Debtors' chapter 11 cases or in

other matters directly adverse to the Debtors during the pendency of these chapter 11 cases.

To the extent issues may arise which would cause the Debtors to be adverse to any of

WG&M's clients such that it would not be appropriate for WG&M to represent the Debtors with respect to such matters, another law firm will be retained to represent the Debtors with respect to such matters.

## WG&M Personnel Inquiry

16.     WG&M has conducted a general inquiry of its personnel to determine whether any WG&M personnel or anyone in his or her immediate family (spouse, minor children, or family members living in his or her household) (i) owns any debt or equity security of any of the Debtors; (ii) holds a claim against any of the Debtors; and/or (iii) was an officer, director, or employee of any of the Debtors.

17.     As a result of such inquiry, I have found that one WG&M non-attorney employee has a spouse who is an employee of the Debtors.  Upon additional inquiries, I have further found that a WG&M associate has a member of his non-immediate family who owns one of the unsecured creditors.  Out of an abundance of caution, WG&M will screen the attorney from any and all matters relating to the prosecution of the Debtors' chapter 11 cases.

18.     In addition, WG&M has represented, and may currently represent, entities that hold certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties.  These entities, however, maintain no direct financial stake in the Debtors' economic performance.

19.     Because distressed debt is actively traded in the commercial markets, WG&M may be unaware of the actual holder of such debt at any given moment.  Because WG&M represents in unrelated matters numerous entities that may buy and sell distressed debt of chapter 11 debtors, out of an abundance of caution, I am listing here many such

entities represented by WG&M: Salomon Smith Barney, Donaldson Lufkin Jenrette, JP

Morgan/Chase Manhattan Bank, Bay Harbour Management, Mackay Shields, Perry

Corporation, Whipporwill Associates, Teachers Insurance Company, Elliott Associates,

Morgens Waterfall Vintiades & Co., Oaktree Associates, Argent Capital, AIG Corporation,

Leucadia Corporation, Halcyon Management Co., Bennett Management Co., Resurgence

Asset Management Co., M.D. Sass & Co., Angelo, Gordan & Co., Venor Capital

Management, GSO Capital Partners, and Goldman Sachs & Co.  In addition, WG&M has

represented, may currently represent, and may in the future represent entities with respect to

matters involving legal and regulatory authorities such as the Securities Exchange

Commission and the Federal Trade Commission, among others, which may be involved in

the Debtors' chapter 11 cases.

   20. WG&M has not, does not, and will not represent any of the

aforementioned entities or their respective affiliates or subsidiaries, except as stated above, in

matters related to the Debtors or their chapter 11 cases.

   21. Contemporaneously herewith the Debtors have filed applications for

authority to employ certain professionals, including other law firms.  To the extent issues

may arise which would cause the Debtors to be adverse to any of WG&M's clients such that

it would not be appropriate for WG&M to represent the Debtors with respect to such matters,

such firms or another firm will be retained to represent the Debtors with respect to such

matters.

   22. WG&M will continue to apply the Firm Disclosure Procedures as

additional information concerning entities having a connection with the Debtors is developed

and will file appropriate supplemental disclosure with the Court.

## WG&M's Rates and Billing Practices

23.    WG&M's current customary hourly rates, subject to change from time to time, are $650 to $995 for members and counsel, $355 to $640 for associates and $155 to $310 for paraprofessionals in our United States offices.

24.    WG&M's disbursement policies pass through all out of pocket expenses at actual cost or at estimated actual cost when the actual cost is difficult to determine.  These expenses include facsimiles, toll calls, overtime, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, and other expenses.

25.    No promises have been received by WG&M or any member, counsel or associate thereof as to payment or compensation in connection with these cases other than in accordance with the provisions set forth herein.  WG&M has no agreement with any other entity to share with such entity any compensation received by WG&M or by such entity.

26.    The Debtors' Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of their retention of WG&M on rates, terms and conditions consistent with what WG&M charges non-chapter 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulae that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, WG&M intends to apply pursuant to sections 330 and 331 of the Bankruptcy Code for allowances of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

27.    As noted earlier, WG&M understands that the Debtors will seek to retain several other professionals in connection with the Debtors' chapter 11 cases.  WG&M intends to monitor and coordinate carefully the efforts of all professionals, and delineate

clearly their respective duties so as to prevent duplication of effort, whenever possible.

Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the

efficient coordination of efforts of the Debtors' attorneys will greatly add to the progress and

effective administration of these chapter 11 cases.

