UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
**In re**                                                      :
                                                               :
BE NEW YORK HOLDINGS, INC.,                                    :
BEARINGPOINT, INC.,                                            :
BEARINGPOINT, LLC,                                             :
BEARINGPOINT AMERICAS, INC.,                                   :
BEARINGPOINT BG, LLC,                                          :
BEARINGPOINT ENTERPRISES HOLDINGS, LLC,                        :
BEARINGPOINT GLOBAL, INC.,                                     :
BEARINGPOINT GLOBAL OPERATIONS, INC.,                          :
BEARINGPOINT INTERNATIONAL I, INC.,                            :
BEARINGPOINT ISRAEL, LLC,                                      :
BEARINGPOINT PUERTO RICO, LLC,                                 :
BEARINGPOINT RUSSIA, LLC,                                      :
BEARINGPOINT SOUTH PACIFIC, LLC,                               :
BEARINGPOINT SOUTHEAST ASIA LLC,                               :
BEARINGPOINT TECHNOLOGY PROCUREMENT                            :
   SERVICES, LLC,                                :
BEARINGPOINT USA, INC.,                                        :
I2 MID ATLANTIC LLC,                                           :
I2 NORTHWEST LLC,                                              :
OAD ACQUISITION CORP.,                                         :
OAD GROUP, INC.,                                               :
METRIUS, INC.,                                                 :  Chapter 11
PELOTON HOLDINGS, L.L.C.,                                      :
SOFTLINE ACQUISITION CORP.,                                    :  Case Nos. 09 - 10690 (REG)
SOFTLINE CONSULTING AND INTEGRATORS, INC.                      :  Through 09 - 10713 (REG)
                                                               :
   Debtors.                                      :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 502(b)(9) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion, dated February 27, 2009 (the "***Motion***"), of BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***," and together with their non-debtor affiliates, "***BearingPoint***"), for an order pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) (a) establishing (i) **April 17, 2009** at **5:00 p.m. (Eastern Time)** (the

"*General Bar Date*") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) other than a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim against any Debtor to assert any Claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to **February 18, 2009** (the "*Commencement Date*") and (ii) **August 17, 2009** at **5:00 p.m. (Eastern Time)** (the "*Governmental Bar Date*" together with the General Bar Date, the "*Bar Dates*") as the deadline for each Governmental Unit to file a proof of claim to assert any Claim that arose prior to the Commencement Date, (b) approving the procedures to provide notice of the Bar Dates (the "*Notice Procedures*"), all as more fully described in the Motion; and all of the proceedings before the Court, the Court finds and determines the following:

(a) Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

(b) Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(c) The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

(d) The Debtors have provided due and proper notice of the Motion and Hearing to (i) the Office of the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") (Attn: Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn: Luc Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the

administrative agent for the Debtors' prepetition secured lenders, (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn: Mark R. Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures Due December 15, 2024 (the "*Series A Debentures*") and the BearingPoint, Inc. 2.75% Series B Convertible Subordinated Debentures Due December 15, 2024 (the "*Series B Debentures*"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor, New York, New York, 10036-2714 (Attn: Mark B. Joachim, Esq. and Robert T. Carey, Esq.), as counsel for the informal committee of holders of the BearingPoint, Inc. 5.00% Convertible Senior Subordinated Debentures Due 2025 (the "*Series C Debentures*"), (v) The Bank of New York, 101 Barclay Street, 8W, New York, New York 10286 (Attn: Corporate Trust Division – Corporate Finance Unit), as trustee under the indentures governing the Series A Debentures, the Series B Debentures, and the Series C Debentures, (vi) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San Francisco, California 94111 (Attn: Spencer C. Fleischer), as representative of the purchasers (the "*Purchasers*") under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures Due July 2010, (vii) Bingham McCutchen LLP, 299 Park Avenue, New York, New York 10022 (Attn: Neil W. Townsend, Esq.), as counsel for the Purchasers, and (viii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis) and no further notice is necessary.

    (e) Notice of the Bar Date and Governmental Bar Date as provided herein is due and proper and no further notice is necessary.

