**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                     :
<u>In</u> <u>re</u>                                   :    Chapter 11 Case No.
                                                     :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**        :    09 - 10691 (REG)
                                                     :
    Debtors.                     :    (Jointly Administered)
                                                     :
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO IMPLEMENT A KEY EMPLOYEE INCENTIVE PLAN

Upon the motion (the "***Motion***"),[1] dated March 23, 2009, of BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), pursuant to section 363(b) of title 11 of the United States Code (the "***Bankruptcy Code***") for an order authorizing the Debtors to implement a key employee incentive plan (the "***Revised KEIP***") pursuant to terms set forth on a term sheet attached hereto as <u>Exhibit 1</u> (the "***Term Sheet***"), all as more fully described in the Motion; and the Court having held a hearing to consider the relief requested herein (the "***Hearing***"), the Court finds and determines the following:

    A.    Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

    B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    C.    The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

D. The Debtors have served notice of this Motion to parties in interest in accordance with the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated March 5, 2009 [Docket No. 117], and no further notice is necessary.

E. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

F. The Revised KEIP is reasonable and appropriate and the Debtors have exercised sound business judgment related thereto.

G. The relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest.

Therefore, it is hereby **ORDERED** that:

1. The Revised KEIP is **APPROVED,** pursuant to terms set forth in the Term Sheet attached hereto as Exhibit 1.

2. The Debtors are authorized to make target payouts up to an amount set forth in the Motion.

3. The Debtors are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to establish and effectuate the Revised KEIP as described in the Term Sheet, including, among other things, establishing escrow accounts for Wind Down Enhanced Severance and Recovery Incentives.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: **_July 24, 2009_**
    New York, New York

                                        **_s/ Robert E. Gerber_**
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**(KEIP Term Sheet)**

# KEIP TERM SHEET

1. **General**
    (a) A covered employee whose employment was involuntarily terminated "without cause" will receive all earned but unpaid amounts upon termination and all future payments at the same time as other employees in the plan.
    (b) Employees who receive a bona fide offer of employment at a rate of total compensation comparable to their prepetition rate of compensation from the Debtors or who otherwise accept employment from an entity acquiring some or all of the Debtors' customer contracts will not be entitled to payments under the KEIP
    (c) Funds for points 3 and 4 below will be escrowed. With respect to the Enhanced Severance Program, funds will be escrowed upon the approval of the KEIP, and with respect to the Wind Down Incentive, the amounts will be escrowed as earned.

2. **Sale Incentive Payments:**

    (a) Total: $1.8 million

    (b) Distribution to "Insiders":

    | | |
    |---|---|
    | Harbach | $900,000 |
    | DeGroote | $400,000 |
    | Goldfarb | $250,000 |
    | Martino | $150,000 |
    | Palmer | $100,000 |

    (c) Bonuses are earned 40% PS, 20% CS, 20% Japan and 20% EMEA.

    (d) Timing of Payment: Sale Incentive Payments will be payable as soon as practicable following the closing of the respective transaction however, the cumulative Sale Incentive Payments to any individual will not exceed the pro rata portion of the amount listed in 2(b) to the amounts distributed to the Secured Creditors with respect to the total secured obligation at the date of filing, including letters of credit. For purposes of this section, distributions to secured Creditors include the reduction or cash collateralization and of letters of credit.

3. **Wind-Down Enhanced Severance Payments:**

    (a) Total: Up to $5.0 million

    (b) Distribution: Only to **Non-Insiders** (i.e., all employees not Insiders listed in 2(b) above) necessary for completion of Estate Transition and Estate Wind Down.

Recipients and individual amounts to be determined by Debtors, subject to the reasonable consent of the Unsecured Creditors Committee or their successor for amounts to any individual in excess of $150,000.

(c) Payout methodology: 2 weeks for every month of service (to begin June 1, 2009), in addition to regular severance or MD Agreement notice payments. Minimum total payout of 12 weeks, maximum of 52 weeks (inclusive of standard severance or MD Agreement notice payment).

(d) Amounts remaining under the $5.0 million cap, or forfeited amounts due to voluntary attrition, available for redistribution of additional payments to existing and/or new participants as determined by the Debtors.

(e) Any cumulative amount to any individual in excess of $150,000 shall besubject to the reasonable consent of the Unsecured Creditors Committee or their successor.

4. **Wind-Down Incentive Payments:**

(a) Total: Total available for distribution would be based upon actual recoveries to prepetition creditors ("**Recoveries**").

- 5% of Recoveries over $350 million
- 5% of Letter of Credit reductions or collateralizations from the date of filing in excess of $37.5 million

(b) Distribution: To all insider and non-insider employees deemed by the Debtors to make a special contribution to achieving Recoveries, subject to the reasonable consent of the Unsecured Creditors Committee or their successor for payments with respect to any individual in excess of $500,000.

(c) Timing of Payment: Paid upon conclusion of wind-down or upon distribution of substantially all anticipated recoveries with respect to unsecured creditors.