WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
BEARINGPOINT, INC., et al.,             :        09 - 10691 (REG)
                                        :
        Debtors.                        :        (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**FIRST INTERIM FEE APPLICATION**

| NAME OF APPLICANT: | Weil, Gotshal & Manges LLP |
|---|---|
|  |  |
| TIME PERIOD: | February 18, 2009 through and including June 30, 2009 |
|  |  |
| ROLE IN THE CASE: | Attorneys for the Debtors |
|  |  |
| CURRENT APPLICATION: | Total Fees Requested:  $4,396,609.25 |
|  | Total Expenses Requested:  $153,591.84 |
|  |  |
| PRIOR APPLICATIONS: | N/A |

### SUMMARY OF FIRST INTERIM FEE APPLICATION
### OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
### FOR THE PERIOD FEBRUARY 18, 2009 THROUGH JUNE 30, 2009

### PARTNERS & OF COUNSELS

| NAME OF PROFESSIONAL | DEPARTMENT[1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Goldstein, Marcia | BFR – 1976 | $950.00 | 48.2 | $   45,790.00 |
| Dixon, Catherine T. | C – 1982 | $950.00 | 5.6 | $    5,320.00 |
| Silberberg, Marc L. | T – 1980 | $925.00 | 74.4 | $   68,820.00 |
| Gold, Simeon | C – 1974 | $925.00 | 182.7 | $  168,997.50 |
| Waksman, Ted S. | C – 1974 | $925.00 | 2.6 | $    2,405.00 |
| Pérez, Alfredo R. | BFR – 1980 | $900.00 | 570.3 | $  513,270.00 |
| Goldring, Stuart J. | T – 1984 | $900.00 | 14.9 | $   13,410.00 |
| Gaines, Andrew L. | T – 1987 | $900.00 | 4.3 | $    3,870.00 |
| Geerling, Tobias | T – Munich | $890.00 | 7.3 | $    6,497.00 |
| Kam, Michael K. | T – 1987 | $875.00 | 11.9 | $   10,412.50 |
| Levine, Richard L. | L – 1984 | $850.00 | 47.6 | $   40,460.00 |
| Smolinsky, Joseph | BFR – 1989 | $825.00 | 62.5 | $   51,562.50 |
| Pace, Christopher R. | L – 1991 | $800.00 | 70.1 | $   54,640.00 |
| Bower, David I. | T – 1979 | $790.00 | 28.7 | $   22,673.00 |
| Ostolaza, Yvette | L – 1992 | $790.00 | 26.5 | $   20,935.00 |
| Garcia, Yolanda C. | L – 1999 | $700.00 | 136.6 | $   95,620.00 |
| Ferrillo, Paul A. (Counsel) | L – 1989 | $700.00 | 10.6 | $    7,420.00 |
| Baer, Lawrence J. (Counsel) | L – 1984 | $700.00 | 6.7 | $    4,690.00 |
| **Total Partners** | | | **1,311.5** | **$    1,136,792.50** |

[1] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  X – Library, LS – Litigation Support, MC – Managing Clerk ,  * Not yet admitted to the bar.

## ASSOCIATES

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION | |
|---|---|---|---|---|---|
| Suess, Wolfgang | C – Munich | $660.00 | 16.1 | $ | 10,626.00 |
| Larson, Michelle V. | BFR – 1996 | $640.00 | 2.9 | $ | 1,856.00 |
| Gavsie, Kenneth P. | L – 1999 | $640.00 | 24.9 | $ | 15,936.00 |
| Berkovich, Ronit J. | BFR – 2002 | $630.00 | 134.6 | $ | 84,798.00 |
| Deruelle, Paullette C. | L – 2002 | $630.00 | 25.0 | $ | 15,750.00 |
| Hartmann, Michelle | L – 2001 | $630.00 | 106.3 | $ | 64,921.50 |
| Goldman, John T. | C – 2002 | $630.00 | 2.0 | $ | 1,260.00 |
| Sanborn, James E. | L – 2002 | $610.00 | 3.3 | $ | 2,013.00 |
| Kolar, Jordan K. | T – 2004 | $580.00 | 249.7 | $ | 144,826.00 |
| Chen, Andrew J. | C – 2005 | $580.00 | 200.0 | $ | 116,000.00 |
| Bremer, Carmen E. | L – 2003 | $580.00 | 12.9 | $ | 7,482.00 |
| Woller, Scott D. | L – 2005 | $540.00 | 163.1 | $ | 88,074.00 |
| Velevis, Robert S. | L – 2004 | $540.00 | 10.0 | $ | 5,400.00 |
| Allen, Margaret H. | L – 2004 | $540.00 | 130.8 | $ | 70,632.00 |
| Meyer, Damon P. | BFR – 2006 | $500.00 | 1,056.6 | $ | 525,150.00 |
| Skeete, Hannah | C – 2008 | $500.00 | 20.9 | $ | 10,450.00 |
| Huang, Sonja | T – 2006 | $500.00 | 51.7 | $ | 25,850.00 |
| D'Amico, Brian J. | L – 2005 | $500.00 | 9.2 | $ | 4,600.00 |
| Barnett, Kent H. | L – 2005 | $500.00 | 13.3 | $ | 6,650.00 |
| Konig, Robert | C – 2004 | $500.00 | 1.8 | $ | 900.00 |
| Tseng, Conray C. | BFR – 2007 | $465.00 | 800.3 | $ | 372,139.50 |
| Zigman, Abigail L. | BFR – 2007 | $465.00 | 921.5 | $ | 427,939.50 |
| Shah, Manesh J. | BFR – 2007 | $465.00 | 190.6 | $ | 88,629.00 |
| Pohl, Joshua | T – 2007 | $465.00 | 76.5 | $ | 35,572.50 |
| Moore, Sarah E. | L – 2007 | $465.00 | 179.7 | $ | 83,560.50 |
| Klein, Daniel S. | L – 2009 | $465.00 | 6.4 | $ | 2,976.00 |
| Alcantar, Jose R. | BFR – 2008 | $415.00 | 518.8 | $ | 215,302.00 |
| Lurie, Jamie W. | C – 2008 | $415.00 | 55.2 | $ | 22,908.00 |
| Ondersma, Chrystin | BFR – 2009 | $415.00 | 582.4 | $ | 238,210.00 |
| Cheng, Jennifer | C – * | $415.00 | 174.9 | $ | 72,583.50 |
| Lee, June K. | L – 2008 | $415.00 | 45.3 | $ | 18,799.50 |
| O'Connor, John T. | L – 2007 | $415.00 | 16.7 | $ | 6,930.50 |
| Wandt, Alexander | C – Munich | $390.00 | 1.0 | $ | 390.00 |
| Sharma, Rahul K. | BFR – 2009 | $355.00 | 594.7 | $ | 211,118.50 |
| Yates, Erin K. | L – 2009 | $355.00 | 13.1 | $ | 3,922.75 |
| Burton, Casey A. | L – 2008 | $355.00 | 14.1 | $ | 5,005.50 |
| Thompson, Sunny J. | L – 2008 | $355.00 | 125.4 | $ | 44,517.00 |
| Evans, Christopher L. | L – * | $355.00 | 69.6 | $ | 24,708.00 |
| Fain, Courtney P. | L – * | $355.00 | 2.0 | $ | 710.00 |
| Gelfand, Joshua S. | T – 2007 | $355.00 | 9.9 | $ | 3,514.50 |
| **Total Associates** | | | **6,633.2** | **$** | **3,082,611.25** |

**PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF**

| NAME OF PROFESSIONAL | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $245.00 | 14.2 | $ 3,479.00 |
| Stauble, Christopher A. | BFR | $245.00 | 4.8 | $ 1,176.00 |
| Higginbotham, Linda D. | LS | $235.00 | 41.8 | $ 9,823.00 |
| Fletcher, Aaron | L | $235.00 | 2.5 | $ 587.50 |
| Mitchel, Gayle E. | BFR | $230.00 | 28.7 | $ 6,601.00 |
| Hausman, Jeffrie | L | $230.00 | 3.6 | $ 828.00 |
| Mills, Marvin | Law Clerk | $225.00 | 8.6 | $ 1,935.00 |
| Litvack, David | Law Clerk | $225.00 | 17.8 | $ 4,005.00 |
| Rosen, Chelsea | Law Clerk | $225.00 | 15.6 | $ 3,510.00 |
| Robin, Artur | L | $215.00 | 9.0 | $ 1,935.00 |
| George, Camille A. | BFR | $210.00 | 26.4 | $ 1,680.00 |
| Cade, Nancy P. | L | $210.00 | 92.8 | $ 19,488.00 |
| Siebel, Peter A. | BFR | $210.00 | 35.7 | $ 2,520.00 |
| Haiken, Lauren C. | LS | $210.00 | 2.0 | $ 420.00 |
| Romero, Jorge A. | L | $205.00 | 9.3 | $ 1,906.50 |
| Smith, Odalys C. | L | $205.00 | 2.4 | $ 492.00 |
| Maravilla, Mel C. | C | $200.00 | 5.7 | $ 1,140.00 |
| Chan, Herbert | L | $195.00 | 6.2 | $ 1,209.00 |
| Losick, Merill | X | $195.00 | 6.5 | $ 1,267.50 |
| McLaughlin, Daniel F. | X | $195.00 | 3.0 | $ 585.00 |
| Bennett, Victoria A | L | $195.00 | 15.0 | $ 2,925.00 |
| Melson, Elizabeth E. | L | $195.00 | 7.5 | $ 1,462.50 |
| Rodriguez, Ilusion | BFR | $180.00 | 21.9 | $ 3,942.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 54.4 | $ 6,246.00 |
| Amponsah, Duke | BFR | $180.00 | 5.6 | $ 1,008.00 |
| Koul, Yashomati B. | BFR | $180.00 | 8.0 | $ 1,440.00 |
| Olvera, Rene A. | BFR | $180.00 | 1.4 | $ 252.00 |
| Mukendi, Julie B. | L | $180.00 | 8.5 | $ 1,530.00 |
| Ribaudo, Mark | MC | $170.00 | 4.1 | $ 697.00 |
| Aliseo, Nicole K. | BFR | $160.00 | 482.6 | $ 74,336.00 |
| Matiteyahu, Gillad | BFR | $160.00 | 23.1 | $ 3,696.00 |
| Wilmer, Andrea | BFR | $160.00 | 18.3 | $ 2,928.00 |
| Etienne, Donald | BFR | $160.00 | 9.3 | $ 1,488.00 |
| Ryu, Nakyung C. | C | $160.00 | 2.0 | $ 320.00 |
| Mehta, Mona V. | L | $160.00 | 6.5 | $ 1,040.00 |
| Stewart, LaSonya R. | L | $160.00 | 22.1 | $ 3,536.00 |
| Mitrayon, Michael | L | $160.00 | 6.6 | $ 1,056.00 |
| Park, Jiwon | L | $160.00 | 16.4 | $ 2,624.00 |
| Carmant, Marie | X | $145.00 | 4.1 | $ 594.50 |
| Cruz, Luis | X | $135.00 | 3.2 | $ 432.00 |
| Jalomo, Chris | BFR | $130.00 | 6.5 | $ 845.00 |
| Mitchell, Alea | | $110.00 | 2.0 | $ 220.00 |
| **Total Paraprofessionals** | | | **1,065.7** | **$ 177,205.50** |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $ 866.79 | 1,311.5 | $    1,136,792.50 |
| Associates | $ 464.72 | 6,633.2 | $    3,082,611.25 |
| Paraprofessionals | $ 166.28 | 1,065.7 | $       177,205.50 |
| **Total Fees Incurred** | | **9,010.4** | **$    4,396,609.25** |
| **Blended Attorney Rate** | **$ 531.10** | | |
| | | | |
| **Total Fees Requested** | | **9,010.4** | **$    4,396,609.25** |

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                 :
<u>In</u> <u>re</u>                                          :          **Chapter 11 Case No.**
                                                 :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**                    :          **09 - 10691 (REG)**
                                                 :
        **Debtors.**                                   :          **(Jointly Administered)**
                                                 :
-----------------------------------------------------------------x

**FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP,**
**AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**<u>EXPENSES INCURRED FROM FEBRUARY 18, 2009 THROUGH JUNE 30, 2009</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

                Weil, Gotshal & Manges LLP ("***WGM***"), attorneys for BearingPoint, Inc. and

certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "***Debtors***"), for its first application (the "***Application***"), pursuant to

sections 330(a) and 331 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for the interim

allowance of compensation for professional services performed by WGM for the period

commencing February 18, 2009 through and including June 30, 2009 (the "***Compensation***

***Period***"), and for reimbursement of its actual and necessary expenses incurred during the

Compensation Period, respectfully represents:

### SUMMARY OF PROFESSIONAL COMPENSATION
### AND REIMBURSEMENT OF EXPENSES REQUESTED

1.      This Application has been prepared in accordance with the Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on June 20, 1991 (the "***Fee and Disbursement Guidelines***") and the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "***Local Guidelines***"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996 (the "***UST Guidelines***"), and the *Order Pursuant to*

*Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing*

*Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*

(the "***Administrative Order***," and collectively with the Local Guidelines and the UST

Guidelines, the "***Guidelines***").  Pursuant to the Local Guidelines, a certification regarding

compliance with the same is annexed hereto as <u>Exhibit A</u>.  Pursuant to the UST Guidelines, the

Debtors have reviewed this Application and approved of the entire amount requested by WGM

for services performed and expenses incurred during the Compensation Period.

2.      WGM seeks allowance of interim compensation for professional services

rendered to the Debtors during the Compensation Period in the aggregate amount of

$4,550,201.09 which consists of $4,396,609.25, representing 100% of the fees incurred during

the Compensation Period, and reimbursement of $153,591.84 representing 100% of the actual

and necessary expenses WGM incurred during the Compensation Period.  During the

Compensation Period, WGM attorneys and paraprofessionals expended a total of 9,010.4 hours

for which compensation is sought.

