UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
In re: : Chapter 11 Case No.
:
BEARINGPOINT, INC., et al., : 09-10691 (REG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------ x

**SUPPLEMENTAL ORDER REGARDING THE SALE OF BEARINGPOINT INC.'S EQUITY INTEREST IN NON-DEBTOR BEARINGPOINT MANAGEMENT CONSULTING (SHANGHAI) LTD. AND RESOLVING OBJECTION OF LEAD PLAINTIFFS THERETO**
("*Document Retention Order*")

1. Upon the motion, dated October 2, 2009 [Docket No. 1317] (the "*Sale Motion*"),[1] of BearingPoint, Inc., as debtor and debtor-in-possession ("*BE*" and together with certain of its affiliates in the above captioned cases, the "*Debtors*"), pursuant to sections 363, 365 and 105 of chapter 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), for, among other things, (a) approval of that certain Equity Purchase Agreement, dated September 29, 2009 (the "*EPA*"), between BearingPoint, Inc. (the "*Seller*") and Perot Systems TSI (Mauritius) PVT. Ltd. ("*Buyer*"), pursuant to which Buyer agrees to purchase the equity interest (the "*Shares*") in BearingPoint Management Consulting (Shanghai) Ltd. ("*BE Shanghai*"), (b) authorizing the private sale of the Equity Interest, (c) authorizing BE to perform under the EPA and consummate the transactions contemplated in the EPA and Ancillary Agreements and take such actions as are necessary in furtherance thereof; and

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to such terms in the Sale Motion.

1

2. Upon a Limited Response to the Sale Motion [Docket No. 1344] ("**Lead Plaintiffs' Objection**") having been filed by the Lead Plaintiffs ("**Lead Plaintiffs**") in the securities class action entitled *In re BearingPoint, Inc. Securities Litigation*, Civil Action No. 1:05-cv-00454 (E.D. Va.); and

3. Upon a hearing having been held before the Court on October 15, 2009 (the "**Hearing**"); and

4. Upon the Court's approval of the Sale Motion at the Hearing and an Order approving the Sale Motion having been entered by the Court [Docket No. 1360] (the "**Sale Order**"), and pursuant to which Hearing and Sale Order the Court having reserved judgment on the Lead Plaintiffs' Objection to permit parties in interest to consensually resolve the Lead Plaintiffs' Objection; and

5. Upon a conference between the Court and the Debtors, Lead Plaintiffs and Buyer (the "**Conference**") having been held on November 5, 2009 to resolve remaining issues among the parties with respect to the Lead Plaintiffs' Objection;

6. And upon the Bankruptcy Court having reviewed and considered the Lead Plaintiffs' Objection and any responses thereto; and upon the record of these chapter 11 cases and proceedings, the Hearing, the Court's findings of fact and conclusions of law contained in the Sale Order and the Conference; and all parties having had the opportunity to be heard in regards to the foregoing; and after due deliberation thereon, and good cause appearing therefor:

**NOW, THEREFORE, IT IS ORDERED THAT:**

All objections to the entry of this Document Retention Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived, or settled, or not

otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice; and it is further ordered that:

    a) Buyer and BE Shanghai shall continue the document retention directive, copies of which have been furnished to counsel for Buyer, that was established by BE in connection with, among other things, the securities class action (the "***Directive***") entitled *In re BearingPoint, Inc. Securities Litigation*, Civil Action No. 1:05-cv-00454 (E.D. Va.) (the "***Action***") with respect to documents already maintained by BE Shanghai (the "***Documents***") for a period of four years following the date of the entry of this Document Retention Order ("***Retention Period***"); provided, however, nothing set forth herein shall require Buyer or BE Shanghai to produce any documents or other information in connection with the Action nor shall anything herein create any rights or obligations in excess of those provided by the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995. During the Retention Period, Buyer and BE Shanghai shall, solely upon written request by a party to the Action, who are (i) BE or its successor and (ii) Lead Plaintiffs (collectively, the "***Requesting Parties***"), furnish or cause to be furnished, Documents covered by the Directive (or copies thereof, at Buyer's or BE Shanghai's sole discretion), within a reasonable time; provided, however, in no event shall Buyer or BE Shanghai be required to expend any costs and other charges, whether internal or for third parties (other than nominal expenditures) (the "***Response Costs***"), to comply with such written request, and such Response Costs shall be remitted to Buyer or BE Shanghai, as applicable, before Buyer or BE Shanghai shall be obligated to furnish any Documents. If a dispute arises between the Requesting Parties to the Action regarding the responsibility for payment of any Response Costs, the Requesting Parties shall meet and confer in an effort to resolve the dispute, and if unsuccessful, the Requesting Parties may petition either the Bankruptcy Court or the District Court where the Action is pending to determine who shall be responsible for any Response Costs.

    b) Due to the confidential nature of the Directive as asserted by BE, the Lead Plaintiffs have no knowledge of its contents. If Documents sought by any of the Requesting Parties are outside the scope of the Directive but are nonetheless determined to be discoverable, or if the issuance of a subpoena is necessary to obtain Documents, in no event shall Buyer or BE Shanghai be required to expend any Response Costs in connection therewith, and the payment to Buyer or BE Shanghai of the Response Costs shall be a precondition to the furnishment of any Documents by Buyer or BE Shanghai. If Buyer or BE Shanghai would incur Response Costs in producing such Documents, then Buyer and/or BE Shanghai and the party requesting or subpoenaing the Documents shall meet and confer in an effort to resolve any dispute with respect to the

Response Costs, and if unsuccessful, any party may petition the Bankruptcy Court to determine the responsibility for payment of any Response Costs.

c) Except as expressly set forth in the preceding two subparagraphs (for the avoidance of doubt, subparagraphs a) and b) precedent hereto), nothing in this Document Retention Order shall be construed to change the obligations or rights of Buyer or BE Shanghai or BE or its successors or Lead Plaintiffs under the Federal Rules of Civil Procedure, including the rights of Buyer or BE Shanghai to resist service of a subpoena. Furthermore, in the event that the closing of the EPA shall fail to consummate or the obligations of Buyer under the EPA shall cease to exist or be in force, including without limitation as the result of a failure of any condition subsequent in the EPA, in no event shall Buyer have any obligations to produce, furnish or otherwise provide Documents or any other information under or related to the provisions of either the Directive or this Document Retention Order to any party.

Dated: New York, New York
*November 9, 2009*

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE