UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re                                               :        Chapter 11
                                                    :
BEARINGPOINT, INC., et al.,                         :        Case No. 09-10691 (REG)
                                                    :
                        Debtors.                    :        (Jointly Administered)
                                                    :

---------------------------------------------------------------X

**ORDER ENFORCING COMPLIANCE WITH PRIOR ORDER (I) APPROVING
THE SALE OF THE DEBTORS' ASSETS OUTSIDE THE ORDINARY
COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS,
(III) AUTHORIZING AND APPROVING THE STALKING HORSE
AGREEMENT, (IV) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
RELATED THERETO, AND (V) GRANTING RELATED RELIEF**

Upon the motion, dated December 9, 2009 (the "**Motion**"),[1] of Deloitte LLP (together

with its subsidiaries and affiliates, the "**Deloitte U.S. Firms**") for an Order: (a) enjoining

prosecution by Raed Tawil ("**Tawil**"), of an action currently pending in the United States District

Court for the Northern District of Illinois styled Tawil v. Bearing, Inc., Case No. 09-cv-325 (the

"**Action**") in which Tawil has filed a motion (the "**Tawil Motion**") to name Deloitte LLP as a

defendant; (b) finding that Tawil has intentionally violated the provisions of this Court's Order

(I) Approving the Sale of the Debtors' Assets Outside the Ordinary Course of Business, (II)

Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests,

(III) Authorizing and Approving the Stalking Horse Agreement, (IV) Approving the Assumption

and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (V)

Granting Related Relief, entered on April 17, 2009 (the "**Sale Order**"); and (c) holding Tawil in

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in
the Motion.

contempt as a result of his willful violation of the Sale Order; and notice of the Motion having been provided as required by the Order Pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c) Shortening Time With Respect to the Motion; and no other or further notice being necessary or required; and upon the Objection of Raed Tawil to the Motion; and upon the Reply of the Deloitte U.S. Firms in Further Support of the Motion; and after conducting a hearing on the Motion on December 14, 2009 (the "**Hearing**"); and upon the record of the Hearing and all other proceedings in these cases; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.     Tawil had proper, timely, adequate, and sufficient notice of the proceedings surrounding the entry of the Sale Order and did not file an objection thereto.

B.     The Deloitte U.S. Firms are not a successor to the Debtors and have no liability for liabilities or obligations of the Debtors, except for liabilities specifically assumed by the Deloitte U.S. Firms under the Agreement or related agreements.

C.     Paragraph 12 of the Sale Order provides, among other things, that "[t]he sale and assignment of the Acquired Assets and the assignment of the Contracts and Leases to the Purchaser vests the Purchaser with all right, title and interest of the Debtors to the Acquired Assets free and clear of any and all Liens, Excluded Liabilities, and other liabilities, whether arising prior to or subsequent to February 18, 2009, and whether imposed by agreement, understanding, law, equity or otherwise, with all such Liens to attach only to the proceeds of the sale and assignment of the Acquired Assets with the same priority, validity, force, and effect as they now have in or against the Acquired Assets. The Sale Motion shall be deemed to provide sufficient notice as to the sale and assignment of the Acquired Assets free and clear of all Liens and Excluded Liabilities in accordance with Rule 6004-1 of the Local Bankruptcy Rules.

Following the Closing, no holder of any Lien on the Acquired Assets may interfere with the Purchaser's use and enjoyment of the Acquired Assets based on or related to such Lien, or any actions that the Debtors may take in their chapter 11 cases and no interested party may take any action to prevent, interfere with or otherwise enjoin consummation of the Transactions or by this Order.

