Hearing Date: TBD
Objection Deadline: TBD

**TODD & LEVI, LLP**
Jill Levi, Esq.
Suite 1202
444 Madison Avenue
New York, NY 10022
(212) 308-7400
(212) 308-8450 (facsimile)
jlevi@toddlevi.com

and

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
Jeffrey L. Tarkenton, Esq.
Todd D. Ross, Esq.
1401 Eye Street, NW
Seventh Floor
Washington, DC 20005
Tel: (202) 467-6900
Fax: (202) 467-6910

*Attorneys for DLT Solutions, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| BEARINGPOINT, INC., et al., | Case No. 09-10691 (REG) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF MOTION OF DLT SOLUTIONS, LLC FOR ALLOWANCE AND IMMEDIATE PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO SECTIONS 503(b)(1)(A) AND 507(a)(2) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT:**

DLT Solutions, LLC has filed the Motion of DLT Solutions, LLC for Allowance and

Immediate Payment of an Administrative Expense Claim Pursuant to Sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code (the "Motion"), which seeks allowance and immediate payment of an administrative expense claim.

A hearing will be held on the Motion on a date to be set by the Court before the Honorable Robert E. Gerber at the United States Bankruptcy Court for the Southern District of New York, Courtroom 621, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

The deadline to file any objections and responses to the Motion is on a date to be set by the Court **(Prevailing Eastern Time)** (the "Objection Deadline").

Objections and responses, if any, to the Motion, must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases; and (iii) set forth the name of the objecting or responding party, the basis of the response or objection, and the specific ground therefore.

Registered users of the Bankruptcy Court's case filing system shall electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable Robert E. Gerber), in accordance with General Order M-182 – Electronic Means for Filing, Signing, and Verification of Documents, dated June 26, 1997.

Objections and responses, if any, must also be served upon the following so as to be received no later than the Objection Deadline:

| *Counsel to DLT Solutions, LLC* | *Counsel to the Liquidating Trust:* |
|---|---|
| Todd & Levi, LLP<br>Suite 1202<br>444 Madison Avenue<br>New York, NY 10022<br>Attn: Jill Levi, Esq.<br><br>Womble Carlyle Sandridge & Rice, PLLC<br>1401 Eye Street, NW<br>Seventh Floor<br>Washington, DC 20005<br>Attn: Jeffrey L. Tarkenton, Esq.<br>Attn: Todd D. Ross, Esq. | Weil, Gotshal & Manges LLP,<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Marcia L. Goldstein, Esq.<br>Attn: Joseph H. Smolinsky, Esq.<br><br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Suite 1600<br>Houston, Texas 77002<br>Attn: Alfredo R. Pérez, Esq. |
| *Counsel to the Liquidating Trustee:*<br><br>Bingham McCutchen LLP<br>One Federal Street<br>Boston, MA 02110<br>Attn: Sabin Willett, Esq. | *Office of the U.S. Trustee:*<br><br>Office of the U.S. Trustee for the S.D.N.Y.<br>33 Whitehall St., 21st Floor<br>New York, New York 10004<br>Attn: Serene Nakano, Esq. |
| *Liquidating Trustee:*<br><br>BearingPoint, Inc. Liquidating Trust<br>100 Crescent Court, Suite 700<br>Dallas, Texas 75201<br>Attn: John DeGroote, Esq. | |

The relief requested in the Motion may be granted without a hearing if no objection is timely filed and served in accordance with this Notice.

Dated: February 12, 2010
   New York, New York

             Respectfully submitted,

             TODD & LEVI, LLP

             _____
             Jill Levi, Esq.
             Suite 1202
             444 Madison Avenue
             New York, NY 10022
             (212) 308-7400
             (212) 308-8450 (facsimile)
             jlevi@toddlevi.com

             and

             **WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
             Jeffrey L. Tarkenton, Esq.
             Todd D. Ross, Esq.
             1401 Eye Street, NW
             Seventh Floor
             Washington, DC 20005
             Tel: (202) 467-6900
             Fax: (202) 467-6910

             *Attorneys for DLT Solutions, LLC*

**TODD & LEVI, LLP**
Jill Levi, Esq.
Suite 1202
444 Madison Avenue
New York, NY 10022
(212) 308-7400
(212) 308-8450 (facsimile)
jlevi@toddlevi.com

and

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
Jeffrey L. Tarkenton, Esq.
Todd D. Ross, Esq.
1401 Eye Street, NW
Seventh Floor
Washington, DC 20005
Tel: (202) 467-6900
Fax: (202) 467-6910

*Attorneys for DLT Solutions, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| BEARINGPOINT, INC., et al., | Case No. 09-10691 (REG) |
| | (Jointly Administered) |
| Debtors. | |

**MOTION OF DLT SOLUTIONS, LLC FOR ALLOWANCE AND IMMEDIATE PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO SECTIONS 503(b)(1)(A) AND 507(a)(2) OF THE BANKRUPTCY CODE**

DLT Solutions, LLC ("DLT"), by and through its undersigned counsel, hereby files this

Motion of DLT Solutions, LLC for Allowance and Immediate Payment of an Administrative Expense Claim Pursuant to Sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code (the "Motion") in the amount of $255,892 for postpetition services provided to BearingPoint, Inc. (the "Debtor"). In support hereof, DLT respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

**Background**

*The Bankruptcy*

4. On February 18, 2009 (the "Petition Date"), the Debtor and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. The Debtor and certain of its subsidiaries entered into an asset purchase agreement with Deloitte LLP ("Deloitte"), dated March 23, 2009 (the "Deloitte APA") for the sale of assets comprising substantially all of the Debtors' Public Services practice group (the "Assets").

