March 19, 2010

Ravich
Meyer
Kirkman
McGrath
Nauman &
Tansey
*A Professional
Association*

*Attorneys at Law*
DIRECT DIAL   (612) 317-4760
wrtansey@ravichmeyer.com

The Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 621
New York, NY 10004-1408

Re:   *In re BearingPoint, Inc.*, Case No. 09-10691

Dear Judge Gerber:

I write as counsel to 3M Company, Inc. ("3M") under LBR 7056-1(a). This letter is in response to the March 16, 2010 letter of counsel for John DeGroote Services, LLC as Liquidating Trustee ("Liquidating Trustee"). 3M respectfully requests time for the fact discovery the Court directed at the March 5 hearing before the Court conducts a LBR 7056-1(a) pre-motion conference.

3M views fact discovery as critical and, more pressing, to a LBR 7056-1(a) conference, as the only means to afford the Court "an objective examination [that might] reveal triable issues of fact or . . . [show] that it would be more cost-effective to resolve all issues at trial[.]" *Id.* at Comment. Despite the Liquidating Trustee's assertion, more than legal issues are involved in 3M's motion for an administrative expense claim. The Liquidating Trustee's attempt to side-step fact discovery is best resolved through a discovery scheduling conference. If the Liquidating Trustee has a basis to object to 3M's requested discovery, the Liquidating Trustee should raise those issues in the appropriate forum. 3M should not be precluded from fact discovery before it begins. The Liquidating Trustee cites no legal support for such a position.

3M's motion for administrative expense (Dkt. No. 1458) turns on both fact and law. BearingPoint, Inc.'s ("BP") and Deloitte's actual "use" of 3M's intellectual property, as determined through fact discovery, will inform the analysis. Copyrighted computer software can be leased. The Federal Copyright Act, 17 U.S.C.A. 101, *et seq.*, for example, uses the word "lease" on multiple occasions. *See, e.g.*, 17 U.S.C.A. 106(3) (granting owner exclusive right to "lease" copyrighted works); *see also, e.g., Communications Group, Inc. v. Warner Communications, Inc.*, 527 N.Y.S.2d 341, 344-45 (N.Y. Civ. Ct.1988) (holding that contract regarding use of software was a lease).

In its March 16 letter, the Liquidating Trustee made a number of unfounded implicit and explicit assertions damaging to 3M's representation. 3M is a worldwide leader and provider of intellectual property. Any fault associated with the intellectual property at issue belongs entirely to BP. Fact discovery is necessary to prove the absurdity of Liquidating Trustee's allegations and vitiate its contentions. The Liquidating Trustee seeks to circumvent discovery to hide BP's own failures. BP contracted with 3M and retained 3M's intellectual property and benefited from it post-petition without payment.

For all these reasons, 3M respectfully requests fact discovery before a pre-motion summary judgment conference. Should the Court grant the Liquidating Trustee's request for authority to file a motion, 3M requests, respectfully, allowance to file any appropriate cross motions.

Very truly yours,

Will R. Tansey

WRT:ljm

cc: Basil A. Umari
Alan Brown
Rafael X. Zahralddin-Aravena