

**MINISTRY OF FINANCE OF THE REPUBLIC OF INDONESIA**

Djuanda I Building 15th Floor
Jalan Dr. Wahidin No. 1
Jakarta 10710

Tel.      : 62-21-3862539
Facsimile : 62-21-3862407
Website   : ww.depkeu.go.id

Response

to "Notice Of Hearing On Debtors' Seventh Omnibus Objection To Proofs Of Claim No Liability Tax Claims" of Bankruptcy Case of Bearingpoint Inc, Case Number 09-10691 (REG) (jointly Administered) at the United States Bankruptcy Court Southern District of New York

Honorable Robert E. Gerber

United States Bankruptcy Judge

Room 621 of the United States Bankruptcy Court for

the Southern District of New York

Alexander Hamilton Custom House

One Bowling Green, New York

New York 10004

Dear Sir,

We, the undersigned:

- Hana J Kartika
- Astera Primanto Bhakti
- R.Fendy Dharma Saputra
- Budi Setiabudi

in this matter acting for and on behalf of the Minister of Finance of the Republic of Indonesia, representing the Government of the Republic of Indonesia based on Special Power of Attorney Number: SKU-150/MK/2009 dated August 6, 2009 that had been

previously submitted by us when filing Proof of Claim dated August 13, 2009, hereby convey Response to "Notice Of Hearing On Debtors' Seventh Omnibus Objection To Proofs Of Claim No Liability Tax Claims" in bankruptcy case of Bearingpoint Inc, Case Number 09-10691 (REG) (jointly Administered) at the United States Bankruptcy Court Southern District of New York as follows:

However, before conveying the principal material of the response, we first would like to draw your attention that we received the letter sent by the United States Bankruptcy Court Southern District of New York dated February 3, 2010 on March 4, 2010 at that time the deadline for written response stipulated on February 23, 2010 had been extended. We would like to express our appreciation to your honor who for granting us an opportunity to deliver our written response due to the delay receipt of the letter.

In accordance with letter from the United States Bankruptcy Court Southern District of New York dated February 3, 2010 regarding "Notice Of Hearing On Debtors' Seventh Omnibus Objection To Proofs Of Claim No Liability Tax Claims", Bearingpoint Inc., states that Bearingpoint Inc. and its affiliates, hereinafter referred to as "Debtors", lodged objection on February 3, 2010 to the claims of the Ministry of Finance of the Republic of Indonesia as claims included in Exhibit E No Liability Tax Claims. Debtors request the Bankcruptcy Court to expunge and reject such claims because the responsible party for such claims is PT Barents Indonesia. Constituting a business entity is not consider to be included in the Debtors in Exhibit 1 List of Debtors. With regard to such objection, it is stated that such objection is groundless indeed.

Response to "Notice of Hearing On Debtors' Seventh Omnibus Objection To Proof Of Claim No Liability Tax Claim" of Bankruptcy Case of Bearingpoint Inc.  2

As for the claims of the Government of the Republic of Indonesia upon which objection is lodged by Bearingpoint shall be in the amount of US$ 3,503,934.85 and US$ 389,326.09 as follows:

| CLAIM(S) TOBE DISALLOWED & EXPUNGED | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name of Claimant | Claim Number | Claim Amount | | | | | Reason for Disallowance |
| | | Secured | Admin | Priority | Unsecured | Total | |
| MINISTRY OF FINANCE THE REPUBLIC OF INDONESIA | 1019 | $ .00 | $ .00 | $ .00 | $389,326.09 | $389,326.09 | The debtors contend that the claimed liability is between the Claimant and a non-debtor entity (PT Barent Indonesia) and accordingly, the claim has no basis |

| CLAIM(S) TOBE DISALLOWED & EXPUNGED | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name of Claimant | Claim Number | Claim Amount | | | | | Reason for Disallowance |
| | | Secured | Admin | Priority | Unsecured | Total | |
| MINISTRY OF FINANCE THE REPUBLIC OF INDONESIA | 1019 | $ .00 | $ .00 | $ .00 | $3,503,934.85 | $3,503,934.85 | The debtors contend that the claimed liability is between the Claimant and a non-debtor entity (PT Barent Indonesia) and accordingly, the claim has no basis |

Whereas pursuant to the content of objection lodged in the said Notice. According to Section 502 (b)(1) of Bankruptcy Code, claims allowed shall only be claims enforceable to debtors or assets of debtors based on an agreement or based on applicable provisions of laws and regulations.

