MCKOOL SMITH P.C.
Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

- and -

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Blake H. Bailey (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **BEARINGPOINT, INC., et al.,** | **09 - 10691 (REG)** |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON THE LIQUIDATING TRUSTEE'S
AMENDED OBJECTION TO CLAIM NOS. 1019 AND 1076 OF THE MINISTRY OF
FINANCE FOR THE REPUBLIC OF INDONESIA**

**PLEASE TAKE NOTICE THAT:**

A hearing (the "***Hearing***") to consider the Amended Objection to Claim Nos. 1019 and 1076 of the Republic of Indonesia, dated September 24, 2010 (the "***Amended Objection***"), of John DeGroote Services LLC (the "***Liquidating Trustee***") as Liquidating Trustee to the BearingPoint Inc. Liquidating Trust, to Claim Nos. 1019 and 1076 of the Republic of Indonesia filed in the Debtors' chapter 11 cases shall be held before Honorable Robert E. Gerber, United

States Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **November 4, 2010, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

The deadline to file any responses to the Amended Objection is October 14, 2010 **at 4:00 p.m. (Eastern Time)** (the "*Objection Deadline*").

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Amended Objection, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore, and must be filed no later than the Objection Deadline with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court).

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Hon. Robert E. Gerber), in accordance with General Order M-182 – Electronic Means for Filing, Signing, and Verification of Documents, dated June 26, 1997.

Any objections or responses must also be served upon the following parties so as to be received no later than the Objection Deadline.

*Counsel to the Liquidating Trustee*

McKool Smith P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Attn: Peter S. Goodman, Esq.

Dated: September 24, 2010
      New York, New York

      /s/ Peter S. Goodman
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9200
Facsimile: (212) 402-9444

      - and -

Basil A. Umari (*pro hac vice*)
Blake H. Bailey (*pro hac vice*)
MCKOOL SMITH P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Counsel to the Liquidating Trustee

MCKOOL SMITH P.C.
Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

- and -

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Blake H. Bailey (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**BEARINGPOINT, INC., et al.,** : **09 - 10691 (REG)**
: 
**Debtors.** : **(Jointly Administered)**
: 
------------------------------------------------------------x

### LIQUIDATING TRUSTEE'S AMENDED OBJECTION TO
### CLAIM NOS. 1019 AND 1076 OF THE MINISTRY OF FINANCE FOR THE REPUBLIC OF INDONESIA

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

John DeGroote Services LLC, Liquidating Trustee (the "***Liquidating Trustee***") to the BearingPoint Inc. Liquidating Trust files this amended objection (the "***Amended Objection***") to Claim Nos. 1019 and 1076 for the Ministry of Finance of the Republic of Indonesia ("***Indonesia***"). This Amended Objection is filed pursuant to section 502 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 3007 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and the *Order Pursuant to Bankruptcy Code Section 105 Approving Notice Procedures for Claims Objections and Deemed Schedule Amendment Motions*, dated October 14, 2009 [Docket No. 1353] (the "**Procedures Order**"). In support of the Amended Objection, the Liquidating Trustee respectfully represents as follows.

## RELIEF REQUESTED AND SUMMARY

1. The Liquidating Trustee objects and requests that the Court disallow and expunge Proof of Claim Nos. 1019 and 1076 (the "**Claims**") filed by Indonesia in their entirety.

2. The Liquidating Trustee previously objected to the Claims as part of its *Motion for Omnibus Objection to Claim(s) The Liquidating Trustee's Seventh Omnibus Objection to Claims*, dated February 3, 2010 [Docket #1626] (the "**Seventh Omnibus Objection**"). Without conceding any previous arguments, the Liquidating Trustee amends its objection to include the following argument.

3. The Claims are unenforceable by United States courts under federal common law called the "revenue rule." The revenue rule prohibits any United States court from enforcing or adjudicating any foreign tax claim. As the Claims are attempts to collect Indonesian taxes, the Court lacks authority to enforce or adjudicate them.

## JURISDICTION

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. On February 18, 2009 (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The

Debtors were authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 22, 2009, the Court by written order confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, Dated December 17, 2009 (the "***Plan***"). John DeGroote Services LLC serves as the Liquidating Trustee under the Plan. The Plan became effective on December 30, 2009 (the "***Effective Date***").

