> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS**

MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
Peter S. Goodman

- and -

MCKOOL SMITH P.C.
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Nicholas Zugaro (*pro hac vice*)

Counsel to the Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                          :
<u>In re</u>                              :          **Chapter 11 Case No.**
                                          :
**BEARINGPOINT, INC., <u>et al</u>.,**    :          **09 - 10691 (REG)**
                                          :
**Debtors.**                              :          **(Jointly Administered)**
                                          :
---------------------------------------------------------------x

**NOTICE OF LIQUIDATING TRUSTEE'S**
**FOURTEENTH OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE THAT:**

A hearing (the "***Hearing***") to consider the Fourteenth Omnibus Objection to Claims, dated October 4, 2010 (the "***Fourteenth Omnibus Objection***"), of John DeGroote Services LLC as Liquidating Trustee to the BearingPoint Inc. Liquidating Trust to certain claims filed in the Debtors' chapter 11 cases shall be held before Honorable Robert E. Gerber, United States

Bankruptcy Judge, Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **November 4, 2010, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

The deadline to file any responses to the Fourteenth Omnibus Objection is **October 25, 2010, at 4:00 p.m. (Eastern Time)** (the "*Objection Deadline*").

**PARTIES RECEIVING NOTICE OF THE FOURTEENTH OMNIBUS OBJECTION SHOULD REVIEW THE FOURTEENTH OMNIBUS OBJECTION TO SEE IF THEIR NAMES AND/OR CLAIMS ARE LOCATED IN THE FOURTEENTH OMNIBUS OBJECTION AND/OR IN THE EXHIBITS ATTACHED THERETO.**

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Fourteenth Omnibus Objection, must be in writing, must (a) conform to the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore, and must be filed no later than the Objection Deadline with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court).

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or

any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Hon. Robert E. Gerber), in accordance with General Order M-182 – Electronic Means for Filing, Signing, and Verification of Documents, dated June 26, 1997.

Any objections or responses must also be served upon the following parties so as to be received no later than the Objection Deadline:

> **Counsel to the Liquidating Trustee**
> McKool Smith P.C.
> 600 Travis Street, Suite 7000
> Houston, Texas 77002
> Attn: Basil A. Umari, Esq.

Dated: October 4, 2010
New York, New York

/s/ Peter S. Goodman
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9200
Facsimile: (212) 402-9444

- and -

Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
MCKOOL SMITH P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

| PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS |
|---|

MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
Peter S. Goodman

- and -

MCKOOL SMITH P.C.
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)

Counsel to the Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
        :

<u>In re</u>                         :        **Chapter 11 Case No.**
        :

**BEARINGPOINT, INC., <u>et al.</u>,**    :        **09 - 10691 (REG)**
        :

**Debtors.**                  :        **(Jointly Administered)**
        :
------------------------------------------------------------x

**<u>LIQUIDATING TRUSTEE'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS</u>**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

      John DeGroote Services LLC, Liquidating Trustee (the "***Liquidating Trustee***") of the

BearingPoint Inc. Liquidating Trust, files this Fourteenth Omnibus Objection to Claims (the

"***Fourteenth Omnibus Objection***") to those claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>,

Exhibit D, and Exhibit E attached hereto. This Fourteenth Omnibus Objection is filed pursuant to section 502 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and the *Order Pursuant to Bankruptcy Code Section 105 Approving Notice Procedures for Claims Objections and Deemed Schedule Amendment Motions*, dated October 14, 2009 [Docket No. 1353] (the "***Procedures Order***"). The Liquidating Trustee's proposed order is attached hereto as Annex A. In support of the Fourteenth Omnibus Objection, the Liquidating Trustee respectfully represents as follows:

## RELIEF REQUESTED

1. The Liquidating Trustee objects and requests that the Court disallow and expunge the following categories of claims or otherwise grant the relief requested as identified herein:

(a) Proofs of Claim that assert claims for which the Debtors are not liable, as defined below, the No Liability Claims;

(b) Proofs of Claim that were filed after the bar date, as defined below, the Late Filed Claims;

(c) Proofs of Claim that assert an amount in excess of that to which the claimant is entitled, as defined below, the Overstated Claims;

(d) Proofs of Claim that assert tax claims for which the Debtors are not liable, as defined below, the No Liability Tax Claims;

(e) Proofs of Claim that assert a priority greater than what the creditor is entitled to, as defined below, the Misclassified Claims.

## JURISDICTION

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On February 18, 2009, (the "***Commencement Date***"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors were authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On March 11, 2009, this Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 191] (the "***Bar Date Order***").  The Bar Date Order established (a) April 17, 2009, at 5:00 p.m. (Eastern Time) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim (including claims under section 503(b)(9) of the Bankruptcy Code) ("***Proofs of Claim***") based on prepetition claims against the Debtors (the "***General Bar Date***"), and (b) August 17, 2009, at 5:00 p.m. (Eastern Time) as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtors (together with the General Bar Date, the "***Bar Dates***").

5.      Pursuant to the terms of the Bar Date Order, on or about March 14, 2009, GCG mailed notice of the Bar Dates (the "***Bar Date Notice***") and proof of claim forms to, among others, all of the Debtors' creditors and other known holders of claims as of the Commencement Date, about 68,000 creditors and potential claimants in total.

6.     On December 22, 2009 the Court by written order confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, Dated December 17, 2009 (the "**Plan**").  John DeGroote Services LLC is the Liquidating Trustee to the BearingPoint Inc. Liquidating Trust.

## PROOFS OF CLAIM

7.     On October 14, 2009, the Court entered the Procedures Order.

8.     As of the filing of this Fourteenth Omnibus Objection, the Bar Dates have passed, and in excess of 1,100 Proofs of Claim have been filed in connection with these chapter 11 cases. The Liquidating Trustee has continued the process of conducting a comprehensive review and reconciliation of all prepetition claims, including both the claims scheduled in the Debtors' Schedules (the "**Scheduled Claims**") and the claims asserted in the Proofs of Claim (the "**Filed Claims**").  In addition, the Liquidating Trustee has continued identifying particular categories of Filed Claims that may be targeted for disallowance and expungement, and certain Scheduled Claims that may need to be adjusted.

9.     On April 15, 2010, the Court entered the Order to Extend the Deadline to Object to Claims [Dkt. No. 1798].  Accordingly, the deadline for the Liquidating Trust to object to Claims and Administrative Expenses is December 31, 2010.

10.    As part of their ongoing review, the Liquidating Trustee has reviewed each of the proofs of claim listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E hereto and has concluded that each such claim is appropriately objected to on the basis set forth below.

11.    The Liquidating Trustee limits this Objection to the grounds stated herein and reserve all rights and defenses, including, among other things, the right to further object to any of the Proofs of Claim referenced herein on any basis.

## OBJECTION TO CLAIMS - NO LIABILITY CLAIMS

12.    Certain claimants have filed Proofs of Claim that assert claims for which the Debtors are not liable ("**No Liability Claims**").  Exhibit A, attached hereto, identifies such No Liability Claims and contains a short statement, next to each claim, why the Liquidating Trustee denies liability.  As described in the Declaration of Barry Folse, attached hereto as Exhibit F, the Liquidating Trustee has thoroughly reviewed each of the No Liability Claims and their books and records, and has determined based on this review and additional diligence, that these claims should be expunged because the No Liability Claims, to the extent they have not already been satisfied by the Debtors or Liquidating Trustee, are not owed by any of the Debtors.  Section 502(b)(1) of the Bankruptcy Code provides that a claim shall only be allowed if it is enforceable "against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  The No Liability Claims and their supporting documentation, if any, are insufficient to establish a claim against the Debtors.  The Liquidating Trustee asserts that, based on its diligence and for the reasons set forth on Exhibit A that the No Liability Claims, to the extent they have not already been satisfied by the Debtors or Liquidating Trustee, are not enforceable under any applicable law or agreement and, therefore, the Debtors are not liable for these Claims.  Thus, the Liquidating Trustee requests that the Court disallow and expunge the No Liability Claims in their entirety.

## OBJECTION TO CLAIMS - LATE FILED CLAIMS

13.    Certain claimants filed Proofs of Claim after the General Bar Date passed ("**Late Claims**").  Exhibit B, attached hereto, identifies such Late Filed Claims and contains the date on which the claim was filed.  The General Bar Date was April 17, 2009 at 5:00 p.m.  As described in the affidavit of Barry Folse, attached hereto as Exhibit F, the Late Filed Claims were filed after the General Bar Date.  The Bar Date Order states, "Any holder of a claim against the

Debtors that is required to but fails to file a proof of such claim in accordance with the Bar Date Order on or before…the Bar Date shall be barred from asserting such claim against the Debtors and their estates…and shall not be permitted to…participate in any distribution in the Debtors' chapter 11 cases on account of such claim." Bar Date Order at 6-7. Accordingly, the Late Filed Claims should not be allowed. The Liquidating Trustee requests that the Court disallow and expunge the Late Filed Claims in their entirety.

## OBJECTION TO CLAIMS - OVERSTATED CLAIMS

14. Certain claimants have filed Proofs of Claim that assert claims for amounts larger than any amount owed by the Debtors ("*Overstated Claims*"). Exhibit C, attached hereto, identifies such Overstated Claims and contains a short statement, next to each claim, why the claim is overstated. As described in the Affidavit of Barry Folse, attached hereto as Exhibit F, based on due diligence performed by the Liquidating Trustee including on the Debtors' accounting records, accounts receivable systems, accounts payable systems, or tax returns, the Overstated Claims assert a liability greater than what is actually allowable. Thus, the Liquidating Trustee requests that the Court reduce the amount claimed in the Overstated to the extent requested in Exhibit C. By requesting reduction of claims, the Liquidating Trustee is not waiving any right to further object to any claim for any reason. The Liquidating Trustee is not admitting that any claim herein is allowable or should be allowed. The Liquidating Trustee reserves all rights to any cause of action it may have against claimants including, without limitation, the right to pursue potential preference avoidance actions under Chapter 5 of the Bankruptcy Code.

## OBJECTION TO CLAIMS - NO LIABILITY TAX CLAIMS

15. Certain claimants have filed Proofs of Claim that assert tax claims for which the Debtors are not liable ("*No Liability Claims*"). Exhibit D, attached hereto, identifies such No

Liability Tax Claims and contains a short statement, next to each claim, of why the Liquidating Trustee denies liability. As described in the Affidavit of Barry Folse, attached hereto as Exhibit F, the Liquidating Trustee has thoroughly reviewed each of the No Liability Tax Claims and the Debtors' books and records, and has determined based on this review and additional diligence, that these claims should be expunged because the No Tax Liability Claim, to the extent not already satisfied by the Liquidating Trustee or the Debtors are not owed by any of the Debtors. Section 502(b)(1) of the Bankruptcy Code provides that a claim shall only be allowed if it is enforceable "against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The No Liability Tax Claims and their supporting documentation, if any, are insufficient to establish a claim against the Debtors. The Liquidating Trustee asserts that, based on its diligence and for the reasons set forth on Exhibit D, the No Liability Tax Claims, to the extent not already satisfied by the Liquidating Trustee or the Debtors, are not enforceable under any applicable law or agreement and, therefore, the Debtors are not liable for these Claims. Thus, the Liquidating Trustee requests that the Court disallow and expunge the No Liability Tax Claims in their entirety.

## OBJECTION TO CLAIMS - MISCLASSIFIED CLAIMS

16. Certain claimants have filed Proofs of Claim that assert priorities higher than the priority permitted by the Bankruptcy Code ("**Misclassified Claims**"). Exhibit E, attached hereto, identifies such Misclassified Claims and contains a short statement, next to each claim, why the Liquidating Trustee alleges that the claims are misclassified. As described in the Declaration of Barry Folse, attached hereto as Exhibit F, the Liquidating Trustee has thoroughly reviewed each of the Misclassified Claims and their claimants' books and records, and has determined based on this review and additional diligence, that these claims should be modified because the Misclassified Claims do not properly reflect the priority of the liability underlying the claim.

Morever, the Misclassified Claims and their supporting attachments do not support affording priority status to the claims.  The Liquidating Trustee requests that the Court reclassify the Misclassified Claims to the extent requested in <u>Exhibit E</u>.  By requesting reclassification of claims, the Liquidating Trustee is not waiving any right to further object to any claim for any reason.  The Liquidating Trustee is not admitting that any claim herein is allowable or should be allowed.  The Liquidating Trustee reserves all rights to any cause of action it may have against claimants including, without limitation, the right to pursue potential preference avoidance actions under Chapter 5 of the Bankruptcy Code.

<strong><u>RESERVATION OF RIGHTS</u></strong>

17.     The Liquidating Trustee expressly reserves the right to amend, modify or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims (filed or not) which may be asserted against the Debtors or the Liquidating Trustee.  Should one or more of the grounds of objection stated in this Motion be dismissed, the Liquidating Trustee reserves its rights to object on any other grounds that the Liquidating Trustee identifies. In addition, the Liquidating Trustee reserves the right to seek further reduction of any claim to the extent such claim has been paid.

18.     Further, the Liquidating Trustee reserves its rights with respect to potential preference and avoidance actions against any claimant herein, and this Objection shall not constitute a waiver of the right of the Liquidating Trustee to pursue such causes of action or to seek the disallowance of Proof of Claims for any other reason.

<strong><u>NOTICE</u></strong>

19.     The Liquidating Trustee shall serve notice of this Fourteenth Omnibus Objection to parties in interest in accordance with the Procedures Order.  The Liquidating Trustee submits

that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided

WHEREFORE the Liquidating Trustee respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:   October 4, 2010
        New York, New York

/s/ Peter S. Goodman
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9200
Facsimile: (212) 402-9444

- and -

Basil A. Umari (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
MCKOOL SMITH P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

Counsel to the Liquidating Trustee

# EXHIBIT A

## (NO LIABILITY CLAIMS)

# Exhibit A
# No Liability Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **1068** | 09-10691 (REG) | **Creditor:** N PETER KNOLL | $0.00 | $0.00 | $0.00 | $816,399.42 | $816,399.42 |
| **Filed On:** 11/9/2009 | | | 815 EMERY ST LONGMONT, CO 80501 | | | | | |
| | | | Comments: The Liquidating Trustee contends the Claimant's EEOC action was dismissed and the claim is without merit and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | | |
| **Claim To Be Disallowed** | **737** | 09-10691 (REG) | **Creditor:** NATALIE MCCLEAF | $0.00 | $0.00 | $0.00 | $381,000.00 | $381,000.00 |
| **Filed On:** 4/20/2009 | | | 7408 WINDY HILL CT. MCLEAN, VA 22102 | | | | | |
| | | | Comments: The Liquidating Trustee contends the Claimant's EEOC action was dismissed and the claim is without merit and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | | |
| **Claim To Be Disallowed** | **513** | 09-10691 (REG) | **Creditor:** PHILLIPE GREENFILED | $0.00 | $0.00 | $0.00 | $1,152,715.00 | $1,152,715.00 |
| **Filed On:** 4/13/2009 | | | SCP LE FOYER DE COSTIL & GUILLARD; 17 BIS RUE LEGENDRE 75017 PARIS FRANCE, | | | | | |
| | | | Comments: The Liquidating Trustee contends the Claimant's litigation has been dismissed by the court and the claim has no merit and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | | |

# Exhibit A
# No Liability Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **161** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $1,500.00 | $1,500.00 |
| | | | THE RITZ CARLTON HOTEL COMPANY LLC | | | | | |
| **Filed On:** | 3/31/2009 | | | | | | | |
| | | | ANDRONIKI ALAHOUZOS - COLLECTIONS ADMINI MARRIOTT INTERNATIONAL INC MARRIOTT DRIVE DEPT 52/923.21 WASHINGTON, DC 20058 | | | | | |
| | | | Comments: | The Liquidating Trustee contends that the claim is not a liability of the Debtors and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | |
| **Claim To Be Disallowed** | **1131** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | VERIZON BUSINESS GLOBAL LLC AND VARIOUS | | | | | |
| **Filed On:** | 1/21/2010 | | | | | | | |
| | | | SUBSIDIARIES/AFFILIATES C/O GIBBONS P C ONE GATEWAY CENTER NEWARK, NJ 7102 | | | | | |
| | | | Comments: | The Liquidating Trustee contends that the claim is not a liability of the Debtors and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | |
| | **Claims To Be Disallowed Totals** | | 5 | $0.00 | $0.00 | $0.00 | $2,351,614.42 | $2,351,614.42 |

# EXHIBIT B

## (LATE CLAIMS)

# Exhibit B
# Late Filed Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **1176** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $3,286.23 | $0.00 | $3,286.23 |
| | | | GWEN POPE | | | | | |
| **Filed On:** | 7/2/2010 | | | | | | | |
| | | | 429 SHERMAN ST NW | | | | | |
| | | | OLYMPIA, WA  98502 | | | | | |
| | | | Comments: | The Liquidating Trustee contends the claim was asserted after the Bar Date. Also on Exhibit E as a Misclassified Claim. | | | | |
| **Claim To Be Disallowed** | **1178** | 09-10705 (REG) | **Creditor:** | $3,591.35 | $0.00 | $0.00 | $0.00 | $3,591.35 |
| | | | OAKLAND COUNTY TREASURER | Unliquidated | Unliquidated | Unliquidated | Unliquidated | Unliquidated |
| **Filed On:** | 7/26/2010 | | | | | | | |
| | | | 1200 N. TELEGRAPH ROAD DEPARTMENT 479 | | | | | |
| | | | PONTIAC, MI  48341 | | | | | |
| | | | Comments: | The Liquidating Trustee contends the claim was asserted after the Bar Date. | | | | |
| **Claims To Be Disallowed Totals** | | | **2** | **$3,591.35** | **$0.00** | **$3,286.23** | **$0.00** | **$6,877.58** |

# **EXHIBIT C**

## **(OVERSTATED CLAIMS)**

# Exhibit C
## Overstated Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Filed Claim Amount** | **566** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $364,523.63 | $364,523.63 |
| **Filed On:** | 4/16/2009 | | DLT SOLUTIONS INC | | | | | |
| **Reduced Amount** | | | KATHRYN HARRIS 13861 SUNRISE VALLEY DR STE 400 HERNDON, VA 20171 | $0.00 | $0.00 | $0.00 | $557.60 | $557.60 |
| | | | Comments: | The Liquidating Trustee contends that $363,966.02 of claim was paid on check numbers 80002068 (4/17/2009), 80002500 (4/29/2009), 80003335 (5/29/2009)and 80003542 (6/3/2009)and agree with $557.60 of claim | | | | |
| **Filed Claim Amount** | **932** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $70,000.00 | $70,000.00 |
| **Filed On:** | 7/17/2009 | | PLATEAU SYSTEMS, LTD | | | | | |
| **Reduced Amount** | | | ATTN VICTOR MEER 4401 WILSON BLVD, SUITE 400 ARLINGTON, VA 22203 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 |
| | | | Comments: | The Liquidating Trustee contends that per letter agreement the Hosting Agreement was not terminated until 7/31/2009 and accordingly, the claimant is entitled to $10,000 termination fee. The iContent Services Order Form is not entitled to a termination fee. | | | | |
| **Filed Claim Totals** | | | 2 | $0.00 | $0.00 | $0.00 | $434,523.63 | $434,523.63 |
| **Reduced Amount Totals** | | | | $0.00 | $0.00 | $0.00 | $10,557.60 | $10,557.60 |

# **EXHIBIT D**

# **(NO LIABILITY TAX CLAIMS)**

# Exhibit D
## No Liability Tax Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **974** | 09-10704 (REG) | **Creditor:** FRANCHISE TAX BOARD | $0.00 | $0.00 | $800.00 | $0.00 | $800.00 |
| **Filed On:** 8/11/2009 | | | BANKRUPTCY SECTION MS A340 PO BOX 2952 SACRAMENTO, CA 95812 | | | | | |
| | | | Comments: | | The Liquidating Trustee contends this tax was paid with BearingPoint, Inc & Subsidiaries tax return and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | |
| **Claim To Be Disallowed** | **1109** | 09-10705 (REG) | **Creditor:** NEW YORK STATE DEPARTMENT OF | $0.00 | $0.00 | $0.00 | $2,607.35 | $2,607.35 |
| **Filed On:** 12/17/2009 | | | TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205 | | | | | |
| | | | Comments: | | The Liquidating Trustee contends the Claimant sent the Debtors a letter indicating there is no liability due and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | |
| **Claim To Be Disallowed** | **28** | 09-10704 (REG) | **Creditor:** STATE OF NEW YORK, DEPT OF LABOR | $0.00 | $0.00 | $120.30 | $0.00 | $120.30 |
| **Filed On:** 3/13/2009 | | | UNEMPLOYMENT INSURANCE DIVISION GOV W.A. HARRIMAN STATE OFFICE BLDG BUILDING 12, ROOM 256 ALBANY, NY 12240 | | | | | |
| | | | Comments: | | The Liquidating Trustee contends the underlying liability of the claim is for a non-Debtor - KPMG Enterprise Integration Services LLC and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | |
| **Claims To Be Disallowed Totals** | **3** | | | **$0.00** | **$0.00** | **$920.30** | **$2,607.35** | **$3,527.65** |

# EXHIBIT E

## (MISCLASSIFIED CLAIMS)

Fourteenth Omnibus Objection

**Exhibit E**
**Misclassified Claims**

In re:BearingPoint, Inc., et al.
Case No 09-10691 (REG) Jointly Administered

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | C | U | D |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Filed Claim Amount** | 1176 | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $3,286.23 | $0.00 | $3,286.23 | ☐ | ☐ | ☐ |
| **Filed On:** 7/2/2010 | | | GWEN POPE | | | | | | | | |
| **Modified Priority Status Amount** | | | 429 SHERMAN ST NW OLYMPIA, WA  98502 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | |
| | | | Comments: | The Liquidating Trustee contends that the claim is for pre petition expense reimbursement and is not entitled to priority and that Claimant has failed to attach documentation sufficient to establish its claim as stated.  Also on Exhibit B as a Late Filed Claim. | | | | | | | |
| **Filed Claim Amount** | 1167 | 09-10691 (REG) | **Creditor:** | $0.00 | $399.02 | $0.00 | $0.00 | $399.02 | ☐ | ☐ | ☐ |
| **Filed On:** 4/5/2010 | | | ILLINOIS DEPARTMENT OF REVENUE | | | | | | | | |
| **Modified Priority Status Amount** | | | BANKRUPTCY UNIT 100 W RANDOLPH ST, #7-400 CHICAGO, IL  60601 | $0.00 | $0.00 | $0.00 | $399.02 | $399.02 | | | |
| | | | Comments: | The Liquidating Trustee contends the claim is for pre petition penalties and interest not entitled to priority and tha Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | | | | |
| **Filed Claim Totals** | | 2 | | $0.00 | $399.02 | $3,286.23 | $0.00 | $3,685.25 | | | |
| **Modified Priority Status Totals** | | | | $0.00 | $0.00 | $0.00 | $399.02 | $399.02 | | | |

# EXHIBIT F

## (DECLARATION OF BARRY FOLSE)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                        :
**In re**                               :    **Chapter 11 Case No.**
                                        :
**BEARINGPOINT, INC., et al.,**         :    **09 - 10691 (REG)**
                                        :
**Debtors.**[1]                         :    **(Jointly Administered)**
                                        :
-------------------------------------------------------------------x

### DECLARATION OF BARRY FOLSE IN SUPPORT OF
### LIQUIDATING TRUSTEE'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS

Barry Folse makes this declaration under 28 U.S.C. § 1746 and states:

1.    I am a Managing Director of AlixPartners, LLP ("AP"). John DeGroote Services LLC (the "Liquidating Trustee") has retained AP as temporary employees. I am authorized to execute this Declaration on behalf of the Liquidating Trustee. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2.    I submit this declaration in support of the Liquidating Trustee's Fourteenth Omnibus Objection to Claims (the "Objection").

3.    I, or employees of the Liquidating Trustee under my direction and control, have reviewed the claims on Exhibit A and, based on a review and analysis of the Debtors' books and records and other due diligence, have concluded that, for the reasons stated on Exhibit A, the Debtors have no liability for the claims.

---

[1] The Debtors include: BE New York Holdings, Inc., BearingPoint, Inc., BearingPoint, LLC, BearingPoint Americas, Inc., BearingPoint BG, LLC, BearingPoint Enterprise Holdings, LLC, BearingPoint Global, Inc., BearingPoint Global Operations, Inc., BearingPoint International I, Inc., BearingPoint Israel, LLC, BearingPoint Puerto Rico, LLC, BearingPoint Russia, LLC, BearingPoint South Pacific, LLC, BearingPoint Southeast Asia LLC, BearingPoint Technology Procurement Services, LLC, BearingPoint USA, Inc., i2 Mid Atlantic LLC, i2 Northwest LLC, Metrius, Inc., OAD Acquisition Corp., OAD Group, Inc., Peloton Holdings, L.L.C., Softline Acquisition Corp., and Softline Consulting and Integrators, Inc.

4.     I, or employees of the Liquidating Trustee under my direction and control, have reviewed the claims on Exhibit B and, based on the a review of the filed claims, have concluded that the filing dates listed on the claims on Exhibit B are accurate, the claims were filed after the Bar Date and that the Debtors have no liability for the claims.

5.     I, or employees of the Liquidating Trustee under my direction and control, have reviewed the claims on Exhibit C and, based on a review and analysis of the Debtors' books and records and other due diligence, have concluded that, for the reasons stated on Exhibit C, the claims listed should be reduced as indicated.

6.     I, or employees of the Liquidating Trustee under my direction and control, have reviewed the claims on Exhibit D and, based on a review and analysis of the Debtors' books and records and other due diligence, have concluded that, for the reasons stated on Exhibit D, the Debtors have no liability for the claims.

7.     I, or employees of the Liquidating Trustee under my direction and control, have reviewed the claims on Exhibit E and, based on a review and analysis of the Debtors' books and records and other due diligence, have concluded that, for the reasons stated on Exhibit E, the claims listed should be reclassified as indicated.

**[Remainder of Page Intentionally Left Blank]**

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this __1st__ day of __October__, 2010.

Barry Folse
Managing Director, AlixPartners, LLP

# ANNEX A

## (PROPOSED ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                                              :
<u>In re</u>                                                  :          **Chapter 11 Case No.**
                                                              :
**BEARINGPOINT, INC., <u>et al.</u>,**                        :          **09 - 10691 (REG)**
                                                              :
**Debtors.**                                                  :          **(Jointly Administered)**
                                                              :
--------------------------------------------------------------x

## ORDER GRANTING LIQUIDATING TRUSTEE'S
## FOURTEENTH OMNIBUS OBJECTION TO CLAIMS

Upon consideration of the objection, dated October 4, 2010 (the "***Fourteenth Omnibus***

***Objection***"),[1] of John DeGroote Services LLC, Liquidating Trustee to the BearingPoint Inc.

Liquidating Trust, for entry of an order disallowing and expunging in their entirety certain claims

filed against these estates, all as more fully set forth in the Fourteenth Omnibus Objection; and

the Court having held a hearing to consider the relief requested herein (the "***Hearing***") with the

appearances of all interested parties noted in the record of the Hearing; and upon all of the

proceedings before the Court, the Court finds and determines the following:

A.      Consideration of the Fourteenth Omnibus Objection and the relief requested

therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The Court has jurisdiction to consider the Fourteenth Omnibus Objection and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 of the United States District Court for the Southern District of New York, dated July 10,

1984 (Ward, Acting C.J.).

---

[1]     Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the
Fourteenth Omnibus Objection.

D.     The Liquidating Trustee has provided due and proper notice of the Fourteenth Omnibus Objection and Hearing to parties in interest (the "***Notice Parties***"), including to each holder of a claim listed on the attached exhibits, in accordance with the *Order Pursuant to Bankruptcy Code Section 105 Approving Notice Procedures for Claims Objections and Deemed Schedule Amendment Motions*, dated October 14, 2009 [Docket No. 1353], and no further notice is necessary.

E.     The legal and factual bases set forth in the Fourteenth Omnibus Objection establish just and sufficient cause to grant the relief requested therein.

F.     The relief granted herein is in the best interests of the Debtors, their estates, creditors, the Liquidating Trust, and all parties in interest.

G.     Notwithstanding the relief granted herein, the Liquidating Trustee reserves all rights under chapter 5 of the Bankruptcy Code and all claims they may have against any claimant.

Therefore, it is hereby ORDERED that:

1.     The Fourteenth Omnibus Objection is GRANTED as set forth herein.

2.     Each claim listed on Exhibit A attached hereto is hereby disallowed and expunged in its entirety.

3.     Each claim listed on Exhibit B attached hereto is hereby disallowed and expunged in its entirety.

4.     Each claim listed on Exhibit C attached hereto is reduced to the amount stated therein.

5.     Each claim listed on Exhibit D attached hereto is hereby disallowed and expunged in its entirety

6.      Each claim listed on <u>Exhibit E</u> attached hereto is hereby reclassified to the priority stated therein.

7.      Garden City Group is authorized and directed to delete the claims disallowed and expunged pursuant to this Order from the official claims register in these chapter 11 cases.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:   New York, New York
         _____, 2010

_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## (NO LIABILITY CLAIMS)

# Exhibit A
# No Liability Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **1068** | 09-10691 (REG) | **Creditor:** <br> N PETER KNOLL <br><br> 815 EMERY ST <br> LONGMONT, CO 80501 | $0.00 | $0.00 | $0.00 | $816,399.42 | $816,399.42 |
| **Filed On:** 11/9/2009 | | | | | | | | |
| | | | Comments: The Liquidating Trustee contends the Claimant's EEOC action was dismissed and the claim is without merit and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | | |
| **Claim To Be Disallowed** | **737** | 09-10691 (REG) | **Creditor:** <br> NATALIE MCCLEAF <br><br> 7408 WINDY HILL CT. <br> MCLEAN, VA 22102 | $0.00 | $0.00 | $0.00 | $381,000.00 | $381,000.00 |
| **Filed On:** 4/20/2009 | | | | | | | | |
| | | | Comments: The Liquidating Trustee contends the Claimant's EEOC action was dismissed and the claim is without merit and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | | |
| **Claim To Be Disallowed** | **513** | 09-10691 (REG) | **Creditor:** <br> PHILLIPE GREENFILED <br><br> SCP LE FOYER DE COSTIL & GUILLARD; <br> 17 BIS RUE LEGENDRE <br> 75017 PARIS FRANCE, | $0.00 | $0.00 | $0.00 | $1,152,715.00 | $1,152,715.00 |
| **Filed On:** 4/13/2009 | | | | | | | | |
| | | | Comments: The Liquidating Trustee contends the Claimant's litigation has been dismissed by the court and the claim has no merit and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | | |

# Exhibit A
# No Liability Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **161** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $1,500.00 | $1,500.00 |
| | | | THE RITZ CARLTON HOTEL COMPANY LLC | | | | | |
| **Filed On:** | 3/31/2009 | | | | | | | |
| | | | ANDRONIKI ALAHOUZOS - COLLECTIONS ADMINI MARRIOTT INTERNATIONAL INC MARRIOTT DRIVE DEPT 52/923.21 WASHINGTON, DC  20058 | | | | | |
| | | | Comments: | The Liquidating Trustee contends that the claim is not a liability of the Debtors and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | |
| **Claim To Be Disallowed** | **1131** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | VERIZON BUSINESS GLOBAL LLC AND VARIOUS | | | | | |
| **Filed On:** | 1/21/2010 | | | | | | | |
| | | | SUBSIDIARIES/AFFILIATES C/O GIBBONS P C ONE GATEWAY CENTER NEWARK, NJ  7102 | | | | | |
| | | | Comments: | The Liquidating Trustee contends that the claim is not a liability of the Debtors and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | | |
| **Claims To Be Disallowed Totals** | | | 5 | $0.00 | $0.00 | $0.00 | $2,351,614.42 | $2,351,614.42 |

# EXHIBIT B

# (LATE CLAIMS)

# Exhibit B
# Late Filed Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **1176** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $3,286.23 | $0.00 | $3,286.23 |
| | | | GWEN POPE | | | | | |
| **Filed On:** | 7/2/2010 | | | | | | | |
| | | | 429 SHERMAN ST NW | | | | | |
| | | | OLYMPIA, WA 98502 | | | | | |
| | | | Comments: | The Liquidating Trustee contends the claim was asserted after the Bar Date. Also on Exhibit E as a Misclassified Claim. | | | | |
| **Claim To Be Disallowed** | **1178** | 09-10705 (REG) | **Creditor:** | $3,591.35 | $0.00 | $0.00 | $0.00 | $3,591.35 |
| | | | OAKLAND COUNTY TREASURER | Unliquidated | Unliquidated | Unliquidated | Unliquidated | Unliquidated |
| **Filed On:** | 7/26/2010 | | | | | | | |
| | | | 1200 N. TELEGRAPH ROAD DEPARTMENT 479 | | | | | |
| | | | PONTIAC, MI 48341 | | | | | |
| | | | Comments: | The Liquidating Trustee contends the claim was asserted after the Bar Date. | | | | |
| **Claims To Be Disallowed Totals** | | | **2** | **$3,591.35** | **$0.00** | **$3,286.23** | **$0.00** | **$6,877.58** |

# **EXHIBIT C**

## **(OVERSTATED CLAIMS)**

# Exhibit C
## Overstated Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Filed Claim Amount** | **566** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $364,523.63 | $364,523.63 |
| | | | DLT SOLUTIONS INC | | | | | |
| **Filed On:** | 4/16/2009 | | | | | | | |
| **Reduced Amount** | | | KATHRYN HARRIS 13861 SUNRISE VALLEY DR STE 400 HERNDON, VA  20171 | $0.00 | $0.00 | $0.00 | $557.60 | $557.60 |
| | | | Comments: | The Liquidating Trustee contends that $363,966.02 of claim was paid on check numbers 80002068 (4/17/2009), 80002500 (4/29/2009), 80003335 (5/29/2009)and 80003542 (6/3/2009)and agree with $557.60 of claim | | | | |
| **Filed Claim Amount** | **932** | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $0.00 | $70,000.00 | $70,000.00 |
| | | | PLATEAU SYSTEMS, LTD | | | | | |
| **Filed On:** | 7/17/2009 | | | | | | | |
| **Reduced Amount** | | | ATTN VICTOR MEER 4401 WILSON BLVD, SUITE 400 ARLINGTON, VA  22203 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 |
| | | | Comments: | The Liquidating Trustee contends that per letter agreement the Hosting Agreement was not terminated until 7/31/2009 and accordingly, the claimant is entitled to $10,000 termination fee.  The iContent Services Order Form is not entitled to a termination fee. | | | | |
| | | **Filed Claim Totals** | 2 | $0.00 | $0.00 | $0.00 | $434,523.63 | $434,523.63 |
| | | **Reduced Amount Totals** | | $0.00 | $0.00 | $0.00 | $10,557.60 | $10,557.60 |

# EXHIBIT D

## (NO LIABILITY TAX CLAIMS)

# Exhibit D
# No Liability Tax Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Claim To Be Disallowed** | **974** | 09-10704 (REG) | **Creditor:**<br>FRANCHISE TAX BOARD<br><br>BANKRUPTCY SECTION MS A340 PO BOX 2952<br>SACRAMENTO, CA  95812 | $0.00 | $0.00 | $800.00 | $0.00 | $800.00 |
| **Filed On:** 8/11/2009 | | | | | | | | |
| | | | Comments: | | The Liquidating Trustee contends this tax was paid with BearingPoint, Inc & Subsidiaries tax return and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | |
| **Claim To Be Disallowed** | **1109** | 09-10705 (REG) | **Creditor:**<br>NEW YORK STATE DEPARTMENT OF<br><br>TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300<br>ALBANY, NY  12205 | $0.00 | $0.00 | $0.00 | $2,607.35 | $2,607.35 |
| **Filed On:** 12/17/2009 | | | | | | | | |
| | | | Comments: | | The Liquidating Trustee contends the Claimant sent the Debtors a letter indicating there is no liability due and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | |
| **Claim To Be Disallowed** | **28** | 09-10704 (REG) | **Creditor:**<br>STATE OF NEW YORK, DEPT OF LABOR<br><br>UNEMPLOYMENT INSURANCE DIVISION GOV W.A. HARRIMAN STATE OFFICE BLDG BUILDING 12, ROOM 256<br>ALBANY, NY  12240 | $0.00 | $0.00 | $120.30 | $0.00 | $120.30 |
| **Filed On:** 3/13/2009 | | | | | | | | |
| | | | Comments: | | The Liquidating Trustee contends the underlying liability of the claim is for a non-Debtor - KPMG Enterprise Integration Services LLC and that Claimant has failed to attach documentation sufficient to establish its claim as stated | | | |
| **Claims To Be Disallowed Totals** | **3** | | | **$0.00** | **$0.00** | **$920.30** | **$2,607.35** | **$3,527.65** |

# EXHIBIT E

## (MISCLASSIFIED CLAIMS)

# Exhibit E
# Misclassified Claims

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | C | U | D |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Filed Claim Amount** | 1176 | 09-10691 (REG) | **Creditor:** | $0.00 | $0.00 | $3,286.23 | $0.00 | $3,286.23 | ☐ | ☐ | ☐ |
| **Filed On:** 7/2/2010 | | | GWEN POPE | | | | | | | | |
| **Modified Priority Status Amount** | | | 429 SHERMAN ST NW OLYMPIA, WA  98502 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | |

Comments: The Liquidating Trustee contends that the claim is for pre petition expense reimbursement and is not entitled to priority and that Claimant has failed to attach documentation sufficient to establish its claim as stated.  Also on Exhibit B as a Late Filed Claim.

| | Claim # | Debtor | Name and Address of Claimant | Secured | Administrative | Priority | Unsecured | Total | C | U | D |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Filed Claim Amount** | 1167 | 09-10691 (REG) | **Creditor:** | $0.00 | $399.02 | $0.00 | $0.00 | $399.02 | ☐ | ☐ | ☐ |
| **Filed On:** 4/5/2010 | | | ILLINOIS DEPARTMENT OF REVENUE | | | | | | | | |
| **Modified Priority Status Amount** | | | BANKRUPTCY UNIT 100 W RANDOLPH ST, #7-400 CHICAGO, IL  60601 | $0.00 | $0.00 | $0.00 | $399.02 | $399.02 | | | |

Comments: The Liquidating Trustee contends the claim is for pre petition penalties and interest not entitled to priority and tha Claimant has failed to attach documentation sufficient to establish its claim as stated

| | | | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **Filed Claim Totals** | | 2 | | $0.00 | $399.02 | $3,286.23 | $0.00 | $3,685.25 |
| **Modified Priority Status Totals** | | | | $0.00 | $0.00 | $0.00 | $399.02 | $399.02 |