Jakarta, October 11th, 2010

MINISTRY OF FINANCE OF THE REPUBLIC OF INDONESIA
Indra Surya
Director of Legal Assistance Bureau
Gedung Djuanda I, 15th Floor
Jl. Wahidin No. 1
Jakarta 10710
Telephone (021) 3862539
Facsimile (021) 3862407



Attorney to the Ministry of Finance of the Republic of Indonesia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
In re                                           :     Chapter 11 Case No.
                                                :
BEARINGPOINT INC, et al                         :     09-10691 (REG)
                                                :
Debtors                                         :     (Jointly Adminstered)
                                                :
------------------------------------------------x

       In accordance with Liquidating Trustee's Amended Objection to Claim Nos. 1019 and 1076 of the Ministry of Finance for the Republic of Indonesia we received from the attorney of the Liquidating Trustee acting to represent debtor BearingPoint Inc et al, we hereby convey the following responses.

       1.    The Ministry of Finance of the Republic of Indonesia in this matter had filed claims Numbers 1019 and 1076 to the US Banktruptcy Court Southern District of New York on August 13, 2009, furthermore we had also made response on April 15, 2010 to the Seventh Omnibus Objection to Proof of Claim No Lialility Tax Claims.

       2.    As from the beginning, we have been involved in this case, we have confidence based on good faith that we have a right to act as creditor of BearingPoint Inc. et al.

       3.    We have confidence that BearingPoint Inc, through BearingPoint LLC and Peloton Holding LLC is responsible for the tax payable not yet fulfilled and paid by PT Barents Indonesia. As we have informed before, based on provisions of the Indonesian taxation law, if tax obligations are not fulfilled by the management of a legal entity, such

obligations can be charged to and shall become the responsiblity of the shareholders of the relevant legal entity. For the tax payable issue of PT Barents Indonesia, the Tax Regulator in Indonesia has made various efforts to ask for the accountability of the the board of directors of PT Barents Indonesia, including efforts to prevent from leaving Indonesia for the management of PT Barents Indonesia, but unsuccessful.

4. When all efforts are unsuccessful, we really appreciate efforts of Garden City Group that has sent its letter to inform of this bankruptcy case of BearingPoint Inc et al.

5. In the course of this case, the Liquidating Trustee has previously asked the Courts to declare our claims Numbers 1019 and 1076 disallowed and expunged. The Liquidating Trustee has previously objected to claims Numbers 1019 and 1076 as well by declaring that the claims will be fulfilled if this can be applied to the debtor and the property of the debtor based on any agreement or applicable law.

6. Furthermore, there is also a reason that claims Number 1019 and 1076 cannot be executed by the US Court relating to the existence of federal common law called "revenue rule", that confines the US court to enforcing or adjudicating any foreign tax claim.

7. We have once conveyed reasons that our claims have been based on the applicable law in Indonesia, filed to an obvious legal subject namely BearingPoint LLC and Peloton Holding LLC, as shareholders of PT Barents Indonesia. Seeing the documents we have once received in the course of this bankruptcy process, we have found a clear legal relation between PT Barents Indonesia and BearingPoint LLC and Peloton Holding LLC by seeing the share ownership structure at PT Barents Indonesia. This has further convinced us that actually BearingPoint LLC and Peloton Holding LLC must be responsible for any and all activities of the legal entities they have established.

8. With regard to the reasons of the Liquidating Trustee based on the "revenue rule" to declare objection to claims Numbers 1019 and 1076, we can explain that when we filed the said claims, we did not base them on the existence of the "revenue rule" at all, because we filed them based on the accountability of the shareholders. However, the accountability that must be assumed by BearingPoint LLC and Peloton Holding LLC happens to be relating to taxation issues.

9. Regarding the "revenue rule", we can inform that we fully respect the jurisprudence used by the Liquidating Trustee to declare our claims disallowed and expunged. We have reviewed several jurisprudences relating to such "revenue rule", but we have also read the existence of opinion that this "revenue rule" constitutes something unfair if

used by a legal subject to allow itself to dodge tax obligations in a certain foreign country to get rid of the implementation thereof in a country where they live.

10. The revenue rule doctrines is not fair for Indonesian since it excludes the Indonesian for claiming taxes owed by the PT Barents Indonesia because of its foreign status. It is unfair to decline the Indonesian tax claims merely because of its foreign status or because it is for tax purposes. The tax claims by Indonesia requires no scrutiny of its tax law and its revenue laws. Furthermore, no call for pronouncement of the policy of Indonesia is required. Thus, there will be no embarrassment to enforce foreign tax judgment from Indonesia point of view. Globalization and free trade across nation has opened the opportunity for investors to broaden their companies abroad. Indonesia always welcome for foreign investors to invest in Indonesia. While foreign investment companies contribute to Indonesian tax revenue, it also creates problems including the difficulty to enforce taxes owed by a foreign investment company in Indonesia. Thus, the application of revenue rule does not have any bases except historical precedent.[1]

11. In connection with the PT Barents Indonesia's tax debt, Indonesia believes that justice needs to be pursued for four main reasons:

a. Tax revenue plays an important role to the Indonesian national revenue. In 2009, tax revenue contributes to almost 78% of the total national revenue.[2]
b. Every company incorporated in Indonesia has the same obligation as other Indonesian companies to pay taxes owed in Indonesia. It is unfair because of its company structure as a foreign investment company, a company may avoid such obligation.
c. BearingPoint Inc. with 99% of shares in PT Barents Indonesia enjoyed every profits earn by its branches in Indonesian. Thus, it is fair for Indonesia to claim the taxes owed by PT Barents Indonesia to the BearingPoint Inc. in the United States.
d. To prevent this practice becomes a bad precedent used by other foreign investment companies in the future that will result in significant losses for Indonesian tax revenue collection.

---

[1] Barbara a. Silver,'Modernizing the Revenue Rule: The Enforcement of Foreign Tax Judgments', (1992) 22(3) *Goergia Journal of Internatiional and Comparative* Law 609-33.
[2] www.fiskal.depkeu.go.id/webbkf/

12. It is unfair to allow those who avoid paying taxes in foreign state or escaping tax enforcement in foreign state where they were located and exploits the United States jurisdiction as a safe harbour. Indonesia is an importing capital country. Foreign direct investment flows to Indonesia is equal to US$ 3,511millions in 2009:Q1.[3] It increased slightly in 2010-Q1 to about US$ 3,770.2 millions with inflows from the United States equal to about US$436.9 millions. The United States foreign direct investment inflow to Indonesia plays an important role in Indonesian economy and its tax revenue. It is ranked number three after Singapore and the Mauritius in term of the amount of dollar inflows to Indonesia.[4] Different from a company that operate only domestically, MNE has benefits to control their activities such as shifting the profit and debt abroad. The Indonesian's effort to collect tax claim from PT Barents Indonesia has not yet been successful. It is unfortunate if the United States is used as a safe harbour by its company to avoid paying taxes in Indonesia.

Considering all the reasons explained above, we would like to ask the court to accept the tax claim and permit its enforcement by Indonesia. The costs of collecting the tax claimed are charged to Bearing Point Inc, other ordinary costs incurred by the United States in providing assistance to collect the Indonesian tax claim will be reimbursed by Indonesia.

13. We see that our claims cannot be just dissallowed and expunged relating to the existence of the "revenue rule", but we further see the accountability of a legal entity or certain legal entities for operational activities of their subsidiaries that have not conducted their activities based on business ethics and applicable law in other country. It is not something excessive if we ask for the accountability of BearingPoint LLC and Peloton Holding LLC that at least have had an impression of denying their responsibility for the acitivities of PT Barents Indonesia, including when PT Barents Indonesia did not fulfill and settle it tax obligations in Indonesia. So, without exempting our opinions in the previous letters, our claims cannot be immediately construed as a tax collection execution effort from foreign country taxation authorities only so as to be worth dissallowing and expunging due to the existence of the "revenue rule" applicable in the United States, but we further see the obligation and responsibility of the shareholders for operational acitivities of legal entities they have established, especially the non conduct of business activities as appropriate namely abiding by applicable provisions in the country where a company conducts an operation.

---

[3] UNCTAD, World Investment Report 2009: Transactional Corporations, Agricultural Production and Development.
[4] Indonesian Investment Coordinating Board Report on Ranking of Foreign Direct Investment Realization Based on Capital Investment Activity Report by Country 1st Quarter 2010; http://www.bkpm.go.id/file_uploaded/public/Tabel-7%20Peringkat%20NEGARA.pdf

With the the aforementioend explanations, we still hope that justice can be granted by the US Bankruptcy Court Southern District of New York to the claims we have filed.

Ministry of Finance of the Republic of Indonesia
Attorney,

Indra Surya
Director of Legal Assistance Bureau