UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                          :
<u>In re</u>                                     :    Chapter 11 Case No.
                                          :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**             :    09 - 10691 (REG)
                                          :
    Debtors.                              :    (Jointly Administered)
                                          :
-------------------------------------------------------------x

## STIPULATION AND AGREED ORDER BY AND BETWEEN THE
## LIQUIDATING TRUSTEE AND ABOVENET COMMUNICATIONS, INC.

AboveNet Communications, Inc. ("*AboveNet*") and John DeGroote Services LLC (the "*Liquidating Trustee*"), the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "*Trust*"), on behalf of BearingPoint, Inc. ("*BearingPoint*") and, together with AboveNet, (the "*Parties*"), by their undersigned attorneys, respectfully submit this stipulation and agreed order (this "*Stipulation*"), dated as of March 8, 2011.

### RECITALS

A. On February 18, 2009, BearingPoint and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "*Court*").

B. On September 15, 2009, AboveNet submitted an invoice to the Debtors for $143,020.26 (the "*Termination Invoice*").

C. On February 19, 2010, AboveNet submitted its invoice for services to be provided between February 18, 2010 and February 28, 2010, to the Debtors for $5,399.24 (the "*February Administrative Invoice*").

D. On February 19, 2010, AboveNet submitted its invoice for services to be provided between March 1, 2010 and March 31, 2010 to the Debtors for $13,743.56 (the "*March Administrative Invoice*" and, together with the February Administrative Invoice, the "*Administrative Invoices*").

E. On February 20, 2010, AboveNet submitted its invoice for services provided between February 1, 2010 and February 17, 2010 to the Debtors for $8,344.32 (the "*Pre-petition Invoice*").

F. On December 30, 2010, the Liquidating Trustee filed his Second Omnibus Motion for Deemed Schedule Amendments (Claims Disputed Under Section 502(d)) [Docket No. 2014]. The Liquidating Trustee alleged that AboveNet received preferential payments from the Debtors and thus, its scheduled general unsecured claim of $27,487.12 (the "*Scheduled Claim*") must be disallowed.

G. On December 30, 2010, the Liquidating Trustee filed his Seventeenth Omnibus Objection to Claims [Docket No. 2015]. The Liquidating Trustee alleged that the Liquidating Trust has no liability for AboveNet's administrative expense invoices submitted for payment of post-petition services for $162,163.06.[1]

H. The Liquidating Trustee alleges that, during the 90 days prior to the Petition Date, AboveNet received payments from the Debtors, a portion of which the Liquidating Trustee claims constitute avoidable transfers under chapter 5 of the Bankruptcy Code (the "*90 Day Payments*").

---

[1] $163,162.06 represents the total payment requested by AboveNet pursuant to the Administrative Invoices and the Termination Invoices.

I. AboveNet disputes the Liquidating Trustee's allegations as it maintains, among other things, that all payments received by it during the 90 days prior to the Petition Date were payments in advance of service.

J. After negotiations, the Liquidating Trustee and AboveNet reached an agreement with respect to the amount, priority and allowance of AboveNet's claims and the Liquidating Trustee's preference allegations and believe that the proposed settlement is in the best interests of the Trust, the Debtors, and the Debtors' estates and creditors.

K. In order to avoid the expense, delay, distraction, and uncertainty of litigation, the Liquidating Trustee and AboveNet wish to reduce their agreement to this Stipulation.

## STIPULATION AND ORDER

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. This Stipulation is subject to Court approval and, in the event that the Court does not approve this Stipulation, nothing contained herein shall be deemed to be a waiver of any causes of action or an admission of liability by any party hereto and, in such event, all rights of the parties shall be preserved.

2. This Stipulation shall become effective upon approval of this Stipulation by the Court (such date being the "*Effective Date*").

3. AboveNet is hereby granted an allowed general unsecured claim in the amount of $151,364.58 ("*Allowed General Unsecured Claim*") in full satisfaction of the Scheduled Claim, the Pre-petition Invoice, the Termination Invoice, and any other or further right to payment as a general unsecured claimant that AboveNet may have against the Debtors. The Liquidating Trustee shall make a catch-up distribution to AboveNet on its Allowed General Unsecured Claim

(the "*Initial Payment*") in the amount of $4,008.91, representing 2.64851269799081% of the Allowed General Unsecured Claim, for the amount AboveNet would have received if its Allowed General Unsecured Claim had been allowed at the time of prior distributions to creditors, within seven (7) business days of the Effective Date. AboveNet shall receive payment on the unpaid portion of the Allowed General Unsecured Claim pursuant to the terms of the *Debtors Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, Dated December 17, 2009* (the "*Plan*").

4. AboveNet is hereby granted an allowed administrative expense claim in the amount of $19,142.80 in full satisfaction of the Administrative Invoices and any other or further right to payment for services provided by AboveNet to the Debtors postpetition. The Liquidating Trustee shall pay $19,142.80 (the "*Administrative Payment*") to AboveNet within seven (7) business days of the Effective Date by mailing, via overnight mail, payment in good funds to:

AboveNet, Inc.
Attn: Thomas Kelly
360 Hamilton Avenue
White Plains, NY 10601

5. AboveNet agrees that all submitted invoices, including the Termination Invoice, the Administrative Invoices, and the Pre-petition Invoice are satisfied in full upon receipt of the Initial Payment, the Administrative Payment and all distributions AboveNet is entitled to receive under the Plan by the Liquidating Trustee.

6. Upon receipt, in good funds, from the Liquidating Trustee of all payments required to be paid to AboveNet as set forth herein, AboveNet and its assigns, agents, and transferees, forever releases and discharge the Debtors, the Trust, the Liquidating Trustee, their estates and their assigns, heirs, agents, directors, officers, employees, mangers, affiliates, and

transferees (the "***BearingPoint Released Parties***"), from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, or prior to, the date of this Stipulation that AboveNet now has or may have had, on behalf of itself, or any other person or entity.

7. Except for the rights specifically enumerated herein, the Trust and the Liquidating Trustee and any BearingPoint Released Party claiming by and through BearingPoint forever release and discharge AboveNet and its affiliates listed on **Exhibit A** hereto (collectively, the "***AboveNet Released Parties***") from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, including, without limitation, any causes of action under chapter 5 of the Bankruptcy Code, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on or prior to, this Stipulation that the Trust or the Liquidating Trustee now have or may have had, on behalf of each of them respectively, or any other person or entity.

8. Except for the rights specifically enumerated herein, the Liquidating Trust and the Liquidating Trustee and any BearingPoint Released Party claiming by and through BearingPoint forever release and discharge the AboveNet Released Parties' respective agents, officers, directors employees, mangers, affiliates, and transferees and legal representatives from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action,

including without limitation any claim under chapter 5 of the Bankruptcy Code, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Agreement specifically relating to or arising out of the prepetition agreement by and between the Debtors and AboveNet, the Pre-petition Invoice, the Administrative Invoices, the Termination Invoice, the Scheduled Claim, or the 90 Day Payment that the Liquidating Trust or the Liquidating Trustee now have or may have had, or thereafter claims to have on behalf of each of them respectively, or any other person or entity.

9. This Stipulation shall not be construed as an admission by any of the Parties of liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation.

10. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

11. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties. The Liquidating Trustee warrants that the Trust owns all claims and causes of action of the Debtors against AboveNet that are being released herein.

12. This Stipulation is the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodies in this Stipulation, and no party hereto relied upon,

shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

13. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

14. This Stipulation may be executed in any number of counterparts, and all such counterparts, taken together, shall be deemed to constitute one and the same instrument.

15. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

16. The Parties agree that any and all disputes arising out of or otherwise relating to this Stipulation shall be brought in the Court.

17. This Stipulation may be executed in multiple counterparts and transmitted via facsimile, with the facsimile signature treated as an original signature, and any and all of which shall be construed as and enforceable as this Stipulation.

Dallas 317250v1
1699072 v4/NY

7

| | |
|---|---|
| By: /s/ Basil A. Umari<br>　　　Basil A. Umari | By: /s/ Richard S. Kanowitz<br>　　　Richard S. Kanowitz |
| MCKOOL SMITH P.C. | COOLEY LLP |
| 600 Travis, Suite 7000<br>Houston, Texas 77002<br>Tel: (713) 458-7304<br>Fax: (713) 458-7344 | 1114 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 479-6000<br>Fax: (212) 479-6275 |
| Attorneys for Liquidating Trustee | Attorneys for AboveNet |

IT IS SO ORDERED.

Dated: New York, New York
　　　　March **21**, 2011

　　　　　　　　　　　　*s/ Robert E. Gerber*
　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

AboveNet, Inc.
AboveNet Communications, Inc.
MFN Japan KK
AboveNet of Utah, LLC
AboveNet of VA, L.L.C.
AboveNet International, Inc.
AboveNet Canada, Inc.
JPIX
AboveNet Toronto, Inc.
MFN Europe Limited
MFN Europe Finance, Inc.
MFN International L.L.C.
AboveNet Communications Europe Limited
AN Communications, Inc.
AboveNet Communications UK Ltd.