**MCKOOL SMITH P.C.**

Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400

Lew LeClair (*pro hac vice*)
Robert Manley (*pro hac vice*)
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000

and

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

William F. Ryan, Jr. (*pro hac to be filed*)
Kevin G. Hroblak (*pro hac to be filed*)
7 St. Paul St., Suite 1800
Baltimore, MD 21202
Telephone: (410) 347-8700

*Co-Counsel for John DeGroote Services, LLC,
as Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BearingPoint, Inc., <u>et al.</u>, | ) | Case No. 09-10691 (REG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THE LIQUIDATING TRUSTEE'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, OPPOSITION TO FORMER DIRECTOR'S MOTION REQUESTING ACCESS TO DOCUMENTS OBTAINED FROM THIRD PARTIES PURSUANT TO RULE 2004 <u>EXAMINATIONS</u>**

**TABLE OF CONTENTS**

I. BACKGROUND ……………………………………………………………………1

II. SUMMARY OF ARGUMENT …………………………………………………….. 3

III. MOTION TO STRIKE …………………………………………………………….. 5

IV. OPPOSITION TO MOTION TO ACCESS …………………………………………. 5

    A.    The Former Directors Should Not be Allowed to Create an Unbalanced Playing Field by Obtaining Inequitable and Premature Access to the Discovery Materials ...………………………………………… 5

    B.    The Motion for Access Should be Denied Because the Former Directors are Not Entitled to Conduct Rule 2004 Examinations in their Own Right ………………………………..…………..………... 7

    C.    The Former Directors Cannot Obtain the Investigation Materials Where There Exists a Vehicle for Obtaining Discovery Upon the Filing of the Lawsuit ..……………………………………………. 12

    D.    An Implied Standstill is in Place While this Court Decides the Pending Venue Motion, Which will Moot the Motion for Access……..…. 13

V. CONCLUSION ……………………………………………………………… 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996) …………………. 12

*In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) ………………………… 8, 9, 10, 11

*In re Federated Dept. Stores, Inc.*, 1990 Bankr. LEXIS 1883, No. 02-02143
    (Bankr. S.D. Ohio Sept. 19, 2002) ………………………………………………….. 11

*Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*,
    127 B.R. 267 (D. Col. 1991) …………………………………………………………. 9

*In re Interpictures, Inc.*, 86 B.R. 24 (Bankr. E.D.N.Y. 1988) ……………………….….. 8, 9

*Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994)…………………………………….. 9

*Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140 (Bankr. D. Md. 1996) …............ 12

*In re Valley Forge Plaza Assocs.*, 109 B.R. 669 (Bankr. E.D. Pa. 1990)……………………. 9

## OTHER AUTHORITIES

Fed. R. Bankr. P. 2004 ………………………………………………7, 8, 9,  10, 11, 12, 13

Order Regarding Access by Third Parties to Bankruptcy Rule 2004 Material Obtained
    by the Official Committee of Unsecured Creditors, *In re Enron Corp,*
    No. 01-16034 (AJG)  (Bankr. S.D.N.Y. Mar. 15, 2002) ……………………………10

John DeGroote Services, LLC, as Liquidating Trustee (the "Trustee") to the BearingPoint, Inc. Liquidating Trust (the "Liquidating Trust"), submits this Motion to Strike, or in the alternative, Opposition to the Former Directors' Motion Requesting Access to Documents Obtained From Third Parties Pursuant to Rule 2004 Examinations, and respectfully states as follows:

## I. BACKGROUND

Following its appointment pursuant to the Debtors' Modified Second Amended Joint Plan (the "Plan"), the Trustee undertook an investigation of potential claims against certain former directors and officers of the Debtors (the "Former Directors") in respect of their duties and responsibilities owed to the Debtors. In connection with that investigation, the Trustee sought and obtained approval from this Court to conduct examinations of third parties pursuant to Fed. R. Bankr. P. 2004 (the "Rule 2004 Examinations").[1] In 2010, the Trustee conducted the Rule 2004 Examinations of, among others, Greenhill & Co., Inc. ("Greenhill"), Huron Consulting Services, LLC ("Huron"), and Cerberus Capital Management, L.P. ("Cerberus").

The Trustee then prepared a lawsuit against the Former Directors for their breaches of fiduciary duties and filed its Motion of Liquidating Trustee for Limited Relief from Article XI of Debtors' Modified Second Amended Joint Plan and Sections 34(C) and 39 of Confirmation Order as to Certain Former Directors (the "Venue Motion"), seeking to file the lawsuit in the state court of Virginia, where the Debtors were headquartered. The Trustee attached to the Venue Motion the eighty-six page draft complaint detailing the factual allegations of wrongdoing and the causes of action against the Former Directors (the "Draft Complaint"). Following a

---

[1] *See* Order Partially Allowing and Partially Continuing Rule 2004 Motion (Mar. 2, 2010, Dkt. No. 1673); Orders Authorizing Bankruptcy Rule 2004 Examination (May 5, 2010, Dkt. Nos. 1820, 1821 & 1823); Order Granting Trustee Leave to Conduct Rule 2004 Discovery of Eileen Kamerick (May 5, 2010, Dkt. No. 1822); Order Granting Trustee Leave to Conduct Rule 2004 Discovery of Judy Ethell (May 26, 2010, Dkt. No. 1838).

1

hearing held on January 21, 2011 regarding the Venue Motion, the Trustee and the Former Directors entered into an agreement tolling the limitations period to afford this Court an opportunity to consider and rule upon the Venue Motion.

Notwithstanding the fact that a complaint has yet to be filed and that the Venue Motion is pending before the Court, the Former Directors now seek pre-suit discovery relating to the claims in the Draft Complaint. Specifically, a month after the Venue Motion was filed, the Former Directors demanded the Trustee to produce "all discovery obtained by the Trustee pursuant to the various Rule 2004 subpoenas and other inquiries he has undertaken during the course of his investigation into potential claims against various parties." *See* Exhibit 3 to Motion for Access. Expecting the filing of litigation and attendant multilateral discovery to begin, the Trustee voluntarily provided the Former Directors copies of the Rule 2004 Examination transcripts and exhibits. The Trustee did not provide other documents it obtained pursuant to the Rule 2004 Examinations and its investigation (the "Investigation Materials") out of the justified desire to maintain a balanced playing field leading up to the filing of the suit, and also out of necessity because many of the Investigation Materials are governed by either a confidentiality order or confidentiality agreement, both of which require the producing third party's prior notice and consent to disclose the protected materials.[2]

Without first conferring with the Trustee and the Court as required, on May 24, 2011, the Former Directors filed the Motion Requesting Access to Documents Obtained From Third Parties Pursuant to Rule 2004 Examinations (the "Motion for Access"). Citing "fundamental

---

[2] Contrary to the Former Directors' representation, the Greenhill Confidentiality Agreement and the Cerberus Stipulation and Protective Order do not allow the Trustee to unilaterally turn over the documents to the Former Directors upon the mere execution of a confidentiality agreement. *See* Section 3 of the Confidentiality Agreement and paragraph 7 of the Stipulation and Protective Order. Pursuant to the applicable agreements, the Trustee has notified Greenhill and Cerberus of the Motion for Access. Both Greenhill and Cerberus have recently indicated that they require the entry of an acceptable protective order and/or confidentiality agreement prior to production of its documents to the Former Directors. The Trustee's counsel is preparing a proposed confidentiality agreement so that upon the opening of discovery in the court in which the lawsuit is filed, the documents may be produced promptly.

2

fairness" as a basis, the Former Directors request **unrestricted access to all materials obtained by the Trustee from its 2004 examinations** in advance of the case being filed and formal discovery commencing.

## II. SUMMARY OF ARGUMENT

There is nothing "fundamentally fair" about allowing the Former Directors to obtain unilateral, pre-suit discovery. It is the Former Directors—not the Trustee—who should have first-hand knowledge of the facts underlying this case given their presence at board meetings and their positions within the company. For the Former Directors to argue that the Trustee's process of obtaining 2004 discovery to reconstruct the Former Directors' improper conduct somehow provides the Trustee with some litigation "advantage" is nonsense.

What the Former Directors seek, through their "Motion for Access," is an unfair litigation advantage to which they are not entitled under any procedural rule. Neither the Federal, nor the Virginia, nor the Bankruptcy Rules of Procedure allow for the pre-suit unilateral discovery the Former Directors seek. Under the Federal and the Virginia Rules of Procedure, the Former Directors may either seek to dismiss the complaint upon its filing or they may proceed to litigate the case by engaging in discovery. Similarly, the Bankruptcy Rules do not entitle the Former Directors to the Rule 2004 discovery they seek because they are not proper parties in interest, because their Motion For Access attempts to side-step the restrictions and protections of the normal discovery rules in state court suits or adversary proceedings, and because they admittedly seek the materials for reasons wholly unrelated to the BearingPoint's bankruptcy.

Lastly, the Former Directors' request should be struck or denied for several procedural reasons. The Former Directors have ignored and failed to comply with this Court's Case Management Order requiring a conference call to attempt to resolve this discovery matter or the

3

filing of an affidavit addressing why the Court's normal procedures are not satisfactory. Further, the Former Directors seek access to Greenhill and Cerberus documents, documents which are subject to confidentiality agreements. Pre-Suit production of these documents as requested by the Former Directors requires the negotiation of another confidentiality agreement acceptable to Greenhill and Cerberus—an unnecessary and duplicative effort that will be obviated by the Confidentiality Order entered by the court hearing the case after the complaint is filed. Lastly, if granted, the Former Directors' Motion for Access undoubtedly represents merely the first in a parade of pre-suit motions wherein the Former Directors seek to advance their case without affording the Trustee any reciprocal rights.

The Trustee is eager to file the lawsuit and start normal discovery, and intends to commence the action promptly after the Venue Motion is decided, at which time the Motion for Access will become moot. The parties should start the litigation discovery process after the suit is filed when the court presiding over the litigation sets a schedule and enters a confidentiality order and the applicable civil procedure protections are in place. Accordingly, the Motion for Access should be denied.

### III. MOTION TO STRIKE

As an initial procedural matter, the Former Directors' Motion for Access should be struck for their failure to comply with Case Management Order No. 2 entered by the Court in this case on February 24, 2011 (the "Case Management Order"), which sets forth this Court's procedures for resolving discovery disputes, like the one raised by the Motion for Access. Specifically, the Case Management Order provides, in pertinent part:

> Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith, and, if necessary, conference call with the Court. The Court will make itself available for such calls, but they may not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves. Unless otherwise ordered by the Court, **no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it, and also sought to resolve the matter by conference call. Accordingly, the Court will not accept motions with respect to discovery disputes** except upon an affidavit establishing why the Court's normal procedures, as set forth in this paragraph, are unsatisfactory.

*See* Case Management Order, ¶ 41 (emphasis added).

The Former Directors neither requested a conference call with the Court prior to filing the Motion for Access nor did they attach an affidavit establishing why the Court's normal procedures are not satisfactory. Accordingly, the Motion for Access should be stricken for failing to comply with this Court's clear procedural mandate.

### IV. OPPOSITION TO MOTION FOR ACCESS

**A. The Former Directors Should Not be Allowed to Create an Unbalanced Playing Field by Obtaining Inequitable and Premature Access to the Discovery Materials**

Despite their admission that they intend to use the Investigation Materials solely to defend the claims to be asserted against them, the Former Directors argue that it is "a matter of fundamental fairness" to allow them access to the Investigation Materials. *See* Motion for

5

Access, at ¶ 18. Contrary to the Former Directors' claims, the Former Directors' true intention is to gain a lopsided advantage in the imminent litigation by engaging in unilateral discovery. Repeatedly, the Former Directors allege that the Trustee has an inequitable "head start" on them with regard to the anticipated litigation. This allegation is preposterous given that the Former Directors were the primary actors in the events underlying the Draft Complaint, and therefore they should have first-hand knowledge of the wrongdoing that the Trustee has uncovered. It is the Former Directors who enjoy a litigation "head-start" in this matter, having received many of the discovery materials in the first instance, having been responsible for or apprised of many communications generating the discovery materials, and having attended the board meetings where many such communications were reportedly discussed. Despite this, the Former Directors seek to obtain premature, improper and unilateral discovery for the sole purpose of creating an imbalanced playing field pre-litigation and frustrating the Trustee's efforts before it can officially file the lawsuit.

Rather than commencing traditional discovery, the Former Directors have instead now burdened the Trustee and this Court with their premature discovery motion, which requires a response from the Trustee and the Court's time and attention to resolve. It is no surprise that the Former Directors intend to attack the basis for the suit, *see* fn. 5 of Motion for Access -- defendants usually do -- and while the Trustee will welcome a prompt and reciprocal exchange of discovery and the opportunity to respond to all challenges to the evidence pursuant to the proper rules, it is simply unjustifiable to permit the process to be launched unilaterally as the Former Directors propose, and without the mandated safeguards associated with discovery in litigation under traditional discovery rules. The Former Directors have not proposed a mutual exchange of discovery.

Moreover, despite espousing virtues of fairness and equity, it is clear that the Former Directors seek special treatment from this Court that they would not otherwise be afforded in traditional litigation. They concede—as they must—that they will eventually obtain the Investigation Materials (subject to any claim of privilege or other objection) through traditional discovery. This admission alone reveals the true purpose of the Motion for Access—to obtain an unfair advantage in the imminent litigation by engaging in premature, unilateral discovery from the Trustee. It would be highly unusual to allow a prospective defendant to obtain the fruits of a claimant's diligent investigation prior to suit being filed. The Federal Rules of Civil Procedure provide no such mechanism. By the Motion for Access, the Former Directors are trying to exploit what they incorrectly view as a vehicle to have pre-discovery discovery in order to prepare their defense to litigation that will be governed eventually by either the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, or the civil procedure rules of Virginia. This attempt at duplicative discovery is an abuse to which prospective defendants, like the Former Directors, are not entitled. Nevertheless, this is precisely what the Former Directors now improperly seek.

Further, as soon as the Venue Motion is decided, the suit will be filed in the appropriate forum and traditional discovery can commence with all the rights and safeguards afforded the parties under such rules. Accordingly, the Former Directors should be afforded the same treatment and opportunity that all non-creditor defendants receive pursuant to the discovery rules in civil litigation.

**B.     The Motion for Access Should be Denied Because the Former Directors are Not Entitled to Conduct Rule 2004 Examinations in their Own Right**

The Motion for Access is a transparent attempt by the Former Directors to circumvent the requirements of Fed. R. Bankr. P. 2004 ("Rule 2004") and obtain the Investigation Materials

7

without seeking relief from this Court through the proper procedure.  The Motion for Access, at its core, is a motion seeking to conduct a Rule 2004 examination of the Liquidating Trust, and, by extension, those third parties from whom the Liquidating Trust received documents and information.  The Former Directors disguise their extraordinary request to obtain one-sided, pre-suit discovery because they are not proper parties to conduct examinations pursuant to Rule 2004 in their own right.  As such, the Former Directors seek relief pursuant to section 105(a) of the Bankruptcy Code asking this Court to exercise its discretion to grant them access to the Investigation Materials because relief under Rule 2004 is not available to them.

Rule 2004 examinations are available only upon a motion by a "party in interest."  *See* Fed. R. Bankr. P. 2004(a).  The Former Directors, however, have no stake in the outcome of the bankruptcy case and, therefore, are not proper parties in interest.  They are not creditors of the estate, have not entered their appearances or requested notices in the bankruptcy case until the filing of the Venue Motion, they have no interest in advancing or protecting claims against the estate, and are in no way entitled to share in the distributions from the estate.  The Former Directors' only interest is to defend themselves against the claims presented in the Draft Complaint.  Courts have found such a meager interest insufficient to convey standing to intervene in Rule 2004 proceedings against third parties or to conduct Rule 2004 examinations. *See In re Interpictures, Inc.,* 86 B.R. 24, 29 (Bankr. E.D.N.Y. 1988) (shareholder held not to be a "party in interest" and therefore not entitled to 2004 examination – especially where it was intended "not so much to discover the existence of assets on behalf of the debtor, but rather for the purpose of discovery in a pending or proposed proceeding"); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

Moreover, it is well-established that Rule 2004 examinations are to be used "for revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. at 840 (internal citations omitted). Contrary to the broad and boundless parameters of Rule 2004 examinations advocated by the Former Directors, "the availability of Rule 2004 as a discovery tool is not unlimited." *Id.*; *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 274 (D. Col. 1991). Specifically, and of import in the instant matter, Rule 2004 examinations should not be used as a tactic to circumvent the safeguards of traditional discovery rules. *In re Enron Corp.*, 281 B.R. at 841. Indeed, courts are wary of attempts to utilize Rule 2004 to avoid the restrictions of the discovery rules in the context of adversary proceedings. *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990).

The distinction between Rule 2004 examinations and traditional discovery rules is significant, and the Former Directors' attempt to blur the line between the two in an effort to gain an advantage in the litigation should not be allowed. Courts repeatedly have denied similar requests for Rule 2004 examinations where such requests are driven by non-bankruptcy related motivations. *See Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) (finding that the bankruptcy court did not abuse its discretion in denying Rule 2004 production where movant's primary motivation was to use materials in non-bankruptcy litigation); *In re Enron Corp.*, 281 B.R. at 840; *In re Interpictures, Inc.,* 86 B.R. at 29.

The Former Directors cite to inapplicable rulings and orders in other cases in an attempt to justify their extraordinary request. The Former Directors' reliance on these cases, however, is misplaced. First, the Former Directors direct this Court to the procedures order in the Enron bankruptcy case as precedent for allowing third-party access to materials uncovered by a trustee.

9

*See* Motion for Access, ¶ 16 (citing Order Regarding Access by Third Parties to Bankruptcy Rule 2004 Material Obtained by the Official Committee of Unsecured Creditors, *In re Enron Corp*, No. 01-16034 (AJG) (Bankr. S.D.N.Y. Mar. 15, 2002)) (the "Enron Procedures Order"). Not surprisingly, the Former Directors fail to explain that the Enron Procedures Order required that the materials sought "shall be used in connection with the investigation of claims that relate to the acts, conduct, or property or to the liabilities and financial condition of the Debtors, or to any matter which may affect the administration of the estate." *Enron Procedures Order*, ¶ 4.

In a later proceeding interpreting the Enron Procedures Order, this Court denied a movant's request to access certain 2004 materials where it found that the movant was attempting to employ Rule 2004 for discovery in other litigation and "not for the purpose of asserting their right as a party in interest in the bankruptcy case" as contemplated by the Enron Procedures Order. *In re Enron*, 281 B.R. at 844. Significant in the Court's opinion was the movant's failure to demonstrate a nexus between the materials sought and the movant's relationship to the bankruptcy case. *Id*. at 842. Likewise here, the Former Directors had no role in the Debtors' bankruptcy case, they are not creditors and they have no stake – other than to thwart recovery – in the outcome of the bankruptcy proceedings. The Former Directors' sole motivation to prematurely obtain discovery of the Investigation Materials is to "mount an appropriate defense" and "demonstrate at the pleading stage" their purported defenses to the Trustee's complaint. *See* Motion for Access, at ¶ 22. As in *Enron*, the Former Directors' request should be denied.

Not only is the Former Directors' motivation purely self-serving and an improper circumvention of the discovery rules for litigation, but it is also fails to advance any legitimate bankruptcy purpose. The Former Directors admit that they "have an interest materially adverse to a 'matter which may affect the administration of the estate.'" *Id*., at ¶ 17. Rather than

10

seeking the Investigation Materials in an effort to "uncover assets," "examine transactions," or "determine whether wrongdoing has occurred," all of which would fall within the permissible scope of Rule 2004, the Former Directors' only desire is to use the Investigation Materials to defend themselves for their egregious conduct and breaches of fiduciary duties as presented in the Draft Complaint – effectively hindering the effective administration of the estate. The advancement of the Former Directors' non-bankruptcy agenda and selfish motivations flies in the face of Rule 2004's fundamental purpose and cannot justify the Former Directors' request for access. *See In re Enron*, 281 B.R. at 843 n. 7 (denying 2004 examination request when there were other "clear indications that the motivation for the request is not for the purpose of investigating matters which may affect the administration of the bankruptcy estate, but to advance the non-bankruptcy agenda of the applicant.").

Second, the Former Directors rely on the United States Bankruptcy Court for the Southern District of Ohio's opinion in *In re Federated Dept. Stores, Inc.* as analogous to the instant matter. 1990 Bankr. LEXIS 1883, No. 02-02143 (Bankr. S.D. Ohio Sept. 19, 2002). Again, their reliance is misplaced. In *Federated*, the movant bank sought discovery to establish the validity of their claims against the estate prior to the commencement of litigation and to assist in the formulation of a reorganization plan. What the Former Directors fail to recognize is that, unlike their motivations, the establishment of a claim and formulation of a reorganization plan are valid bankruptcy purposes, and therefore provide a proper basis upon which to conduct Rule 2004 examinations. Accordingly, the facts of *Federated* are inapposite to the matter at hand. As established above, the Trustee has already undertaken an investigation to determine whether claims of the estate exist, has determined that such claims do exist, and has asserted those claims against the Former Directors in the Draft Complaint. The Trustee thus has utilized Rule 2004 for

11

its proper function. Contrary to the creditors in *Federated*, however, the Former Directors are not creditors and have no claim against the estate which they are seeking to investigate or recover upon. Rather, the Former Directors are defendants in an action for the claims already determined by the Trustee to be worthy of pursuit. Accordingly, because the Former Directors have no bankruptcy justification underlying their request, they are not entitled to pursue the Rule 2004 discovery they request.

C. **The Former Directors Cannot Obtain the Investigation Materials Where There Exists a Vehicle for Obtaining Discovery Upon the Filing of the Lawsuit**

As set forth above, courts have drawn a line between Rule 2004 discovery that is sought to advance a bankruptcy purpose and the Federal Rules of Civil Procedure, and are wary of attempts to circumvent the safeguards of the latter by obtaining discovery through the former. It is well recognized "that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 *et seq.*, rather than by a Fed. R. Bankr. P. 2004 examination." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *accord Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140, 141 (Bankr. D. Md. 1996) ("Once an adversary proceeding has commenced, . . . discovery may be had only pursuant to the discovery provisions of the Federal Rules of Civil Procedure."). The Former Directors have made clear that they wish to pursue discovery of the matters raised in the Draft Complaint against them. It is exactly this discovery that is uniformly denied by courts when there is a collateral proceeding pending. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996) (rejecting 2004 request where 2004 exam was inseparable from adversary proceeding and would create "a back door through which the [movant] could avoid using the Federal Rules of Civil Procedure by using Rule 2004").

12

When the Trustee filed its Venue Motion attaching the Draft Complaint and providing substantial detail and factual support for the claims, the Trustee put the matters asserted therein in controversy. As a result, litigation is *de facto* pending and the Former Directors are on notice of the factual allegations asserted against them. Therefore, pursuant to the well-established "pending litigation rule" of Rule 2004, the Former Directors cannot be permitted to obtain back-door discovery through Rule 2004 (or Section 105). *See id*. Accordingly, the Motion for Access should be denied because the Former Directors are not entitled to unilateral discovery of issues related to claims in the Draft Complaint pursuant to Rule 2004 or the Bankruptcy Code.

D.  **An Implied Standstill is in Place While this Court Decides the Pending Venue Motion, Which will Moot the Motion for Access**

Since the Venue Motion was filed in November 2010, the Trustee has been operating under the implied standstill until it was clear what forum and what discovery procedures would apply to the litigation. As the Former Directors admit, the Investigation Material <u>will be discoverable (subject to any claim of privilege or other objections) once traditional litigation commences</u>. As a result, once the Venue Motion is decided and the Trustee files its lawsuit, the Motion for Access will become moot.

The Former Directors' tactical maneuver to obtain discovery and cause this Court to engage in discovery disputes prior to a determination as to the location where the litigation will commence is perhaps motivated by a desire to invest this Court in the litigation and improperly persuade the Court to deny the Venue Motion. This effort should not be condoned and no ruling on discovery disputes involving the litigation should occur until it is determined which court will handle the complex litigation, where additional discovery issues will likely have to be decided. Again, once a ruling on the Venue Motion is rendered, however, the Motion for Access will

13

become moot and discovery will proceed under the applicable rules and with the proper oversight of the applicable court.

## V. CONCLUSION

For the reasons set forth above, the Motion for Access should be denied and the Former Directors should be denied premature access to discovery related to the litigation.

Dated: June 14, 2011
New York, NY

**MCKOOL SMITH P.C.**

/s/ Peter S. Goodman
Peter S. Goodman
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400

Lew LeClair (*pro hac pending*)
Robert Manley (*pro hac pending*)
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000

and

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

William F. Ryan, Jr. (*pro hac to be filed*)
Kevin G. Hroblak (*pro hac to be filed*)
7 St. Paul St., Suite 1800
Baltimore, MD 21202
Telephone: (410) 347-8700

*Co-Counsel for John DeGroote Services, LLC,
as Liquidating Trustee to the
BearingPoint, Inc. Liquidating Trust*

14