**WILLIAMS & CONNOLLY LLP**
Robert A. Van Kirk (*pro hac vice*)
George A. Borden
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5163

*Attorneys for F. Edwin Harbach*

**SIMPSON THACHER & BARTLETT LLP**
Paul C. Curnin
William T. Russell, Jr.
Paul C. Gluckow
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000

*Attorneys for Albert L. Lord, Roderick C. McGeary, J. Terry Strange, Douglas C. Allred, Betsy J. Bernard, Spencer C. Fleischer, Jill Kanin-Lovers, and Edward Munson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> BearingPoint, Inc., <u>et al.</u>, <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-10691 (REG) <br><br> (Jointly Administered) |

**FORMER DIRECTORS' REPLY IN SUPPORT OF MOTION REQUESTING ACCESS TO DOCUMENTS OBTAINED FROM THIRD PARTIES PURSUANT TO RULE 2004 EXAMINATIONS AND OPPOSITION TO LIQUIDATING TRUSTEE'S MOTION TO STRIKE**

# TABLE OF CONTENTS

ARGUMENT ......................................................................................................................... 2

I. The Trustee's Motion to Strike for an Alleged Failure to Confer in Good Faith
   After the Trustee Stonewalled Negotiations for Five Months Is Baseless .......................... 2

II. The Former Directors Are Not Seeking Authority To Conduct New Rule 2004
    Discovery, They Only Seek Access to Materials as Interested Parties ............................... 2

III. The Trustee's Attempt To Portray Himself as "Disadvantaged" by Virtue of His
     Year and a Half Discovery Head Start Is Not Credible ...................................................... 5

IV. The Trustee's Filing of Draft Allegations Does Not Alter The Directors' Right To
    Access to the Rule 2004 Materials the Trustee Has Obtained ............................................ 7

CONCLUSION ..................................................................................................................... 8

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996) ......................7

*In re Enron*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) ........................................................4

*In re Interpictures, Inc.*, 86 B.R. 24 (Bankr. E.D.N.Y. 1988) ......................................3, 5

*In re Summit Corp.*, 891 F.2d 1 (1st Cir. 1989) ...............................................................3

*In re Symington*, 209 B.R. 678 (Bankr. D. Md. 1997) ....................................................4

## **OTHER AUTHORITIES**

Fed. R. Bankr. P. 2004 .............................................................................2, 3, 4, 5, 6, 7, 8

Fed. R. Bankr. P. 9014 ......................................................................................................2

The Liquidating Trustee (**"Trustee"**) argues in his Opposition ("**Opp.**") to the Former Directors' Motion Requesting Access to Documents Obtained from Third Parties Pursuant to Rule 2004 Examinations ("**Motion**"), that his unilateral refusal to provide access to the material he obtained pursuant to Rule 2004 (**"Rule 2004 Material"**) is somehow necessary to maintain a "level playing field" and prevent the Former Directors from gaining an "unfair litigation advantage." Opp. at 5-7. After assuring this Court that the allegations in the draft complaint against the former directors of BearingPoint, Inc. ("**Former Directors**") are supported by documents and testimony obtained through the Rule 2004 discovery process, the Trustee now takes the extraordinary position that the Former Directors whom he has sued for nearly $1.8 billion do not need to see these documents before responding to the complaint.

The Trustee fails to present any credible reason why this Court should deny the Former Directors the access to which they have a right as interested parties. Contrary to the Trustee's repeated refrain, the Former Directors do not seek "pre-suit discovery," they seek only access to materials that were obtained pursuant to the authority of this Court, and to which any interested party is entitled. The Trustee does not dispute that the Former Directors could have attended the Rule 2004 examinations in 2010 and accessed the requested materials at that time. And the Trustee all but abandons his prior unsubstantiated privilege claims and acknowledges that the third parties who produced the documents have no objection to production provided the Former Directors enter appropriate confidentiality agreements, which they previously agreed to do. In sum, the Trustee has offered no rational explanation for withholding the requested material from the Former Directors. The motion for access should be granted.

**ARGUMENT**

I. **The Trustee's Motion to Strike for an Alleged Failure to Confer in Good Faith After the Trustee Stonewalled Negotiations for Five Months Is Baseless**

The Trustee places primary reliance on the alleged failure of the Former Directors to meet and confer as allegedly required by this Court's Case Management Order. That order, however, applies to motions "with respect to discovery." Case Management Order, ¶ 41. This Motion does not seek discovery—it seeks access to materials that the Trustee already has obtained and to which they are entitled as interested parties. The Former Directors brought this Motion pursuant to Rule 9014 of Federal Bankruptcy Procedure, governing contested matters, and notified the Trustee of an opposition deadline corresponding with a non-discovery motion (seven days rather than three days before return date). By its terms, the Case Management Order is inapplicable.

In any event, counsel for the Trustee unequivocally rejected the Former Directors' repeated written efforts to gain voluntary cooperation. The Former Directors wrote or emailed counsel for the Trustee eight times.[1] The Trustee's counsel made it clear that he did not intend to provide any further material outside of litigation. Period. *See* Ex. 8. If these extensive communications do not constitute "good faith" efforts to resolve the conflict, it is hard to imagine what would.

II. **The Former Directors Are Not Seeking Authority To Conduct New Rule 2004 Discovery, They Only Seek Access to Materials as Interested Parties**

The Trustee's arguments on the merits fare no better. The Trustee mischaracterizes the nature of the Former Directors' Motion as one "seeking to conduct a rule 2004 examination of

---

[1] In addition to the communications exhibited in the Motion, counsel for Mr. Harbach exchanged three more emails with counsel for the Trustee on April 14 and 15, 2011.

2

the Liquidating Trust" and makes the absurd argument that the Former Directors are not "proper" parties in interest. Opp. at 8. However, the Trustee does not dispute that the term "party in interest" is construed liberally, *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989). He instead argues, without citing to any authority, that because the Former Directors are not creditors, they cannot be parties in interest. Opp. at 8, 10. There is no support for this contention. The Trustee suggests that only those parties wishing to advance or protect claims against the estate are parties in interest, citing *In re Interpictures, Inc.*, 86 B.R. 24, 29 (Bankr. E.D.N.Y. 1988), for the proposition that those with "meager" interests do not qualify as "parties in interest." However, *In re Interpictures* affirmed that "[p]arties in interest are those persons whose rights or interests are directly and *adversely* affected pecuniarily." 86 B.R. at 27 (internal quotations omitted) (emphasis added) (shareholder not entitled to conduct Rule 2004 examinations as party in interest because his interests were derivative and thus indirect). The essence of this suit is an effort to tap into Director and Officer insurance policies that are supposedly the "largest asset of the estate." The Former Directors have the greatest interest in those policies. Their interests are hardly "meager."[2]

Since their rights and interests are directly and adversely at stake in the bankruptcy, the Former Directors have a right to access Rule 2004 Material gathered by the Trustee. The Trustee does not dispute that, had the Former Directors been notified of the Trustee's Rule 2004 investigation, which was expressly targeted at the former officers and directors of BearingPoint, the Former Directors could have obtained access to the Rule 2004 examinations and materials.

---

[2] The Trustee's assertion that the Former Directors "had no role in the Debtors' bankruptcy case," or that they "have no stake" in the outcome of the bankruptcy proceedings, is equally absurd. Opp. at 10. Among other things, as CEO of BearingPoint, Mr. Harbach shepherded the company through the first six months of bankruptcy; he was deposed and testified in court as part of the sale of the business units in 2009, and has a stake in the KEIP plan.

He offers no authority rebutting the presumption that Rule 2004 bankruptcy examinations are public proceedings, and that "there is a compelling need for the discovery of [Rule 2004] information to be readily available to other creditors, *interested parties*, and the public at large." *In re Symington*, 209 B.R. 678, 694 (Bankr. D. Md. 1997) (emphasis added). Indeed, there is a compelling need for the Former Directors to have access to this information now, not after the Complaint is filed and answered, to protect what the Trustee derisively describes as their "interest [in] defend[ing] themselves." Opp. at 8. The documents may alert the Former Directors to defenses they can assert in a motion to dismiss. And if the Rule 2004 Material is as integral to the draft complaint as the Trustee suggests, then the Former Directors would be entitled to refer to these documents in a motion to dismiss.

Rather than address the Former Directors' request for access to existing Rule 2004 materials on its merits, the Trustee cites several cases concerning motions to conduct Rule 2004 discovery after an adversary proceeding or another lawsuit has commenced. Opp. at 9-10. None of these cases has any bearing on the motion at hand because those motions were for *new, extensive* Rule 2004 discovery *after an adversary proceeding had been filed.* This Motion seeks materials already produced to the Trustee and is filed *before* an adversary proceeding has been commenced.

*In re Enron*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002), is the only case the Trustee cites which addresses an interested party's attempt to obtain access to Rule 2004 material already collected. However, the interested party in that case was also the lead plaintiff in a securities class action already pending in another court and was seeking to bypass a statutory stay of discovery in that litigation. *Id.* at 837-840. The movant in *Enron* was therefore in a substantially different position than the Former Directors, who do not seek the materials to prepare an

4

offensive case in pending litigation, and who are not attempting to bypass a formal restriction on access to the materials. Rather, the Former Directors have legitimate reasons to access the Rule 2004 materials obtained in the investigation of claims against them, not in some other proceeding. Contrary to the Trustee's contention, the Former Directors' "self-serving" interest in defending themselves is not in opposition to a "legitimate bankruptcy purpose." Opp. at 10. The Bankruptcy Code does not seek to satisfy creditors at the expense of fairness or justice. The Former Directors' ability to mount a full defense at the motion to dismiss stage can save the Trust resources that will otherwise be wasted litigating specious allegations.

## III. The Trustee's Attempt To Portray Himself as "Disadvantaged" by Virtue of His Year and a Half Discovery Head Start Is Not Credible

Although the Trustee has used this Court's authority to conduct four Rule 2004 examinations and obtain and review thousands, if not hundreds of thousands, of pages of documents, he nonetheless contends that the Former Directors' request to access *these same materials* somehow betrays "an intention to gain a lopsided advantage in the imminent litigation by engaging in unilateral discovery." Opp. at 6. Gaining equal access cannot be a "lopsided advantage." Indeed, it is rather ironic for the Trustee who has been given authority to conduct months of significant, ex parte, pre-suit discovery before filing their claim—authority few other plaintiffs enjoy—to characterize the Former Directors' request for access to these materials as improper pre-suit discovery. Far from creating an uneven playing field, the Former Directors seek only to level it. Nor does the Former Directors' personal knowledge of events carry any currency at this procedural juncture because such "head knowledge" cannot be introduced in a motion to dismiss. The Trustee, Mr. DeGroote, likewise was employed by BearingPoint prior to the bankruptcy, was involved in many of these same events, and therefore has personal knowledge as well.

The Trustee's demand for a "mutual exchange of discovery," and his characterization of this request as one "without the mandated safeguards associated with discovery in litigation under traditional discovery rules," is baffling. The documents sought were all obtained pursuant to Rule 2004 and the corresponding rules of procedure. And although the Former Directors are happy to provide a mutual exchange of Rule 2004 material in the possession of both parties, they simply do not have any such material to offer. Nor did the Trustee ever request it. Significantly, the Former Directors are *not* asking for "unilateral discovery" into all material that the Trustee has gathered that is relevant to the prospective case. For example, they are *not* requesting production of BearingPoint files which the Trustee has and they do not; they are *not* requesting production of materials that the Trustee obtained voluntarily through his investigation; they are *not* requesting interview notes from witnesses who have agreed to speak to the Trustee outside the Rule 2004 process; and they are *not* requesting pretrial discovery of all facts relevant to the dispute. The Former Directors are only asking at this time for equal access to materials the Trustee has obtained pursuant to this Court's authority.

The Trustee has discarded many of the arguments he made during the Former Directors' five-month effort to obtain the Rule 2004 Material through voluntary cooperation. He no longer alleges that producing those documents would be burdensome for the estate. And he has dropped his insupportable assertion that documents he received from third parties may be subject to claims of privilege by BearingPoint and would require time to review. He likewise no longer asserts that confidentiality issues present an insuperable obstacle to production. To the contrary, the Trustee notes that he has asked the producing parties and they *are* willing to produce to the Former Directors subject to the same confidentiality protections they originally secured with the Trustee, Opp. at 2 n.2, which is the proposal the Former Directors made months ago. Ex. 9.

There is no reason to wait until after the Complaint is filed and discovery commences to enter the appropriate agreements. Indeed, the Trustee admits he has begun drafting the necessary agreements. The Trustee's sudden abandonment of these arguments regrettably leaves the impression that the Trustee was merely erecting roadblocks to forestall the Former Directors' requests and maintain his own unfair advantage.

**IV.     The Trustee's Filing of Draft Allegations Does Not Alter The Directors' Right To Access to the Rule 2004 Materials the Trustee Has Obtained**

Finally, the Trustee argues that the "well-established 'pending litigation rule'" of Rule 2004 bars the Former Directors' request for access because litigation is "de facto" pending, and discovery may only be conducted pursuant to the Federal Rules of Civil Procedure.

This argument makes no sense for multiple reasons. First, the Former Directors are not seeking to conduct Rule 2004 discovery; they are seeking access to Rule 2004 materials already obtained by the Trustee, and thus this request would be proper even if litigation actually were pending. Second, unlike in *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996), at present there is no pending adversary proceeding or litigation through which the Former Directors could conduct such discovery. Indeed, what the Trustee refers to as the "well-established 'pending litigation rule'" states that once an adversary proceeding "*has been commenced*," discovery proceeds pursuant the ordinary rules governing discovery. *Id.* at 28 (emphasis added).

The Former Directors are entitled to access the materials now, regardless of whether they will be discoverable after traditional litigation commences.[3] As the Trustee has no doubt

---

[3] The Trustee relies on inconsistent arguments to block the Former Directors from obtaining the Rule 2004 Material. According to the Trustee, the Former Directors do not get discovery because litigation has not yet commenced. Yet, the Trustee also argues that the Former Directors are not entitled to the Rule 2004 Material because there is litigation pending.

7

calculated, if the Former Directors are forced to make a discovery request after commencement of litigation, they plainly would not receive the material before a motion to dismiss is due. Aware of this advantage, the Trustee has blocked the Former Directors' access for the past five months. The Court should not condone this type of gamesmanship, especially from a party who has special privileges from and obligations to this Court and who proclaims his desire to move forward quickly.

## CONCLUSION

For the reasons stated above, the Court should grant the Former Directors' Motion for Access, which promotes fairness and efficiency in accord with Rule 2004, and deny the Trustee's Motion to Strike.

Respectfully submitted,

/s/ ROBERT A. VAN KIRK
**WILLIAMS & CONNOLLY LLP**
Robert A. Van Kirk (*pro hac vice*)
George A. Borden
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5163

*Attorneys for F. Edwin Harbach*

/s/ PAUL C. CURNIN
**SIMPSON THACHER & BARTLETT LLP**
Paul C. Curnin
William T. Russell, Jr.
Paul C. Gluckow
Craig S. Waldman
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Albert L. Lord, Roderick C. McGeary, J. Terry Strange, Douglas C. Allred, Betsy J. Bernard, Spencer C. Fleischer, Jill Kanin-Lovers, and Edward Munson*

Dated: June 17, 2011