LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

GEORGE A. BORDEN
(202) 434-5563
gborden@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 24, 2011

*Via Electronic and First-Class Mail*

Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1418

      Re: *In re Bearing Point Inc.*, Case No. 09-10691 (REG)
           [Re: Docket Nos. 1977, 1979, 1992, 2020, 2123 and 2135]

Dear Judge Gerber:

      As counsel for F. Edwin Harbach, I write in response to Mr. Willett's letter of June 23. The Supreme Court's decision in *Stern v. Marshall*, No. 10-179 (U.S. June 23, 2011), has absolutely no bearing on this Court's jurisdiction over the Liquidating Trustee's proposed action against Mr. Harbach and others. In *Stern*, the Supreme Court decided a "narrow" issue (slip op. at 37): the constitutionality of a statutory provision (28 U.S.C. § 157(b)(2)(C)) deeming all counterclaims by a bankrupt estate against persons filing claims against the estate to be "core" proceedings on which the Bankruptcy Court may enter final judgment. The proposed action by the Liquidating Trustee, however, is not such a counterclaim, and the proposed Defendants do not contend that that action would be a "core" proceeding. To the contrary, the proposed action would be within this Court's "related to" jurisdiction under § 157(a), and the Court would not be authorized to enter final judgment. Thus, *Stern*, which did not address "related to" jurisdiction, is irrelevant.[1] Mr. Willett does not contend otherwise; he merely suggests that the Trustee is "concerned" that *Stern* will "raise questions" about this Court's jurisdiction. In light of the clear holding of *Stern*, however, there can be no such questions. Indeed, the Supreme Court acknowledged that its decision does not "meaningfully change[] the division of labor in the current [bankruptcy] statute." Slip op. at 37.

---

[1] The language of the *Stern* opinion quoted by Mr. Willett does not address "related to" jurisdiction, but rather the completely different issue of whether a counterclaim by the estate may be considered a "core" proceeding under the so-called "public rights doctrine" based on the fact that the counterclaim-defendant filed a claim in the bankruptcy. Slip op. at 29-34. That issue has no relevance to this case.

WILLIAMS & CONNOLLY LLP

Hon. Robert E. Gerber
June 24, 2011
Page 2

For the reasons already set out in the briefs, the Liquidating Trustee's motion for relief should be denied.

Respectfully submitted,

George A. Borden

cc:   John DeGroote, Esq.
      Jeffrey Sabin, Esq.
      Katherine Dobson, Esq.
      Sara Cable, Esq.
      All Counsel:
      Sabin Willett, Esq.
      Paul C. Curnin, Esq.
      William T. Russell, Esq.
      Paul C. Gluckow, Esq.
      Peter Goodman, Esq.
      Basil A. Umari, Esq.
      Robert Manley, Esq.
      Lew LeClair, Esq.
      Kevin G. Hroblak
      William F. Ryan, Jr., Esq.
         (each by electronic mail)