UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                      Chapter 11 Case No.

**BEARINGPOINT, INC., et al.,**                                09 - 10691 (REG)
**Debtors.**                                                               (Jointly Administered)
------------------------------------------------------------x

**JOHN DeGROOTE SERVICES, LLC,**
    **Plaintiff:**
vs.                                                                           Adversary No. 11-01483

**AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.:**
    **Defendants.**

------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY RULE 9006(c) SHORTENING NOTICE OF THE LIQUIDATING TRUSTEES MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR APPROVAL STIPULATION AND AGREED ORDER RESOLVING THE ADVERSARY PROCEEDING COMMENCED BY JOHN DEGROOTE SERVICES, LLC, AS LIQUIDATING TRUSTEE, AGAINST AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC**

Upon the *ex parte* request of the John DeGroote Services, Inc. (the "*Trustee*"), the liquidating trustee of the BearingPoint, Inc. Liquidating Trust, pursuant to rule 9006(c) of the Federal Rules of Bankruptcy Procedure, to shorten the notice period for consideration of the Debtors' motion (the "*Motion*") pursuant to Bankruptcy Rule 9019 for approval of the settlement stipulation and agreed order resolving the adversary proceeding commenced by John DeGroote Services LLC, as Liquidating Trustee Against American Express Travel Related Services Company, Inc., the Court finds and determines the following:

A.    Consideration of the request and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Court has jurisdiction to consider the request and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

D. The Debtors have shown sufficient and just cause to shorten notice as set forth herein.

E. Notice as ordered herein of the hearing date (the "*Hearing Date*") to consider granting the relief requested in the Motion and the deadline to respond or object to any such relief (the "*Objection Deadline*") is due and proper, and no further notice of the Hearing Date or Objection Deadline is necessary.

Therefore, it is hereby **ORDERED** that:

1. The Debtors' request to shorten notice of the Motion is **GRANTED**.

2. The Hearing Date with respect to the Motion is scheduled for **July 28, 2011 at 9:45 a.m. (Eastern Time)**, or as soon after as the Court may consider the matter.

3. The Objection Deadline to respond or object to granting the relief requested is **Wednesday, July 27, 2011 at 4:00 p.m. (Eastern Time)**.

4. Any such responses or objections shall be in writing, filed, and served in accordance with any case management order entered in these chapter 11 cases.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York

July <u>25</u>, 2011

*s/ Robert E. Gerber*
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE