UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
BEARINGPOINT, INC., et al., : 09 - 10691 (REG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING OBJECTION OF JOHN DEGROOTE SERVICES LLC AS LIQUIDATING TRUSTEE TO CLAIM OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**

The New York State Department of Taxation and Finance ("***New York***") and John DeGroote Services LLC (the "***Liquidating Trustee***"), the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "***Liquidating Trust***") on behalf of BearingPoint, Inc. ("***BearingPoint***") and, together with New York, (the "***Parties***"), by their undersigned attorneys, respectfully submit this stipulation and agreed order (the "***Stipulation***").

## RECITALS

A.     On February 18, 2009 (the "***Petition Date***"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "***Debtors***") filed voluntary petitions for relief under Title 11, United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), jointly administered under Case No. 09-10691 (REG).

B.     By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "***Plan***"). The Plan has become effective by its terms.

C. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("**_Trust Agreement_**").

D. On March 3, 2009, New York filed claim no. 6 against the Debtors' estates as a general unsecured claim for $8.17 and a priority claim for $4.42 (the "**_6 Claim_**"). This claim is resolved and withdrawn.

E. On April 20, 2009, New York filed claim no. 738 against the Debtors' estates as a general unsecured claim for $113.10 and a priority unsecured claim for $154.80 (the "**_738 Claim_**"). This claim is resolved and withdrawn.

F. On October 28, 2010, New York filed claim no. 1179 against the Debtors' estates as a general unsecured claim for $517,311.72 for prepetition corporate tax liabilities (the "**_1179 Claim_**").

G. On December 30, 2010, the Liquidating Trustee filed his *Fifteenth Omnibus Objection to Claims* (the "**_Objection_**"). The Objection alleges that New York did not attach sufficient documents to establish its claim and that the 1179 Claim was filed after the claims bar date. Accordingly, in the Objection, the Liquidating Trustee asserts that the 1179 Claim should be disallowed and expunged in its entirety.

H. In 2009 BearingPoint overpaid its corporation tax to New York by $8,101.00. That overpayment is due and owing from New York to BearingPoint (the "**_Tax Refund_**"). The Tax Refund is the sole tax refund due and owing from New York.

I. Based upon the Parties' negotiations, and as further described below, the Parties have agreed upon certain conditions and an amount of allowable claim in favor of New York against the Debtors' estates that resolves the Objection solely as it relates to New York and serves as a global settlement between the Liquidating Trustee and New York.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. Each of the above recitals is incorporated herein as though they were fully set forth at length.

2. The Parties agree that the 1179 Claim shall be disallowed in its entirety against the Debtors' estates upon approval of this Stipulation by the Court. The Stipulation fully resolves the Objection with respect to the 1179 Claim.

3. The Liquidating Trustee waives its right to the Tax Refund from New York for tax overpayment and no further refund request will be made by New York.

4. Except for the rights specifically enumerated herein, New York and its assigns, agents, and transferees, forever release and discharge the Debtors, Liquidating Trust, Liquidators, Trustees, its parents, subsidiaries, assigns, affiliates, and each of their respective assigns, heirs, agents, directors, officers, employees, managers, and transferees (collectively "the "***Bearing Point Released Parties***") from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Stipulation specifically relating to or arising out of the 1179 Claim, any other claim that New York may assert, or any other tax assessment or liability that New York now has or may have had, or thereafter claims to have on behalf of itself, or any other person or entity.

5. The Liquidating Trustee, the Liquidating Trust and the Debtors agree not to bring any future proceedings specifically relating to or arising out of the 1179 Claim or the Tax Refund against New York, its parents, subsidiaries, affiliates and each of their respective assigns, heirs, agents, directors, officers, members, employees, managers, and transferees (collectively, the "*New York Released Parties*").

6. Upon Court approval of this stipulation, and except for the rights specifically enumerated herein, the Liquidating Trust and the Liquidating Trustee and any BearingPoint Released Party claiming by and thru BearingPoint forever release and discharge the New York Released Parties and each of their respective agents, officers, directors, employees, managers, affiliates, and transferees and legal representatives from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, including without limitation any claim under 11 U.S.C. §§ 547-548, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Stipulation specifically relating to or arising out of the 1179 Claim that the Liquidating Trust, the Liquidating Trustee or the Debtors now have or may have had, or thereafter claims to have on behalf of each of them respectively, or any other person or entity.

7. This Stipulation shall not be construed as an admission by any of the Parties of fault liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or

regulation. The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.

8. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with the objection and this Stipulation.

9. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

10. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties. The Liquidating Trustee warrants that the Liquidating Trust owns all claims and causes of action of the Debtors against New York that are being released herein.

11. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

12. No modification, amendment, cancellation, or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

13. This Stipulation may be executed in identical counterparts, each of which shall be deemed an original and, when taken together, shall be deemed to constitute one and the same instrument.

14. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

15. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

16. This Stipulation and all provisions hereof shall be binding upon and shall inure to the benefit of all the Parties hereto, each of their respective executors, heirs, successors, and assigns, and all entities claiming by or through any of the Parties. This Stipulation shall be binding on the Parties from the date of its execution.

17. This Stipulation may be executed in multiple counterparts and transmitted via facsimile, with the facsimile signature treated as an original signature, and any and all of which shall be construed as and enforceable as the Stipulation.

By:  /s/ Basil A. Umari  
      Basil A. Umari

MCKOOL SMITH P.C.

*Attorneys for Liquidating Trustee*

By:  /s/ *Deborah J. Dwyer*\*  
      Deborah J. Dwyer

*Attorney for New York State*

\* Signed with permission BAU

**IT IS SO ORDERED.**

Dated: New York, New York  
     *July 28, 2011*

                                    *s/ Robert E. Gerber*  
                                    THE HONORABLE ROBERT E. GERBER  
                                    UNITED STATES BANKRUPTCY JUDGE