**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
In re                                                            :   Chapter 11
                                                                 :
BEARINGPOINT, INC., *et al.*,                                    :   Case No.: 09-10691 (REG)
                                                                 :
                         Debtors.                                :   (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X
                                                                 :
JOHN DeGROOTE SERVICES, LLC,                                     :
                                                                 :
                         Plaintiff,                              :
                                                                 :
            v.                                                   :
                                                                 :   Adversary No.: 11-01483 (REG)
AMERICAN EXPRESS TRAVEL RELATED                                  :
SERVICES COMPANY, INC.,                                          :
                                                                 :
                         Defendant.                              :
                                                                 :
---------------------------------------------------------------- X

**STIPULATION AND AGREED ORDER RESOLVING
THE ADVERSARY PROCEEDING COMMENCED BY JOHN
DEGROOTE SERVICES, LLC AS LIQUIDATING TRUSTEE AGAINST
AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.**

American Express Travel Related Services Company, Inc. ("***Amex***") and John DeGroote Services, LLC (the "***Liquidating Trustee***"), as Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "***Liquidating Trust***") and on behalf of BearingPoint, Inc. ("***BearingPoint***" and, together with Amex, the Liquidating Trustee, and the Liquidating Trust, the "***Parties***"), respectfully submit this stipulation and agreed order (the "***Stipulation***"). In support of the Stipulation, the Parties respectfully set forth and represent as follows:

**RECITALS**

A.      On February 18, 2009 (the "***Petition Date***"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "***Debtors***") filed voluntary petitions

for relief under Title 11, United States Code, as amended, (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered under Case No. 09-10691 (REG).

B.     By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "**Plan**") [Docket No. 1550].  The Plan has become effective by its terms.

C.     In accordance with Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement (the "**Trust Agreement**").  Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust.  Pursuant to Article 5.7 of the Plan, the Debtors' causes of action, including without limitation avoidance actions under Chapter 5 of the Bankruptcy Code, were transferred to the Liquidating Trust.  Pursuant to Section 1123(b)(3) of the Bankruptcy Code and Article 1 of the Trust Agreement, the Liquidating Trustee is authorized to enforce, prosecute, settle or compromise any and all such causes of actions and claims.  Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute, the claims asserted in this lawsuit.

D.     On February 14, 2011, the Liquidating Trustee filed its *Complaint to Avoid and Recover Transfers and Obligations Pursuant To 11 U.S.C. §§ 547, 548, 549 and 550 and For Conversion, Fraud, Negligent Misrepresentation, Unjust Enrichment, and In the Alternative, Breach of Contract* (the "**Complaint**") [Docket No. 2097, Adv. Dkt. No. 1] against Amex, thereby commencing the above-captioned adversary proceeding number 11-1483 (REG) (the above-captioned adversary proceeding, including all claims asserted in the Complaint, Amended Complaint and Amex's Answer and Counterclaim, as both are defined below, are collectively

referred to as the "***Adversary Proceeding***"). Amex filed and served its Answer and Affirmative Defenses to the Complaint on May 2, 2011 [Adv. Dkt. No. 5].

    E.    On May 23, 2011, the Liquidating Trustee filed its *Amended Complaint to Avoid and Recover Transfers and Obligations Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and For Conversion, Fraud, Negligent Misrepresentation, Unjust Enrichment, and in The Alternative, Breach of Contract* (the "***Amended Complaint***") [Adv. Dkt. No. 8]. In the Amended Complaint, the Liquidating Trustee seeks to recover (i) payments made by BearingPoint to Amex in the 90 days prior to the Petition Date (the "***90-Day Payments***") totaling $22,169,189, which the Liquidating Trustee contends constitute avoidable transfers under 11 U.S.C. § 547(b); (ii) $6,692,608.29 of $8,000,000 transferred by BearingPoint to secure a letter of credit issued for the benefit of Amex (the "***LC***") in the 90 days prior to the Petition Date (the "***LC Transfer***"), which the Liquidating Trustee contends constitutes an avoidable transfer under 11 U.S.C. § 547(b); (iii) $700,000 drawn-down by Amex post-petition under the LC (the "***LC Draw-Down***"), which the Liquidating Trustee alleges either represented the culmination of an avoidable transfer under 11 U.S.C. § 547(b) and/or is otherwise recoverable under unjust enrichment, conversion, negligent misrepresentation, or breach of contract theories; and (iv) transfers of approximately $374,996 made by BearingPoint to Amex post-petition (the "***Post-Petition Transfers***"), which the Liquidating Trustee alleges are avoidable transfers under 11 U.S.C. § 549.

    F.    On May 19, 2011, the Parties had a status conference before the Bankruptcy Court to discuss the schedule for discovery and related matters in the Adversary Proceeding. On May 24, 2011, the Bankruptcy Court entered a Stipulated Scheduling Order for the Adversary Proceeding [Adv. Dkt. No. 9].

G.      On June 6, 2011, Amex filed and served its Answer, Affirmative Defenses and Counterclaim to Plaintiff's Amended Complaint, and Demand For Jury Trial (the "***Answer and Counterclaim***") [Adv. Dkt. No. 10].  In its Answer and Counterclaim, Amex denies that the Liquidating Trustee is entitled to any recovery on the claims alleged in the Amended Complaint and raises several affirmative defenses to the allegations made in the Amended Complaint.  In addition, Amex seeks to recover contingent damages against the Liquidating Trustee based upon alleged statements made by the Debtors to induce Amex's decision to partially release the LC during the Debtors' chapter 11 cases and prior to the confirmation of the Plan (the "***LC Release***").  On June 10, 2011, Amex filed and served an Amended Answer, Affirmative Defenses and Counterclaim to Plaintiff's Amended Complaint, and Demand For Jury Trial [Adv. Dkt. No. 12] to clarify that its counterclaim is asserted against the Liquidating Trustee solely in its capacity as Liquidating Trustee to the Liquidating Trust.

H.      The Parties participated in mediation before mediator Peter Borowitz concerning the disputes that are the subject of the Adversary Proceeding.  Based upon the mediation and the Parties' good faith and arm's length negotiations, and as further described below, the Parties have agreed upon certain terms and conditions and an amount payable by Amex to the Liquidating Trust that resolves on a consensual basis all issues between the Parties and serves as a global settlement as set forth herein, in order to avoid the uncertainty and expense of further litigation, and without any admission of liability or damages.

**NOW, THEREFORE, IN ORDER TO RESOLVE THE ADVERSARY PROCEEDING, IT IS HEREBY STIPULATED AND AGREED THAT:**

1.      <u>Recitals</u>.  The Parties agree that each of the above recitals is true and correct and incorporated herein as though they were fully set forth at length.

2. <u>Settlement Payment</u>. In full and complete settlement, compromise and discharge of any claims that the Debtors, the Liquidating Trust and/or the Liquidating Trustee could assert directly or indirectly against Amex, Amex shall pay $5,000,000 (the "***Settlement Payment***") to the Liquidating Trust by wire transfer pursuant to the wire instructions set forth in **Exhibit 1** to this Stipulation on or before the later of: (a) August 16, 2011 and (b) 2 business days after this Stipulation is approved by the Bankruptcy Court and becomes a Final, Non-Appealable Order.[1]

3. <u>Allowed Section 502(h) Claim and Participation in Distributions</u>. Upon Amex's payment of the Settlement Payment, Amex will be deemed to have, without necessity of filing a proof of claim, an allowed General Unsecured Claim (as such term is defined in the Plan) against BearingPoint in the amount of $5,000,000 pursuant to section 502(h) of the Bankruptcy Code (the "***502(h) Claim***"). The 502(h) Claim shall not be subject to offset or reduction of any kind. Amex shall receive distributions on the 502(h) Claim along with other unsecured creditors in accordance with the Plan, including, without limitation, in the next scheduled distribution, an amount equal to the distribution it would have received in prior distributions if its 502(h) Claim had been allowed at such time.

4. <u>Modification of Claims Register</u>. Upon the Liquidating Trust's receipt of the Settlement Payment, the Official Claims Register in the BearingPoint chapter 11 cases shall be modified to reflect the 502(h) Claim.

5. <u>Dismissal of Adversary Proceeding</u>. Within ten business days following the Liquidating Trust's receipt of the Settlement Payment, the Liquidating Trustee and Amex shall, pursuant to Bankruptcy Rule 7041, file a stipulation dismissing with prejudice the Adversary

---

[1] A "Final, Non-Appealable Order" shall mean an order of the Bankruptcy Court that is not subject to: (i) appeal or further appeal; (ii) a motion under Fed. R. Bankr. P. 9023 or 9024; or (iii) any other motion or procedure that permits a court to reverse the relief granted by the order.

Proceeding, including without limitation all claims asserted in the Complaint, the Amended Complaint, and the Answer and Counterclaim.

6.  Mutual Releases.

a.  Upon the Liquidating Trustee's receipt of the Settlement Payment, and except for the rights specifically enumerated herein, (i) the Debtors, the Liquidating Trust, and the Liquidating Trustee (the foregoing collectively referred to as the "***BearingPoint Releasors***") forever release, waive and discharge Amex from any and all rights, actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, obligations, claims, interests, liens, losses, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether or not hidden or concealed, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, suspected or unsuspected, matured or unmatured, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, arising from on or before the beginning of the world to the effective date of this Stipulation, other than the obligations and rights under this Stipulation (collectively, "***Claims***") that the BearingPoint Releasors now have or may have had, or hereafter may have against Amex; and (ii) the BearingPoint Releasors, and any of their successors and assigns, and any of them forever release, waive and discharge Amex, its parents, subsidiaries, affiliates, and each of their respective past and present representatives, owners, agents, directors, officers, employees, and managers from any and all Claims specifically relating to or arising out of the 90-Day Payments, the LC Transfer, the LC Draw-Down, the Post-Petition Transfers, or the LC Release. The Parties expressly agree that nothing included in (i) and (ii) of this Paragraph 6(a) shall be deemed or construed as a waiver of any breach of this Stipulation.

b.  In consideration of the foregoing and the releases set forth in Paragraph 6(a), upon the Liquidating Trustee's receipt of the Settlement Payment and the dismissal of the Adversary Proceeding as set forth in Paragraph 5 above, (i) Amex forever releases and discharges the BearingPoint Releasors from any and all Claims that Amex now has or may have had, or hereafter may have against BearingPoint, the Liquidating Trustee and/or the Liquidating Trust; and (ii) Amex and any of its successors and assigns, and any of them forever releases the Debtors, the Liquidating Trustee, the Liquidating Trust, their owners, parents, subsidiaries, affiliates and each of their respective past and present representatives, owners, agents, directors, officers, employees, and managers from any and all Claims specifically relating to or arising out of the 90-Day Payments, the LC Transfer, the LC Draw-Down, the Post-Petition Transfers, or the LC Release.  The Parties expressly agree that nothing included in (i) and (ii) of this Paragraph 6(b) shall be deemed or construed as a waiver of Amex's 502(h) Claim or any claims based on any breach of this Stipulation.

7.  <u>Good Faith Non-Admissibility</u>  This Stipulation is entered into as a good faith compromise among the Parties for the complete and final settlement of the Claims that are hereby released.  This Stipulation shall not be construed as an admission by any of the Parties of fault, liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault, liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation.  The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.  This Stipulation, as well as all documents and information exchanged in mediation, shall be subject to the provisions of Rule 408 of the Federal Rules of

Evidence and shall not be admissible for any reason or purpose should this Stipulation and the compromise and settlement set forth herein not be approved by the Bankruptcy Court or otherwise not become effective.

8. <u>Bankruptcy Court Approval</u>. The Parties acknowledge and agree that the terms of the settlement contemplated by this Stipulation are subject to the approval of the Bankruptcy Court, which the Parties shall endeavor to obtain as soon as practicable . This Stipulation shall be binding on the Parties from the date of its execution by the last of the Parties. If the Stipulation is not approved by the Bankruptcy Court, the parties shall be returned to the status quo in effect prior to their execution of this Stipulation, and the settlement and compromise contemplated by this Stipulation shall be deemed null and void *ab initio* and will not be used by or against any Party for any purpose.

9. <u>Representations by the Parties and Advice of Counsel</u>. Each of the Parties mutually warrants and represents that, prior to the execution of this Stipulation: (a) each of them has thoroughly read this Stipulation and conducted an independent and thorough investigation of all pertinent facts; (b) each of them has thoroughly informed herself/itself of the terms, consents, conditions and effects of this Stipulation; (c) each of them has obtained the advice and benefit of counsel of her/its own choosing; (d) no representations of any kind have been made to her/it by or on behalf of any of the Parties other than as expressly set forth in this Stipulation; and (e) each of them thereafter elected knowingly and voluntarily to execute, deliver and enter into this Stipulation.

10. <u>Costs and Expenses</u>. Each Party shall bear all attorneys' fees, costs and expenses incurred by such Party in connection with the Adversary Proceeding and this Stipulation. The

Dallas 326097v3                                    8

costs and expenses of the mediator retained in connection with the Adversary Proceeding shall be split as previously agreed by the Parties.

11. <u>Governing Law</u>.  This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules, and, as applicable, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

12. <u>Authority</u>.  Each person executing this Stipulation hereby expressly represents and warrants that he or she has been given and has received and accepted the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the respective Party or Parties for whom he or she has executed this Stipulation and that no other approvals are required, subject to the approval by the Bankruptcy Court provided for herein.  Each Party warrants and represents that it has not assigned, subrogated, pledged or transferred any of the claims, counterclaims, actions, demands or causes of actions being released pursuant to this Stipulation and the Liquidating Trustee represents and warrants that the Liquidating Trust owns all claims and causes of action of the Debtors against Amex that are being released herein and all claims and causes of action asserted by the Liquidating Trustee or the Liquidating Trust in the Adversary Proceeding.

13. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes all previous written or oral agreements, stipulations, understandings, promises or negations relating to such subject matter.  All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

14. <u>Amendments</u>.  No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

15. <u>Severability</u>.  If any provision of this Stipulation shall be held invalid, illegal or unenforceable, the validity, legality or enforceability of the other provisions of this Stipulation shall not be affected, and there shall be deemed substituted for the provision at issue a valid, legal and enforceable provision as similar as possible to the provision at issue.

16. <u>Counterparts and Signing</u>.  This Stipulation may be executed in any number of counterparts, and all such counterparts, taken together, shall be deemed to constitute one and the same Stipulation.  Delivery of an executed signature page of this Stipulation by facsimile transmission or email shall be as effective as delivery of a manually executed counterpart hereof.

17. <u>No Negative Inference</u>.  The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

18. <u>Jurisdiction and Venue</u>.  The Parties agree that any and all disputes arising out of or otherwise relating to this Stipulation shall be brought in the Bankruptcy Court and that the Bankruptcy Court shall have jurisdiction over any such disputes relating to or arising from this Stipulation.  The Parties agree that the Bankruptcy Court shall be the proper venue for any such lawsuit or judicial proceeding and waive any objection to such venue, including that it is an inconvenient forum.

19. <u>Notice</u>. All notices required or permitted to be given under this Stipulation shall be in writing and given by email and by overnight delivery, addressed as follows:

<u>If to the Liquidating Trustee</u>:

> Basil Umari, Esq.
> McKool Smith
> 600 Travis Street, Suite 7000
> Houston, TX 77002
> E-Mail: bumari@McKoolSmith.com

and

> John DeGroote LLC
> Attn: John DeGroote, Esq
> BearingPoint, Inc. Liquidating Trust
> 100 Crescent Court Suite 700
> Dallas, TX 75201

<u>If to Amex</u>:

> Steven J. Reisman, Esq.
> Curtis, Mallet-Prevost, Colt & Mosle LLP
> 101 Park Avenue
> New York, NY 10178-0061
> E-Mail: sreisman@curtis.com

and

> Turner P. Smith, Esq.
> Curtis, Mallet-Prevost, Colt & Mosle LLP
> 101 Park Avenue
> New York, NY 10178-0061
> E-Mail: tsmith@curtis.com

and

> Maryann Gallagher, Esq.
> Curtis, Mallet-Prevost, Colt & Mosle LLP
> 101 Park Avenue
> New York, NY 10178-0061
> E-Mail: mgallagher@curtis.com

20. <u>Waivers</u>. The failure of a Party to require performance of any provision of this Stipulation shall in no manner affect its right at a later time to enforce such provision. No waiver

by a Party of any condition or any breach of any term, covenant, representation or warranty contained in this Stipulation shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

21.  <u>Captions and Headings</u>.  The headings throughout this Stipulation are for the reader's convenience only, they shall in no way define, limit, extend or describe the scope or intent of any provisions hereof, they shall have no substantive effect, and they shall not be considered in interpreting or enforcing any provision of this Stipulation.

22.  <u>Successors and Assigns</u>.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective affiliates, parents, subsidiaries, shareholders, officers, directors, agents, trustees, managers, representatives, successors and assigns. No right or obligation hereunder may be assigned or delegated without the prior written agreement of the Parties. Any assignment or delegation in breach hereof shall be null and void *ab initio*.

*[Remainder of Page Intentionally Left Blank]*

**APPROVED AS TO FORM AND SUBSTANCE:**

Dated:  July 22, 2011
        New York, New York

Dated:  July 22, 2011
        New York, New York

**MCKOOL SMITH P.C.**

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**

By: /s/ Peter S. Goodman
     Peter S. Goodman, Esq.

By: /s/ Steven J. Reisman
     Steven J. Reisman, Esq.
     Turner P. Smith, Esq.
     Maryann Gallagher, Esq.

One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

-and-

*Attorneys for American Express Travel
Related Services Company, Inc.*

Basil A. Umari, Esq. (*pro hac vice*)
Nicholas Zugaro (*pro hac vice*)
600 Travis, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

*Attorneys for the Liquidating Trustee*

DATED: July **28**, 2011
        New York, New York

        **IT IS SO ORDERED:**

        *s/ Robert E. Gerber*
        ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## WIRE TRANSFER INSTRUCTIONS

**SETTLEMENT PAYMENT ACCOUNT**

**TO BE WIRED TO SETTLEMENT PAYMENT ACCOUNT**

Bank Name: Deutsche Bank, AG
Bank Address: 60 Wall Street
                      New York, NY 10005
ABA#: 021001033
ACCT #: 00-466-556
Reference: BearingPoint Liquidating Trust

Settlement Payment