UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                              :
<u>In</u> <u>re</u>                                             :        Chapter 11 Case No.
                                                              :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**                  :        09 - 10691 (REG)
                                                              :
Debtors.                                                      :        (Jointly Administered)
                                                              :
-----------------------------------------------------------------x

### STIPULATION AND AGREED ORDER
### RESOLVING OBJECTION TO CLAIM OF NIS CORPORATION
### OF THE BEARINGPOINT, INC. LIQUIDATING TRUSTEE

NIS Corporation ("***NIS***") and John DeGroote Services LLC (the "***Liquidating Trustee***") as the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "***Liquidating Trust***") on behalf of BearingPoint, Inc. ("***BearingPoint***") and, together with NIS, (the "***Parties***"), by their undersigned attorneys, respectfully submit this stipulation and agreed order (the "***Stipulation***").

### RECITALS

A.   On February 18, 2009 (the "***Petition Date***"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "***Debtors***") filed voluntary petitions for relief under Title 11, United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), jointly administered under Case No. 09-10691 (REG).

B.   By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "***Plan***"). The Plan has become effective by its terms.

Dallas 325641v3                          1

C. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("**_Trust Agreement_**").

D. On April 17, 2009, NIS filed claim no. 691 against the Debtors' estates as a general unsecured claim for $1,061,000 (the "**_Claim_**").

E. Prior to the Petition Date, NIS engaged BearingPoint to perform certain services. As a result of a dispute over certain invoices, BearingPoint brought suit against NIS in Virginia State Court (the "**_State Court Lawsuit_**") seeking to recover approximately $360,000 from NIS for amounts BearingPoint contended were owed under those invoices. The State Court Lawsuit was stayed as a result of BearingPoint's bankruptcy filing.

F. On April 17, 2009, BearingPoint sold (the "**_Bankruptcy Sale_**") certain of its business units to Deloitte LLC ("**_Deloitte_**"). As part of the sale, some, but not all, of the contracts between NIS and the Debtor were assigned to Deloitte. The Liquidating Trustee contends that it retained the right to pursue NIS for certain of the amounts due (which the Liquidating Trustee believes to be between $37,000 to $116,000) under the disputed invoices in the State Court Lawsuit (the "**_Non-Assigned Disputed Receivables_**").

G. On December 29, 2010, the Liquidating Trustee filed its Fifteenth Omnibus Objection to Claims, objecting to the Claim of NIS, among others.

H. Based upon the Parties' negotiations, and as further described below, the Parties have agreed upon a settlement that resolves the Claim, the Non-Assigned Disputed Receivables, and serves as a global settlement between the Liquidating Trustee and NIS.

**STIPULATION AND ORDER**

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. Each of the above recitals is incorporated herein as though they were fully set forth at length.

2. The Parties agree that the Claim shall be disallowed in its entirety against the Debtors' estates upon approval of this Stipulation by the Court. The Stipulation fully resolves the Objection with respect to the Claim.

3. Except for the rights specifically enumerated herein, NIS and its assigns, agents, and transferees, forever release and discharge the Debtors, Liquidating Trust, the Liquidating Trustee, and each of their respective agents, directors, officers, employees, and managers (collectively the "**_Bearing Point Released Parties_**") from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Stipulation specifically relating to or arising out of the Claim or the Non-Assigned Disputed Receivables that NIS now has or may have had, or thereafter claims to have on behalf of itself, or any other person or entity.

4. The Liquidating Trustee, the Liquidating Trust and the Debtors agree not to bring any future proceedings specifically relating to the Claim or the Non-Assigned Disputed Receivables against NIS, its parents, subsidiaries, affiliates and each of their respective agents,

directors, officers, members, employees, and managers (collectively, the "**_NIS Released Parties_**").

5. Upon Court approval of this stipulation, and except for the rights specifically enumerated herein, the Liquidating Trust and the Liquidating Trustee and any BearingPoint Released Party claiming by and thru BearingPoint forever release and discharge the NIS Released Parties from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Stipulation specifically relating to the Claim or the Non-Assigned Disputed Receivables that the Liquidating Trust, the Liquidating Trustee or the Debtors now have or may have had, or thereafter claims to have on behalf of each of them respectively, or any other person or entity.

6. Within ten (10) business days after this Stipulation is approved by the Court and becomes a final, non-appealable order, the Liquidating Trustee will dismiss the State Court Action.

7. Notwithstanding anything to the contrary in this Stipulation, this Stipulation shall not constitute a release, waiver, indemnification, injunction, or exculpation of causes of action or receivables that BearingPoint transferred to Deloitte in connection with the Bankruptcy Sale.

8. This Stipulation shall not be construed as an admission by any of the Parties of fault liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault

liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation. The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.

9. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with the objection and this Stipulation.

10. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

11. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties.

12. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

13. No modification, amendment, cancellation, or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

14. This Stipulation may be executed in identical counterparts, each of which shall be deemed an original and, when taken together, shall be deemed to constitute one and the same instrument.

15. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

16. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

17. This Stipulation and all provisions hereof shall be binding upon and shall inure to the benefit of all the Parties hereto, each of their respective executors, heirs, successors, and assigns, and all entities claiming by or through any of the Parties. This Stipulation shall be binding on the Parties from the date of its execution.

18. This Stipulation may be executed in multiple counterparts and transmitted via facsimile, with the facsimile signature treated as an original signature, and any and all of which shall be construed as and enforceable as the Stipulation.

| | |
|---|---|
| By: /s/ Basil A. Umari<br>    Basil A. Umari | By: /s/ David F. Albright<br>    David F. Albright |
| MCKOOL SMITH P.C. | THE LAW OFFICES OF DAVID F. ALBRIGHT |
| *Attorneys for Liquidating Trustee* | *Attorneys for NIS Corporation* |

IT IS SO ORDERED.

Dated: New York, New York
         <u>**August 3, 2011**</u>

                              *s/ Robert E. Gerber*
                              THE HONORABLE ROBERT E. GERBER
                              UNITED STATES BANKRUPTCY JUDGE