Pg 1 of 7

**SIMPSON THACHER & BARTLETT LLP**
Paul C. Curnin
William T. Russell, Jr.
Paul C. Gluckow
Craig S. Waldman
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000 (telephone)
(212) 455-2502 (facsimile)

*Attorneys for Roderick C. McGeary*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> BearingPoint, Inc., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-10691 (REG) <br><br> (Jointly Administered) |

**RESPONSE TO FIRST SET OF INTERROGATORIES TO RODERICK C. McGEARY, IN CONNECTION WITH THE LIQUIDATING TRUSTEE'S MOTION TO ENFORCE PLAN INJUNCTION**

Roderick C. McGeary, by counsel, hereby objects and responds to the Liquidating Trustee's First Set of Interrogatories in Connection with the Liquidating Trustee's Motion to Enforce Plan Injunction served upon him by John DeGroote Services, LLC (the "Trustee"), dated December 21, 2012.

**GENERAL OBJECTIONS**

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Interrogatory set forth below. Nothing in the Specific Objections and Responses of McGeary should be construed as a waiver of these General Objections.

1. McGeary objects to each Interrogatory on the ground that "John DeGroote Services, LLC" has no authority to file a separate Motion to Enforce Plan Injunction or to propound these interrogatories. *See* Joint Opposition to the Motion of John DeGroote for an Order Enforcing the Confirmation Order dated Jan. 14, 2013 at 1 n.1. John DeGroote Services, LLC is not a defendant in, or otherwise impacted by, the fraud and malpractice action that McGeary and other former directors commenced against Mr. DeGroote in November 2012 in Virginia state court (the "Fraud/Malpractice Action"). Moreover, John DeGroote Services, LLC was not appointed Liquidating Trustee by this Court.

2. McGeary objects to each Interrogatory and to each Definition and Instruction that seeks to impose upon McGeary any obligations or responsibilities other than requirements mandated by the Federal Rules of Bankruptcy Procedure or the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

3. McGeary objects to each Interrogatory and to each Definition and Instruction to the extent that it is overly broad, unduly burdensome, harassing, ambiguous, and not reasonably calculated to lead to the discovery of relevant information. McGeary will interpret the Definitions, Instructions, and Interrogatories in a reasonable manner.

4. McGeary objects to each Interrogatory and to each Definition and Instruction that seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. Any inadvertent disclosure of privileged information and/or documents shall not constitute a waiver of any applicable privilege, and McGeary reserves the right to demand that The Trustee return any such documents or copies thereof.

5. McGeary objects to each Interrogatory on the ground that they seek discovery into matters that are not relevant to any party's claim or defense and that are not reasonably

calculated to lead to the discovery of admissible evidence. At issue in the Motion to Enforce is whether the Fraud/Malpractice Action against Mr. DeGroote violates an order of this Court. The Motion to Enforce contends (without merit) that pursuant to the Plan and Confirmation Order, the claims against Mr. DeGroote were released and/or were required to be brought in this Court. The interrogatories below have no bearing on these issues.

6. McGeary objects to each Interrogatory and to each Definition and Instruction that calls for information that is not currently within his possession, custody, or control. McGeary may not have access to documents that were in his possession, custody, and control while he was an employee of BearingPoint.

7. McGeary objects to each Interrogatory and to each Definition and Instruction that calls for information that is available through documents, depositions, or information already in possession of the Trustee or its counsel or that could readily be obtained by the Trustee or its counsel.

8. In furnishing these responses to the interrogatories, McGeary does not waive any of the objections set forth herein, or admit or concede the discoverability, relevancy, materiality, authenticity, or admissibility in evidence of any such information or documents. All objections to the use, at trial or otherwise, of any information provided or document produced in response to these interrogatories and to any further production are hereby expressly reserved. In addition, these responses are made solely for purposes of this action. Where McGeary objects to furnishing information, he does not admit that any such information exists.

9. McGeary objects to each Interrogatory to the extent that it assumes facts that are untrue, lack a proper foundation, and/or lack a good faith basis.

## OBJECTIONS AND ANSWERS TO SPECIFIC INTERROGATORIES

**Interrogatory No. 1.** Please identify each person who has assisted in gathering information, searching for documents and/or preparing the answers to these Interrogatories.

**ANSWER:** McGeary objects to this Interrogatory to the extent that it requests information protected by attorney-client, work-product, or other applicable privilege. McGeary further objects that this Interrogatory seeks information beyond that allowed by the Local Rules of the United States Bankruptcy Court for the Southern District of New York. The identity of individuals searching for information used in the preparation of interrogatory answers is not a proper subject for an interrogatory under Local Rule 7033-1(a). *See* S.D.N.Y. R. Bankr. P. 7033-1(a). Further, pursuant to General Objection 5, McGeary objects that this Interrogatory seeks information that is not relevant or discoverable.

**Interrogatory No. 2.** Please state whether any Former Director has accrued time and/or expenses to be charged to, charged, billed to, or collected from D&O Insurance for any legal or other fees or expenses related to the preparation or prosecution of the Plan Release Lawsuit, including without limitation fees and expenses related to motion practice in the United States Bankruptcy Court for the Southern District of New York.

**ANSWER:** McGeary objects that this Interrogatory seeks information beyond that allowed by the Local Rules of the United States Bankruptcy Court for the Southern District of New York. Whether a Former Director has accrued time or expenses to be charged, billed, or collected from D&O Insurance is not a proper subject for an interrogatory under Local Rule 7033-1(a). *See* S.D.N.Y. R. Bankr. P. 7033-1(a). Further, pursuant to General Objection 5, McGeary objects that this Interrogatory seeks information that is not relevant or discoverable.

**Interrogatory No. 3.** If the answer to Interrogatory 2 is other than in the unqualified negative, please state in detail the amount of D&O Insurance proceeds that have been used to date, the specific expenses that have been paid with those D&O Insurance proceeds, and identify documents sufficient to show the total amount of charges accrued or charged to D&O Insurance.

**ANSWER:** McGeary objects that this Interrogatory seeks information beyond that allowed by the Local Rules of the United States Bankruptcy Court for the Southern District of

4

New York. The amount of proceeds from D&O Insurance that have been used to date, if any, is not a proper subject for an interrogatory under Local Rule 7033-1(a). *See* S.D.N.Y. R. Bankr. P. 7033-1(a). Further, pursuant to General Objection 5, McGeary objects that this Interrogatory seeks information that is not relevant or discoverable.

**Interrogatory No. 4**. Please state whether any of the Former Directors or their professionals intend to collect, bill, accrue or otherwise use proceeds of D&O Insurance in connection with the preparation, prosecution, expense, payment or any other use related to the Plan Release Lawsuit.

**ANSWER:** McGeary objects that this Interrogatory seeks information beyond that allowed by the Local Rules of the United States Bankruptcy Court for the Southern District of New York. Whether a Former Director intends to collect, bill, accrue or otherwise use proceeds of D&O Insurance is not a proper subject for an interrogatory under Local Rule 7033-1(a). *See* S.D.N.Y. R. Bankr. P. 7033-1(a). Further, pursuant to General Objection 5, McGeary objects that this Interrogatory seeks information that is not relevant or discoverable.

**Interrogatory No. 5**. If the answer to either Interrogatory no. 2 or Interrogatory no. 4 is other than the unqualified negative, please state the basis for the Former Directors' or their professionals' belief that D&O Insurance Proceeds can be used in such a manner.

**Answer:** McGeary objects to this Interrogatory to the extent that it requests information protected by attorney-client, work-product, or other applicable privilege. McGeary objects that this Interrogatory seeks information beyond that allowed by the Local Rules of the United States Bankruptcy Court for the Southern District of New York. The basis for McGeary's belief, if any, that it is proper to use D&O Insurance proceeds in connection with the Plan Release Lawsuit is not a proper subject for an interrogatory under Local Rule 7033-1(a). *See* S.D.N.Y. R. Bankr. P. 7033-1(a). Further, pursuant to General Objection 5, McGeary objects that this Interrogatory seeks information that is not relevant or discoverable.

**Interrogatory No. 6**. Please identify each contract entered into by the Former Directors or their professionals in connection with the Plan Release Lawsuit that in any way contemplates the collection, billing, accrual or other use of the D&O Insurance Proceeds in connection with the preparation, prosecution, expense, payment or any other use related to the Plan Release Lawsuit.

**ANSWER:** McGeary objects to this Interrogatory to the extent that it requests information protected by attorney-client, work-product, or other applicable privilege. Further, pursuant to General Objection 5, McGeary objects that this Interrogatory seeks information that is not relevant or discoverable.

Dated:   January 22, 2013

*[signature]*

**SIMPSON THACHER & BARTLETT LLP**
Paul C. Curnin
William T. Russell, Jr.
Paul C. Gluckow
Craig S. Waldman
425 Lexington Avenue
New York, New York  10017-3954
(212) 455-2000 (telephone)
(212) 455-2502 (facsimile)

*Attorneys for Roderick C. McGeary*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January 2013, a true copy of the foregoing was sent via e-mail and first class mail to:

Counsel for the Trustee:

Jeffrey S. Sabin
jeffrey.sabin@bingham.com
Katherine Dobson
katherine.dobson@bingham.com
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000

Sabin Willett (*pro hac vice*)
sabin.willett@bingham.com
Andrew J. Gallo (*pro hac vice*)
andrew.gallo@bingham.com
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA 02110
(617) 951-8000

Counsel for F. Edwin Harbach:

Robert A. Van Kirk
George A. Borden
Andrew Rudge (*pro hac pending*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5163

_____
Counsel