28.     The foregoing constitutes the statement of WG&M pursuant to sections

327(a), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and

2016(b).

I declare under penalty of perjury that, to the best of my knowledge, and after

reasonable inquiry, the foregoing is true and correct.

Executed this 3 day of March, 2009.

_/s/_ Alfredo R. Pérez

Alfredo R. Pérez
A Member of the Firm

## ANNEX A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                        :
<u>In re</u>                                              :          **Chapter 11 Case No.**
                                                        :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**               :          **09 - 10691 (REG)**
                                                        :
    **Debtors.**                      :          **(Jointly Administered)**
                                                        :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

              Upon the Application (the "***Application***"), dated March 3, 2009, of

BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "***Debtors***"), pursuant to sections

327(a) and 328(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and

Rule 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***"), for authority to employ and retain Weil, Gotshal & Manges LLP

("***WG&M***") as their attorneys, effective as of the commencement of these cases, under a

general retainer, all as more fully set forth in the Application; and upon consideration of

the Declaration of Alfredo R. Pérez, Esq., a member of WG&M, dated March 3, 2009

(the "***WG&M Declaration***"); and the Court having held a hearing to consider the relief

requested herein (the "***Hearing***") with the appearances of all interested parties noted in

the record of the Hearing; the record of the Hearing, and all of the proceedings before the

Court, the Court finds and determines the following:

(a)       Consideration of the Application and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

(b)       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

(c)       The Court has jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 of the United States District Court for the Southern District of New York, dated

July 10, 1984 (Ward, Acting C.J.).

(d)       The Debtors have provided due and proper notice of the Application and

Hearing to (i) the Office of the United States Trustee for the Southern District of New

York (Attn:  Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park

Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn:  Luc

Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the

administrative agent for the Debtors' prepetition secured lenders, (iii) Ropes & Gray

LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn:  Mark R.

Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of

holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures

Due December 15, 2024 (the "*Series A Debentures*") and the BearingPoint, Inc. 2.75%

Series B Convertible Subordinated Debentures Due December 15, 2024 (the "*Series B*

*Debentures*"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor,

New York, New York, 10036-2714 (Attn:  Mark B. Joachim, Esq. and Robert T. Carey,

Esq.), as counsel for the informal committee of holders of the BearingPoint, Inc. 5.00%

Convertible Senior Subordinated Debentures Due 2025 (the "*Series C Debentures*"), (v)

The Bank of New York, 101 Barclay Street, 8W, New York, New York 10286 (Attn:

Corporate Trust Division – Corporate Finance Unit), as trustee under the indentures

governing the Series A Debentures, the Series B Debentures, and the Series C

Debentures, (vi) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San

Francisco, California 94111 (Attn:  Spencer C. Fleischer), as representative of the

purchasers (the "**_Purchasers_**") under the BearingPoint, Inc. 0.50% Convertible Senior

Subordinated Debentures Due July 2010, (vii) Bingham McCutchen LLP, 299 Park

Avenue, New York, New York 10022 (Attn:  Jeffrey Sabin, Esq., Neil W. Townsend,

Esq., and Sabin Willett, Esq.), as proposed counsel to the statutory committee of

unsecured creditors, and (viii) the holders of the thirty largest unsecured claims against

the Debtors (on a consolidated basis) and no further notice is necessary.

(e)     The legal and factual bases set forth in the Application establish just and

sufficient cause to grant the relief requested therein.

(f)     The relief granted herein is in the best interests of the Debtors, their

estates, creditors, and all parties in interest.

(g)     Based on the representations made in the Application and the WG&M

Declaration, (i) Members and associates of WG&M who will be engaged in these chapter

11 cases are duly admitted to practice before this Court, and (ii) WG&M represents or

holds no interest adverse to the Debtors or their estates and is disinterested under section

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

Code.

Therefore, it is hereby ORDERED that:

1.      The Application is approved, to the extent set forth herein, <u>nunc pro tunc</u> to February 18, 2009, the date on which the Debtors commenced their chapter 11 cases.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors' retention of WG&M as their attorneys under a general retainer in accordance with WG&M's normal hourly rates and disbursement policies as set forth in the WG&M Declaration is approved.

3.      WG&M shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court.

4.      Notice of the Application as provided herein and therein shall be deemed good and sufficient notice of the Application.

Dated:  New York, New York
        _____, 2009

                    _____
                    UNITED STATES BANKRUPTCY JUDGE