    (f) The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

(g) The relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest.

Therefore, it is hereby ORDERED that:

1. The Motion is granted to the extent set forth herein.

2. The following procedures for filing Proofs of Claim is APPROVED:

(a) Unless otherwise provided herein, the deadline to file a Proof of Claim for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, or trust) other than a Governmental Unit (as defined by section 101(27) of the Bankruptcy Code) to assert a claim (as defined by section 101(5) of the Bankruptcy Code, and including claims under section 503(b)(9) of the Bankruptcy Code) against any Debtor that arose prior to the Commencement Date is **April 17, 2009** at **5:00 p.m. (Eastern Time)**.

(b) Unless otherwise provided herein, the deadline to file a Proof of Claim for any Governmental Unit to assert a claim (as defined by section 101(5) of the Bankruptcy Code) against any Debtor that arose prior to the Commencement Date is **August 17, 2009** at **5:00 p.m. (Eastern Time)**.

(c) Proofs of Claims must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date; (iii) conform substantially with the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("***Official Form 10***")[1]; (iv) specify the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d) If a claimant asserts a claim against more than one Debtor, the claimant must file a separate Proof of Claim against each Debtor.

(e) Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually received** by the Debtors' claim agent, the Garden City Group, Inc. ("***GCG***"), or by the Court, on or before the applicable Bar Date at –

    If by hand delivery or overnight courier:
        The Garden City Group, Inc.
        Attn: BearingPoint, Inc.

---

[1] Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

        105 Maxess Road
        Melville, New York 11747

  If by first-class mail:
        The Garden City Group, Inc.
        Attn: BearingPoint, Inc.
        P.O. Box 9000 #6525
        Merrick, New York 11566-9000

  If by hand delivery:
        United States Bankruptcy Court, SDNY
        One Bowling Green
        Room 534
        New York, New York 10004

(f) Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

(g) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is **thirty (30) days** following the entry of the order approving such rejection or be forever barred from doing so.

(h) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph **Error! Reference source not found.** below applies

(i) In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules, the Debtors shall notify the claimant of the amendment. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty (30) days** after the Debtors provide notice of the amendment.

(j) The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

1. any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or nature of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

2. any person or entity whose claim has been paid in full by the Debtors;

3. any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

4. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; **provided**, **however**, Claims asserted on account of section 503(b)(9) of the Bankruptcy Code, are subject to the General Bar Date;

5. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

6. any holder of a claim for which a separate deadline is fixed by this Court;

7. any Debtor in these cases having a claim against another Debtor; and

8. any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or the Claims Agent, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form.

(k) Any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

3. Any holder of a claim against the Debtors that is required but fails to file a

proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date

shall be barred from asserting such claim against the Debtors and their estates, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim.

4. The form Proof of Claim, attached hereto as Exhibit 1 (the "*Proof of Claim Form*") and the proposed notice of the Bar Dates, attached hereto as Exhibit 2 (the "*Bar Date Notice*") are hereby APPROVED.

5. The following Notice Procedures are hereby APPROVED:

(a) With **five (5) business days** of entry of an order granting the relief requested herein, the Debtors shall mail (i) a Proof of Claim Form, substantially in the form attached hereto as Exhibit 1 and (ii) a Bar Date Notice, substantially in the form attached hereto as Exhibit 2, to the following parties:

    1. the U.S. Trustee;

    2. attorneys for the Creditors' Committee;

    3. all known holders of claims listed on the Schedules at the addresses stated therein;

    4. all parties known to the Debtors as having potential claims against the Debtors' estates;

    5. all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

    6. all parties to litigation with the Debtors;

    7. in accordance with Bankruptcy Rule 2002(j), the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

    8. all parties who have requested notice pursuant to Bankruptcy Rule 2002 (1-8, collectively, the "*Notice Parties*").

(b) At least **twenty-five (25) days** prior the General Bar Date, the Debtors shall publish the Bar Date Notice, with any necessary modifications for

ease of publication, once in The Wall Street Journal (National Edition), and The Washington Post.

      (c)      The Debtors shall also post the Proof of Claim Form and Bar Date Notice on GCG's website at www.bearingpointinfo.com.

6.      The Debtors and the Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

7.      Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtors or be barred from doing so

8.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  New York, New York
        *__March 11, 2009__*

                                                   *__S/ Robert E. Gerber__*
                                                  UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

**Notice of Bar Dates**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
<u>In</u> <u>re</u>                                                      :
                                                                  :
BE NEW YORK HOLDINGS, INC.,                                       :
BEARINGPOINT, INC.,                                               :
BEARINGPOINT, LLC,                                                :
BEARINGPOINT AMERICAS, INC.,                                      :
BEARINGPOINT BG, LLC,                                             :
BEARINGPOINT ENTERPRISES HOLDINGS, LLC,                           :
BEARINGPOINT GLOBAL, INC.,                                        :
BEARINGPOINT GLOBAL OPERATIONS, INC.,                             :
BEARINGPOINT INTERNATIONAL I, INC.,                               :
BEARINGPOINT ISRAEL, LLC,                                         :
BEARINGPOINT PUERTO RICO, LLC,                                    :
BEARINGPOINT RUSSIA, LLC,                                         :
BEARINGPOINT SOUTH PACIFIC, LLC,                                  :
BEARINGPOINT SOUTHEAST ASIA LLC,                                  :
BEARINGPOINT TECHNOLOGY PROCUREMENT                               :
   SERVICES, LLC,                                   :
BEARINGPOINT USA, INC.,                                           :
I2 MID ATLANTIC LLC,                                              :
I2 NORTHWEST LLC,                                                 :
OAD ACQUISITION CORP.,                                            :
OAD GROUP, INC.,                                                  :   **Chapter 11**
METRIUS, INC.,                                                    :
PELOTON HOLDINGS, L.L.C.,                                         :   **Case Nos. 09 - 10690 (REG)**
SOFTLINE ACQUISITION CORP.,                                       :   **Through 09 - 10713 (REG)**
SOFTLINE CONSULTING AND INTEGRATORS, INC.                         :
                                                                  :   **(Jointly Administered Under**
   Debtors.                                         :   **Case No. 09 - 10691 (REG))**
------------------------------------------------------------------x

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
(INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(B)(9))**

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST A DEBTOR SET FORTH BELOW:

PLEASE TAKE NOTICE THAT, on March __, 2009, the United States Bankruptcy Court for the Southern District of New York (the "*Court*"), having jurisdiction over the chapter 11 cases of BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "*Debtors*," and together with their non-debtor affiliates, "*BearingPoint*"),[1] entered an order (the "*Bar Date Order*") establishing (i) **April 17, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim (including claims under section 503(b)(9) of the Bankruptcy Code) ("*Proof of Claim*") based on prepetition claims against the Debtors (the "*General Bar Date*"); and (ii) **August 17, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtors (the "*Governmental Bar Date*" and, together with the General Bar Date, the "*Bar Dates*"). The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **February 18, 2009**, the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

---

[1] A list of the debtor entities, including case numbers, Tax ID numbers, and trade names is attached at the end.

**If you have any questions with respect to this Notice, please feel free to contact Alix Partners at 1-888-703-3663 or by e-mail at bearingpoint@alixpartners.com.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1. **WHO MUST FILE A PROOF OF CLAIM**

    You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in the Debtors' estate if you have a claim that arose prior to **February 18, 2009**, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before **February 18, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **February 18, 2009.** Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2. **WHO NEED NOT FILE A PROOF OF CLAIM**

    You need not file a Proof of Claim if:

    (1) Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount, priority, or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

    (2) Your claim has been paid in full by the Debtors;

    (3) You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

    (4) You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; **provided**, **however**, **Claims asserted on account of section 503(b)(9) of the Bankruptcy Code, are subject to the General Bar Date as provided above**. Section 503(b)(9) provides in part as follows: "..there shall be allowed administrative expenses … including … (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." **Accordingly, if you have a Claim under Bankruptcy Code section 503(b)(9), you must file a proof of claim on or before the General Bar Date**;

    (5) You hold a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    (6) You hold a claim for which a separate deadline is fixed by this Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

    (7) You are a Debtor in these cases having a claim against another Debtor; or

    (8) You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or the Agent, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, governmental unit or trust) must file a Proof of Claim, as described herein, before the applicable Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is thirty days following the entry of an order rejecting or be forever barred from doing so.

**4.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

If by overnight courier or hand delivery to:

The Garden City Group, Inc.
Attn: BearingPoint, Inc.
105 Maxess Road
Melville, New York 11747

If by first-class mail, to:

The Garden City Group, Inc.
Attn: BearingPoint, Inc.
P.O. Box 9000 #6525
Merrick, New York 11566

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by the Agent or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.      WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially with the form attached to this Notice ("***Proof of Claim Form***"); (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor, separate Proofs of Claim must be filed against each such Debtor and all holders of claims must identify on their Proof of Claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth above.

Additional Proof of Claim forms may be obtained at www.uscourts.gov/bkforms/ or the Claims Agent's website at www.bearingpointinfo.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form for any claim such creditor holds or wishes to assert against the Debtors, will be barred from asserting such claim against the Debtors and their estates, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim.**

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a proof of claim. Otherwise, or if you decide, to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.bearingpointinfo.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004. Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

The Garden City Group, Inc.
Attn: BearingPoint, Inc.
P.O. Box 9000 #6525
Merrick, New York 11566-9000.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

DATED: March ___, 2009                                          BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| BE New York Holdings, Inc. | 09-10690 | 13-6160278 | Peatmarwick, Inc. |
| BearingPoint, Inc. | 09-10691 | 22-3680505 | KPMG Consulting, Inc. |
| BearingPoint, LLC | 09-10692 | 22-3680806 | KPMG Consulting, LLC |
| BearingPoint Americas, Inc. | 09-10693 | 22-3680464 | KPMG Consulting Americas, Inc. |
| BearingPoint BG, LLC | 09-10694 | N/A | Barents Group, L.L.C. |
| BearingPoint Enterprise Holdings, LLC | 09-10695 | 22-3509182 | KPMG Enterprise Holdings LLC |
| BearingPoint Global, Inc. | 09-10696 | 51-0521163 | BearingPoint Espana, Inc. |
| BearingPoint Global Operations, Inc. | 09-10697 | 54-2054530 | KPMG Consulting Global Operations, Inc. |
| BearingPoint International I, Inc. | 09-10698 | 03-0463038 | KPMG Consulting International I, Inc. |
| BearingPoint Israel, LLC | 09-10699 | N/A | KPMG Consulting Israel, LLC |
| BearingPoint Puerto Rico, LLC | 09-10700 | 32-0038941 | Barents Group Puerto Rico LLC; Barents Group Puerto Rico, Inc. |
| BearingPoint Russia, LLC | 09-10701 | 98-0159262 | Barents Group Russia, LLC |
| BearingPoint South Pacific, LLC | 09-10702 | N/A | KPMG South Pacific, LLC |
| BearingPoint Southeast Asia LLC | 09-10703 | 51-0372618 | Barents Group CIS, L.L.C.; K Consulting Southeast Asia, L.L.C. |
| BearingPoint Technology Procurement Services, LLC | 09-10704 | 58-2234947 | KPMG Enterprise Integration Services LLC |
| BearingPoint USA, Inc. | 09-10705 | 43-1965085 | KPMG Consulting USA, Inc. |
| i2 Mid Atlantic LLC | 09-10706 | 22-3658793 | N/A |
| i2 Northwest LLC | 09-10707 | 22-3658792 | N/A |
| Metrius, Inc. | 09-10708 | 77-0424082 | N/A |
| OAD Acquisition Corp. | 09-10709 | 22-3614324 | N/A |
| OAD Group, Inc. | 09-10710 | 77-0309329 | N/A |
| Peloton Holdings, L.L.C. | 09-10711 | 52-1946615 | N/A |
| Softline Acquisition Corp. | 09-10712 | 22-3680455 | N/A |
| Softline Consulting and Integrators, Inc. | 09-10713 | 77-0405750 | N/A |