3.      During the Compensation Period, other than pursuant to the

Administrative Order, WGM has received no payment and no promises of payment from any

source for services rendered or to be rendered in any capacity whatsoever in connection with the

matters covered by this Application.  There is no agreement or understanding between WGM

and any other person, other than members of the firm, for the sharing of compensation to be

received for services rendered in these cases.

4.      In accordance with the Administrative Order, WGM has received

payments totaling $3,065,399.81 for the Compensation Period, which consists of $2,977,161.75,

representing 80% of the fees incurred during the first three months of these cases and

$88,238.06, representing 100% of the expenses incurred during the first three months of these

cases.

5.      Prior to the date of the hearing on this Application, the Debtors expect to

pay WGM $1,484,801.28 for the months of May and June 2009, which consists of

$1,419,447.50, representing 80% of the fees incurred during such months and $65,353.78,

representing 100% of the expenses incurred during such months.

6.      During the Compensation Period WGM voluntarily reduced its charges by

$90,311.94, representing a voluntary reduction in fees of $77,413.75 and of expenses by

$12,898.19.

7.      The fees charged by WGM in these cases are billed in accordance with its

existing billing rates and procedures in effect during the Compensation Period.  The rates WGM

charges for the services rendered by its professionals and paraprofessionals in these chapter 11

cases are the same rates WGM charges for professional and paraprofessional services rendered in

comparable nonbankruptcy related matters.  Such fees are reasonable based on the customary

compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in

a competitive national legal market.

8.      Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit B</u> is a schedule

setting forth all WGM professionals and paraprofessionals who have performed services in these

chapter 11 cases during the Compensation Period, the capacities in which each such individual is

employed by WGM, the department in which each individual practices, the hourly billing rate

charged by WGM for services performed by such individual, the year in which each professional

was first licensed to practice law and the aggregate number of hours expended in this matter and

fees billed therefor.

9.      Annexed hereto as <u>Exhibit C</u> is a schedule specifying the categories of

expenses for which WGM is seeking reimbursement and the total amount for each such expense

category.

10.      Pursuant to Section II.D of the UST Guidelines, annexed hereto as

<u>Exhibit D</u> is a summary of WGM's time records billed during the Compensation Period,

including the utilization of project categories as hereinafter described.

11.      WGM maintains computerized records of the time spent by all WGM

attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11

cases (the "***Chapter 11 Cases***").  Subject to redaction or modification for the attorney-client

privilege where necessary to protect the Debtors' estates, copies of these computerized records have been furnished to the Court, the attorneys for the official committee of unsecured creditors (the "***Creditors' Committee***"), and the Office of the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") in the format specified by the UST Guidelines, as Annexes A, B, C, D, and E to this Application.  Due to the size of such computerized records, these Annexes are not attached to this Application, but are available upon request.

12.     In the one year prior to the commencement of the Chapter 11 Cases, the Debtors paid WGM an aggregate amount of $4,130,469.57 in respect of professional services rendered and to be rendered and for disbursements incurred and to be incurred in connection with (i) the Debtors' efforts prior to the commencement of the Chapter 11 Cases to restructure their obligations out of court, (ii) the preparation for the Chapter 11 Cases, and (iii) certain other related matters.  In the *Second Supplemental Declaration of Alfredo R. Pérez Pursuant to Bankrutpcy Code Sections 327, 328(a), 329 and 504 and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) in Support of Debtors' Application for Authorization to Employ and Retain Weil, Gotshal & Manges LLP as Attorneys for The Debtors, Nunc Pro Tunc to the Commencement Date* (the "***Supplemental Pérez Declaration***"), WGM disclosed that it has used this advance to credit the Debtors' account for WGM's estimated charges for professional services performed and expenses incurred up to the time of the commencement of the Chapter 11 Cases and has reduced the balance of the credit available to the Debtors by the amount of such charges.  As of the Commencement Date, WGM had a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in the approximate amount of $679,018.34.  (Supplemental Pérez Declaration ¶ 7).  WGM will retain

this amount and apply it towards any amounts owing as of the final fee applications considered by the Court.

13.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, WGM reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## BACKGROUND

14.    On February 18, 2009 (the "***Commencement Date***"), the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15.    This Court has jurisdiction to consider this Fee Application pursuant to 28 U.S.C. § 1334(b).  Consideration of the Fee Application is a core proceeding pursuant to 2 U.S.C. § 157(b)(2)(A).  The relief requested may be granted in accordance with the provisions of sections 328 and 330 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

16.    On February 27, 2009, the U.S. Trustee appointed a Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

17.    By application, dated March 3, 2009 (the "***Retention Application***") [Docket No. 95], the Debtors sought to retain WGM as their attorneys in the Chapter 11 Cases pursuant to sections 327(a) and 328(a) of the Bankruptcy Code *nunc pro tunc* to the Commencement Date.  A copy of the Retention Application is attached hereto as Exhibit E.

18.     On March 27, 2009, this Court entered an order, (the "**Retention Order**") [Docket No. 309], a copy of which is attached hereto as <u>Exhibit F</u>, approving the Retention Application.

19.     Following the Commencement Date, the Debtors initiated a sales process during which a number of potential buyers expressed interest in all or a portion of the Debtors' assets.  Since the Commencement Date, the Debtors have closed the sales of a significant portion of its assets and business entities.  The Debtors have sold a substantial portion of assets related to their Public Services group to Deloitte LLP and a substantial portion of assets related to their Commercial Services group to PriceWaterhouseCoopers, LLP.  In addition, the Debtors have sold their Japanese entities, their Brazilian entity, and are in the process of selling their remaining Public Service and Commercial Service group assets and their operations and rights to operate in Europe, the Middle East, and Africa.

**<u>SUMMARY OF SERVICES</u>**

20.     In the initial four months of the Chapter 11 Cases, WGM was required to render professional services to deal with various issues typically faced by a debtor at the outset of a chapter 11 case including, without limitation, (i) the negotiation with the Debtors' prepetition secured lenders (the "**Secured Lenders**") of the use of  cash collateral, (ii) the prosecution of the Debtors' first day motions, (iii) preparing the Debtors' schedules of assets and liabilities and statements of financial affairs (the "**Schedules and Statements of Financial Affairs**"), and (iv) various other tasks to assist in the stabilization of the Debtors' businesses and operations.  Further, in accordance with the Debtors' original intent to reorganize, WGM also expended significant time formulating a joint chapter 11 plan of reorganization (the "**Joint Plan of Reorganization**") and related disclosure statement (the "**Disclosure Statement**") and

negotiating these documents with the Secured Lenders and various other parties in interest.

21.    In addition to advising the Debtors on the issues typically faced by debtors at the outset of chapter 11 cases, in the initial months of the Chapter 11 Cases, WGM personnel worked to initiate a process to sell substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code (the "*Sales*").  WGM obtained Court approval of sales procedures and authorization for the Sales within weeks of the Commencement Date.  Further, WGM negotiated and drafted definitive agreements in preparation for the auctions in connection with certain of the Sales.  Finally, WGM assisted the Debtors in obtaining Bankruptcy Court approval of the Sales and closing the transactions.

22.    The closings of the Sales should be considered a significant victory for the Debtors and their estates.  At the outset of these cases, the future of the Debtors was unclear.  As a result of the Sales, the Debtors were able to maximize the value of their estates and, at the same time, preserve substantially all of the jobs that were transitioned to the purchasers.

23.    Other professional services rendered by WGM during the Compensation Period included, among other things, (i) preparing Debtors' officers for hearings; (ii) participating in various meetings with the attorneys for the Creditors' Committee and counsel for the Secured Lenders; (iii) responding to creditor inquiries concerning the Chapter 11 Cases; (iv) preparing monthly operating reports; (v) preparing and filing, on behalf of the Debtors, numerous motions, applications, and related court pleadings regarding, among other things, the retention of professionals, the extension of time to assume or reject unexpired leases and executory contracts, and the establishment of a date by which to file proofs of claims; and (vi) conducting voluminous discovery in preparation for, as well as participating in, contested

hearings involving, among other things, the use of cash collateral, the Sales, the retention of the

Debtors' financial advisor, Greenhill & Co., LLC ("***Greenhill***"), and various other matters.

       24.    The following is a summary of the significant professional services

rendered by WGM during the Compensation Period.  This summary is organized in accordance

with WGM's internal system of project or work codes.  <u>Exhibit D</u> provides a more detailed

breakdown of the time devoted and fees allocable to each work code.

     a.    <u>Case Administration (Work Code 10)</u>
          **Fees:** <u>$70,085.50</u>; **Hours:** <u>299.7</u>

- Maintained project list, case calendar, document databases, working group lists, master service list, hearing transcripts and case docket of documents filed with the Court.

- Filed and arranged for service of pleadings and corresponded with Debtors' noticing and claims agent regarding service.

- Prepared for hearings, including filing of agenda letters, affidavits of services, and notices.

- Met and teleconferenced with the Debtors regarding the case status and various business issues.

- Responded to various calls and emails from parties in interest.

     b.    <u>Schedules / Statement of Financial Affairs / MORs (Work Code 11)</u>
          **Fees:** <u>$31,616.50</u>; **Hours:** <u>72.3</u>

- Prepared, reviewed, and revised Debtors' Schedules and Statements of Financial Affairs.

- Conducted numerous meetings and telephone conferences with the Debtors, AlixPartners, and the Debtors' noticing and claims agent regarding the preparation of the Debtors' Schedules and Statements of Financial Affairs.

- Prepared motions seeking extensions of time to file the Debtors' Schedules and Statements of Financial Affairs.

- Assisted in preparation of monthly operating reports, and corresponded with Debtors and AlixPartners regarding monthly operating reports.

    c.         <u>Non-Working Travel (Work Code 12)</u>
                  **Fees:** <u>$4,215.25</u>; **Hours:** <u>14.2</u>

- Traveled to and from various destinations including, but not limited to, Bankruptcy Court hearings and meetings with Debtors.

    d.         General Case Strategy /
                <u>Internal Communications & Meetings (Work Code 20)</u>
                  **Fees:** <u>$179,311.50</u>; **Hours:** <u>358.0</u>

- Held internal meetings to prepare case and develop strategy regarding, among other things, hearings, the use of cash collateral, plan formulation, vendor issues, retention issues, labor and employment issues, severance issues, liquidation issues, and the Sales.

- Responded to calls and emails from various parties regarding case status, strategy, and open issues.

- Conferred with WGM team regarding case status, strategy, and chapter 11 issues.

    e.         <u>Client Communications (Work Code 21)</u>
                  **Fees:** <u>$55,577.00</u>; **Hours:** <u>87.4</u>

- Held numerous conferences with the Debtors' management and Debtors' financial advisor regarding strategic issues and status updates with respect to the Chapter 11 Cases.

- Prepared for and participated in calls with Debtors' board of directors.

- Participated on weekly status calls with Debtors and advisors.

- Corresponded with Debtors and advisors with respect to Debtors' recovery analysis and updates thereto.

    f.         <u>Secured Lenders Issues / Meetings / Communications (Work Code 22)</u>
                  **Fees:** <u>$6,820.00</u>; **Hours:** <u>11.4</u>

- Negotiated and corresponded with the Secured Lenders and their advisors regarding, among other things, the use of cash collateral, outstanding letters of credit, the Debtors' recovery analysis, the Sales, and general status updates.

g.    Committee & Bondholders Issues /
      Meetings / Communications (Work Code 23)
           **Fees:** $50,936.50; **Hours:** 85.9

- Prepared for and participated in meetings and corresponded with the Creditors' Committee and its professionals regarding the Debtors' wind-down and recovery analysis, the Sales, the use of cash collateral, and general case status.

- Reviewed Creditors' Committee discovery requests and corresponded with Creditors' Committee counsel regarding same; worked with Debtors to respond to discovery requests, including creating data rooms and conducting extensive document review.

- Communicated with Debtors regarding correspondence with Creditors' Committee.

h.    U.S. Trustee (Work Code 24)
           **Fees:** $17,454.50; **Hours:** 35.8

- Corresponded, through teleconferences and emails, with the U.S. Trustee regarding various issues pertaining to the Chapter 11 Cases including, but not limited to, first day motions, the formation of the Creditors' Committee, the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, insurance coverage, the Debtors' retention of professionals, and monthly operating reports.

- Prepared for and attended first meeting of creditors pursuant to section 341 of the Bankruptcy Code.

i.    Hearing and Court Matters (Work Code 25)
           **Fees:** $320,639.50; **Hours:** 821.7

- Prepared for and attended numerous hearings, including the first day hearing, and multiple hearings involving the consensual use of cash collateral.

- Prepared for and attended numerous contested bidding procedures and sale hearings, including two-day evidentiary hearing regarding approval of bidding procedures in connection with the sale of the Debtors' Public Services business unit.

- Prepared for and participated in status conferences and hearings regarding Debtors' recovery analysis and global settlement among Debtors, the Creditors' Committee, and the Secured Lenders.

- Drafted and revised various proposed orders.

- Prepared and filed agendas and notices of adjournment.

- Coordinated court call process and responded to queries regarding same.

- Conferred with opposing counsel regarding upcoming hearings.

j.    Billing Summary Review: WGM (Work Code 29)
      **Fees:** $ 0; **Hours:** 95.7

- Reviewed WGM monthly billing summary reports.

k.    Retention / Billings / Fee Applications: WGM (Work Code 30)
      **Fees:** $18,086.50; **Hours:** 51.5

- Drafted and revised monthly fee statements.

- Revised WGM retention application and drafted supplemental declaration in connection therewith.

l.    Retention / Fee Application: Other Professionals (Work Code 31)
      **Fees:** $184,701.00; **Hours:** 425.7

- Drafted and filed initial and revised retention applications for Greenhill. Conferred with various parties regarding objections to same.

- Prepared and filed interim fee application for Greenhill, corresponded with Greenhill, Debtors, U.S. Trustee, and professionals for Secured Lenders and Creditors' Committee regarding same.  Drafted and revised proposed order approving Greenhill's interim fee application, and obtained order approving allowance of fees requested in same.

- Reviewed and coordinated filing of various ordinary course professional affidavits and questionnaires and corresponded with ordinary course professionals regarding retention.

- Drafted, revised, and filed ordinary course professional list.

- Drafted and filed various retention applications for Debtors' professionals, including the Garden City Group, Inc., Alix Partners LLP, and numerous law firms retained as special counsel.

- Corresponded with Debtors' professionals regarding retentions, fee applications, and billing practices.

m.    <u>Bar Date Motion and Claims Reconciliation Issues (Work Code 40)</u>
      **Fees:** <u>$33,675.50</u>; **Hours:** <u>81.6</u>

- Drafted and revised motion to set deadlines by which creditors must file proofs of claim.

- Negotiated and prepared settlements with claim holders.

- Corresponded with Debtors' noticing and claims agent regarding bar date and claims reconciliation procedures.

n.    <u>Claims Objections Litigation (Work Code 41)</u>
      **Fees:** <u>$10,494.50</u>; **Hours:** <u>24.0</u>

- Responded to, negotiated with, and settled with certain prepetition creditors regarding the amount of claims.

o.    Plan of Reorganization (Negotiations and Drafting) /
      <u>Plan Confirmation (Work Code 50)</u>
      **Fees:** <u>$85,913.00</u>; **Hours:** <u>138.1</u>

- Negotiated, prepared, reviewed and filed Debtors' Joint Plan of Reorganization and First Amended Joint Plan of Reorganization; conferred with Debtors' management, Secured Lenders, Creditors' Committee and various other constituencies regarding same.

- Negotiated, prepared, and reviewed Debtors' Joint Plan of Liquidation; conferred with Debtors' management, Secured Lenders, Creditors' Committee and various other constituencies regarding same.

- Conferred with Debtors, Secured Lenders, the Creditors' Committee, and their professionals regarding Debtors' recovery analysis.

p.    <u>Exclusivity (Work Code 51)</u>
      **Fees:** <u>$14,832.50</u>; **Hours:** <u>37.3</u>

- Drafted, reviewed, and revised motion to extend the time periods in which the Debtors retain the exclusive right to file a chapter 11 plan and to solicit acceptances thereto.

q.    <u>Disclosure Statement / Solicitation / Voting (Work Code 52)</u>
      **Fees:** <u>$67,488.00</u>; **Hours:** <u>134.1</u>

- Drafted, reviewed, revised, and updated Debtors' Disclosure Statement and related documents; conferred with Debtors' management, Secured Lenders, Creditors' Committee and various other constituencies regarding same.

- Drafted and revised Debtors' motion to approve Disclosure Statement.

r.    Adversary Proceedings (Work Code 60)
      **Fees:** $101,814.00; **Hours:** 232.9

- Commenced an adversary proceeding against California SCO, drafted and revised complaint and other pleadings in connection therewith, participated in witness interviews, researched legal issues and issues related to performance bonds, and corresponded with Debtors and opposing counsel.

- Conferred internally and with Debtors regarding various issues in the adversary proceedings.

- Reviewed and responded to discovery requests.

s.    Automatic Stay (Work Code 61)
      **Fees:** $91,619.00; **Hours:** 200.8

- Drafted numerous letters asserting violations of the automatic stay and conducted research with respect thereto.

- Conferred with Debtors regarding automatic stay issues.

- Drafted and revised memorandum on issues related to automatic stay.

- Drafted and revised response to motion seeking to amend the automatic stay and prepared for hearing with respect thereto.

t.    Non-Bankruptcy Litigation (Work Code 62)
      **Fees:** $133,244.00; **Hours:** 266.0

- Communicated with Debtors, Creditors' Committee, Secured Lenders, and counterparties to various non-bankruptcy litigations unrelated to the Chapter 11 Cases.

- Drafted and revised settlements with respect to non-bankruptcy litigations.

- Corresponded with parties regarding removal of state court actions, and drafted motion to extend time to remove such actions.

- Corresponded with counterparties with respect to issues related to Debtors' letters of credit.

u.  FINRA Investigation Issues (Work Code 63)
    **Fees:** $186,134.00; **Hours:** 338.3

- Gathered and compiled information required by a Financial Industry Regulatory Authority ("***FINRA***") investigation launched shortly after the Commencement Date.

v.  Asset Disposition / 363 Issues (Work Code 70)
    **Fees:** $1,189,159.00; **Hours:** 2,312.8

- Conferred with Debtors' management and other professionals regarding the Sales.

- Coordinated sale of Debtors' Public Services business, including reviewing and analyzing bids, meeting and corresponding with Debtors' management and other professionals, reviewing sale documents, drafting and revising motion to approve bidding procedures and sale of Debtors' Public Services business, preparing for and attending contested bidding procedures and sale hearings and researching issues in connection therewith, conferring with Creditors' Committee and Secured Lenders in connection with sale of Public Services business, conferring with contract counterparties and purchaser regarding contract assignment or novation, and responding to objections in connection therewith.

- Prepared for multi-day contested hearing regarding bidding procedures in connection with sale of Debtors' Public Services business, including extensive document review, depositions and witness preparation.

- Coordinated sale of Debtors' Commercial Services business, including reviewing and analyzing bids, meeting and corresponding with Debtors' management and other professionals, reviewing sale documents, drafting and revising motion to approve bidding procedures and sale of Debtors' Commercial Services business, preparing for and attending bidding procedures and sale hearings and researching issues in connection therewith, preparing for and conducting auction for Commercial Services business, conferring with Creditors' Committee and Secured Lenders in connection with sale of Commercial Services business, conferring with contract counterparties and purchaser regarding contract assignment, and responding to objections in connection therewith.

- Reviewed sale documentation in connection with sale of Debtors' Europe, Middle East and Africa business, conferred with Debtors, Creditors' Committee, Secured Lenders and purchaser in connection therewith, drafted and revised motion to approve sale of EMEA business.

- Drafted and revised motion to sell legacy contracts, conferred with Debtors, Creditors' Committee and Secured Lenders with respect to

potential sales of contracts, drafted and revised motion with respect to sale of substantial portion of legacy contracts.

- Conferred with Debtors, Creditors' Committee, Secured Lenders and purchasers regarding sales of Japanese business and Brazil business, reviewed sale documentation, drafted and revised pleadings, and prepared for hearings in connection therewith.

- Attended numerous meetings and conference regarding Debtors' asset sales.

w.    Cash Collateral (Work Code 71)
      **Fees:** $113,893.00; **Hours:** 179.3

- Negotiated, drafted and reviewed documents in connection with the consensual use of cash collateral.

- Drafted and revised the Debtors' motions for authority to consensually use cash collateral and prepared exhibits and other documents in connection therewith.

- Attended meetings and conferences with Debtors, Creditors' Committee, Secured Lenders regarding use of cash collateral.

- Responded to discovery requests and conducted document review in connection with use of cash collateral, prepared witnesses for depositions in connection therewith, and attended depositions.

- Negotiated, drafted, and revised supplemental cash collateral order which settled multiple open issues, and drafted declaration related thereto.

- Corresponded with Debtors and professionals regarding cash collateral and budgets.

x.    General Business Operations (Work Code 80)
      **Fees:** $38,847.50; **Hours:** 77.4

- Corresponded with Debtors regarding business operations, general contract issues, and intellectual property issues.

- Conferred with Debtors and AlixPartners regarding cash management and intercompany issues.

- Reviewed and commented on Defense Contract Audit Agency ("*DCAA*") audit response.

y.    Communications & Public Relations (Work Code 81)
      **Fees:** $4,248.00; **Hours:** 9.1

- Coordinated with the Debtors' marketing department to communicate information regarding the Chapter 11 Cases.

z.    General Customer / Vendor / Creditor Issues (Work Code 82)
      **Fees:** $82,684.00; **Hours:** 186.8

- Responded to telephone and email inquiries from vendors and customers, and corresponded with Debtors regarding same.

- Conferred with Debtors regarding foreign vendor issues.

- Researched issues related to setoff and recoupment.

aa.   General Employee / ERISA / Benefits Issues (Work Code 83)
      **Fees:** $314,227.00; **Hours:** 587.1

- Researched, reviewed and drafted supplemental motion to pay wages and benefits.

- Researched, reviewed and drafted motions to assume managing director agreements and to continue the retention bonus plan.

- Researched, reviewed and drafted motion to reject certain restricted stock award programs, and responded to objections regarding same.

- Researched, reviewed and drafted motion to establish a key employee incentive plan; conferred with Debtors, professionals, Creditors' Committee, and Secured Lenders regarding same; participated in court hearings regarding same; conducted significant document review and discovery regarding same; revised plan and obtained court order approving key employee incentive plan.

- Responded to the Creditors' Committee's motion to vacate relief related to Debtors' paid-time off policy, prepared for and participated in hearings and depositions regarding same.

bb.   General Insurance & Workers Comp Issues (Work Code 84)
      **Fees:** $1,950.00; **Hours:** 3.8

- Researched various insurance issues and corresponded with Debtors regarding same.

cc.    General Real Property / Contract / 365 Issues (Work Code 85)
       **Fees:** $251,748.50; **Hours:** 608.60

- Conferred with landlords regarding payment issues and issues in connection with the assumption and assignment of and rejection of executory contracts and unexpired leases, and conferred with Debtors regarding appropriate cure amounts for leases.

- Drafted and filed stipulations with contract counterparties rejecting the rejection of their executory contracts and settlement of their damage claims.

- Prepared and prosecuted motion to extend time to assume or reject unexpired leases and executory contracts.

- Conferred with Debtors regarding the rejection of non-revenue contracts and unexpired leases; prepared, reviewed, and revised numerous motions to reject executory contracts and unexpired leases, including eight omnibus motions to reject contracts and four omnibus motions to reject leases.

dd.    Government Contracts (Work Code 86)
       **Fees:** $42,544.50; **Hours:** 94.6

- Researched issues involving government contracts, and subcontracts related thereto; communicated with Debtors regarding same.

- Conferred with Debtors regarding DCAA audit.

- Drafted and revised motion for authority to enter into contract with New York City.

ee.    International Issues (Work Code 87)
       **Fees:** $29,728.50; **Hours:** 42.6

- Conferred with Debtors regarding various issues involving foreign subsidiaries, intercompany claims, and repatriation.

ff.    Reclamation / 503(b)(9) / Comfort Orders (Work Code 88)
       **Fees:** $711.00; **Hours:** 1.0

- Conferred with Debtors regarding comfort orders granted by court at first-day hearing.

gg.   Utility Issues (Work Code 89)
        **Fees:** $10,669.50; **Hours:** 22.2

- Conferred with utility companies and with Debtors regarding service disruptions and requests for adequate assurance; drafted and revised demand letter to utility.

hh.   General Corporate Issues (Work Code 90)
        **Fees:** $335,705.00; **Hours:** 558.6

- Reviewed and revised SEC filings, including numerous 8-K filings and 10-K filing, and conferred with Debtors and Debtors' other professionals regarding same.

- Conferred with Debtors and Secured Lenders regarding modified reporting; drafted and submitted white paper to SEC regarding modified reporting.

- Prepared for and participated in weekly calls with Debtors regarding corporate issues and status updates.

- Prepared for and participated in audit committee meeting.

- Prepared for and participated in calls with Debtors' Board of Directors.

ii.   General Tax Issues (Work Code 91)
        **Fees:** $315,835.50; **Hours:** 514.1

- Reviewed and revised tax sections of Debtors' Joint Plan of Reorganization and Disclosure Statement and prepared tax analysis for same; conferred with Debtors, Creditors' Committee, Secured Lenders, and their professionals regarding same.

- Drafted and revised motion to establish restrictions on trading of Debtors' equity and claims, in order to preserve certain tax net operating losses.

- Reviewed sales of foreign subsidiaries for tax implications; drafted motions to effectuate transactions pertaining to intercompany claims, with regards to transactions involving Japanese and Chinese subsidiaries.

- Prepared for and participated in weekly calls with Debtors regarding tax issues.

25.    The foregoing professional services performed by WGM were necessary

and appropriate to the administration of the Chapter 11 Cases.  The professional services

performed by WGM were in the best interests of the Debtors and other parties in interest.

Compensation for the foregoing services as requested is commensurate with the complexity,

importance, and nature of the problems, issues, or tasks involved.  The professional services

were performed with expedition and in an efficient manner.

   26.  The majority of the services performed by members and associates of

WGM were rendered by the Business Finance & Restructuring Department.  WGM has a

preeminent practice in this area and enjoys a national reputation for its expertise in financial

reorganizations and restructurings of troubled entities, with approximately 83 attorneys that

specialize in this area of law.

   27.  The professional services performed by WGM on behalf of the Debtors

during the Compensation Period required an aggregate expenditure of 9,010.4 recorded hours by

WGM's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended,

1,311.5 recorded hours were expended by partners and counsel of WGM, 6,633.2 recorded hours

were expended by associates, and 1,065.7 recorded hours were expended by paraprofessionals of

WGM.

   28.  During the Compensation Period, WGM billed the Debtors for time

expended by attorneys bases on hourly rates ranging from $355 to $950 per hour.  Allowance of

compensation in the amount requested would result in a blended hourly billing rate of

approximately $531.10 (based on 7,944.7 recorded hours for attorneys at WGM's regular billing

rates in effect at the time of the performance of services).  As noted, annexed hereto is a schedule

listing each WGM professional and paraprofessional who performed services in these cases

during the Compensation Period, the hourly rate charged by WGM for services performed by

each such individual, and the aggregate number of hours and charges by each such individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF WGM

29.    As set forth in Exhibit C hereto, WGM has disbursed $153,591.84 as

expenses incurred in providing professional services during the Compensation Period.  WGM's

disbursement policies pass through all out of pocket expenses at actual cost or an estimated

actual cost when the actual cost is difficult to determine.  For example, with respect to

duplication charges, WGM will charge $0.10 per page because the actual cost is difficult to

determine.  Similarly, as it relates to computerized research, WGM believes that it does not make

a profit on that service as a whole although the cost of any particular search is difficult to

ascertain.  Other reimbursable expenses (whether the service is performed by WGM in-house or

through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime,

overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk

fees.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

30.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  Section 330 provides that a court may award a professional

employed under section 327 of the Bankruptcy Code "reasonable compensation for actual

necessary services rendered . . . and reimbursement for actual, necessary expenses."  Section 330

also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;

(C)    whether the services were necessary to the
administration of, or beneficial at the time at
which the service was rendered toward the
completion of, a case under this title;

(D)    whether the services were performed within a
reasonable amount of time commensurate with the
complexity, importance, and nature of the problem,
issue, or task addressed; and

(E)    whether the compensation is reasonable based on
the customary compensation charged by
comparably skilled practitioners in cases other than
cases under this title.

31.    In the instant case, WGM respectfully submits that the services for which

it seeks compensation and the expenditures for which it seeks reimbursement in this Application

were necessary for and beneficial to the Debtors' orderly administration of their estates and their

rehabilitation and reorganization effort.  WGM worked assiduously to anticipate or respond to

the Debtors' needs and assist in the Debtors' chapter 11 process.  Such services and expenditures

were necessary to and in the best interests of the Debtors' estates and creditors.  Accordingly,

WGM further submits the compensation requested herein is reasonable in light of the nature,

extent, and value of such services to the Debtors, their estates, and all parties in interest.

32.    The foregoing professional services performed by WGM were necessary

and appropriate to the administration of the Chapter 11 Cases.  The professional services

performed by WGM were in the best interests of the Debtors and other parties in interest.

Compensation for the foregoing services as requested is commensurate with the complexity,

importance and nature of the problems, issues or tasks involved.  The professional services were

performed with expedience and in an efficient manner.

33.    Whenever possible, WGM sought to minimize the costs of its services to

the Debtors by utilizing talented junior attorneys and paraprofessionals to handle more routine

aspects of case administration.  A small group of the same WGM attorneys was utilized for the

vast majority of the work in these cases to minimize the costs of intra-WGM communication and

education about the Debtors' circumstances.

34.    In sum, the services rendered by WGM were necessary and beneficial to

the Debtors' estates and were consistently performed in a timely manner commensurate with the

complexity, importance, and nature of the issues involved, and approval of the compensation for

professional services and reimbursement of expenses sought herein is warranted.

## CONCLUSION

WHEREFORE WGM respectfully requests (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $4,550,201.09, which consists of $4,396,609.25, representing 100% of the fees incurred during the Compensation Period, and reimbursement of $153,591.84, representing 100% of the actual and necessary expenses WGM incurred during the Compensation Period; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WGM's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; and (iii) such other and further relief as is just.

Dated: August 14, 2009
       Houston, Texas

                                        /s/ Alfredo R. Pérez
                                        Marcia L. Goldstein
                                        Joseph H. Smolinsky
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007

                                                and

                                        Alfredo R. Pérez
                                        WEIL, GOTSHAL & MANGES LLP
                                        700 Louisiana Street, Suite 1600
                                        Houston, Texas 77002
                                        Telephone: (713) 546-5000
                                        Facsimile:  (713) 224-9511

                                        Attorneys for Debtors
                                        and Debtors in Possession

**<u>Exhibit A</u>**

**(Certification)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
<u>In</u> <u>re</u>                                          :        **Chapter 11 Case No.**
                                                            :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**               :        **09 - 10691 (REG)**
                                                            :
        **Debtors.**                                        :        **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST
APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR
<u>INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

        I, Alfredo R. Pérez, hereby certify that:

        1.        I am a partner with the applicant firm, Weil, Gotshal & Manges LLP

("**_WGM_**"), with responsibility for the chapter 11 cases of BearingPoint, Inc. and certain of its

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**_Debtors_**"), in respect of compliance with the Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by

the Court on June 20, 1991 (the "***Fee and Disbursement Guidelines***") and the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on April 19, 1995 (together with the Fee and

Disbursement Guidelines, the "***Local Guidelines***"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330, adopted on January 30, 1996 (the "***UST Guidelines***") and the *Order Pursuant to*

*Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing*

*Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* (the

"***Administrative Order***," and collectively with the Amended Local Guidelines and UST

Guidelines, the "***Guidelines***").

2.        This certification is made in respect of WGM's application, dated

August 14, 2009 (the "***Application***"), for interim compensation and reimbursement of expenses

for the period commencing February 18, 2009 through and including June 30, 2009 (the

"***Compensation Period***") in accordance with the Guidelines.

3.        In respect of section 2 of the Fee and Disbursement Guidelines, I certify

that WGM reviewed the fee application and has approved it.

4.        In respect of section B.1 of the Local Guidelines, I certify that:

   a.        I have read the Application;

   b.        to the best of my knowledge, information, and belief formed after
             reasonable inquiry, the fees and disbursements sought fall within
             the Local Guidelines;

   c.        the fees and disbursements sought are billed at rates in accordance
             with those customarily charged by WGM and generally accepted
             by WGM's clients; and

   d.        in providing a reimbursable service, WGM does not make a profit
             on that service, whether the service is performed by WGM in-
             house or through a third party.

5.     In respect of section B.2 of the Local Guidelines and as required by the Administrative Order, I certify that WGM has complied with these provisions requiring it to provide counsel for the official committee of unsecured creditors appointed in these cases and the Debtors, with a statement of WGM's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timetables set forth in the Local Guidelines and the Administrative Order.

6.     In respect of section B.3 of the Local Guidelines, I certify that the Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated: August 14, 2009
       Houston, Texas

Respectfully submitted,

By: /s/ Alfredo R. Pérez
        Alfredo R. Pérez

Marcia L. Goldstein
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

and

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

**Exhibit B**

## SUMMARY OF FIRST INTERIM FEE APPLICATION
## OF WEIL, GOTSHAL & MANGES LLP FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 18, 2009 THROUGH JUNE 30, 2009

### PARTNERS & OF COUNSELS

| NAME OF PROFESSIONAL | DEPARTMENT[1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Goldstein, Marcia | BFR – 1976 | $950.00 | 48.2 | $      45,790.00 |
| Dixon, Catherine T. | C – 1982 | $950.00 | 5.6 | $        5,320.00 |
| Silberberg, Marc L. | T – 1980 | $925.00 | 74.4 | $      68,820.00 |
| Gold, Simeon | C – 1974 | $925.00 | 182.7 | $    168,997.50 |
| Waksman, Ted S. | C – 1974 | $925.00 | 2.6 | $        2,405.00 |
| Pérez, Alfredo R. | BFR – 1980 | $900.00 | 570.3 | $    513,270.00 |
| Goldring, Stuart J. | T – 1984 | $900.00 | 14.9 | $      13,410.00 |
| Gaines, Andrew L. | T – 1987 | $900.00 | 4.3 | $        3,870.00 |
| Geerling, Tobias | T – Munich | $890.00 | 7.3 | $        6,497.00 |
| Kam, Michael K. | T – 1987 | $875.00 | 11.9 | $      10,412.50 |
| Levine, Richard L. | L – 1984 | $850.00 | 47.6 | $      40,460.00 |
| Smolinsky, Joseph | BFR – 1989 | $825.00 | 62.5 | $      51,562.50 |
| Pace, Christopher R. | L – 1991 | $800.00 | 70.1 | $      54,640.00 |
| Bower, David I. | T – 1979 | $790.00 | 28.7 | $      22,673.00 |
| Ostolaza, Yvette | L – 1992 | $790.00 | 26.5 | $      20,935.00 |
| Garcia, Yolanda C. | L – 1999 | $700.00 | 136.6 | $      95,620.00 |
| Ferrillo, Paul A. (Counsel) | L – 1989 | $700.00 | 10.6 | $        7,420.00 |
| Baer, Lawrence J. (Counsel) | L – 1984 | $700.00 | 6.7 | $        4,690.00 |
| **Total Partners** | | | **1,311.5** | **$      1,136,792.50** |

---

[1] BFR- Business Finance & Restructuring,  C – Corporate,  L – Litigation,  T – Tax,  X – Library, LS – Litigation Support, MC – Managing Clerk ,  * Not yet admitted to the bar.

## ASSOCIATES

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Suess, Wolfgang | C – Munich | $660.00 | 16.1 | $ 10,626.00 |
| Larson, Michelle V. | BFR – 1996 | $640.00 | 2.9 | $ 1,856.00 |
| Gavsie, Kenneth P. | L – 1999 | $640.00 | 24.9 | $ 15,936.00 |
| Berkovich, Ronit J. | BFR – 2002 | $630.00 | 134.6 | $ 84,798.00 |
| Deruelle, Paullette C. | L – 2002 | $630.00 | 25.0 | $ 15,750.00 |
| Hartmann, Michelle | L – 2001 | $630.00 | 106.3 | $ 64,921.50 |
| Goldman, John T. | C – 2002 | $630.00 | 2.0 | $ 1,260.00 |
| Sanborn, James E. | L – 2002 | $610.00 | 3.3 | $ 2,013.00 |
| Kolar, Jordan K. | T – 2004 | $580.00 | 249.7 | $ 144,826.00 |
| Chen, Andrew J. | C – 2005 | $580.00 | 200.0 | $ 116,000.00 |
| Bremer, Carmen E. | L – 2003 | $580.00 | 12.9 | $ 7,482.00 |
| Woller, Scott D. | L – 2005 | $540.00 | 163.1 | $ 88,074.00 |
| Velevis, Robert S. | L – 2004 | $540.00 | 10.0 | $ 5,400.00 |
| Allen, Margaret H. | L – 2004 | $540.00 | 130.8 | $ 70,632.00 |
| Meyer, Damon P. | BFR – 2006 | $500.00 | 1,056.6 | $ 525,150.00 |
| Skeete, Hannah | C – 2008 | $500.00 | 20.9 | $ 10,450.00 |
| Huang, Sonja | T – 2006 | $500.00 | 51.7 | $ 25,850.00 |
| D'Amico, Brian J. | L – 2005 | $500.00 | 9.2 | $ 4,600.00 |
| Barnett, Kent H. | L – 2005 | $500.00 | 13.3 | $ 6,650.00 |
| Konig, Robert | C – 2004 | $500.00 | 1.8 | $ 900.00 |
| Tseng, Conray C. | BFR – 2007 | $465.00 | 800.3 | $ 372,139.50 |
| Zigman, Abigail L. | BFR – 2007 | $465.00 | 921.5 | $ 427,939.50 |
| Shah, Manesh J. | BFR – 2007 | $465.00 | 190.6 | $ 88,629.00 |
| Pohl, Joshua | T – 2007 | $465.00 | 76.5 | $ 35,572.50 |
| Moore, Sarah E. | L – 2007 | $465.00 | 179.7 | $ 83,560.50 |
| Klein, Daniel S. | L – 2009 | $465.00 | 6.4 | $ 2,976.00 |
| Alcantar, Jose R. | BFR – 2008 | $415.00 | 518.8 | $ 215,302.00 |
| Lurie, Jamie W. | C – 2008 | $415.00 | 55.2 | $ 22,908.00 |
| Ondersma, Chrystin | BFR – 2009 | $415.00 | 582.4 | $ 238,210.00 |
| Cheng, Jennifer | C – * | $415.00 | 174.9 | $ 72,583.50 |
| Lee, June K. | L – 2008 | $415.00 | 45.3 | $ 18,799.50 |
| O'Connor, John T. | L – 2007 | $415.00 | 16.7 | $ 6,930.50 |
| Wandt, Alexander | C – Munich | $390.00 | 1.0 | $ 390.00 |
| Sharma, Rahul K. | BFR – 2009 | $355.00 | 594.7 | $ 211,118.50 |
| Yates, Erin K. | L – 2009 | $355.00 | 13.1 | $ 3,922.75 |
| Burton, Casey A. | L – 2008 | $355.00 | 14.1 | $ 5,005.50 |
| Thompson, Sunny J. | L – 2008 | $355.00 | 125.4 | $ 44,517.00 |
| Evans, Christopher L. | L – * | $355.00 | 69.6 | $ 24,708.00 |
| Fain, Courtney P. | L – * | $355.00 | 2.0 | $ 710.00 |
| Gelfand, Joshua S. | T – 2007 | $355.00 | 9.9 | $ 3,514.50 |
| **Total Associates** | | | **6,633.2** | **$ 3,082,611.25** |

**PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF**

| NAME OF PROFESSIONAL | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $245.00 | 14.2 | $ 3,479.00 |
| Stauble, Christopher A. | BFR | $245.00 | 4.8 | $ 1,176.00 |
| Higginbotham, Linda D. | LS | $235.00 | 41.8 | $ 9,823.00 |
| Fletcher, Aaron | L | $235.00 | 2.5 | $ 587.50 |
| Mitchel, Gayle E. | BFR | $230.00 | 28.7 | $ 6,601.00 |
| Hausman, Jeffrie | L | $230.00 | 3.6 | $ 828.00 |
| Mills, Marvin | Law Clerk | $225.00 | 8.6 | $ 1,935.00 |
| Litvack, David | Law Clerk | $225.00 | 17.8 | $ 4,005.00 |
| Rosen, Chelsea | Law Clerk | $225.00 | 15.6 | $ 3,510.00 |
| Robin, Artur | L | $215.00 | 9.0 | $ 1,935.00 |
| George, Camille A. | BFR | $210.00 | 26.4 | $ 1,680.00 |
| Cade, Nancy P. | L | $210.00 | 92.8 | $ 19,488.00 |
| Siebel, Peter A. | BFR | $210.00 | 35.7 | $ 2,520.00 |
| Haiken, Lauren C. | LS | $210.00 | 2.0 | $ 420.00 |
| Romero, Jorge A. | L | $205.00 | 9.3 | $ 1,906.50 |
| Smith, Odalys C. | L | $205.00 | 2.4 | $ 492.00 |
| Maravilla, Mel C. | C | $200.00 | 5.7 | $ 1,140.00 |
| Chan, Herbert | L | $195.00 | 6.2 | $ 1,209.00 |
| Losick, Merill | X | $195.00 | 6.5 | $ 1,267.50 |
| McLaughlin, Daniel F. | X | $195.00 | 3.0 | $ 585.00 |
| Bennett, Victoria A | L | $195.00 | 15.0 | $ 2,925.00 |
| Melson, Elizabeth E. | L | $195.00 | 7.5 | $ 1,462.50 |
| Rodriguez, Ilusion | BFR | $180.00 | 21.9 | $ 3,942.00 |
| Prindle, Kaitlin C. | BFR | $180.00 | 54.4 | $ 6,246.00 |
| Amponsah, Duke | BFR | $180.00 | 5.6 | $ 1,008.00 |
| Koul, Yashomati B. | BFR | $180.00 | 8.0 | $ 1,440.00 |
| Olvera, Rene A. | BFR | $180.00 | 1.4 | $ 252.00 |
| Mukendi, Julie B. | L | $180.00 | 8.5 | $ 1,530.00 |
| Ribaudo, Mark | MC | $170.00 | 4.1 | $ 697.00 |
| Aliseo, Nicole K. | BFR | $160.00 | 482.6 | $ 74,336.00 |
| Matiteyahu, Gillad | BFR | $160.00 | 23.1 | $ 3,696.00 |
| Wilmer, Andrea | BFR | $160.00 | 18.3 | $ 2,928.00 |
| Etienne, Donald | BFR | $160.00 | 9.3 | $ 1,488.00 |
| Ryu, Nakyung C. | C | $160.00 | 2.0 | $ 320.00 |
| Mehta, Mona V. | L | $160.00 | 6.5 | $ 1,040.00 |
| Stewart, LaSonya R. | L | $160.00 | 22.1 | $ 3,536.00 |
| Mitrayon, Michael | L | $160.00 | 6.6 | $ 1,056.00 |
| Park, Jiwon | L | $160.00 | 16.4 | $ 2,624.00 |
| Carmant, Marie | X | $145.00 | 4.1 | $ 594.50 |
| Cruz, Luis | X | $135.00 | 3.2 | $ 432.00 |
| Jalomo, Chris | BFR | $130.00 | 6.5 | $ 845.00 |
| Mitchell, Alea | | $110.00 | 2.0 | $ 220.00 |
| **Total Paraprofessionals** | | | **1,065.7** | **$ 177,205.50** |

| PROFESSIONALS  TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $ 866.79 | 1,311.5 | $    1,136,792.50 |
| Associates | $ 464.72 | 6,633.2 | $    3,082,611.25 |
| Paraprofessionals | $ 166.28 | 1,065.7 | $       177,205.50 |
| **Total Fees Incurred** | | **9,010.4** | **$    4,396,609.25** |
| **Blended Attorney Rate** | **$ 531.10** | | |
| | | | |
| **Total Fees Requested** | | **9,010.4** | **$    4,396,609.25** |

**Exhibit C**

**EXPENSE SUMMARY BY WEIL, GOTSHAL & MANGES LLP FOR THE
FIRST INTERIM PERIOD OF FEBRUARY 18, 2009 THROUGH JUNE 30, 2009**

| EXPENSES | AMOUNTS |
|---|---|
| Local Transportation | $    4,656.83 |
| Travel | $  16,638.94 |
| Meals | $  19,355.08 |
| Postage | $        30.66 |
| Air Courier/Express Mail | $      796.45 |
| Courier and Taxi | $    6,530.24 |
| Duplicating & Document Scanning | $  41,762.92 |
| Teleconference Charges | $      363.96 |
| Computerized Research | $  48,083.76 |
| Court Reporting | $  16,198.20 |
| Filing Fees | $      341.80 |
| Service Fees – Edgar Filings | $      785.00 |
| Fascimile Charges | $        48.00 |
| **Total Expenses Requested:** | **$  153,591.84** |

**Exhibit D**

## COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR THE FIRST INTERIM PERIOD FEBRUARY 18, 2009 THROUGH JUNE 30, 2009

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10 | Case Administration | 299.7 | $ 70,085.50 |
| 11 | Schedules / Statement of Financial Affairs / MORs | 72.3 | $ 31,616.50 |
| 12 | Non-Working Travel | 14.2 | $ 4,215.25 |
| 20 | General Case Strategy / Internal Communications & Meetings | 358.0 | $ 179,311.50 |
| 21 | Client Communications | 87.4 | $ 55,577.00 |
| 22 | Secured Lenders Issues / Meetings / Communications | 11.4 | $ 6,820.00 |
| 23 | Committee & Bondholders Issues / Meetings / Communications | 85.9 | $ 50,936.50 |
| 24 | US Trustee | 35.8 | $ 17,454.50 |
| 25 | Hearings and Court Matters | 821.7 | $ 320,639.50 |
| 29 | Billing Summary Review: WGM | 95.7 | $ - |
| 30 | Retention / Billing / Fee Applications: WGM | 51.5 | $ 18,086.50 |
| 31 | Retention / Fee Application: Other Professionals | 425.7 | $ 184,701.00 |
| 40 | Bar Date Motion and Claims Reconciliation Issues | 81.6 | $ 33,675.50 |
| 41 | Claims Objections Litigation | 24.0 | $ 10,494.50 |
| 50 | Plan of Reorganization (Negotiations and Drafting) / Plan Confirmation | 138.1 | $ 85,913.00 |
| 51 | Exclusivity | 37.3 | $ 14,832.50 |
| 52 | Disclosure Statement / Solicitation / Voting | 134.1 | $ 67,488.00 |
| 60 | Adversary Proceedings | 232.9 | $ 101,814.00 |
| 61 | Automatic Stay | 200.8 | $ 91,619.00 |
| 62 | Non-Bankruptcy Litigation | 266.0 | $ 133,244.00 |
| 63 | FINRA Investigation Issues | 338.3 | $ 186,134.00 |
| 70 | Asset Dispositions / 363 Sales | 2,312.8 | $ 1,189,159.00 |
| 71 | Cash Collateral | 179.3 | $ 113,893.00 |
| 80 | General Business Operations | 77.4 | $ 38,847.50 |
| 81 | Communications and Public Relations | 9.1 | $ 4,248.00 |
| 82 | General Customer / Vendor / Creditor Issues | 186.8 | $ 82,684.00 |
| 83 | General Employee / ERISA / Benefits Issues | 587.1 | $ 314,227.00 |
| 84 | Insurance & Workers Comp Issues | 3.8 | $ 1,950.00 |
| 85 | General Real Property / Contract / 365 Issues | 608.6 | $ 251,748.50 |
| 86 | Government Contracts | 94.6 | $ 42,544.50 |
| 87 | International Issues | 42.6 | $ 29,728.50 |
| 88 | Reclamation / 503(b)(9) / Comfort Orders | 1.0 | $ 711.00 |
| 89 | Utility Issues | 22.2 | $ 10,669.50 |
| 90 | General Corporate Issues | 558.6 | $ 335,705.00 |
| 91 | General Tax Issues | 514.1 | $ 315,835.50 |
| **Total Fees Requested:** | | **9,010.4** | **$ 4,396,609.25** |

## Exhibit E

### (WGM Retention Application)

Presentment Date: March 13, 2009, at 8:00 a.m. (Eastern Time)
Objection Deadline: March 9, 2009, at 4:00 p.m. (Eastern Time)
Hearing Date (If Objection Filed): March 13, 2009, at 8:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
        :
In re        :    Chapter 11 Case No.
        :
BEARINGPOINT, INC., et al.,     :    09 - 10691 (REG)
        :
    Debtors.     :    (Jointly Administered)
        :
-------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF ORDER PURSUANT TO SECTION 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE[1]

**PLEASE TAKE NOTICE** that BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**," and together with their non-debtor affiliates, "**BearingPoint**"), will present the proposed order (the "**Proposed Order**"), attached as Annex 1 herewith, to the Honorable Robert

----

[1] Any party who wishes to appear telephonically at the March 13, 2009 hearing must contact Judge Gerber's Chambers at (212) 668-2870 and counsel for the Debtors at (212) 310-8000 (Attn: Nicole K. Aliseo).

E. Gerber, United States Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for

the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green,

New York, New York 10004, on **March 13, 2009 at 8:00 a.m. (Eastern Time)**, (the

"*Presentment Date*").  The Proposed Order grants the Debtors the authority to employ and retain

Weil, Gotshal & Manges LLP as their attorneys, effective as of the commencement of these

cases.

          **PLEASE TAKE FURTHER NOTICE** that objections to the Proposed Order, if

any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the

name of the objecting party, the basis for the objection and the specific grounds thereof, shall be

filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case

filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with two hard copies delivered directly to Chambers), and shall be served upon the following

parties so as to be received no later than **March 9, 2009** at **4:00 p.m. (Eastern Time)** (the

"*Objection Deadline*"):

| *Debtors* | *Office of the U.S. Trustee* |
|---|---|
| BearingPoint, Inc.<br>1676 International Drive<br>McLean, Virginia 22102<br>Attn: John DeGroote, Esq. | Office of the U.S. Trustee for the S.D.N.Y.<br>33 Whitehall St., 21st Floor<br>New York, New York 10004<br>Attn: Serene Nakano, Esq. |

| | |
|---|---|
| ***Counsel to the Debtors***<br><br>Weil, Gotshal & Manges LLP,<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Marcia L. Goldstein, Esq.<br>Attn: Ronit Berkovich, Esq.<br><br><br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Suite 1600<br>Houston, Texas 77002<br>Attn: Alfredo R. Pérez, Esq. | ***Counsel to the Administrative Agent for the Debtors' Prepetition Secured Lenders***<br><br>Paul, Hastings, Janofsky & Walker LLP<br>Park Avenue Tower<br>75 East 55th Street, First Floor<br>New York, New York 10022<br>Attn: Luc Despins, Esq.<br>Attn: Leslie A. Plaskon, Esq. |
| ***Counsel to the Informal Committee of Holders of Series A and Series B Debentures***<br><br>Ropes & Gray LLP<br>1211 Avenue of the Americas,<br>New York, New York 10036-8704<br>Attn: Mark R. Somerstein, Esq.<br>Attn: Mark I. Bane, Esq. | ***Counsel to the Informal Committee of Holders of Series C Debentures***<br><br>Bracewell & Giuliani LLP<br>1177 Avenue of the Americas, 19th Floor<br>New York, New York, 10036-2714<br>Attn: Mark B. Joachim, Esq.<br>Attn: Robert T. Carey, Esq. |
| ***Proposed Successor Trustee Under Indentures Governing the Series A and Series B Debentures***<br><br>Law Debenture Trust Company of New York<br>400 Madison Avenue, Suite 4D<br>New York, New York 10017<br>Attn:  Robert Bice, Esq. | ***Trustee Under Indentures Governing the Series C Debentures***<br><br>The Bank of New York<br>101 Barclay Street, 8W<br>New York, New York 10286<br>Attn:  David Kerr, Vice President |
| ***Counsel to Trustee Under Indentures Governing the Series C Debentures***<br><br>Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Attn: Lawrence P. Gottesman, Esq. | ***Representative of the Purchasers under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures Due July 2010 (the "Purchasers")***<br><br>Friedman Fleischer & Lowe LLC<br>One Maritime Plaza, Suite 1000<br>San Francisco, California 94111<br>Attn:  Spencer C. Fleischer, Esq. |

| | |
|---|---|
| ***Proposed Counsel to the Statutory Committee of Unsecured Creditors***<br><br>Bingham McCutchen LLP<br>299 Park Avenue<br>New York, New York 10022<br>Attn: Jeffrey Sabin, Esq.<br>Attn: Neil W. Townsend, Esq.<br>Attn: Sabin Willett, Esq. | The holders of the thirty-largest unsecured claims against the Debtors on a consolidated basis. |
| Any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002. | Any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002. |

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Proposed Order has been timely and properly filed and served by the Objection Deadline, the Bankruptcy Court may sign the Proposed Order on the Presentment Date. If objections are timely filed and served, the Court will schedule a hearing on notice to the parties.

Dated: March 3, 2009
      Houston, Texas

/s/ Alfredo R. Pérez
Marcia L. Goldstein
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

and

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

Presentment Date: March 13, 2009, at 8:00 a.m. (Eastern Time)
Objection Deadline: March 9, 2009, at 4:00 p.m. (Eastern Time)
Hearing Date (If Objection Filed): March 13, 2009, at 8:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002-2784
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                               :
<u>In</u> <u>re</u>                                            :    **Chapter 11 Case No.**
                                                               :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**                  :    **09 - 10691 (REG)**
                                                               :
          **Debtors.**                                         :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**DEBTORS' APPLICATION FOR AUTHORIZATION PURSUANT TO SECTIONS**
**327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 2014(a) TO EMPLOY AND**
**RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR**
**<u>THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

          BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "***Debtors***," and together with their non-

debtor affiliates, "***BearingPoint***"),[2] submit this application (the "***Application***") for authority to

_____

[2] More information regarding the Debtors' business, their restructuring plan, and the background of these chapter 11
cases can be found in the Declaration of John DeGroote Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for

employ and retain Weil, Gotshal & Manges LLP ("**WG&M**") as attorneys for the Debtors <u>nunc pro tunc</u> to February 18, 2009 (the "**Commencement Date**"), the date of the filing of the Debtors' chapter 11 cases, and respectfully represent:

**Relief Requested**

1.     The Debtors seek court approval pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") to employ and retain WG&M, <u>nunc pro tunc</u> to the Commencement Date, as their attorneys in connection with the commencement and prosecution of their chapter 11 cases.  Pursuant to sections 328(a), 330, and 331 of the Bankruptcy Code, the Debtors, as debtors in possession, request that the Court approve the retention and compensation of WG&M, under a general retainer, as their attorneys, to perform the extensive legal services that will be necessary during their chapter 11 cases in accordance with WG&M's normal hourly rates in effect when services are rendered and normal reimbursement policies.  In support of this Application, the Debtors are submitting the declaration of Alfredo R. Pérez, a member of WG&M (the "**WG&M Declaration**"), annexed hereto as <u>Exhibit "A"</u>.  A proposed order is attached hereto as <u>Annex "A"</u> following the Exhibit to the Application.

**The Retention of WG&M**

2.     The Debtors have been informed that Marcia L. Goldstein and Alfredo R. Pérez, members of WG&M, Ronit J. Berkovich, an associate of WG&M, as well as other members of, counsel to and associates of WG&M who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.  Other members of, counsel

---

the Southern District of New York in Support of First-Day Motions and Applications, filed on February 18, 2009 (the "**Commencement Date**").

to, and associates of WG&M who will be employed in these chapter 11 cases, are members in good standing of the Bars of the States of New York and Texas.

3.      The Debtors have selected WG&M as their attorneys because of the firm's knowledge of the Debtors' businesses and financial affairs and its extensive general experience and knowledge, and in particular, its recognized expertise in the field of debtor's protections and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Over the last several decades, WG&M has been actively involved in major chapter 11 cases.[3]

4.      Since approximately March of 2005, WG&M has represented the Debtors in connection with various matters, including, more recently, the Debtors' current financial restructuring efforts. During the course of these representations, WG&M has become familiar with the Debtors' businesses, financial affairs, and capital structure. Accordingly, WG&M has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases. The Debtors believe that

───────

[3] WG&M currently represents or has represented the following debtors: Lehman Brothers Holdings Inc., Lenox Group, Inc., Sharper Image Corporation, PRC, LLC, Silicon Graphics, Inc., Saint Vincent's Catholic Medical Centers, Atkins Nutritionals, Inc., Footstar, Inc., New World Pasta Company, Parmalat USA Corp., Loral Space & Communications Ltd., TL Administration Corporation, Republic Engineered Product Holdings, WestPoint Stevens Inc., Worldcom, Inc., Adelphia Business Solutions, Inc., Enron Corp., APW Ltd., Agway, Inc., Formica Corp., Global Crossing Ltd., Kasper A.S.L., Ltd., Ames Department Stores, Inc., AI Realty Marketing of New York, Inc., Pergament Home Centers, Inc., Regal Cinemas, Inc., Republic Technologies Int'l, LLC, Rhythms NetConnections Inc., Sunbeam Corporation, Bethlehem Steel Corporation, Armstrong Worldwide Industries, Genesis Health Services Corp., Grand Union Corporation, Weiner's Stores, Carmike Cinemas, Inc., DIMAC Marketing Corporation, Sun Healthcare Group, Inc., United Companies Financial Corporation, Bruno's, Inc., Consolidated Hydro, Inc., G. Heileman Brewing Company, Inc., Olympia & York Development Limited, R.H. Macy & Co., Inc., Best Products Co., Inc. I & II, P.A. Bergner & Co. Holding Company, The Drexel Burnham Lambert Group, Inc., Eastern Air Lines, Inc., Edison Brothers Stores, Inc. I & II, Texaco Inc., and many others.

WG&M is both well qualified and uniquely able to represent them in their chapter 11 cases in a most efficient and timely manner.

5.      Were the Debtors required to retain attorneys other than WG&M in connection with the prosecution of these chapter 11 cases, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors and their business operations.

6.      The Debtors have also submitted or will be submitting applications to retain Davis Polk & Wardwell ("***DPW***") as special counsel, and Baker Botts L.L.P. ("***Baker Botts***") as special counsel, to the Debtors.  In addition to DPW and Baker Botts, the Debtors filed or expect to file shortly applications seeking to employ Greenhill & Co. as financial advisor, Alix Partners, LLP, as restructuring advisor, and The Garden City Group, Inc. as noticing and claims agent.  WG&M intends to monitor and coordinate carefully the efforts of all professionals, and delineate clearly their respective duties so as to prevent duplication of effort, whenever possible.  Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

## Scope of Services

7.      The services of WG&M under a general retainer are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the restructuring and reorganization of the Debtors.  Subject to further order of this Court, it is proposed that WG&M be employed to render the following professional services:

a.     prepare on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

b.     to take all necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

c.     take all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates; and

d.     perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

8.     It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services.  WG&M has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors and debtors in possession.

**WG&M's Disinterestedness**

9.     To the best of the Debtors' knowledge, the members and associates of WG&M do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the WG&M Declaration.

10.     Based upon the WG&M Declaration, the Debtors submit that WG&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that WG&M will conduct an ongoing review of its files to ensure that no disqualifying circumstances

arise, and if any new relevant facts or relationships are discovered, WG&M will supplement its disclosure to the Court.

## Professional Compensation

11.    As set forth in the WG&M Declaration, WG&M received certain amounts from the Debtors as compensation for professional services performed relating to the potential restructuring of the Debtors' financial obligations and the potential commencement of these chapter 11 cases, and additional amounts for the reimbursement of reasonable and necessary expenses incurred in connection therewith.  WG&M also has received a retainer fee and an advance against expenses for services to be performed in preparation for and prosecution of these chapter 11 cases, in the amount disclosed in the WG&M Declaration.

12.    The Debtors understand that WG&M hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*"), the guidelines (the "*Guidelines*") established by the United States Trustee for the Southern District of New York (the "*U.S. Trustee*"), and further orders of this Court ("*Orders*") for all services performed and expenses incurred after the Commencement Date.

13.    The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, propose to pay WG&M its customary hourly rates for services rendered that are in effect from time to time, as set forth in the WG&M Declaration, and to reimburse WG&M according to its customary reimbursement policies, and respectfully submit that such rates are reasonable.  WG&M shall notify the Debtors and the U.S. Trustee of any change in the hourly rates charged by WG&M for services rendered.

14.     WG&M intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with WG&M's normal reimbursement policies, subject to any modifications to such policies that WG&M may be required to make to comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines or the Orders.  WG&M's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, WG&M will charge $.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, WG&M believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by WG&M in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

## Notice

15.     The Debtors shall serve notice of this Application on (i) the Office of the United States Trustee for the Southern District of New York (Attn:  Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn:  Luc Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the administrative agent under the Secured Credit Facility, (iii) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn:  Mark R. Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures Due December 15, 2024 (the "***Series A Debentures***") and the BearingPoint, Inc.

2.75% Series B Convertible Subordinated Debentures Due December 15, 2024 (the "**Series B**

**Debentures**"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor, New

York, New York, 10036-2714 (Attn: Mark B. Joachim, Esq. and Robert T. Carey, Esq.), as

counsel for the informal committee of holders of the BearingPoint, Inc. 5.00% Convertible

Senior Subordinated Debentures Due 2025 (the "**Series C Debentures**"), (v) Law Debenture

Trust Company of New York, 400 Madison Avenue, Suite 4D, New York, New York 10017

(Attn: Robert Bice), as proposed trustee under the indentures governing the Series A Debentures

and the Series B Debentures, (vi) The Bank of New York, 101 Barclay Street, 8W, New York,

New York 10286 (Attn: David M. Kerr, Vice President), as trustee under the indentures

governing the Series C Debentures, (vii) Bryan Cave LLP, 1290 Avenue of the Americas, New

York, New York 10104 (Attn: Lawrence P. Gottesman), as counsel to The Bank of New York

(viii) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San Francisco,

California 94111 (Attn: Spencer C. Fleischer), as representative of the purchasers (the

"**Purchasers**") under the BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures

Due July 2010, (ix) Bingham McCutchen LLP, 299 Park Avenue, New York, New York 10022

(Attn: Jeffrey Sabin, Esq., Neil W. Townsend, Esq., and Sabin Willett, Esq.), as proposed

counsel to the statutory committee of unsecured creditors, and (x) the holders of the thirty largest

unsecured claims against the Debtors (on a consolidated basis). The Debtors submit that, in view

of the facts and circumstances, such notice is sufficient and no other or further notice need be

provided.

      16.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order

granting the relief requested herein and such other and further relief as is just and proper.


Dated:  March 3, 2009
        Dallas, Texas


                               /s/ John DeGroote
                               John DeGroote
                               BearingPoint, Inc., Executive Vice President
                               and Chief Legal Officer

# **EXHIBIT A**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Marcia L. Goldstein, Esq.

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002-2784
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
<u>In</u> <u>re</u>                                                      :        **Chapter 11 Case No.**
                                                            :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**                              :        **09 - 10691 (REG)**
                                                            :
        **Debtors.**                                        :        **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT OF ALFREDO R. PÉREZ**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328(a), 329 AND 504 AND**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b) IN**
**SUPPORT OF DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY**
**AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS <u>FOR THE</u>**
**<u>DEBTORS</u> *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Alfredo R. Pérez makes this declaration under 28 U.S.C. § 1746, and states:

1.      I am a member of the firm of Weil, Gotshal & Manges LLP ("*WG&M*" or the

"*Firm*"), a law firm with principal offices at 767 Fifth Avenue, New York, New York 10153;

regional offices in Washington, D.C.; Houston, Dallas and Austin, Texas; Miami, Florida;

Boston, Massachusetts; Redwood Shores, California; Providence, Rhode Island; and

Wilmington, Delaware; and foreign offices in London, United Kingdom; Paris, France;

Budapest, Hungary; Warsaw, Poland; Frankfurt and Munich, Germany; Prague, The Czech

Republic; Beijing, Hong Kong, and Shanghai, China.  I am admitted to practice before this

Court.

2.      I submit this declaration (the "***WG&M Declaration***") in connection with the

application dated March 3, 2009 (the "***Application***") of BearingPoint, Inc. and certain of its

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "***Debtors***"), for approval of the Debtors' retention of WG&M, as their

attorneys in the above-captioned chapter 11 cases, <u>nunc</u> <u>pro</u> <u>tunc</u> to the date of

commencement of these cases (the "***Commencement Date***"), at their  normal hourly rates in

effect from time to time and in accordance with their normal reimbursement policies, in

compliance with sections 328(a), 329, and 504 of title 11 of the United States Code (the

"***Bankruptcy Code***"), and to provide disclosure required under Rules 2014(a) and 2016(b) of

the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").  Unless otherwise

stated in this WG&M Declaration, I have personal knowledge of the facts set forth herein.

To the extent any information disclosed herein requires amendment or modification upon

WG&M's completion of further review or as additional party-in-interest information

becomes available to it, a supplemental declaration will be submitted to the Court reflecting

such amended or modified information.

**WG&M's Disinterestedness**

3.      Except as set forth herein, to the best of my knowledge, after due inquiry,

neither I, WG&M, nor any member or counsel, or associate of the Firm represents any party

in interest or any other entity other than the Debtors in connection with these chapter 11

cases.

4.    WG&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

5.    Insofar as I have been able to ascertain, I know of no conflict of interest that would preclude WG&M's representation of the Debtors in these cases, and, as necessary, the non-debtor affiliates in matters relating to these chapter 11 cases.  To the best of my knowledge, WG&M, its members, counsel, and associates:

a.    are not creditors, equity security holders, or insiders of the Debtors;

b.    are not and were not, within two years before the Commencement Date a director, officer, or employee of the Debtors;

c.    do not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and

d.    have not represented any party in connection with matters relating to the Debtors, although WG&M has certain relationships with other parties in interest and other professionals in connection with unrelated matters.

## WG&M's Prepetition Relationship with the Debtors

6.    Beginning in March of 2005, the Firm represented the Debtors and certain of its affiliates in some shareholder derivative litigation as well as other litigation, which was unrelated to these bankruptcy cases.  In addition, prior to the commencement of these cases, WG&M began counseling the Debtors on restructuring efforts and engaging, on the Debtors' behalf, in extensive negotiations with the Debtors' various creditor groups regarding the terms of a potential financial restructuring of the Debtors' balance sheet.  WG&M was instrumental in helping the Debtors reach an agreement with their most senior creditors, which enabled the Debtors to file its chapter 11 cases with a pre-arranged plan.

7.      WG&M is not a creditor of the Debtors.  In the one year prior to the

Commencement Date, WG&M received advances in the aggregate amount of approximately

$4,130,469.57 from the Debtors on account of services performed and to be performed,

including the commencement and prosecution of these chapter 11 cases, and expenses

incurred and to be incurred in connection therewith.  As of the Commencement Date, the fees

and expenses incurred by WG&M during the same one year period and debited against the

amounts advanced to it by the Debtors approximated $3,394,647.90.  The precise amount

will be determined upon the final recording of all time and expense charges.  As of the

Commencement Date, WG&M has a remaining credit balance in favor of the Debtors in the

approximate amount of $735,821.67 for additional professional services performed and to be

performed and expenses incurred and to be incurred in connection with these chapter 11

cases.  After application of amounts for payment of any additional prepetition professional

services and related expenses, the excess advance amounts will be held by WG&M as a

retainer.

### WG&M Disclosure Procedures

8.      WG&M, which employs approximately 1,300 attorneys, has a large and

diversified legal practice that encompasses the representation of many financial institutions

and commercial corporations.  WG&M has in the past represented, currently represents, and

may in the future represent entities that are claimants of or interest holders in the Debtors in

matters unrelated to the Debtors' pending chapter 11 cases.  Some of these entities are, or

may consider themselves to be, creditors or parties in interest in the Debtors' pending chapter

11 cases or to otherwise have interests in these cases.

9.      In preparing this WG&M Declaration, I used a set of procedures developed by WG&M to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*"), regarding the retention of professionals by a debtor under the Bankruptcy Code (the "*Firm Disclosure Procedures*").  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this WG&M Declaration and to ascertain WG&M's connection to such parties:

> a.      A comprehensive list of the types of entities who may have contacts with the Debtors was developed through discussions with the WG&M attorneys who have provided services to the Debtors and in consultation with senior management of the Debtors (the "*Retention Checklist*").
>
> b.      WG&M obtained information from the Debtors that was responsive to the Retention Checklist.  Specifically, WG&M personnel conducted several inquiries with management of the Debtors to identify the entities categorized on the Retention Checklist.
>
> c.      Using the Retention Checklist, the information provided by the Debtors, and additional information identified by WG&M, a list of names of entities who may be parties in interest to these chapter 11 cases (the "*Potential Parties In Interest*") was assembled.
>
> d.      WG&M compared the Potential Parties In Interest to the names that WG&M has compiled into a master client database from its conflict clearance and billing records compiled since 1980 (the "*Client Database*").  The Client Database is comprised of the names of the entities for which any attorney time charges have been billed and includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the WG&M personnel who are or were responsible for current or former matters for such client.  It is the policy of WG&M that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, the database is regularly updated for

every new matter undertaken by WG&M.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a matter.

e.      Any matches between the Client Database and the list of Potential Parties In Interest were identified (the "***Client Match List***"), together with the names of the respective WG&M personnel responsible for current or former matters for the entities on the Client Match List.

f.      An attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to WG&M's clients in both this matter and the matter referenced on the Client Match List.  The remaining client connections with regard to which WG&M had represented the client within the last three years were compiled for purposes of this WG&M Declaration.

g.      In addition, a general inquiry to all WG&M personnel (attorneys and staff) was sent by electronic mail to determine if any WG&M employee, or anyone in his or her immediate family (spouse, minor children, or family members living in his or her household) (i) owns any debt or equity security of any of the Debtors, to the extent applicable; (ii) holds a claim against any of the Debtors; and/or (iii) was an officer, director, or employee of any of the Debtors.

**WG&M's Connections with Parties in Interest
in Matters Unrelated to these Chapter 11 Cases**

10.      Any identified client connections with regard to which WG&M had represented the client within the last two years were reviewed by an attorney working under my supervision and from such review I determined that, with respect to each connection between WG&M and such parties, WG&M does not hold or represent an interest that is adverse to the Debtors' estates, and that WG&M is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

11.      WG&M previously has represented more than two years ago, currently represents, and may represent in the future the entities described below (or their affiliates), in matters totally unrelated to the Debtors:

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| ACE American Insurance Company | Insurer | Related to Current Client |
| Aetna | Insurer | Former Client |
| AIG Excess Liability Insurance International Ltd. | Insurer | Affiliate of Current Client |
| AlixPartners | Professional | Current Client |
| Allstate Corporation | Affiliation of a Current/Former Director | Current Client |
| Allstate Investments, LLC | Landlord | Current Client |
| American International Group Inc. (AIG) | Insurer | Current Client |
| American International Specialty Lines Insurance Company | Insurer | Affiliate of Current Client |
| AT&T | Affiliation of a Current/Former Director & Unsecured Creditor | Former Client |
| Avaya, Inc. | Alliances & Litigation Counterparty | Current Client |
| Avon Products, Inc. | Affiliation of a Current/Former Director | Current Client |
| Axis Reinsurance Company | Insurer | Former Client |
| Baker Botts LLP | Professional | Former Client |
| Banc of America Securities LLC | Bondholder & Underwriting Investment Bankers for Debtors' Securities | Current Client |
| The Bank of New York | Indenture Trustee & Unsecured Creditor | Current Client |
| Barclays Capital Inc. | Unsecured Creditor | Affiliate of Current Client |
| Barclays Capital Securities Ltd. | Bondholder | Affiliate of Current Client |
| Beacon Capital Strategic Partners LP | Landlord | Current Client |
| Bedminster Capital Funding | Landlord | Current Client |
| BMC Software Inc. | Alliances & Unsecured Creditor | Current Client |
| CIGNA | Insurer | Current Client |
| Cisco Systems, Inc. | Alliances & Affiliation of a Current/Former Director | Current Client |
| Citigroup Global Markets | Bondholder | Current Client |
| Columbia Casualty Company | Insurer | Related to Former Client |
| Connecticut General Life Insurance Company | Insurer | Related to Former Client |
| Corporate Officers and Directors Assurance | Insurer | Related to Former Client |
| Credit Suisse (USA) Securities | Bondholder | Affiliate of Current Client |
| Cushman & Wakefield State Street, Inc. | Landlord | Current Client |
| D.E. Shaw & Co. LP | Bondholder | Current Client |
| Dechert LLP | Professional | Current Client |
| Deloitte & Touche | Competitor | Current Client |

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| Deloitte Tax LLP | Professional | Affiliate of Current Client |
| Deutsche Bank Securities Inc | Bondholder | Current Client |
| Divco West Group, LLC | Landlord | Current Client |
| Electronic Data Systems Incorporated | Competitor | Current Client |
| EMC Corporation | Alliances & Unsecured Creditor | Current Client |
| Executive Risk Indemnity Inc. | Insurer | Affiliate of Former Client |
| Fidelity Management & Research Co. | Bondholder | Affiliate of Current Client |
| Foster Wheeler Ltd. | Affiliation of a Current/Former Director | Current Client |
| Franklin Resources, Inc. | Significant Stockholder | Affiliate of Current Client |
| Franklin Templeton Investments | Bondholder & Significant Stakeholder | Current Client |
| Franklin Templeton Investments | Significant Stockholder | Current Client |
| Fujitsu Siemens Computers | Alliance | Affiliate of Former Client |
| Glenview Capital Management, LLC | Bondholder & Significant Stockholder | Current Client |
| Goldman Sachs & Company | Bondholder | Current Client |
| Goldman Sachs International | Bondholder | Current Client |
| Google, Inc. | Alliance | Former Client |
| Great American Insurance Company of New York | Insurer | Affiliate of Former Client |
| Greenhill & Co. LLC | Professional | Related to Former Client |
| Guggenheim Investment Management, LLC | Bondholder | Affiliate of Current Client |
| Hartford Fire Insurance Company | Insurer | Affiliate of Current Client |
| Heidrick & Struggles, Inc. | Affiliation of a Current/Former Director | Former Client |
| Hewlett Packard | Alliance | Affiliate of a Former Client |
| i2 | Alliances | Current Client |
| Illinois National Insurance Company | Insurer | Related to Former Client |
| The Insurance Company of the State of Pennsylvania | Insurer | Related to Former Client |
| J.P. Morgan Clearing Corp. | Bondholder | Affiliate of Current Client |
| JP Morgan Chase | Underwriting Investment Bankers for Debtors' Securities | Current Client |
| Kaiser North California HMO | Insurer | Affiliate of Former Client |
| KPMG | Affiliation of a Current/Former Director | Affiliate of Current Client |
| KPMG Consulting, Inc. | Affiliate | Affiliate of Current Client |
| KPMG Consultoria S.A. | Affiliate | Affiliate of Current Client |
| KPMG Holding C.V. | Landlord | Affiliate of Current Client |

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| KPMG International | Affiliation of a Current/Former Director | Affiliate of Current Client |
| KPMG LLP | Landlord | Affiliate of Current Client |
| KPMG LLP – USA | Professional & Unsecured Creditor | Affiliate of Current Client |
| KPMG SA | Competitors | Current Client |
| KPMG Versa Partnership | Affiliate | Affiliate of Current Client |
| Korn Ferry International | Affiliation of a Current/Former Director | Related to Former Client |
| Kroll Associates, Inc. | Professional & Unsecured Creditor | Affiliate of Current Client |
| Lawson Software, Inc. | Alliance | Former Client |
| Lazard Asset Management, LLC | Bondholder | Affiliate of Current Client |
| Lendlease Real Estate Investments, Inc. | Landlord | Current Client |
| Lexington Insurance Company | Insurer | Related to Current Client |
| Liberty Mutual Ins. Co. | Insurer | Affiliate of Current Client |
| Liberty Surplus Insurance Corp. | Insurer | Affiliate of Current Client |
| Lloyds Syndicate 2907 | Insurer | Affiliate of Former Client |
| Lockheed Martin Corporation | Competitors | Current Client |
| Marsh USA Inc. | Unsecured Creditor | Current Client |
| Merrill Lynch & Co | Bondholder | Current Client |
| Microsoft | Alliances | Current Client |
| Morgan Stanley & Co. Inc. | Bondholder & Underwriting Investment Bankers for Debtors' Securities | Current Client |
| Morgan Stanley Senior Funding, Inc. | Indenture Trustee | Affiliate of Current Client |
| National Union Fire Insurance Company | Insurer | Related to Former Client |
| New Century Mortgage Corporation | Landlord | Current Client |
| Noonday Asset Management, LP | Significant Stockholder | Current Client |
| NYSE Group | Affiliation of a Current/Former Director | Current Client |
| Optimum Choice, Inc. | Insurance | Related to Former Client |
| Oracle USA Inc. | Alliances & Unsecured Creditor | Affiliate of Current Client |
| Oxford Health Plans | Insurer | Former Client |
| Pitney Bowes Inc. | Litigation Counterparty | Affiliate of Current Client |
| PricewaterhouseCoopers LLP | Competitors & Professional & Affiliation of a Current/Former Director | Current Client |
| The Principal Financial Group | Affiliation of a Current/Former Director | Related to Former Client |
| Professional Indemnity Agency, Inc. | Insurer | Former Client |

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| Quest Communications, Inc. | Affiliation of a Current/Former Director | Affiliate of Former Client |
| SAP AG | Alliances & Affiliation of a Current/Former Director | Current Client |
| SAP Public Services Inc. | Unsecured Creditor | Affiliate of Current Client |
| Silver Point Capital, L.P. | Significant Stockholder | Current Client |
| SLM Corporation (a/k/a Sallie Mae) | Affiliation of a Current/Former Director | Former Client |
| Sprint Nextel | Unsecured Creditor | Current Client |
| Star Excess Insurance International Ltd. | Insurer | Related to Current Client |
| Sun Microsystems | Alliance | Related to Former Client |
| Swiss Re International SE | Insurer | Affiliate of Former Client |
| Verizon | Unsecured Creditor | Affiliate of Current Client |
| Teachers Insurance and Annuity Association | Landlord | Current Client |
| Technip Biopharm, Inc. | Landlord | Current Client |
| Texas Instruments | Alliances | Current Client |
| Tibco Software Inc. | Alliances | Related to Former Client |
| Twin City Fire Insurance Company | Insurer | Related to Former Client |
| UBS AG | Indenture Trustee & Secured Creditor | Current Client |
| UBS Investment Bank | Underwriting Investment Bankers for Debtors' Securities | Affiliate of Current Client |
| UBS Securities | Indenture Trustee | Current Client |
| VeriSign, Inc. | Alliance | Former Client |
| Wells Fargo Foothill, LLC | Indenture Trustee & Secured Creditor | Affiliate of Current Client |
| W.R. Berkley Corporation | Insurer | Former Client |
| XL Insurance (Bermuda) Ltd. | Insurer | Affiliate of Current Client |
| XL Specialty Ins. Co. (US) | Insurer | Affiliate of Current Client |
| York Capital Management | Bondholder | Current Client |
| Zurich Insurance Company | Insurer | Current Client |

12.    In addition to the entities identified above, the following entities either (i) have a name similar to a client in the Client Database, or (ii) are or may be related to a client (collectively, the "***Potential Clients***").  After a diligent effort, WG&M was unable to determine whether the similarity of names was in fact a name coincidence or whether, and to what extent, the Potential Client is related to a client in the Client Database.  However, out of an abundance of caution, WG&M has confirmed that, similar to the clients identified above,

WG&M does not represent any of the Potential Clients in matters related to the Debtors'
chapter 11 cases.

| Matched Entity | Relation to Debtors | Relation to WG&M |
|---|---|---|
| Brookfield | Landlord | Possible Affiliate of Current Client |
| Kana | Alliance | Possible Affiliate of Former Client |
| Tata | Alliance | Possible Affiliate of Former Client |
| Vornado | Landlord | Possible Affiliate of Current Client |

13.     To the best of my knowledge and information, none of the entities
listed as Current Clients represents more than one percent (1%) but less than two percent
(2%) of WG&M's annual revenues over the past twelve (12) months other than Citigroup,
Microsoft Corporation, Merrill Lynch, Credit Suisse, and AIG.

14.     WG&M also represents Lehman Brothers Holdings Inc. and its
affiliated debtors it their chapter 11 bankruptcy proceedings.  On September 20, 2008, the
Bankruptcy Court for the Southern District of New York entered an order authorizing the
sale of certain assets of Lehman Brothers Holdings Inc., including leases and employment
contracts to Barclays Capital, Inc.  Subsequent to the closing of that sale transaction, certain
employees working for Lehman Brothers Holdings Inc. (or one of its debtor affiliates)
became employees of Barclays Capital, Inc.  As described more fully on the table in
paragraph 12 herein, Barclays Capital, Inc. along with certain of its affiliates, are unsecured
creditors and bondholders as well as financial advisors for the informal committee of Series
C Debentures (as defined in the Application).

15.     WG&M has not, does not, and will not represent any of the Current
Clients or their respective affiliates or subsidiaries in the Debtors' chapter 11 cases or in
other matters directly adverse to the Debtors during the pendency of these chapter 11 cases.
To the extent issues may arise which would cause the Debtors to be adverse to any of

WG&M's clients such that it would not be appropriate for WG&M to represent the Debtors with respect to such matters, another law firm will be retained to represent the Debtors with respect to such matters.

### WG&M Personnel Inquiry

16.    WG&M has conducted a general inquiry of its personnel to determine whether any WG&M personnel or anyone in his or her immediate family (spouse, minor children, or family members living in his or her household) (i) owns any debt or equity security of any of the Debtors; (ii) holds a claim against any of the Debtors; and/or (iii) was an officer, director, or employee of any of the Debtors.

17.    As a result of such inquiry, I have found that one WG&M non-attorney employee has a spouse who is an employee of the Debtors.  Upon additional inquiries, I have further found that a WG&M associate has a member of his non-immediate family who owns one of the unsecured creditors.  Out of an abundance of caution, WG&M will screen the attorney from any and all matters relating to the prosecution of the Debtors' chapter 11 cases.

18.    In addition, WG&M has represented, and may currently represent, entities that hold certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties.  These entities, however, maintain no direct financial stake in the Debtors' economic performance.

19.    Because distressed debt is actively traded in the commercial markets, WG&M may be unaware of the actual holder of such debt at any given moment.  Because WG&M represents in unrelated matters numerous entities that may buy and sell distressed debt of chapter 11 debtors, out of an abundance of caution, I am listing here many such

entities represented by WG&M: Salomon Smith Barney, Donaldson Lufkin Jenrette, JP

Morgan/Chase Manhattan Bank, Bay Harbour Management, Mackay Shields, Perry

Corporation, Whipporwill Associates, Teachers Insurance Company, Elliott Associates,

Morgens Waterfall Vintiades & Co., Oaktree Associates, Argent Capital, AIG Corporation,

Leucadia Corporation, Halcyon Management Co., Bennett Management Co., Resurgence

Asset Management Co., M.D. Sass & Co., Angelo, Gordan & Co., Venor Capital

Management, GSO Capital Partners, and Goldman Sachs & Co.  In addition, WG&M has

represented, may currently represent, and may in the future represent entities with respect to

matters involving legal and regulatory authorities such as the Securities Exchange

Commission and the Federal Trade Commission, among others, which may be involved in

the Debtors' chapter 11 cases.

20.    WG&M has not, does not, and will not represent any of the

aforementioned entities or their respective affiliates or subsidiaries, except as stated above, in

matters related to the Debtors or their chapter 11 cases.

21.    Contemporaneously herewith the Debtors have filed applications for

authority to employ certain professionals, including other law firms.  To the extent issues

may arise which would cause the Debtors to be adverse to any of WG&M's clients such that

it would not be appropriate for WG&M to represent the Debtors with respect to such matters,

such firms or another firm will be retained to represent the Debtors with respect to such

matters.

22.    WG&M will continue to apply the Firm Disclosure Procedures as

additional information concerning entities having a connection with the Debtors is developed

and will file appropriate supplemental disclosure with the Court.

## **WG&M's Rates and Billing Practices**

23.    WG&M's current customary hourly rates, subject to change from time to time, are $650 to $995 for members and counsel, $355 to $640 for associates and $155 to $310 for paraprofessionals in our United States offices.

24.    WG&M's disbursement policies pass through all out of pocket expenses at actual cost or at estimated actual cost when the actual cost is difficult to determine.  These expenses include facsimiles, toll calls, overtime, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, and other expenses.

25.    No promises have been received by WG&M or any member, counsel or associate thereof as to payment or compensation in connection with these cases other than in accordance with the provisions set forth herein.  WG&M has no agreement with any other entity to share with such entity any compensation received by WG&M or by such entity.

26.    The Debtors' Application requests, pursuant to section 328(a) of the Bankruptcy Code, approval of their retention of WG&M on rates, terms and conditions consistent with what WG&M charges non-chapter 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulae that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, WG&M intends to apply pursuant to sections 330 and 331 of the Bankruptcy Code for allowances of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

27.    As noted earlier, WG&M understands that the Debtors will seek to retain several other professionals in connection with the Debtors' chapter 11 cases.  WG&M intends to monitor and coordinate carefully the efforts of all professionals, and delineate

clearly their respective duties so as to prevent duplication of effort, whenever possible.

Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the

efficient coordination of efforts of the Debtors' attorneys will greatly add to the progress and

effective administration of these chapter 11 cases.

28.     The foregoing constitutes the statement of WG&M pursuant to sections

327(a), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and

2016(b).

I declare under penalty of perjury that, to the best of my knowledge, and after

reasonable inquiry, the foregoing is true and correct.

Executed this 3 day of March, 2009.


_/s/_ Alfredo R. Pérez
Alfredo R. Pérez
A Member of the Firm

# ANNEX A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                            :
<u>In re</u>                                               :          **Chapter 11 Case No.**
                                                            :
**BEARINGPOINT, INC., <u>et al.</u>,**                     :          **09 - 10691 (REG)**
                                                            :
        **Debtors.**                                       :          **(Jointly Administered)**
                                                            :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(a) AND 328(a) OF THE BANKRUPTCY**
**CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a)**
**AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE**
**DEBTORS <u>*NUNC PRO TUNC*</u> TO THE COMMENCEMENT DATE**

Upon the Application (the "***Application***"), dated March 3, 2009, of

BearingPoint, Inc. and certain of its affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "***Debtors***"), pursuant to sections

327(a) and 328(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and

Rule 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***"), for authority to employ and retain Weil, Gotshal & Manges LLP

("***WG&M***") as their attorneys, effective as of the commencement of these cases, under a

general retainer, all as more fully set forth in the Application; and upon consideration of

the Declaration of Alfredo R. Pérez, Esq., a member of WG&M, dated March 3, 2009

(the "***WG&M Declaration***"); and the Court having held a hearing to consider the relief

requested herein (the "***Hearing***") with the appearances of all interested parties noted in

the record of the Hearing; the record of the Hearing, and all of the proceedings before the

Court, the Court finds and determines the following:

(a)       Consideration of the Application and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

(b)       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

(c)       The Court has jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 of the United States District Court for the Southern District of New York, dated

July 10, 1984 (Ward, Acting C.J.).

(d)       The Debtors have provided due and proper notice of the Application and

Hearing to (i) the Office of the United States Trustee for the Southern District of New

York (Attn:  Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park

Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn:  Luc

Despins, Esq. and Leslie A. Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the

administrative agent for the Debtors' prepetition secured lenders, (iii) Ropes & Gray

LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn:  Mark R.

Somerstein, Esq. and Mark I. Bane, Esq.), as counsel for the informal committee of

holders of the BearingPoint Inc. 2.50% Series A Convertible Subordinated Debentures

Due December 15, 2024 (the "*Series A Debentures*") and the BearingPoint, Inc. 2.75%

Series B Convertible Subordinated Debentures Due December 15, 2024 (the "*Series B*

*Debentures*"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the Americas, 19th Floor,

New York, New York, 10036-2714 (Attn:  Mark B. Joachim, Esq. and Robert T. Carey,

Esq.), as counsel for the informal committee of holders of the BearingPoint, Inc. 5.00%

Convertible Senior Subordinated Debentures Due 2025 (the "*Series C Debentures*"), (v)

The Bank of New York, 101 Barclay Street, 8W, New York, New York 10286 (Attn:
Corporate Trust Division – Corporate Finance Unit), as trustee under the indentures
governing the Series A Debentures, the Series B Debentures, and the Series C
Debentures, (vi) Friedman Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San
Francisco, California 94111 (Attn:  Spencer C. Fleischer), as representative of the
purchasers (the "***Purchasers***") under the BearingPoint, Inc. 0.50% Convertible Senior
Subordinated Debentures Due July 2010, (vii) Bingham McCutchen LLP, 299 Park
Avenue, New York, New York 10022 (Attn:  Jeffrey Sabin, Esq., Neil W. Townsend,
Esq., and Sabin Willett, Esq.), as proposed counsel to the statutory committee of
unsecured creditors, and (viii) the holders of the thirty largest unsecured claims against
the Debtors (on a consolidated basis) and no further notice is necessary.

(e)     The legal and factual bases set forth in the Application establish just and
sufficient cause to grant the relief requested therein.

(f)     The relief granted herein is in the best interests of the Debtors, their
estates, creditors, and all parties in interest.

(g)     Based on the representations made in the Application and the WG&M
Declaration, (i) Members and associates of WG&M who will be engaged in these chapter
11 cases are duly admitted to practice before this Court, and (ii) WG&M represents or
holds no interest adverse to the Debtors or their estates and is disinterested under section
101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy
Code.

Therefore, it is hereby ORDERED that:

       1.     The Application is approved, to the extent set forth herein, <u>nunc pro tunc</u> to February 18, 2009, the date on which the Debtors commenced their chapter 11 cases.

       2.     Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors' retention of WG&M as their attorneys under a general retainer in accordance with WG&M's normal hourly rates and disbursement policies as set forth in the WG&M Declaration is approved.

       3.     WG&M shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court.

       4.     Notice of the Application as provided herein and therein shall be deemed good and sufficient notice of the Application.

Dated: New York, New York
       _____, 2009

                                 _____
                                 UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit F</u>**

**(WGM Retention Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
<u>In re</u>                                                     :        **Chapter 11 Case No.**
                                                                 :
**BEARINGPOINT, INC., <u>et al.</u>,**                           :        **09 - 10691 (REG)**
                                                                 :
         **Debtors.**                                            :        **(Jointly Administered)**
                                                                 :
-----------------------------------------------------------------x

**FINAL ORDER PURSUANT TO SECTION 327(a) AND 328(a) OF THE BANKRUPTCY**
**CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a)**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF WEIL, GOTSHAL &**
**MANGES LLP AS ATTORNEYS**
<u>**FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**</u>

Upon the Application (the "***Application***"), dated March 3, 2009, of BearingPoint,

Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "***Debtors***"), pursuant to sections 327(a) and 328(a) of title 11

of the United States Code (the "***Bankruptcy Code***") and Rule 2014(a) and 2016(b) of the Federal

Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for authority to employ and retain

Weil, Gotshal & Manges LLP ("***WG&M***") as their attorneys, effective as of the commencement

of these cases, under a general retainer, all as more fully set forth in the Application; and upon

consideration of the Declaration of Alfredo R. Pérez, Esq., a member of WG&M, dated March 3,

2009 (the "***WG&M Declaration***"); and the Court having held a hearing, with the appearances of

all interested parties, to consider the relief requested on an interim basis; and the Court having

entered an interim order granting the relief requested on an interim basis, the Court finds and

determines the following:

        (a)       Consideration of the Application and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

(b)    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(c)    The Court has jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the

United States District Court for the Southern District of New York, dated July 10, 1984 (Ward,

Acting C.J.).

(d)    The Debtors have provided due and proper notice of the Application and Hearing

to (i) the Office of the United States Trustee for the Southern District of New York (Attn:

Serene Nakano, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, Park Avenue Tower, 75 East

55th Street, First Floor, New York, New York 10022 (Attn:  Luc Despins, Esq. and Leslie A.

Plaskon, Esq.), as counsel for Wells Fargo Foothill, LLC, the administrative agent for the

Debtors' prepetition secured lenders, (iii) Ropes & Gray LLP, 1211 Avenue of the Americas,

New York, New York 10036-8704 (Attn:  Mark R. Somerstein, Esq. and Mark I. Bane, Esq.), as

counsel for the informal committee of holders of the BearingPoint Inc. 2.50% Series A

Convertible Subordinated Debentures Due December 15, 2024 (the "*Series A Debentures*") and

the BearingPoint, Inc. 2.75% Series B Convertible Subordinated Debentures Due December 15,

2024 (the "*Series B Debentures*"), (iv) Bracewell & Giuliani LLP, 1177 Avenue of the

Americas, 19th Floor, New York, New York, 10036-2714 (Attn:  Mark B. Joachim, Esq. and

Robert T. Carey, Esq.), as counsel for the informal committee of holders of the BearingPoint,

Inc. 5.00% Convertible Senior Subordinated Debentures Due 2025 (the "*Series C Debentures*"),

(v) The Bank of New York, 101 Barclay Street, 8W, New York, New York 10286 (Attn:

Corporate Trust Division – Corporate Finance Unit), as trustee under the indentures governing

the Series A Debentures, the Series B Debentures, and the Series C Debentures, (vi) Friedman

Fleischer & Lowe LLC, One Maritime Plaza, Suite 1000, San Francisco, California 94111 (Attn:

Spencer C. Fleischer), as representative of the purchasers (the "*Purchasers*") under the

BearingPoint, Inc. 0.50% Convertible Senior Subordinated Debentures Due July 2010, (vii)

Bingham McCutchen LLP, 299 Park Avenue, New York, New York 10022 (Attn: Jeffrey Sabin,

Esq., Neil W. Townsend, Esq., and Sabin Willett, Esq.), as proposed counsel to the statutory

committee of unsecured creditors, and (viii) the holders of the thirty largest unsecured claims

against the Debtors (on a consolidated basis) and no further notice is necessary.

(e)    The legal and factual bases set forth in the Application establish just and

sufficient cause to grant the relief requested therein.

(f)    The relief granted herein is in the best interests of the Debtors, their estates,

creditors, and all parties in interest.

(g)    Based on the representations made in the Application and the WG&M

Declaration, (i) Members and associates of WG&M who will be engaged in these chapter 11

cases are duly admitted to practice before this Court, and (ii) WG&M represents or holds no

interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

Therefore, it is hereby ORDERED that:

1.    The Application is approved, to the extent set forth herein, on a final basis,

nunc pro tunc to February 18, 2009, the date on which the Debtors commenced their chapter 11

cases.

2.    Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the

Debtors' retention of WG&M as their attorneys under a general retainer in accordance with

WG&M's normal hourly rates and disbursement policies as set forth in the WG&M Declaration

is approved on a final basis.

3.      WG&M shall apply for compensation and reimbursement in accordance

with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable

provisions of the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of

New York, the guidelines established by the Office of the United States Trustee, and such other

procedures as may be fixed by order of this Court.

4.      Notice of the Application as provided herein and therein shall be deemed

good and sufficient notice of the Application.

Dated: New York, New York
         *__March 27__*, 2009


                              __*s/ Robert E. Gerber*_____
                              UNITED STATES BANKRUPTCY JUDGE

## **Annex A**

### **(WGM February Monthly Fee Statement)**

This monthly fee statement has been provided to the Court, the Creditors' Committee, and the US Trustee.  Because of the voluminous size of these records, the monthly fee statement is not attached to this Interim Fee Application.  The Debtors can provide a copy upon request.

## <u>Annex B</u>

### (WGM March Monthly Fee Statement)

This monthly fee statement has been provided to the Court, the Creditors' Committee, and the US Trustee.  Because of the voluminous size of these records, the monthly fee statement is not attached to this Interim Fee Application.  The Debtors can provide a copy upon request.

## Annex C

### (WGM April Monthly Fee Statement)

This monthly fee statement has been provided to the Court, the Creditors' Committee, and the US Trustee.  Because of the voluminous size of these records, the monthly fee statement is not attached to this Interim Fee Application.  The Debtors can provide a copy upon request.

## Annex D

**(WGM May Monthly Fee Statement)**

This monthly fee statement has been provided to the Court, the Creditors' Committee, and the US Trustee. Because of the voluminous size of these records, the monthly fee statement is not attached to this Interim Fee Application. The Debtors can provide a copy upon request.

## Annex E

**(WGM June Monthly Fee Statement)**

This monthly fee statement has been provided to the Court, the Creditors' Committee, and the US Trustee.  Because of the voluminous size of these records, the monthly fee statement is not attached to this Interim Fee Application.  The Debtors can provide a copy upon request.