D.      Paragraph 13 of the Sale Order provides, among other things, that "[t]he Purchaser has not assumed and is not otherwise obligated for any of the Debtors' liabilities other than the Assumed Liabilities and as otherwise set forth in the Agreement and this Order, and the Purchaser has not acquired any of the Excluded Assets (as defined in the Agreement). Consequently, all persons, Governmental Units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code) and all holders of Liens, based upon or arising out of liabilities retained by the Debtors are hereby enjoined from taking any action against the Purchaser or the Acquired Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens or on account of any liabilities of the Debtors other than Assumed Liabilities pursuant to the Agreement.  All persons holding or asserting any Lien on the Excluded Assets are hereby enjoined from asserting or prosecuting such Liens or cause of action against the Purchaser or the Acquired Assets for any liability associated with the Excluded Assets.

E.      Paragraph 18 of the Sale Order provides, among other things, that [t]he Purchaser is not and shall not be deemed a "successor" to the Debtors or their estates as a result of the consummation of the Transactions contemplated by the Agreement or any other event occurring in the chapter 11 cases under any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates including, but not limited to, any bulk sales law, successor liability,

liability or responsibility for any claim against the Debtors or against an insider of the Debtors, or similar liability except as otherwise expressly provided in the Agreement, and the Sale Motion contains sufficient notice of such limitation in accordance with Rule 6004-1 of the Local Bankruptcy Rules. The sale and assignment of the Acquired Assets or the assumption and assignment of the Assumed Liabilities by the Purchaser and the Transactions approved hereby, will not cause the Purchaser to be deemed a successor in any respect to the Debtors. In the event that Purchaser elects to be treated as a successor employer under section 3121(a)(1) of the Internal Revenue Code, or makes an election to assume, on an employee by employee basis, immigration-related liabilities with respect to former employees of the Debtors hired by the Purchaser, the Purchaser shall not by reason of any such election be deemed to have assumed any other liabilities or to be a successor for any other purpose.

      F.      Paragraph 28 of the Sale Order provides, among other things, that "[e]xcept to the extent expressly included in the Assumed Liabilities, pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, the Debtors, the Official Committee of Unsecured Creditors, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien of any kind or nature whatsoever against, in or with respect to any of the Debtors or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Acquired Assets, the operation of the Debtors' business prior to the Closing Date or the transfer of the Acquired Assets to the Purchaser, shall be forever barred and estopped from asserting, prosecuting or otherwise pursuing such Lien, whether by

payment, setoff, or otherwise, directly or indirectly, against the Purchaser, or any affiliates, successors or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates, financial advisors and representatives (each of the foregoing in its individual capacity), or the Acquired Assets.

G.       The protections afforded the Deloitte U.S. Firms pursuant to the Sale Order, including paragraphs 12, 13, 18, and 28 thereof, represent a significant part of the Deloitte U.S. Firm's bargained for exchange in connection with the Sale.

H.       The Tawil Motion and the Action, and Tawil's prosecution thereof, are in violation of the Sale Order, and improperly sought to impose on the Deloitte U.S. Firms with liability against which the Sale Order is designed to protect.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED THAT:

1.     The commencement and prosecution of the Action as it relates to Deloitte LLP, and all acts in furtherance thereof, are void and of no effect.

2.     Tawil is permanently enjoined from pursuing the claims that are the subject of the Action against Deloitte LLP, its subsidiaries, affiliates and/or their successors in the United States District Court for the Northern District of Illinois or elsewhere.

3.     Tawil is directed to (a) withdraw the Amended Complaint in the Action; (b) withdraw the Tawil Motion with prejudice; and (c) dismiss the Action with prejudice as to Deloitte LLP on or before 5:00 P.M. on December 16, 2009.

4.     If Tawil fails to comply with the time deadlines set forth in this Order, the hearing on that portion of the Motion which seeks to hold Tawil in contempt will be held on December 17, 2009 at 10:30 A.M.

5.     The Court shall retain jurisdiction over to hear and determine all matters with respect to this Order and the implementation hereof.

Dated: New York, New York
      *December 15, 2009*

                              *s/Robert E. Gerber*
                              UNITED STATES BANKRUPTCY JUDGE

KL2 2630852.6