6. On March 23, the Debtor filed its motion seeking approval of, *inter alia*, the sale of the Assets (the "Sale Motion") [Docket No. 271] to certain of Deloitte's U.S. entities (the "Deloitte U.S. Firms").

2

7. On April 17, 2009, the Court entered its Order (I) Approving the Sale of the Debtors' Assets Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing and Approving the Stalking Horse Agreement, (IV) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (V) Granting Related Relief (the "Sale Order") [Docket No. 468] which approved the Deloitte APA and authorized the sale of the Assets to the Deloitte U.S. Firms.

8. The sale of the Assets to the Deloitte U.S. Firms was substantially consummated on May 8, 2009.

9. On December 22, 2009, the Court entered its order (the "Confirmation Order") [Docket No. 1550] confirming the Debtors' Modified Second Amended Joint Plan under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "Plan").

*The Parties' Relationship*

10. DLT is a value added reseller of commercial software, hardware and IT services to the public sector, and as an Oracle partner, provides Oracle professional services in support of Oracle licensed products that DLT resells to Federal customers or systems integrators acting as prime contractors to the federal government.

11. On October 1, 2005, the Debtor and DLT entered into Task Order Subcontract Agreement No. 80139882 – DLT (the "DLT Subcontract") in support of Task Order 36 of the Debtor's prime contract with the U.S. Army Program Executive Office, Standard Army Management Information Systems, Contract No. DAAB15-01-A-1023 (the "Prime Contract").

12. Pursuant to the DLT Subcontract, the Debtor issued an initial Task Order and several Subcontract Modifications, each authorizing DLT to perform Oracle professional

3

services (the "Services") on a "Not to Exceed," Labor Hour basis, in support of the Prime Contract. Purchase Order No. USA01-0000050043 (the "Purchase Order"), which reflects Mod. Nos. 04, 05 and 06, was issued by the Debtor to DLT on or about August 27, 2009.[1] A true and correct copy of the Purchase Order is attached hereto as Exhibit A and incorporated herein by reference.

13.  Mod. No. 04, dated October 28, 2008, and Mod. No. 05, dated February 10, 2009, amended the Task Order funding by $264,593, and authorized DLT to perform additional labor hours of Services, with cost-reimbursable travel and expenses, within the designated period of performance. DLT performed the Services pursuant to these Subcontract Modifications within the funded amount. Invoices were submitted monthly and were paid by the Debtor pursuant to the DLT Subcontract.

14.  On or about April 24, 2009, the Debtor issued Mod. No. 06, dated March 3, 2009, to DLT. A true and correct copy of Mod. No. 06 is attached hereto as Exhibit B. Mod. No. 06 amended the Task Order funding by $265,350, and authorized the performance of additional labor hours of Services with a period of performance commencing March 2, 2009 (the "Postpetition Services"). DLT completed the Postpetition Services under Mod. No. 06 on or about May 20, 2009. At that time, the Debtor owed DLT $268,864.

15.  On June 5, 2009, DLT forwarded Invoice No. SPR3253433 covering the Postpetition Services (the "Invoice") to the Debtor for review, and requested approval to post the Invoice to the Debtor's electronic payment system, known as iPayables. A true and correct copy

---

[1] While somewhat unclear, it appears that a purchase order was prepared and entered into the Debtor's AP system in or about the time that Mod. Nos. 4 and 5 were issued, as DLT was able to submit invoices for payment for work covered by those Mods into the Debtor's iPayables system. However, DLT never received a purchase order from the Debtor for the work performed under Mod. Nos. 4-6 until it was sent the Purchase Order, as revised August 27, 2009.

4

of the Invoice is attached hereto as <u>Exhibit C</u>. By email dated July 7, 2009, DLT was advised that the Invoice was approved for payment by Chris Ensign, a Managing Director of the Debtor.

16. However, despite DLT's subsequent repeated requests for payment, and DLT's diligent attempts to comply with the inconsistent and ever changing directives from the Debtor regarding how, where and to whom to submit the Invoice, DLT was unable to enter the Invoice into iPayables (and the other designated systems) until September 3, 2009. This allegedly was due to the Debtor's failure to enter Mod. No. 06 and the updated Purchase Order into its AP system until that date.

17. All subsequent attempts (from September 3, 2009 to the present) by DLT to have the Invoice paid have been unsuccessful.

18. On or about December 12, 2009, the Debtor notified DLT that the Prime Contract and the DLT Subcontract had been transferred to Deloitte effective May 8, 2009 pursuant to the sale of the Assets. DLT was further advised that any invoice for Services performed after the effective date of the sale of the Assets should be submitted to Deloitte for payment. Pursuant to that guidance, DLT submitted its invoice for payment of Postpetition Services performed under Mod. No. 06 after May 8, 2009 to Deloitte (the "Deloitte Invoice"). A true and correct copy of the Deloitte Invoice is attached hereto as <u>Exhibit D</u>.

19. On or about January 27, 2010, DLT received payment from Deloitte in the amount of $12,972 for those Postpetition Services performed under Mod. No. 06 after May 8, 2009.

20. DLT is currently owed $255,892 for the Postpetition Services rendered to the Debtor pursuant to Mod. No. 06. A true and correct copy of a revised invoice supporting this administrative expense request is attached hereto as <u>Exhibit E</u>. The amount due has been

adjusted to reflect the original amount owed for the Postpetition Services, less the amount paid by Deloitte for those Postpetition Services performed under Mod. No. 06 after May 8, 2009.

## Argument

21. Pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, DLT is entitled to the allowance of a priority administrative expense claim for the Postpetition Services provided to the Debtor.

22. Section 503(b) of the Bankruptcy Code provides that an administrative claim shall be allowed for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

23. Section 507(a) of the Bankruptcy Code further provides that such administrative expenses are entitled to priority, payable after only claims for certain domestic obligations and trustee expenses if applicable. 11 U.S.C. § 507(a). "Administrative expenses are afforded this priority to facilitate the reorganization effort by encouraging third-parties, who might be reluctant to deal with a debtor-in-possession, to transact such business." In re Enron Corp., 279 B.R. 79, 85 (Bankr. S.D.N.Y. 2002).

24. Courts generally apply a two-part test to determine whether a claimant is entitled to an administrative expense: (1) the claim must arise out of a transaction between the creditor and the debtor-in-possession, and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business. E.g., Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2d Cir. 1986); In re Old Carco LLC, 2010 WL 22520 *7 (Bankr. S.D.N.Y. Jan. 5, 2010); In re Enron Corp., 279 B.R. 79, 85 (Bankr. S.D.N.Y. 2002).

25. The two-part test is readily satisfied in this instance as the Postpetition Services directly and indirectly benefited the Debtor's estate and prepetition creditors, and Mod. No. 06, which resulted in DLT's performance of the Postpetition Services, was a postpetition transaction.

26. The Postpetition Services were delivered in support of the Prime Contract, which contract was assumed and assigned to Deloitte pursuant to the Deloitte APA and Sale Order. The estate and prepetition creditors benefited from the Postpetition Services as good and valuable consideration was paid by Deloitte for the Assets, which included the Prime Contract.

27. Furthermore, even if Mod. No. 06 was to be considered part of a prepetition executory contract and not a postpetition agreement, DLT would still be entitled to an administrative expense claim for the Postpetition Services as the Debtor asked for, and accepted and received, such services from DLT. When a "debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services." In re Patient Educ. Media, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998) (quoting NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984)). The focus is on whether the debtor in possession "continued to receive and accept the nondebtor's performance." In re Enron Corp., 279 B.R. 79, 87 (Bankr. S.D.N.Y. 2002) (quoting In re Patient Educ. Media, 221 B.R. 97, 102 (Bankr. S.D.N.Y. 1998)). In addition, the remaining amount of $255,892 owed for the Postpetition Services should constitute DLT's administrative expense claim. See In re Garden Ridge Corp., 323 B.R. 136, 142 (Bankr. D. Del. 2005) ("In the absence of evidence to the contrary, it is presumed that the

contract rate is the fair . . . value."); In re Adelphia Bus. Solutions, 296 B.R. 656, 664 n.9 (Bankr. S.D.N.Y. 2003).

28. For the reasons stated above, DLT is entitled to an allowed administrative expense claim for the Postpetition Services in the amount of $255,892. Pursuant to section 2.1 of the Plan, DLT's allowed administrative expense claim should be paid immediately.

## No Prior Request

29. No prior request for the relief sought in this Motion has been made to this or any other court.

## Notice

30. DLT shall serve notice of this Motion to parties in interest in accordance with the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated March 5, 2009 [Docket No. 117]. DLT submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, DLT Solutions, LLC respectfully requests that this Court enter an order substantially in the form attached hereto allowing the DLT administrative expense claim in the amount of $255,892, directing immediate payment of such claim, and granting such other relief as this Court deems just and proper.

Dated: February 12, 2010
New York, New York

Respectfully submitted,

TODD & LEVI, LLP

_____
Jill Levi, Esq.
Suite 1202
444 Madison Avenue

8

New York, NY 10022
(212) 308-7400
(212) 308-8450 (facsimile)
jlevi@toddlevi.com

and

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
Jeffrey L. Tarkenton, Esq.
Todd D. Ross, Esq.
1401 Eye Street, NW
Seventh Floor
Washington, DC 20005
Tel: (202) 467-6900
Fax: (202) 467-6910

*Attorneys for DLT Solutions, LLC*