In response to the objection lodged by Bearingpoint Inc., the Government of the Republic of Indonesia notifies that the Debtor should be a responsible party for tax claims of the Government of the Republic of Indonesia towards PT Barents Indonesia, since based on applicable provisions of laws and regulations, the tax claims on PT Barents Indonesia is enforceable to the Shareholders of PT Barents Indonesia, under the following explanations:

A. Profile of PT Barents Indonesia

1. Whereas PT. Barents Indonesia, Taxpayer Identification Number (TIN) 01.071.111.7-077.000 was incorparated based on the laws of the State of the Republic of Indonesia in Jakarta on June 27, 1995 under Deed issued by Notary Achmad Abid, SH, number 164 as amended lastly with the of Notary Sutjipto, SH dated August 15, 2002, number 135. Taxpayer Address is at Wisma GKBI 39th Floor Suite 3901.

2. Whereas based on Deed issued by Notary Sutjipto, SH No. 135 dated August 15, 2002, the Composition of the Management of PT. Barents Indonesia shall be as follows:

| No. | Name | Taxpayer Registration No. (NPWP) | Address | Position |
|---|---|---|---|---|
| 1. | Darwin Gene Johnson | - | The United States | President Commissioner |
| 2. | Harvey Galper | - | The United States | Commissioner |
| 3. | David Wayne Black | - | The United States | President Director |
| 4. | David Ross Schwiesow | - | The United States | Director |

3. Whereas based on Deed issued by Notary Sutjipto, SH No. 135 dated August 15, 2002, the Shareholders of PT. Barents Indonesia shall be as follows:

| No. | Name | Taxpayer Registration No. (NPWP) | Address | Share Ownership |
|---|---|---|---|---|
| 1. | KPMG Consulting, LLC (Barents Group, LLC) | - | The United States | 99% |
| 2. | Peloton Holdings, LLC | - | The United States | 1% |

4. Whereas KPMG Consulting LLC which has 99% of the shares of PT Barents Indonesia, based on the official website www.bearingpoints.com , has changed its name to Bearingpoints on October 2, 2002 included as a debtor in Exhibit 1 List of Debtors.

5. Whereas in addition to the above, Peloton Holdings LLC also has shares in the amount of 1% also included as a debtor in Exhibit 1 List of Debtors.

6. Whereas based on BearingPoint Inc. Organization Chart – Page 2 updated 31 March, 2009 released by BearingPoint Inc., the standing of PT Barents Indonesia in the the BearingPoint Inc. Is 99% owned by Bearingpoint LLc and 1 % owned by Peleton Holding LLc. The figure of organization shall be as follows:



7. Whereas therefore both companies mentioned above (Bearingpoints LLC as the Majority Shareholder of 99% and Peloton Holdings LLC which have shares in the amount of 1%) evidently are the Shareholders of PT Barents Indonesia constituting Debtors in accordance with Exhibit 1 List of Debtors.

B. Responsibilities of Shareholders for the Tax Payable of PT Barents Indonesia

1. Whereas Article 32 of the Law of the State of the Republic of Indonesia Number 16 Year 1983 regarding General Taxation Provisions and Procedures as lastly amended by Law Number 16 Year 2009 regulates as follows:

   *(1) In exercising rights and discharging obligations in accordance with the provisions of taxation laws and regulations, a Taxpayer shall be represented in case of:*

   *a. an entity, shall be by the management;*

   *b. an entity declared bankrupt, shall be by a receiver;*

   *c. an entity being liquidated, shall be by person or entity assigned to do the settlement;*

   *d. an entity being liquidated, shall be by a liquidator;*

   *e. ...; or*

   *f. ....*

   *(2) The representative as referred to in paragraph (1) shall be responsible personally and/or collectively for the payment of the tax payable, unless he/she can prove and assure the Director General of Taxation that it is not in his/her capacity to assume such responsibility.*

   *(3a) The requirements as well as the exercise of rights and the discharge of obligations of the proxy as intended in paragraph (3) shall be regulated or shall be stipulated by or based on a Decree of the Minister of Finance.*

*(4) The definition of management as referred to in paragraph (1) sub-paragraph a shall include persons who really have the authority to co-determine the policy and/or to make the decision in managing the company..*

**Elucidation**

*Paragraph (1)*

*This Law determines the person who shall become a representative to exercise taxation rights and discharge taxation obligations of the Taxpayer towards an entity, entity declared bankrupt, entity being dissolved, entity being liquidated, inheritance not yet divided and children who are not adult yet or persons placed under guardianship. It is necessary that the person who shall become his/her representative or proxy be determined for the aforementioend Taxpayer because he/she cannot or is not likely to take such legal action by himself/herself.*

*Paragraph (2)*

*This paragraph confirms that the representative of a Taxpayer regulated herein* **shall be personally or jointly responsible for the payment of the tax due.** *Exception can be taken into account by the Director General of Taxation if the Taxpayer can prove and convince that pursuant to naturalness and propriety, he/she in his/her capacity is unlikely to be held responsible.*

*Paragraph (3)*

*This paragraph provides concession and opportunity for a Taxpayer to ask for assistance from other parties who understand taxation issues as his/her proxy, for and on behalf of, to assist to exercise taxation rights and discharge taxation obligations of the Taxpayer.*

*Such assistance shall include the discharge of formal and material obligations as well as the fulfillment of the rights of the Taxpayer determined in taxation laws and regulations.*

*Referred to as "proxy" shall be a person who receives a special authority from the Taxpayer to exercise certain taxation rights and fulfill certain taxation obligations in accordance with provisions of taxation laws and regulations.*

*Paragraph (3a)*
*Self-explanatory.*

*Paragraph (4)*
*A person who evidently has the authority to determine the policy and/or make decision in the context of running company activities, for example, shall have the authority to sign contracts with third parties, endorse checks and the like although the name of such person is not included in the composition of the management contained in the deed of establishment or deed of amendment, including in the definition of the management. Provisions in this paragraph **shall also be applicable to the majority shareholders or controlling shareholders.** .*

C. Based on the entire aforementioned descriptions, applicable provisions of laws and regulations in the State of the Republic of Indonesia, the tax Claims for PT Barents Indonesia is enforceable to Bearingpoint LLC since Bearing Point LLC and Peloton Holdings LLC is as the 100 % ownership of PT. Barent Indonesia.

D. Whereas evidently Bearingpoint LLC and Peloton Holdings LLC constitute Debtors included in Exhibit 1 List of Debtors, consequently, based on Section 502 (b)(1) of Bankruptcy Code, the tax payable claims of PT Barents Indonesia should be accepted by the Bankruptcy Court.

E. With regard to the amount of the tax payable and collection efforts made towards PT Barents Indonesia, we describe as follows:

1. PT Barents Indonesia based on the administration of the Directorate General of Taxation of the Ministry of Finance of the Republic of Indonesia has tax arrears in the amount of USD3,542,867.455 consisting of the following:

   a. Tax Underpayment Assessment Letter (SKPKB) :
   Based of the administrative data of the Pratama Tax Service Office of Jakarta Tanah Abang Tiga, the tax payable owned by PT Barent Indonesia is Rp.10,460,956,995 and USD 1,455,471.97 with the following breakdowns:

| No | Tax Collection Letter (STP)/Tax Assessment Letter (SKP) Number | Type of Tax | Due Date | Type of Tax | Tax Period /Year | Currency | Value of Arrears |
|---|---|---|---|---|---|---|---|
| 1 | 00001/277/99/058/07 | 22-Jan-07 | 21-Feb-07 | VAT/Sales Tax on Luxury Good Others | Dec-99 | IDR | 742,957,397.00 |
| 2 | 00002/201/99/058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 21 | 1999 | IDR | 269,811,770.00 |
| 3 | 00015/204/99/058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 26 | Dec-99 | IDR | 391,124,035.00 |
| 4 | 00037/207/99/058/07 | 22-Jan-07 | 21-Feb-07 | Domestic VAT | Dec-99 | IDR | 5,747,647.00 |
| 5 | 00002/277/00/058/07 | 22-Jan-07 | 21-Feb-07 | VAT/Sales Tax on Luxury Good Others | Jun-00 | IDR | 12,828,326.00 |
| 6 | 00003/204/00/058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 26 | Jun-00 | IDR | 3,073,141,866.00 |
| 7 | 00003/240/00/058/07 | 22-Jan-07 | 21-Feb-07 | Final and Foreign Fiscal | Jun-00 | IDR | 254,968,066.00 |

Response to "Notice of Hearing On Debtors' Seventh Omnibus Objection To Proof Of Claim No Liability Tax Claim" of Bankruptcy Case of Bearingpoint Inc.  10

| No | Tax Collection Letter (STP)/Tax Assessment Letter (SKP) Number | Type of Tax | Due Date | Type of Tax | Tax Period /Year | Currency | Value of Arrears |
|---|---|---|---|---|---|---|---|
| | | | | Income Tax | | | |
| 8 | 00004/201/00 /058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 21 | 2000 | IDR | 40,368,444.00 |
| 9 | 00004/204/00 /058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 26 | Dec-00 | IDR | 3,071,353,813.00 |
| 10 | 00004/240/00 /058/07 | 22-Jan-07 | 21-Feb-07 | Final and Foreign Fiscal Income Tax | Dec-00 | IDR | 356,475,878.00 |
| 11 | 00001/267/01 /058/07 | 22-Jan-07 | 21-Feb-07 | VAT/Sales Tax on Luxury Good Others | Jun-01 | IDR | 297,846,622.00 |
| 12 | 00002/204/01 /058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 26 | Dec-01 | IDR | 471,213,846.00 |
| 13 | 00004/201/01 /058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 21 | 2001 | IDR | 428,179,442.00 |
| 14 | 00004/277/01 /058/07 | 22-Jan-07 | 21-Feb-07 | VAT/Sales Tax on Luxury Good Others | Dec-01 | IDR | 18,742,474.00 |
| 15 | 00002/204/02 /058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 26 | Jun-02 | IDR | 526,092,964.00 |
| 16 | 00002/277/02 /058/07 | 22-Jan-07 | 21-Feb-07 | VAT/Sales Tax on Luxury Good Others | Jun-02 | IDR | 477,151,513.00 |
| 17 | 00004/203/02 /058/07 | 22-Jan-07 | 21-Feb-07 | Income Tax of Article 23 | Jun-02 | IDR | 1,804,470.00 |
| 18 | 00009/207/02 /058/07 | 22-Jan-07 | 21-Feb-07 | Domestic VAT | Jun-02 | IDR | 21,148,422.00 |
| | *Total* | | | | | *IDR* | *10,460,956,995.00* |
| 19 | 00001/206/00 /058/07 | 22-Jan-07 | 21-Feb-07 | Corporate Income Tax of Article 25/29 | 2000 | USD | 524,347.00 |
| 20 | 00003/206/01 /058/07 | 22-Jan-07 | 21-Feb-07 | Corporate Income Tax of Article 25/29 | 2001 | USD | 931,124.97 |
| | *Total* | | | | | *USD* | *1,455,471.97* |

b. Collection Interest

Based on Article 19 paragraph (1) of Law Number 6 Year 1983 regarding General Taxation Provisions and Procedures as amended most recently by Law Number 16 Year 2000, with regard to the tax assessment letter that has not been paid off by the Taxpayer, the Pratama Tax Service Office of Tanah Abang Tiga, has issued Tax Collection Letter of Collection Interest (Collection Interest STP) with the following breakdowns:

Response to "Notice of Hearing On Debtors' Seventh Omnibus Objection To Proof Of Claim No Liability Tax Claim" of Bankruptcy Case of Bearingpoint Inc.   11

| No | Tax Collection Letter (STP)/Tax Assessment Letter (SKP) Number | SK Date | Due Date | Type of Tax | Tax Period /Year | Currency | Value of Arrears |
|---|---|---|---|---|---|---|---|
| 1 | 00001/109/99/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Dec-99 | IDR | 356,619,551.00 |
| 2 | 00002/109/99/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | 0/1999 | IDR | 129,509,650.00 |
| 3 | 00003/109/99/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Dec-99 | IDR | 187,739,537.00 |
| 4 | 00004/109/99/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Dec-99 | IDR | 2,758,871.00 |
| 5 | 00001/109/00/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | 0/2000 | USD | 251,686.56 |
| 6 | 00002/109/00/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-00 | IDR | 6,157,596.00 |
| 7 | 00003/109/00/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-00 | IDR | 1,475,108,096.00 |
| 8 | 00004/109/00/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-00 | IDR | 122,384,672.00 |
| 9 | 00005/109/00/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | 0/2000 | IDR | 19,376,853.00 |
| 10 | 00006/109/00/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Dec-00 | IDR | 1,474,249,830.00 |
| 11 | 00007/109/00/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Dec-00 | IDR | 171,108,421.00 |
| 12 | 00001/109/01/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-01 | IDR | 142,966,379.00 |
| 13 | 00002/109/01/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Dec-01 | IDR | 226,182,646.00 |
| 14 | 00003/109/01/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | 0/2001 | USD | 446,939.99 |
| 15 | 00004/109/01/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | 0/2001 | IDR | 205,526,132.00 |
| 16 | 00005/109/01/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Dec-01 | IDR | 8,996,388.00 |
| 17 | 00001/109/02/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-02 | IDR | 252,524,623.00 |
| 18 | 00002/109/02/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-02 | IDR | 229,032,726.00 |
| 19 | 00003/109/02/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-02 | IDR | 866,146.00 |
| 20 | 00004/109/02/077/09 | 20-Feb-09 | 22-Mar-09 | Collection Interest | Jun-02 | IDR | 10,151,243.00 |
| | Total | | | | | IDR | 5,021,259,360.00 |
| | | | | | | USD | 698,626.55 |

2. Whereas with regard to the tax arrears of PT Barents Indonesia, the Government has made collection efforts as determined in the provisions of taxation laws and regulations of the State of Indonesia, however, PT Barent Indonesia remains unwilling to pay its tax arrears. As for the collection efforts made by the Government of Indonesia are as follows:

a. Issuance of Letter of Reprimand and Warrant

With regard to the tax assessment as intended in point of the document, up to the due date for payment, the Taxpayer has not settled the payment yet. Collection procedures had been conducted based on Law Number 19 Year 1997 as amended by Law Number 19 Year 2000. Detailed collection actions taken in the form of the issuance of Letter of Reprimand, Warrant for the Taxpayer is mentioned on the following table:

| No | Tax Collection Letter (STP)/Tax Assessment Letter (SKP) Number | Letter of Reprimand | | Warrant | | |
|---|---|---|---|---|---|---|
| | | Number | Date | Number | Date | Tanggal |
| 1 | 00001/277/99/058/07 | ST-00646/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00097/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 2 | 00002/201/99/058/07 | ST-00562/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00097/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 3 | 00015/204/99/058/07 | ST-00602/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00097/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 4 | 00037/207/99/058/07 | ST-00603/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00097/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 5 | 00001/206/00/058/07 | ST-00601/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00100/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 6 | 00002/277/00/058/07 | ST-00604/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00098/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 7 | 00003/204/00/058/07 | ST-00516/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00098/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 8 | 00003/240/00/058/07 | ST-00563/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00098/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 9 | 00004/201/00/058/07 | ST-00645/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00098/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 10 | 00004/204/00/058/07 | ST-00561/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00098/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 11 | 00004/240/00/058/07 | ST-00515/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00098/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 12 | 00001/267/01/058/07 | ST-00518/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00099/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 13 | 00002/204/01/058/07 | ST-00647/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00099/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 14 | 00003/206/01/058/07 | ST-00514/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00100/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 15 | 00004/201/01/058/07 | ST-00606/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00099/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 16 | 00004/277/01/058/07 | ST-00099/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00099/WPJ.07/KP.0604/2007 | 28-Mar-07 | 28-Mar-07 |
| 17 | 00002/204/02/058/07 | ST-00201/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00201/WPJ.07/KP.0604/2007 | 06-Jun-07 | 06-Jun-07 |
| 18 | 00002/277/02/058/07 | ST-00517/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00201/WPJ.07/KP.0604/2007 | 06-Jun-07 | 06-Jun-07 |
| 19 | 00004/203/02/058/07 | ST-00607/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00201/WPJ.07/KP.0604/2007 | 06-Jun-07 | 06-Jun-07 |
| 20 | 00009/207/02/058/07 | ST-00605/WPJ.07/KP.0604/2007 | 05-Mar-07 | SP-00201/WPJ.07/KP.0604/2007 | 06-Jun-07 | 06-Jun-07 |

b. The Decree of the Minister of Finance regarding travel ban abroad for the Tax Guarantor of PT Barents Indonesia had been issued for the name as follows:

| Name | Sex | Position at PT Barents Indonesia | Citizenship |
|---|---|---|---|
| David Wayne Black | Male | President Director | American |
| David Ross Schwiesow | Male | Director | American |
| Darwin Gene Johnson | Male | President Commissioner | American |
| Harvey Galper | Male | Commissioner | American |

With regard to the efforts made by the government of the Republic of Indonesia, the evidence of which were submitted when filing the Proof of Claim on August 13, 2009, PT Barents Indonesia evidently has not made any positive response to settle its tax obligations, PT Barents Indonesia, and its management (directly or indirectly are also BearingPoint Inc) have tax obligation to the Government of the Republic of Indonesia related to its business activities in Indonesia. Therefore, through this bankruptcy process of BearingPoint Inc, which is currently underway at the United States Bankcruptcy Court Southern District of New York, the Government of the Republic of Indonesia requests the Court to consider not to reject and expunge the claims to the aforementioned shareholders of PT Barents Indonesia, and decide that the Government of The Republic of Indonesia has the right to collect the tax of PT. Barent Indonesia through the shareholder ( Bearing Point LLc and Peleton Holding LLc based on the principle of good fairness in doing business and justice principle.

Thus we have made our response and thank you for your kind attention.

Jakarta, April 7, 2010

[signature]
Hana Kartika

[signature]
Astera Primanto Bhakti

[signature]
R.Fendy Dharma Saputra

[signature]
Budi Setiabudi