7. PT Barents Indonesia is a company organized under Indonesian law, wholly-owned by Debtors BearingPoint LLC and Peloton Holdings LLC. According to Indonesia, PT Barents Indonesia incurred tax liability in Indonesia but did not pay. Indonesia, purportedly pursuant to Indonesian law, is attempting to collect those taxes from the Debtors as shareholders of PT Barents.

8. On April 16, 2009, Indonesia filed Claim Nos. 1019 and 1076, asserting general unsecured claims in the amount of $389,326.09 and $3,503,934.85 respectively. As indicated in the claim forms, these claims are for taxes allegedly owed to Indonesia.

9. The Liquidating Trustee previously objected to the Claims in the Seventh Omnibus Objection. Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be allowed only if its enforceable "against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Liquidating Trustee asserts that the Claims are not enforceable under any applicable law or agreement.

10. Indonesia failed initially failed to respond to the Seventh Omnibus Objection. However, after contacting the Court and requesting additional time, the Liquidating Trustee agreed to revise the order on the Seventh Omnibus Objection to undo the disallowance of Indonesia's claims so that Indonesia could respond. Indonesia responded to the Seventh

Omnibus Objection by letter dated April 7, 2010 [docket #1799] citing Article 32 of the Law of the State of the Republic of Indonesia Number 16 Year 1983 regarding General Taxation Provisions and Procedures as lastly amended by Law Number 16 Year 2000. Claimant asserts that this law imposes tax liability on majority shareholders of a company if the company fails to pay its taxes.

## AMENDED OBJECTION TO CLAIM

11.     The Liquidating Trustee reasserts its objection against the Claims made in the Seventh Omnibus Objection that the Debtors are not liable for the Claims based on substantive Indonesian tax and corporate law. In addition, there is an independent ground that bars the Claims.

12.     Independent of the merits of the tax claim, the Republic of Indonesia cannot pursue its claim against BearingPoint because of the "revenue rule". As defined by the Second Circuit, "[t]he revenue rule is a longstanding common law doctrine providing that courts of one sovereign will not enforce final tax judgments or unadjudicated tax claims of other sovereigns." *Attorney General of Canada v. R.J. Reynolds*, 268 F.3d 103, 109 (2d Cir. 2001). Generally speaking, "under the revenue rule, United States courts avoid the application of a foreign sovereign's tax laws." *Id.* at 126. Thus, courts cannot enforce or adjudicate foreign tax claims. *Republic of Honduras v. Philip Morris Co.*, 341 F.3d 1253, 1256 (11th Cir. 2003). The rule is defended on several grounds, "including respect for sovereignty, concern for judicial role and competence; and separation of powers." *Canada*, 268 F.3d at 109. For example, the Second Circuit prevented Canada from pursuing tobacco companies for evading Canadian cigarette taxes. *Canada*, 268 F.3d at 106. The Ninth Circuit applied the rule to prevent British Columbia from enforcing a final tax judgment for logging taxes in United States courts. *Her Majesty,*

*Queen in Right of Province of British Columbia v. Gilbertson*, 597 F. 2d 1161, 1166 (9th Cir. 1979).

13. There is no question that the revenue rule applies to the Claims. To determine whether the revenue rule applies, the "court must examine whether the substance of the claim is, either directly or indirectly, one for tax revenues." *Canada*, 268 F.3d at 130. Claim Nos. 1019 and 1076 are direct claims for tax revenues: Indonesia is seeking tax revenues from the Debtors as shareholders of an Indonesian subsidiary and citing Indonesian tax law. Irrespective of whether the Debtors face tax liability under Indonesian law, Indonesia cannot enforce that tax liability in the United States courts.[1]

14. For all these reasons, the Claim must be disallowed.

15. The Liquidating Trustee also disputes that the underlying tax is owed by the non-debtor entity and reserves his right to argue that they are not assessable against the shareholder entity. Because the revenue rule applies and prevents the Court from addressing the merits of the tax claim, the Liquidating Trustee does not address those arguments at this time. In the event that the Court determines that revenue rule is not dispositive, the Liquidating Trustee respectfully

---

[1] The United States and Indonesia signed a tax treaty to help avoid double taxation. Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion With Respect to Taxes on Income, July 11, 1988, U.S.-Indonesia, arts. 26, 29, T.I.A.S. No. 11593 (entered into force Dec. 30, 1990). Nevertheless, the treaty does not allow for enforcement of foreign tax assessments. Without a clear abrogation of the revenue rule, courts interpret the absence of such a provision as evidence that the revenue rule continues to apply. The *Canada* court explained:

> [T]he United States has over the years entered into a number of tax treaties with foreign sovereigns that provide for information exchange and, sometimes, limited collection assistance, but notably fail to make any provision for general enforcement of foreign tax judgments or claims. It seems to us that the usual absence in our negotiated tax conventions of any provision for the extraterritorial enforcement of a sovereign's tax judgments or claims cannot be not accidental, but instead must reflect the considered policy of the political branches of our government. Thus, the political branches of our government have clearly expressed their intention to define and strictly limit the parameters of any assistance given with regard to the extraterritorial enforcement of a foreign sovereign's tax laws.

*Canada*, 268 F.3d at 119 (footnote omitted). *See also Canada*, 268 F.3d at 115-19 (discussing the history of United States tax treaties and the Senate's continuing hostility toward allowing any enforcement of foreign tax claims). The *Canada* court specifically references the Indonesian tax treaty as an example of a treaty that does not abrogate the revenue rule.

requests an opportunity to brief and present evidence with respect to the underlying tax claims and derivative liability issues.

## **NOTICE**

16. The Liquidating Trustee shall serve notice of this Amended Objection to parties in interest in accordance with the Procedures Order. The Liquidating Trustee submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE the Liquidating Trustee respectfully requests the Court disallow the Claim Nos. 1019 and 1076 of Indonesia and grant such other and further relief as is just and proper.

Dated: September 24, 2010
      New York, New York

    /s/ Peter S. Goodman
Peter S. Goodman
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9200
Facsimile: (212) 402-9444

- and -

MCKOOL SMITH P.C.
Basil A. Umari (*pro hac vice*)
Blake H. Bailey (*pro hac vice*)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                  :
<u>In</u> <u>re</u>                                            :        Chapter 11 Case No.
                                                  :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**                     :        09 - 10691 (REG)
                                                  :
Debtors.                                          :        (Jointly Administered)
                                                  :
-------------------------------------------------------------x

## ORDER GRANTING LIQUIDATING TRUSTEE'S
## OBJECTION TO CLAIM NOS. 1019 AND 1076 OF THE MINISTRY OF FINANCE FOR
## THE REPUBLIC OF INDONESIA

On consideration of the Amended Objection to Claim Nos. 1019 and 1076 of The Republic of Indonesia (the "***Amended Objection***"),[2] filed by John DeGroote Services LLC, Liquidating Trustee of the BearingPoint Inc. Liquidating Trust ("***Liquidating Trustee***"), for entry of an order disallowing and expunging the claim of the Ministry of Finance for the Republic of Indonesia, all as more fully set forth in the Amended Objection; and the Court having held a hearing to consider the relief requested therein (the "***Hearing***"), with the appearances of all interested parties noted in the record of the Hearing; and upon all of the proceedings before the Court, the Court finds and determines the following:

A.     Consideration of the Amended Objection and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     The Court has jurisdiction to consider the Amended Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of

---

[2]  Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Amended Objection.

the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

D. The Liquidating Trustee has provided due and proper notice of the Amended Objection and Hearing to parties in interest (the "***Notice Parties***"), including the Republic of Indonesia, in accordance with the *Order Pursuant to Bankruptcy Code Section 105 Approving Notice Procedures for Claims Objections and Deemed Schedule Amendment Motions*, dated October 14, 2009 [docket #1353], and no further notice is necessary.

E. The legal and factual bases set forth in the Amended Objection establish just and sufficient cause to grant the relief requested therein.

F. The relief granted herein is in the best interests of the Debtors, their estates, creditors, the Liquidating Trust, and all parties in interest.

G. Notwithstanding the relief granted herein, the Liquidating Trustee reserves all rights under chapter 5 of the Bankruptcy Code and all other claims or causes of action that it may have against the claimant affected by this Amended Objection.

Therefore, it is hereby ORDERED that:

1. The Amended Objection is GRANTED as set forth herein.

2. Claim Nos. 1019 and 1076 of the Ministry of Finance for the Republic of Indonesia (the "***Claims***") are disallowed in its entirety.

3. Garden City Group is authorized and directed to delete the disallowed Claims, pursuant to this Order, from the official claims register in these chapter 11 cases.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
_____, 2010

_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE